UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., et al.,<br><br>    Defendants. | Case No. 5:16-cv-06370-EJD<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY**<br><br>Re: Dkt. No. 45 |

In this antitrust action, Plaintiff Optronic Technologies, Inc. ("Plaintiff") alleges that Defendants Ningbo Sunny Electric Co., Ltd., Sunny Optics, Inc. and Meade Instruments Corp. (collectively, "Defendants") unfairly compete in the consumer telescope market. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court previously granted Defendants' motion to dismiss the Complaint in its entirety, but permitted leave to amend. Dkt. No. 38. Plaintiff re-pled its claims in an Amended Complaint. Dkt. No. 41. Defendants once again move to dismiss. Dkt. No. 44.

Though the challenge to Plaintiff's amended pleading will be decided in the near future, it is not currently before the court. Instead, Defendants request an order staying discovery pending a ruling on the motion to dismiss. Dkt. No. 45. Plaintiff opposes.

This matter is suitable for decision without oral argument, and the hearing scheduled for February 22, 2018, is VACATED. On Defendants' motion to stay discovery, the court finds, concludes and orders as follows:

1. In conjunction with the "inherent power to control the disposition of the cases on its docket in a manner which will promote economy of time and effort for itself, for counsel and

Case No.: 5:16-cv-06370-EJD
ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY
1

for litigants" (Filtrol Corp. v. Kelleher, 467 F.2d 242, (9th Cir. 1973)), "[a] district court may . . . stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam). In the absence of a specific test from the Ninth Circuit, district courts generally consider two factors to determine the appropriateness of a discovery stay: (1) whether the pending motion is potentially dispositive of the entire case, and (2) whether the pending motion can be decided absent additional discovery. S.F. Tech. v. Kraco Enters. LLC, No. 5:11-cv-00355 EJD, 2011 WL 2193397, at *2 (N.D. Cal. June 6, 2011). "A protective order may issue if the moving party satisfies both prongs." Id.

2. Discovery stays are not automatic, however, and the two-factor test is not satisfied by superficial statements or vague articulations demonstrating nothing more than the traditional burdens of litigation. Rather, "[t]he moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." Skellerup Indus. Ltd. v. City of L.A., 163 F.R.D. 598, 600 (C.D. Cal. 1995). This requirement accounts for the fact that blanket stays of all discovery matters are an exception to the rules rather than enunciated in the rules. Id. at 600-601 ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation" (citation and quotation marks omitted)).

3. On the first factor, Defendants correctly observe that the pending motion to dismiss could be dispositive of the entire action, *if* granted in its entirety and *if* the court decides that further leave to amend should not be permitted. But those are big "ifs." Though it is true that one possible outcome is dismissal of the Amended Complaint without leave to amend, it is also possible that new reasons for dismissal are found and leave to amend is permitted. Defendants have not cited anything rendering the former outcome any more likely than the latter, outside of their own opinion of the Amended Complaint's deficiencies. They have not, for example, explained why the Amended Complaint is "utterly frivolous, or filed merely in order to conduct a 'fishing expedition' or for settlement value." Gray v. First Winthrop Corp., 133 F.R.D. 39, 40

Case No.: 5:16-cv-06370-EJD
ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY
2

(N.D. Cal. 1990). The court is therefore unconvinced on this showing that "the plaintiff will be unable to state a claim for relief." Wood, 644 F.2d at 801 (9th Cir. 1981) (per curiam). The first factor is only superficially satisfied.

4. For the second factor, Defendants are again correct to state that a motion to dismiss under Rule 12(b)(6) is generally decided with reference only to the complaint. The accuracy of that statement is of no moment, though, because granting a stay on such a basic notion is unwarranted. The mere filing of a motion to dismiss is not ordinarily sufficient to stop the discovery process, derail a case schedule, and delay proceedings. Gray, 133 F.R.D. at 40. If it was, every case with a pending second-round motion to dismiss - the large majority of federal actions - would be stayed at some point. That sort of inefficient and chaotic system is not contemplated by the Federal Rules, and is in any event "directly at odds with the need for expeditious resolution of litigation." Id.

5. Defendants also rely on ubiquitous comments made in other cases noting that antitrust discovery can be costly, but fail to convincingly explain why any those comments resonate here. As antitrust cases go, the allegations and theories presented here are not novel or particularly complex. This is not a sprawling multidistrict litigation or a class action, like two of cases cited by Defendants: In re Graphics Processing Units Antitrust Litigation, No. C 06-07417 WHA, 2007 WL 2127577 (N.D. Cal. July 24, 2007), and In re Netflix Antitrust Litigation, 506 F. Supp. 2d 308 (N.D. Cal. 2007). And reasoning from the third case cited by Defendants on this topic, Top Rank, Inc. v. Haymon, No. CV 15-4961-JFW (MRWx), 2015 WL 9952887 (C.D. Cal. Sept. 17, 2015), cuts against Defendants' stay request. There, the district court explained that "the costs and burdens of antitrust discovery do not erect an automatic barrier to discovery in every case in which an antitrust defendant challenges the sufficiency of a complaint." 2015 WL 9952887, at *2 (quoting In re Lithium Ion Batteries Antitrust Litig., No. 13-MD-02420 YGR, 2013 WL 2237887, at *2 (N.D. Cal. May 21, 2013)). The court also noted that when the prospect of continuing with discovery is not overtly burdensome, "a closer question is presented" when it comes to a stay," a question calling for the exercise of discretion and the balancing of competing

Case No.: 5:16-cv-06370-EJD
ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY
3

factors." Id. (quoting Graphics Processing Units, 2007 WL 2127577, at *4). On this closer question, Defendants have not offered a particularized showing describing why discovery in this case is any more burdensome than it is on parties to other civil litigations. Discovery is not stayed just because it imposes *some* burden. Thus, any interest Defendants may have in resisting discovery is outweighed by the interests of Plaintiff, the public, and the court in maintaining an orderly and expeditious schedule.

Missing from Defendants' motion are the "particular and specific facts" needed to support the exercise of the court's discretion in their favor. For that reason, the motion to stay discovery (Dkt. No. 45) is DENIED.

**IT IS SO ORDERED.**

Dated: February 16, 2018

EDWARD J. DAVILA
United States District Judge