# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC, <br> Plaintiff, <br> v. <br> NINGBO SUNNY ELECTRONIC CO., LTD., et al., <br> Defendants. | Case No.16-cv-06370-EJD (VKD) <br><br> **ORDER RE ADMINISTRATIVE MOTION TO SEAL** <br><br> Re: Dkt. No. 96 |

Plaintiff filed an administrative motion seeking to seal three documents in connection with the parties' Joint Discovery Statement re Plaintiff's Request to Compel Production of Documents (Dkt. No. 97):

- An email exchange between a representative of defendants and a representative of a non-party distributor (Ex. 5 to the Joint Statement)[1];
- Defendant Meade Instrument Corp.'s Supplemental Responses to Plaintiff Optronic Technologies, Inc.'s Special Interrogatories, Set One (Ex. 4 to the Joint Statement)[2]; and
- Portions of the Joint Statement that refer to the email exchange or to the Meade interrogatory responses[3].

Defendants have designated both the email exchange and the Meade interrogatory responses "Highly Confidential" pursuant to the protective order in this action (Dkt. No. 34).

---

[1] Ex. 3 to the administrative motion to seal.
[2] Ex. 2 to the administrative motion to seal.
[3] Ex. 1 to the administrative motion to seal.

Plaintiff urges the Court to deny the motion to seal, on the ground that the email exchange (Ex. 5) does not meet the criteria for sealing because the exchange includes a competitor of one of the defendants and because the Meade interrogatory responses (Ex. 4) have been too liberally designated under the protective order. Defendants filed a responsive declaration of Mr. Chiu, Vice President of Marketing for defendant Ningbo Sunny Electronic Co., Ltd., pursuant to Civil L.R. 79-5(e)(1), in support of maintaining these materials under seal. According to Mr. Chiu, the email exchange reflects confidential communications with a distributor regarding "strategic and competitive motivations" behind a recent acquisition by one defendant of another defendant, and the Meade interrogatory responses disclose confidential and competitively-sensitive information relating to Meade's business. Plaintiff appears to concede that at least some portions of the Meade interrogatory responses warrant Highly Confidential treatment. *See* Dkt. No. 96 at 2:21-22.

While there is a "strong presumption in favor of access" by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings," *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citation omitted), the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case," *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir.)*, cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016). A party seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c). Civil Local Rule 79-5 further requires that where a party seeks to file under seal a document designated as confidential by the opposing party pursuant to a protective order, the designating party must submit a declaration establishing the material sought to be sealed meets the applicable criteria for sealing. Civil L.R. 79-5(e)(1).

Defendants seek to maintain under seal documents that have been attached as exhibits to and referenced in the parties' joint request for resolution of a discovery dispute. The particular matter addressed in the Joint Statement—namely, whether and to what extent defendants' counsel should be required to search for, produce and, if required, prepare a privilege log for documents responsive to requests addressed to defendants—is only tangentially related to the merits of this

action, and therefore the Court applies the "good cause" standard of Rule 26(c).

With respect to the email exchange (Ex. 5), defendants have not established that the document is sealable in its entirety or that any portion of it should be sealed. Mr. Chiu attests only that (despite having sent the information to its distributor) defendant Ningbo Sunny treats the information in the email exchange as confidential. Mr. Chiu does not explain why the information in the email exchange should be considered a trade secret or competitively-sensitive information of any defendant, nor does it appear from Mr. Chiu's declaration that the distributor owes any duty of confidentiality to any defendant with respect to the contents of the email. Good cause has not been shown to seal this document.

With respect to the Meade interrogatory responses (Ex. 4), defendants have not established that the entirety of the document is sealable, and much of it clearly is not. For example, the portions of the interrogatory responses that recite Meade's "general objections," that merely repeat the text of plaintiff's interrogatories, or that simply cite to the Bates numbers of documents produced in discovery should not be sealed. In addition, while Mr. Chiu offers support for maintaining under seal some of the substantive information disclosed in Meade's interrogatory responses, such as Meade's customer list or its net profits, his declaration does not support sealing all of the substantive responses. With respect to Meade's response to Interrogatory No. 17, the text quoted by plaintiff at page 1 of the Joint Statement (to the effect that Meade is not aware of other information to the interrogatory) is not the kind of information that qualifies for filing under seal. While Mr. Chiu attests that "the source of loans and investments in Meade" is highly confidential information of Meade, Meade's substantive response to Interrogatory No. 17 reveals only the substantial ownership interests of specific individuals directly or indirectly in Meade and other defendants. This is precisely the kind of information Civil L.R. 3-15 requires parties to disclose to the Court at the outset of an action. Mr. Chiu does not explain how public disclosure of such information would be prejudicial to any defendant or non-party.

With respect to the Joint Statement itself (Dkt. No. 97), the Court finds that no portion of the document should be filed under seal. The redacted portions of the Joint Statement that quote from or refer to the email exchange (Ex. 5) (*i.e.* Dkt. No. 97 at 1:24-2:7 and footnote 1) should not

be sealed for the reasons explained above.  The Court further finds that the redacted portions of the Joint Statement that refer to Meade's response to Interrogatory No. 17 (Ex. 4) (*i.e.* Dkt. No. 97 at 1:19-20) should not be sealed because the quoted statement discloses no confidential information of defendants.

The Court agrees with defendants that the specific contents of the email exchange (Ex. 5) and the Meade interrogatory responses (Ex. 4) are not particularly relevant to the issues raised in the Joint Statement.  While plaintiff may have attached these documents and referred to them in its portion of the Joint Statement in good faith, in the future the parties should take care to attach only the specific discovery requests or responses that are the subject of dispute, as described in the recently issued Standing Order for Civil Cases on the Court's web page (https://cand.uscourts.gov/filelibrary/3438/Standing-Order-for-Civil-Cases.pdf).  The Court declines plaintiff's invitation to rule more broadly in the context of this administrative motion to seal on the parties' compliance or lack thereof with section 5.1 of the protective order.

In view of the foregoing, the Court orders as follows:  Four days after entry of this order, plaintiff shall file the Joint Statement and Exhibit 5 to the Joint Statement in the public record.  On the same date, plaintiff will also file a *modified* version of Exhibit 4 to the Joint Statement in the public record.  The modified version of Exhibit 4 shall contain *only* the cover page of the Meade interrogatory responses, the text of Interrogatory No. 17, and the text of Meade's response to Interrogatory No. 17.

**IT IS SO ORDERED.**

Dated: June 7, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge