UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., et al.,<br><br>Defendants. | Case No. 16-cv-06370-EJD (VKD)<br><br>**ORDER RE AUGUST 6, 2018 JOINT DISCOVERY LETTER RE DEFENDANTS' CLAIMS OF ATTORNEY-CLIENT PRIVILEGE**<br><br>Re: Dkt. No. 130 |

On August 6, 2018, the parties submitted a Joint Discovery Letter regarding plaintiff's motion to compel defendants to produce documents defendants have withheld as privileged. Dkt. No. 130.

Plaintiff contends that all communications between defendants Ningbo Sunny Electronic Co., Ltd. ("Ningbo Sunny") and Sunny Optics, Inc. ("Sunny Optics") and their counsel, Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin") relating to Ningbo Sunny and Sunny Optics' acquisition of defendant Meade Instruments Corp. ("Meade") are discoverable because defendants have waived privilege generally as to that subject matter. Defendants acknowledge that some Sheppard Mullin communications relating to the Meade acquisition were shared with parties outside the attorney-client relationship with Ningbo Sunny and Sunny Optics, but defendants contend that those communications involved separate and distinct subject matters, and that there is no basis for a general subject matter waiver of attorney-client privilege extending to all aspects of Sheppard Mullin's advice regarding the Meade acquisition.

Defendants have produced a privilege log identifying 1,769 documents initially withheld on grounds of privilege. Of those, defendants have produced 21 documents that were disclosed to

parties outside the attorney-client relationship. The parties have not identified which of the remaining entries on defendants' privilege log are disputed. However, the Court assumes that all of the logged documents relate in some way to the Meade acquisition, and that plaintiff contends that a subject matter waiver extends to all of them.

It is not possible for the Court to determine from the parties' joint submission whether the documents withheld as privileged are, in fact, part of a broad subject matter waiver, or whether they concern matters that are distinct from the matters disclosed to third parties. Accordingly, the Court orders the parties to confer and make further submissions as follows by **August 17, 2018**:

1. Defendants shall *lodge* with the Court for in camera review the 21 documents that it originally withheld as privileged, but subsequently produced to plaintiff.
2. Defendants shall *lodge* with the Court for in camera review a selection of 20 documents that remain on its privilege log. These documents must be representative of the documents, or categories of documents, that are disputed. If the parties cannot agree on which documents to lodge, defendants and plaintiff each shall select 10 documents from the privilege log. Defendants shall provide a brief, non-argumentative description for each of the 20 documents selected, to the extent that information cannot be gleaned from the privilege log.
3. Defendants shall *lodge* with the Court on a thumb drive an electronic copy of their privilege log.
4. The documents provided to the Court shall be assembled in a binder with tabs and an index that allows the Court to identify where the documents are (or were) listed on defendants' privilege log.

**IT IS SO ORDERED.**

Dated: August 13, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge