UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., et al.,<br><br>Defendants. | Case No. 16-cv-06370-EJD (VKD)<br><br>**ORDER RE PLAINTIFF'S MOTION TO COMPEL DOCUMENTS FROM SHEPPARD MULLIN**<br><br>Re: Dkt. Nos. 97, 120, 127 |

On May 22, 2018, the parties submitted a Joint Discovery Statement regarding plaintiff Optronic Technologies, Inc.'s ("Orion") motion to compel defendants to produce documents in the possession of their counsel, Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin"). Dkt. No. 97. The Court held a hearing on the motion on June 11, 2018, and ordered the parties to make a supplemental submission addressing particular issues. Dkt. No. 110. On July 26, 2018 and August 1, 2018 the parties submitted supplemental letter briefs. Dkt. Nos. 120, 127.[1]

Having reviewed the parties' supplemental submissions, the Court grants Orion's motion to compel, subject to the limitations described below.

## I. BACKGROUND

In this action, Orion contends that defendant Ningbo Sunny Electronic Co., Ltd. ("Ningbo Sunny"), acquired defendant Meade Instruments Corp. ("Meade") by conspiring with its

---

[1] The Court has considered defendants' portion of the Joint Discovery Letter Brief filed on July 26, 2018 and Orion's Letter Brief filed on August 1, 2018. For the reasons stated in the Court's July 30, 2018 order (Dkt. No. 125), the Court does not consider Orion's portion of the Joint Discovery Letter Brief or Exhibits 3–26 of the Fisher declaration or Exhibits 1 and 2 of the Shou declaration accompanying that submission.

competitors Suzhou Synta Optical Technology Co. Ltd. ("Synta"), Celestron Acquisition LLC ("Celestron"), and others in violation of the Sherman Act. Dkt. No. 41, ¶¶ 41-74.[2] Orion also contends that the Meade acquisition violated the Clayton Act because the acquisition unlawfully concentrated manufacturing capabilities in the hands of defendants and the alleged non-party co-conspirators. *Id.* ¶¶ 42, 46-47, 91-95, 120.

Defendants dispute Orion's claims, arguing that they have not engaged in any anticompetitive conduct, or conspired to engage in any such conduct. Dkt. Nos. 44, 75.

Orion served discovery requests on defendants Ningbo Sunny and Sunny Optics seeking, among other things, documents and communications relating to Ningbo Sunny's acquisition of Mead. Dkt. No. 97, Ex. 1 (RFP No. 1). Defendants responded that they would produce "responsive, non-privileged documents created between Nov. 1, 2012 and Nov. 1, 2016, to the extent such documents are located in the course of a reasonable search." *Id*. (Response to RFP No. 1).

Orion also served a document subpoena on Sheppard Mullin seeking "All non-privileged documents regarding the negotiation and financing of the acquisition of Meade Instruments Corp. (or any predecessor entity) by Sunny Optics, Inc. and Ningbo Sunny Electronic Co., Ltd." Dkt. No. 120, Ex. 2.[3] Sheppard Mullin served as counsel to Sunny Ningbo and Sunny Optics in the Meade transaction. The parties do not state when the representation began, but Orion's submission suggests it began in early June 2013. Dkt. No. 127 at 2. The Meade acquisition was completed around October 2013. Dkt. No. 41, ¶ 93. Sheppard Mullin is counsel to defendants in this litigation. However, the attorneys representing defendants here did not represent Ningbo Sunny and Sunny Optics in the Meade transaction, and the attorneys who represented Ningbo Sunny and Sunny Optics in the Meade transaction do not represent Sunny in this litigation. Dkt. No. 127 at 3.

Orion contends that Sheppard Mullin has non-privileged documents that reflect the

---

[2] Orion alleges that defendant Sunny Optics, Inc. ("Sunny Optics") is a subsidiary of Ningbo Sunny, formed for the purpose of acquiring Meade. Dkt. No. 41, ¶ 11.
[3] The parties agree that the subpoena encapsulates what Orion seeks, whether by an RFP to a party or by subpoena. See Dkt. No. 121, Ex. 1 at 10:24-11:7, 13:5-9.

2

negotiation and financing of the Meade transaction that cannot be obtained in discovery from defendants. Orion says that it has learned in discovery that Sheppard Mullin communicated directly with personnel affiliated with non-parties Synta and Celestron in connection with the Meade acquisition. Dkt. No. 127 at 2-3. Synta and Celestron are participants in the alleged anticompetitive scheme that is the basis for Orion's complaint against defendants, and therefore, the communications with them about the Meade acquisition are highly relevant to this case. Dkt. No. 127 at 1; Dkt. No. 41, ¶¶ 41-74. Orion says that the documents produced by defendants include some but not all of these communications, and that the complete set of responsive documents is available only from Sheppard Mullin. Dkt. No. 127 at 2-3.

Defendants oppose Orion's motion to compel.[4] First, defendants contend that Ningbo Sunny and Sunny Optics have withdrawn their privilege objections and produced communications regarding the Meade transaction that involved Sheppard Mullin and personnel affiliated with Synta and Celestron, and that enforcement of the subpoena to Sheppard Mullin is unnecessary. Dkt. No. 120 at 9. Second, defendants point out that Orion has other means available to it to discover the information it seeks about the Meade transaction, including depositions of Peter Ni, James Chiu, and a corporate representative of Ningbo Sunny. *Id.*

## II. LEGAL STANDARD

Orion has the burden to show that the discovery it seeks is both relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by subpoena under Rule 45 is the same as that permitted under Rule 26. *See* Fed. R. Civ. P. 45, advisory committee notes to 1970 amendment (noting that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"). Accordingly, for purposes of assessing defendants' challenge to Orion's subpoena to Sheppard Mullin, the Court measures the discovery sought against the requirements of Rule 26(b)(1).

---

[4] Sheppard Mullin does not separately oppose Orion's motion to compel. The Court assumes that its interests as entirely aligned with and represented by the position defendants take in opposing Orion's motion.

3

1   Courts carefully scrutinize requests to obtain discovery from an adversary's counsel, in
2   part, because of concerns that such discovery implicates communications between the adversary
3   and its attorneys or might be used to harass an adversary's counsel. *See Shelton v. American*
4   *Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986). However, in this case Orion does not seek
5   discovery from defendants' litigation counsel about matters in the pending litigation. Instead,
6   Orion seeks only non-privileged communications between Ningbo Sunny and Sunny Optics'
7   transactional counsel and third parties about a transaction that has concluded. Concerns about
8   abuse of the discovery process are not implicated in these circumstances. *See Pamida, Inc. v. E.S.*
9   *Originals, Inc.*, 281 F.3d 726, 730 (8th Cir. 2002) (clarifying that *Shelton* "was not intended to
10  provide heightened protection to attorneys who represented a client in a completed case and then
11  also happened to represent that same client in a pending case where the information known only
12  by the attorneys regarding the prior concluded case was crucial.").

### III. DISCUSSION

Defendants do not contend that Orion seeks discovery that is not relevant. Defendants also do not contend that the Orion seeks discovery that is protected from disclosure by the attorney-client privilege. Indeed, defendants represent that they have withdrawn their privilege objections as to communications with Synta and Celestron personnel, and that they have already produced non-privileged responsive documents that relate to the negotiation and financing of the Meade acquisition.

The issue is whether defendants' production includes *all* non-privileged, responsive documents in the collective possession of defendants and counsel who represented Ningbo Sunny and Sunny Optics in the Meade acquisition. Orion makes a convincing showing that that there is at least reason to doubt that all such documents have been produced.

Orion asserts, without contradiction by defendants, that Ningbo Sunny only recently produced documents showing the nature and extent of Sheppard Mullin's communications with non-parties involved in the alleged anticompetitive conduct, and that these documents suggest that Ningbo Sunny personnel were not necessarily parties to these communications. Dkt. No. 127 at 2-3. Orion also asserts, again without contradiction by defendants, that defendants' representations

4

about the completeness of its document production are not reliable, given that Ningbo Sunny produced nearly 50,000 documents on July 12, 2018 after representing to the Court on June 11, 2018 that its production was complete. Dkt. No. 127 at 2, n.3; Dkt. No. 121, Ex. 1 at 22:3-5, 23:9-15. Finally, defendants do not dispute that the Sheppard Mullin attorneys and personnel whose communications are called for by Orion's subpoena are not the same attorneys who are serving as defendants' litigation counsel in this action.

Defendants do not say that they have produced all non-privileged, responsive documents reflecting the communications between Sheppard Mullin and Synta and Celestron personnel about the Meade acquisition, or that all such documents in Sheppard Mullin's possession have been produced by defendants. It avoids such unequivocal statements.

Although neither party addresses this point in detail, it appears that Sheppard Mullin began its representation of Ningbo Sunny and Sunny Optics in the transaction in June 2013 and that the acquisition closed approximately three months later. Thus, the discovery Orion seeks appears to cover communications during a very limited period of time. Although the record does not reflect how many Sheppard Mullin attorneys and other personnel participated in the representation of Ningbo Sunny and Sunny Optics, it is difficult to credit defendants' unsupported assertion that the search for and collection of non-privileged communications regarding the Meade acquisition would be unduly burdensome.

**IV. CONCLUSION**

In these circumstances, the Court finds that Orion may obtain discovery from Sheppard Mullin of non-privileged documents regarding the negotiation and financing of the acquisition of Meade Instruments Corp. (or any predecessor entity) by Sunny Optics, Inc. and Ningbo Sunny Electronic Co., Ltd. That discovery shall be limited as follows:

1. The discovery includes communications between Sheppard Mullin attorneys and other personnel, on the one hand, and third parties, on the other hand, from the date Sheppard

Mullin commenced its representation of Ningbo Sunny and/or Sunny Optics with respect to the Meade acquisition until the date the acquisition was completed.[5]

2. The discovery does not include internal communications between and among Sheppard Mullin attorneys and other personnel, or between and among only Sheppard Mullin attorneys and other personnel, on the one hand, and Sheppard Mullin's clients, on the other hand.

3. Sheppard Mullin need not re-produce any documents that have already been produced directly from defendants.

4. Because Orion seeks only non-privileged documents, Sheppard Mullin need not provide a privilege log of its internal communications or its communications only with its clients.

**IT IS SO ORDERED.**

Dated: August 13, 2018

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[5] Based on the parties' submissions, the Court expects this to be a period of 3-4 months.