UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., et al.,<br><br>Defendants. | Case No.16-cv-06370-EJD (VKD)<br><br>**INTERIM ORDER RE JOINT DISCOVERY LETTER BRIEF RE SUBJECT MATTER WAIVER OF PRIVILEGE RE FTC INQUIRY**<br><br>Re: Dkt. No. 173 |

The parties disagree whether there has been a subject matter waiver of the attorney-client privilege with respect to an FTC inquiry regarding the acquisition of defendant Meade Instruments Corp. ("Meade"). Pursuant to this Court's order (Dkt. No. 178), defendants submitted for an *in camera* review unredacted copies of five emails identified by plaintiffs at footnote 5 of the parties' joint discovery letter, i.e., SMRH-0001063, 0001065, 0001090, 0001094 and 0001098. The Court has reviewed those documents and, as discussed at the October 23, 2018 hearing, will not require those emails to be produced in unredacted form.

Nevertheless, to resolve the dispute over the remaining documents at issue, the Court has agreed to undertake a further review of documents. To that end, at the October 23, 2018 hearing, plaintiffs submitted to this Court a copy of the documents identified in the chart on pages 2-4 of the parties' joint discovery letter brief. As further discussed, by **November 6, 2018** defendants shall lodge with this Court for an *in camera* review, documents relating or pertaining to the FTC's inquiry and the response to that inquiry, that have not been produced or identified on defendants' privilege log. Defendants' document submission shall cover the time period from the date Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin") commenced its representation of

Ningbo Sunny Electronic Co., Ltd. and/or Sunny Optics, Inc. with respect to the Meade acquisition through the date the acquisition was completed.[1]

**IT IS SO ORDERED.**

Dated: October 23, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] Records presented in a prior discovery dispute suggested that Sheppard Mullin's representation began in June 2013 and ended several months later. *See* Dkt. No. 135 at 5, 6.