UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC, <br><br> Plaintiff, <br><br> v. <br><br> NINGBO SUNNY ELECTRONIC CO., LTD., et al., <br><br> Defendants. | Case No.16-cv-06370-EJD (VKD) <br><br> **ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SANCTIONS; (2) DENYING AS MOOT DEFENDANTS' MOTION TO FILE SUR-REPLY/MOTION TO STRIKE** <br><br> Re: Dkt. Nos. 148, 168 |

## I. BACKGROUND

Claiming that defendants have abused the discovery process, plaintiff Optronic Technologies, Inc. ("Orion") moves for sanctions, arguing that defendants (1) provided evasive, misleading, or inaccurate responses to Orion's interrogatories and requests for admission ("RFAs") and (2) have not timely complied with Orion's document requests and court orders. Pursuant to Fed. R. Civ. P. 37(b), (c)(1) and (c)(2), as well as the Court's inherent powers, Orion seeks an array of sanctions, including the payment of certain fees and costs incurred in discovery, evidentiary sanctions, and a jury instruction permitting adverse inferences to be drawn. Additionally, Orion requests that the depositions of Joseph Lupica, Victor Aniceto, and Dave Anderson[1] be reopened, at defendants' expense, and that Orion be permitted to depose defense

---

[1] For the first time at the October 23, 2018 motion hearing, and without prior notice to defense counsel, Orion submitted presentation slides purporting to summarize its arguments. For the reasons discussed on the record at the hearing, Orion's request for leave to depose additional witnesses identified for the first time in those presentation slides is denied.

counsel's firm, Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin").[2] Defendants Ningbo Sunny Electronic Co., Ltd. ("Ningbo Sunny"), Sunny Optics, Inc. ("Sunny Optics") and Meade Instruments Corp. ("Meade") oppose the motion. Upon consideration of the moving and responding papers, as well as the arguments presented at the October 23, 2018 hearing, the Court grants Orion's request for additional time to depose Messrs. Lupica, Aniceto, and Anderson, subject to the limitations discussed below. Orion's motion for sanctions is denied in all other respects.

## II. DISCUSSION

### A. Defendants' Responses to Written Discovery Requests

Orion argues that defendants should be sanctioned for providing evasive, misleading, and inaccurate responses to certain interrogatories and RFAs concerning David Shen's interest, and that of his family members, in defendants' companies; communications regarding Orion's credit terms; and tours of Meade's and Sunny Optics' facilities. The requests at issue are Interrogatory No. 17 and RFA Nos. 10 and 11 to Meade, RFA No. 13 to Ningbo Sunny, and RFA Nos. 5 and 14 to Sunny Optics.

Orion challenged defendants' initial responses to these requests, claiming that they were evasive and contradicted by documents defendants later produced. After conferring with Orion, defendants served amended responses on July 12, 2018, acknowledging that "Dong Yongxue is related to David Shen by marriage" and that "an individual who is related to David Shen by marriage held an indirect minority ownership interest in Meade." Dkt. No. 148 at 13; Dkt. No. 162 at 14-15.[3] With respect to RFAs regarding Orion's credit terms and tours of defendants' facilities, defendants initially denied the subject matter of the requests, but later admitted those matters in their amended responses. Dkt. No. 148 at 14-15; Dkt. No. 162 at 15.

Although Orion does not take issue with defendants' amended responses, Orion argues that

---

[2] Judge Davila has granted Orion's motion to modify the scheduling order. That order sets several case management dates, including a November 28, 2018 deadline to complete certain depositions that are not at issue in the present motion for sanctions. Dkt. No. 187.

[3] All pin cites are to the page number that appears on the ECF header on the parties' filings.

2

defendants should have supplemented their discovery responses pursuant to Fed. R. Civ. P. 26(e) to correct their initial responses no later than the April 20, 2018 deadline set by the Court's discovery scheduling order (Dkt. No. 69). Here, Orion claims that documents show that Sheppard Mullin knew about Mr. Shen's familial connections with defendants' companies as early as August 2013. Orion also emphasizes that defendants' supplemental responses were made only after Orion reviewed their document production and challenged the sufficiency of defendants' initial responses. On that basis, Orion seeks monetary sanctions in the form of fees and costs it says it incurred in translating, reviewing, and analyzing defendants' document production and in deposing Messrs. Lupica and Aniceto. Specifically, Orion seeks $40,713.85 comprising (1) $9,438.10 incurred in translating, reviewing and analyzing documents pertaining to Mr. Shen's and his family's interest in defendants' companies; (2) an additional $7,407.75 Orion says it incurred in translating, reviewing and analyzing documents regarding Orion's credit terms and tours of defendants' facilities and in deposing Messrs. Aniceto and Lupica; and (3) $23,868 for associated attorneys' fees. Dkt. No. 148-1 ¶¶ 2, 8-10.

Defendants contend that sanctions are not warranted for several reasons. They say that their initial discovery responses were served at the outset of the case, in April and early May 2017, before their document collection and review efforts were fully underway. They further contend that the subsequent document production Orion refers to was made in response to Orion's first set of document requests, which Orion served along with its other discovery requests. As for information about Mr. Shen's and his family's interests in defendants' companies, defendants argue that Orion is improperly attributing to their litigation counsel knowledge that may have been known to defendants' separate transactional attorneys at Sheppard Mullin who are not participating in the litigation. Noting that Orion asked to confer about the discovery responses a year after those responses were served, defendants say they promptly agreed, conferred with Orion in June 2018, and voluntarily supplemented their responses by July 12, 2018, without having to seek the Court's intervention. Further, defendants contend that they were not obliged to supplement their responses because the information in question was known to Orion or otherwise made known to Orion in discovery.

3

While defendants' initial discovery responses were perhaps not as forthcoming as they should have been, Orion has not demonstrated that its requested sanctions are warranted. Rule 37(b) provides sanctions for a party's failure to comply with a court order to provide or permit discovery, but does not authorize sanctions for more general discovery abuse. *Unigard Security Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 367-68 (9th Cir. 1992). Rule 37(c)(1) authorizes sanctions where a party fails to provide information or to identify a witness as required by Rule 26(a) or (e). Although defendants provided their supplemental discovery responses after the date set in a discovery scheduling order (Dkt. No. 69), Orion obtained the supplemental responses in question within a few weeks of raising the issue with defendants and without a motion for an order compelling the discovery. Dkt. Nos. 148-24, 162-1, ¶¶ 23-24. Moreover, Orion appears to seek reimbursement for activities that it would have undertaken anyway in the normal course of discovery. Orion has not persuasively shown that defendants' written discovery responses forced Orion to review documents it otherwise would not have reviewed or to take additional discovery it otherwise would not have conducted.

Nor has Orion demonstrated that sanctions are warranted under Rule 37(c)(2). That rule provides that where a party fails to admit what is requested under Rule 36, and the requesting party later proves the matter true, the Court must order that the requesting party be paid reasonable expenses, including attorneys' fees, incurred in making that proof, unless there was a good reason for the failure to admit. Fed. R. Civ. P. 37(c)(2). However, Rule 37(c)(2) is meant to compensate the requesting party for expenses incurred in proving the matter *at trial*. *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 937-38 (9th Cir. 1994); *Su v. Nat'l Aeronautics and Space Administration*, No. 5:09-cv-02838-EJD, 2016 WL 4719274, at *3 (N.D. Cal., Sept. 9, 2016) ("'Rule 37(c) is intended to provide posttrial relief in the form of a requirement that the party improperly refusing the admission pay the expenses of the other side in making the necessary proof at trial.'") (quoting Fed. R. Civ. P. 37(c) advisory committee's note to 1970 amendment).

On this record, Orion has not persuasively demonstrated that defendants acted with the requisite bad faith for the imposition of sanctions under the Court's inherent power. *See Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001).

4

Orion's request for sanctions in connection with defendants' responses to Orion's interrogatories and RFAs is denied.

**B.      Defendants' Document Production**

Orion contends that defendants have not timely complied with Orion's document requests and with court orders setting deadlines for production. The Court set a May 7, 2018 deadline for the substantial production of emails, a May 11, 2018 deadline for the production of all transactional data, and a May 15, 2018 deadline to complete document production. Dkt. No. 81. Orion argues that defendants failed to comply with those court-ordered deadlines and produced an additional 20,000 documents on June 5-6, 2018 many of which were in Mandarin, and only after Messrs. Aniceto and Lupica had been deposed. Moreover, Orion says that the June 5-6 production included additional documents from Peter Ni's knwj@sunny-optics.com email address, after defendants previously stated that they had produced all responsive documents from that address. And while defendants told this Court at a June 11, 2018 discovery hearing that their document production was complete (Dkt. No. 116 at 22:3, 23:11-14), Orion says that on July 12, 2018, defendants produced an additional 400,000 pages of documents, much of which was in Mandarin and pertained to Mr. Ni. Further, Orion says that defendants continued to produce thousands of pages of additional documents in September, well past the July 12 deadline.[4]

Orion seeks the full panoply of sanctions under Fed. R. Civ. P. 37(c)(1), including an order precluding defendants from using any documents produced after May 15, 2018; awarding Orion its attorneys' fees and costs caused by the failure to timely produce documents; requiring that the jury be informed of defendants' failure to timely comply with Orion's document requests and the Court's scheduling orders; and imposing all other sanctions available under Rule 37, short of terminating sanctions. Additionally, Orion requests that the depositions of Messrs. Anderson, Lupica and Aniceto be re-opened and that Orion be given an opportunity to depose Sheppard

---

[4] Defendants move for leave to file a sur-reply to address Orion's reply arguments about documents defendants produced in September. They also move to strike Exhibit 2 to Mr. Fisher's reply declaration, arguing that the document is irrelevant. This Court held a lengthy hearing on October 23, 2018 at which the parties had ample opportunity to state their views about the matters presented in the present motion. Defendants' motion for leave to file a sur-reply and motion to strike are denied as moot.

5

Mullin. Further, as articulated at the motion hearing, though not in its moving papers, Orion also wishes to conduct additional discovery concerning (1) FTC-related documents and communications, (2) Mr. Huen, (3) Sunny Mould, (4) Sunny Optical Group, (5) Mr. Shen's sister, and (6) Sunny Rainbow. *See* Dkt. No. 188 at 51-56.

Defendants point out that in June 2018, the parties stipulated, and the Court approved, a new July 12, 2018 deadline to exchange privilege logs, make final supplemental productions, and to certify that their respective document productions are complete. Dkt. No. 162-1 ¶ 21; *see also* Dkt. Nos. 113, 117. Defendants claim that the extension was sought, at least in part, because Orion said it needed additional time to review defendants' documents. Dkt. No. 162-1 ¶ 20. They acknowledge that the June 5-6 production included additional documents from Mr. Ni's knwj@sunny-optics.com email address, but say that those documents were inadvertently left out of a prior production, and that they worked promptly to investigate and address Orion's stated concerns about those documents. Defendants maintain that they did complete their document production by the July 12 court-ordered deadline. According to defendants, the only other documents produced since then are (1) those produced by Sheppard Mullin (not by defendants) in compliance with this Court's August 13, 2018 order compelling the production of certain subpoenaed documents about the Meade acquisition; (2) documents initially withheld as privileged, but which were removed from defendants' privilege log, following this Court's September 12, 2018 order directing defendants to re-evaluate certain privilege log entries; and (3) replacements for certain OCR and text files that Orion said were garbled or corrupted. Dkt. No. 162-1 ¶ 22.

As for allegations of delay, defendants state that they made four initial productions on June 16, 2017, June 30, 2017, September 13, 2017 and September 22, 2017, including transactional and other data Orion asked defendants to prioritize for production. Dkt. No. 162-1 ¶ 5. They say that an additional 82,958 pages of documents was produced on February 28, 2018, consistent with the original close of discovery, after their motion to stay discovery was denied. *Id.* ¶ 10. Further, defendants point out that they asked Orion to propose search terms in May 2017, but Orion failed to engage on that subject until September 2017 and even then, only to say that it did not agree with

6

defendants' proposed terms. *Id*. ¶¶ 6-7. It was not until March 2018 that Orion proposed search terms, and defendants say they accepted Orion's proposals, without objection, after which the parties promptly agreed to terms for the production of ESI. *Id*. ¶ 7 n.1. According to defendants, acquiescing to Orion's search terms led to a massive document production and privilege review process that defendants say they were required to complete in a short period of time.

Defendants appear to have cooperated in discovery in a number of respects, and the Court finds no basis to conclude that they have acted in bad faith. However, a practical problem results from the timing of defendants' document production on June 5-6, 2018 and from the even larger production on July 12, 2018. Those productions technically complied with the July 12, 2018 court-ordered deadline, but are at odds with defendants' prior representations to Orion and to this Court that their production was complete. The Court finds that Orion was prejudiced by the large, belated production on July 12, 2018 because it was unable to ask Messrs. Anderson, Lupica and Aniceto about documents that were received only after those depositions had been taken. In addition, while the post-July 12, 2018 productions may have been the result of this Court's August and September 2018 discovery orders resolving several disputes, Orion likewise did not have an opportunity to question these witnesses about those documents either. To redress that prejudice, this Court orders as follows:

1. Orion will be permitted to depose Messrs. Anderson, Lupica and Aniceto, for up to three hours each, about documents that Orion received only after those depositions were completed. This is not an opportunity for Orion to revisit matters that it knew about—whether through interrogatories, documents, or some other means—before Messrs. Anderson, Lupica and Aniceto were deposed the first time. Judge Davila having indicated that any "[f]urther requests to modify the discovery deadlines are strongly disfavored" (Dkt. No. 187), Orion should not assume that it will be given any more time, beyond what is permitted by this order, for these depositions. In no event should these additional depositions be scheduled for a date that would cause the parties to violate remaining deadlines in the Court's modified scheduling order (Dkt. No. 187). To that end, the parties are directed to cooperate in deposition scheduling. With

7

respect to Mr. Anderson, this Court notes that defendants state they do not have any control over him. Orion therefore must take steps necessary to promptly schedule his deposition through other means.

2. Defendants shall bear Orion's reasonable attorneys' fees and costs incurred in connection with the further depositions of Messrs. Anderson, Lupica and Aniceto. The parties may not bring any dispute regarding those fees and costs to this Court, unless they have conferred in good faith to resolve any such dispute. If the parties agree regarding the amount of reasonable attorneys' fees and costs, Orion may file a stipulated or unopposed request for an order in that amount. If the parties disagree, they shall submit their dispute to the Court using the discovery dispute resolution procedures in this Court's Standing Order for Civil Cases.

3. Orion's request for leave to depose Sheppard Mullin is denied. Orion had an opportunity to seek Sheppard Mullin's deposition when it subpoenaed the firm for documents, but it did not request a deposition at that time. Orion has not demonstrated that the timing of defendants' document productions entitles Orion to take such a deposition now.

4. Orion's request for other and further discovery that was not specified in its moving papers, but was identified for the first time only at the October 23, 2018 motion hearing, is denied.

5. Except as set forth in this order, Orion's request for other sanctions pursuant to Fed. R. Civ. P. 37 or the Court's inherent power is denied.

**IT IS SO ORDERED.**

Dated: November 2, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge