UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC, <br> Plaintiff, <br> v. <br> NINGBO SUNNY ELECTRONIC CO., LTD., et al., <br> Defendants. | Case No. 16-cv-06370-EJD (VKD) <br><br> **[REDACTED] ORDER RE JOINT DISCOVERY DISPUTE LETTER RE RULE 30(B)(6) DEPOSITION OF NINGBO SUNNY** <br><br> Re: Dkt. No. 174 |

Plaintiff Optronic Technologies, Inc. ("Orion") moves to compel defendant Ningbo Sunny Electronics Co. ("Ningbo Sunny") to produce for further deposition a corporate representative who is prepared to testify regarding topics 1, 7, 8, 9, 11, and 15-18 of Orion's Rule 30(b)(6) deposition notice to Ningbo Sunny. Alternatively, Orion asks the Court to prohibit Ningbo Sunny from offering testimony on any matters as to which its corporate representative claimed lack of knowledge.

The Court finds this dispute suitable for disposition without a hearing.

I.  **BACKGROUND**

Pursuant to a Rule 30(b)(6) deposition notice, Orion took the deposition of Ningbo Sunny's corporate representative, James Chiu, on September 12 and 13, 2018. Orion says that Mr. Chiu was not adequately prepared to address several topics in the deposition notice and that he obstructed the deposition by unreasonably delaying his answers and claiming ignorance.

Ningbo Sunny responds that Mr. Chiu took extensive steps to prepare for the deposition and to provide testimony on the noticed topics. Further, Ningbo Sunny says that Mr. Chiu did not refuse to provide answers, but did his best to respond to numerous questions that were beyond the

scope of the deposition notice.

## II. DISCUSSION

In response to Orion's Rule 30(b)(6) deposition notice, Ningbo Sunny had an obligation to prepare a representative or representative to testify about information known or reasonably available to Ningbo Sunny. Fed. R. Civ. P. 30(b)(6). The Court considers whether Ningbo Sunny complied with that obligation with respect to each of the topics at issue.

### A. Topics 7, 8, and 11

These topics seek testimony regarding Ningbo Sunny's interactions with Synta and David Shen with respect to various matters:

> 7. The identity, roles and responsibilities of all Ningbo Sunny personnel involved in the preparation, negotiation, and execution of all agreements with the Synta entities, including with David Shen and his extended family.
>
> 8. The nature and extent of your communications, agreements, and contracts with the Synta entities since November 2012, including with David Shen and his extended family and including all agreements or communications about the following: (a) product strategy, (b) assets owned by Hayneedle, (c) market allocation, (d) pricing.
>
> 11. The identity, role, and responsibilities of all Ningbo Sunny personnel involved in the preparations, negotiations, and and/or execution of its acquisition of Meade.

Dkt. No. 174-1.

Orion argues that Mr. Chiu was not prepared to discuss the roles and responsibilities of Messrs. Shen, Anderson, Lupica, and Huen in Ningbo Sunny's acquisition of Meade. Defendants respond that none of these people is an employee of Ningbo Sunny and therefore they are not "Ningbo Sunny personnel," as that term is used in topics 7 and 11, a point Orion does not dispute.

That leaves topic 8. Defendants contend that Messrs. Anderson, Lupica, and Huen, each of whom apparently consulted individually for Ningbo Sunny, are not "Synta entities" (at least as defendants understood that term) and, therefore, questions about communications or agreements with these individuals are not within the scope of topic 8. Defendants appear to concede, however, that communications and agreements with David Shen *are* within the scope of topic 8. Orion says that Mr. Chiu was not prepared to testify fully and completely on behalf of Ningbo

Sunny about the matters in topic 8 with respect to Mr. Shen specifically. The deposition transcript excerpts provided to the Court reflect that Mr. Chiu's testimony was incomplete, or at least inconsistent, regarding (i) the nature and terms of any agreement between Ningbo Sunny and Mr. Shen, (ii) the compensation, if any, paid to Mr. Shen for his work for Ningbo Sunny, and (iii) Mr. Shen's work for Ningbo Sunny. *See, e.g.* Dkt. Nos. 171-24, 171-28 (Chiu Rule 30(b)(6) dep. at 69:11-70:3 and 227:5-24). The fact that Orion did obtain, or could have obtained, testimony on these matters from the personal deposition of Mr. Ni does not satisfy Ningbo Sunny's obligation to provide a corporate representative who is prepared to testify with respect to topic 8.

**B.     Topic 9**

This topic seeks testimony from Ningbo Sunny regarding revenues and profits:

> 9. Your revenues and profits from sales to: (a) the Synta entities, (b) Orion, (c) other telescope distributors, (d) consumers.

Dkt. No. 174-1.

Orion says that Mr. Chiu was not prepared to identify Ningbo Sunny's profits with respect to sales to particular customers. Ningbo Sunny responds that     [REDACTED]       and that it has provided all of the information it has about the company's profits. The deposition transcript excerpts provided to the Court reflect that Mr. Chiu provided complete testimony on this topic.

**C.     Topic 1**

This topic seeks testimony regarding details of Ningbo Sunny's corporate relationships and structure:

> 1. The organizational structures of Ningbo Sunny, Sunny Optics, and Meade, during the time period from January 2010 to present, including but not limited to: (a) the roles and responsibilities of the leadership of Ningbo Sunny, and (b) its beneficial ownership during the time period from November 2012 to present.

Dkt. No. 174-1.

Orion says that Mr. Chiu was not prepared to testify about (i) the beneficial ownership of Ningbo Sunny, (ii) the corporate affiliates of Ningbo Sunny, and (iii) the heads of Ningbo Sunny's departments. The deposition transcript excerpts provided to the Court reflect that Mr. Chiu was

3

1 adequately prepared to testify regarding this topic.

**D.     Topics 15-18**

These topics ask for testimony regarding Ningbo Sunny's document preservation, collection, and production efforts; its initial disclosures; and its responses to Orion's written discovery requests.

Orion says that Mr. Chiu was wholly unprepared to testify about these matters, although it does not dispute defendants' contention that Mr. Chiu was able to supply the missing information later in his deposition, during questioning by defendants' counsel.   Indeed, it appears from the deposition transcript, that during a recess in the deposition Mr. Chiu took steps to investigate information that he did not have when questioned initially by Orion's counsel.  *See, e.g.* Dkt. No. 171-28 (Chiu Rule 30(b)(6) dep. at 260:7-262:17; 267:13-21).  Accordingly, it appears that Orion eventually obtained the information it contended was missing from Mr. Chiu's initial testimony.

**E.     Deposition Conduct**

Orion says that Mr. Chiu took an unreasonably long time to answer questions during the deposition, in an effort to "run out the clock."  Defendants respond that many of the questions posed to Mr. Chiu were not within the scope of the noticed topics for which he was designated and that Orion simply wasted its time with the witness.

In the few video deposition excerpts provided to the Court, it appears that the witness takes a very long time to answer (even allowing for the time required to translate the examiner's question, defending counsel's objections, and the witness's answer).  However, in these examples, the questions do not obviously relate to a noticed topic, defendants' counsel objects during the deposition on that ground (among others), and Orion does not address the point here.

In short, it is not possible for the Court to conclude on this record that Mr. Chiu's testimony in these excerpts is representative of his conduct generally during the deposition.

**III.  CONCLUSION**

The Court concludes that Mr. Chiu was not adequately prepared to address the following matters within the scope of topic 8:  (i) the nature and terms of any agreement between Ningbo Sunny and Mr. Shen, (ii) the compensation, if any, paid to Mr. Shen for his work for Ningbo

4

Sunny, and (iii) Mr. Shen's work for Ningbo Sunny.  Defendants must produce a corporate representative who is prepared to testify about these matters for deposition in San Francisco, California.  Orion shall have no more than one additional hour to examine the witness.

Defendants shall bear Orion's reasonable attorneys' fees and costs incurred in connection with the further Rule 30(b)(6) deposition.  The parties may not bring any dispute regarding those fees and costs to this Court, unless they have conferred in good faith to resolve any such dispute.  If the parties agree regarding the amount of reasonable attorneys' fees and costs, Orion may file a stipulated or unopposed request for an order in that amount.  If the parties disagree, they shall submit their dispute to the Court using the discovery dispute resolution procedures in this Court's Standing Order for Civil Cases. Orion's motion is denied in all other respects.

**IT IS SO ORDERED.**

Dated:   November 5, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge