UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC, <br> Plaintiff, <br> v. <br> NINGBO SUNNY ELECTRONIC CO., LTD., et al., <br> Defendants. | Case No. 16-cv-06370-EJD (VKD) <br><br> **ORDER RE JOINT DISCOVERY DISPUTE LETTER RE SUBJECT MATTER WAIVER OF PRIVILEGE RE FTC INQUIRY** <br><br> Re: Dkt. No. 173 |

Plaintiff Optronic Technologies, Inc. ("Orion") seeks an order compelling defendants' counsel Sheppard, Mullin, Richter & Hampton ("Sheppard Mullin") to produce all documents in their possession relating to the FTC inquiry into the acquisition of defendant Meade Instruments Corp. ("Meade") and defendants' response to that inquiry. Defendants oppose.

The Court held a hearing on this motion on October 23, 2018. Following the hearing, the Court issued an interim order with respect to five emails at issue (SMRH-0001063, 0001065, 0001090, 0001094 and 0001098). Dkt. No. 184. The Court has now reviewed the remainder of the documents identified in the chart on pages 2-4 of the parties' joint discovery dispute letter, as well as defendants' *in camera* submission of the Sheppard Mullin documents in dispute.

The Court grants in part and denies in Orion's motion to compel.

**I.   BACKGROUND**

Among defendants' document production, Orion has identified 14 documents or sets of documents that it contends reflect disclosure of attorney-client privileged information to non-party Laurence Huen regarding the FTC's inquiry into defendant Ningbo Sunny Electronic Co.'s ("Ningbo Sunny") acquisition of Meade in 2013 and Ningbo Sunny's response to that inquiry.

1  Dkt. No. 173 at 2-4. Orion says that this disclosure waived defendants' attorney-client privilege with respect to the FTC inquiry, and Sheppard Mullin may not withhold from production any other documents concerning the FTC inquiry. *Id.* at 4-5. Orion argued at the hearing that the FTC inquiry was a point of negotiation in the Meade acquisition, and so the documents at issue fall within the scope of its subpoena to Sheppard Mullin. In addition, Orion argued that it had no opportunity to specifically demand these documents from Sheppard Mullin because defendants did not timely reveal the existence of the FTC inquiry until after the subpoena had been served. *See* Dkt. No. 188 at 4:22-6:4; 8:4-19; 18:22-20:16.

Defendants respond that the Court should not order the production of documents Orion seeks. First, defendants say that none of the documents they have already produced contains advice of counsel or any other presumptively privileged communication, so no waiver flows from Mr. Huen's participation in those communications. Second, defendants argue that any waiver of privilege would be limited to the matter actually disclosed to Mr. Huen, and would not extend to any and all matters relating to the FTC inquiry. Third, defendants point out that Orion's subpoena to Sheppard Mullin is limited to "documents regarding the negotiation and financing of the acquisition of [Meade]" and does not encompass documents relating to the FTC's inquiry regarding that acquisition.

## II.   LEGAL STANDARDS

Defendants have the burden of establishing that the documents withheld from production are protected from disclosure by the attorney-client privilege. *See*, *e.g.*, *U.S. v. Ruehle*, 583 F.3d 600, 607-08 (9th Cir. 2009) (citing eight-part test under federal common law). Under federal law, the attorney-client privilege is strictly construed. *Id.* at 609. In the circumstances presented by this dispute, defendants' burden includes establishing that the privilege has not been waived. *Id.* at 607-08.

The voluntary disclosure of a privileged communication to a third party waives the attorney-client privilege that attached to the communication in the absence of such disclosure. *Id.* at 612; *Weil v. Investment/Indicators, Research & Management, Inc.*, 647 F.2d 18, 25 (9th Cir. 1981). However, the scope of such waiver is limited to the subject matter actually disclosed.

*Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (disclosure to auditor of documents discussing questions relevant to a tax deferral did not waive privilege as to every document or communication regarding the tax deferral generally); *Hernandez v. Tanninen*, 604 F.3d 1095, 1098, 1100 (9th Cir. 2010) (disclosure of privileged communications and work product regarding a witness's conduct was not a blanket waiver of all privileged communications in the case).

## III. DISCUSSION

Of the 14 document categories identified in the parties' joint discovery dispute letter, six include communications with counsel seeking or providing legal advice. These are:

| | |
|---|---|
| SMRH-0010499–10502 | Communications between Sheppard Mullin and its client, seeking and providing legal advice, forwarded to Mr. Huen. |
| SMRH-0001082–1085 | Communications between Sheppard Mullin, its client and Mr. Huen providing legal advice |
| SMRH-0001068–1072; SMRH-0001073–1077 | Communications between Sheppard Mullin, its client and Mr. Huen providing legal advice |
| SMRH-0001156 | Communication between Sheppard Mullin and its client seeking legal advice, copying Mr. Huen |
| SMRH-0001138 | Communication between Sheppard Mullin and its client providing legal advice, copying Mr. Huen |
| SMRH-0001023 | Communication between Sheppard Mullin and its client seeking legal advice, copying Mr. Huen |

Having shared these materials with a third party, Laurence Huen, defendants may not assert attorney-client privilege over the subject matter disclosed in these communications. *Chevron*, 974 F.2d at 1162.

Sheppard Mullin submitted for *in camera* review seven documents, each of which includes multiple email messages in a chain. The Court has reviewed each of these documents in order to assess whether any document, or particular messages within in an email chain, contain the same subject matter as the subject matter disclosed in the six document categories listed above.

The Court concludes that one email chain, marked REV001762826, should be produced

because it contains subject matter that overlaps with subject matter disclosed in the communications in SMRH-0001068–1072 and SMRH-0001073–1077. The remaining documents submitted by Sheppard Mullin for *in camera* review do not contain subject matter as to which attorney-client privilege has been waived by disclosure to Mr. Huen.

The Court is skeptical of Orion's argument that the existing subpoena to Sheppard Mullin encompasses REV001762826. However, given the belated production of documents by defendants (*see* Dkt. No. 189), the Court finds that production of REV001762826 now is appropriate to address Orion's contention that it would have specifically demanded that Sheppard Mullin produce non-privileged documents related to the FTC inquiry had it known of that inquiry before serving the subpoena.

## IV.  CONCLUSION

Defendants shall promptly produce the document marked **REV001762826** to Orion. Orion's motion to compel is denied in all other respects.

**IT IS SO ORDERED.**

Dated:   November 8, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge

4