United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC, <br><br> Plaintiff, <br><br> v. <br><br> NINGBO SUNNY ELECTRONIC CO., LTD., et al., <br><br> Defendants. | Case No. 5:16-cv-06370-EJD <br><br> **ORDER DENYING MOTIONS FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDERS OF MAGISTRATE JUDGE** <br><br> Re: Dkt. Nos. 198, 202, 203 |

Plaintiff Optronic Technologies, Inc. ("Optronic") has filed three motions for relief from nondispositive pretrial orders issued by Magistrate Judge DeMarchi. *See* Dkt. Nos. 198, 202, 203. Pursuant to Fed. R. Civ. P. 72, a district judge may set aside a magistrate judge's non-dispositive pretrial order only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Moreover, "the magistrate judge's decision in such nondispositive matters is entitled to great deference by the district court." *U.S. v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001).

First, Optronic seeks partial relief from the "Order (1) Granting In Part And Denying In Part Plaintiff's Motion For Sanctions; (2) Denying As Moot Defendants' Motion To File Sur-Reply/Motion To Strike" (Dkt. No. 189). Optronic seeks relief from this Order on two grounds: (1) that a document produced after the Order proves that Defendants misrepresented to Judge DeMarchi that Sheppard Mullin corporate antitrust partner Michael Zhang did not work on Ningbo Sunny's acquisition of Meade in 2013 and that Judge DeMarchi expressly relied upon Defendants' misrepresentation in ruling on Optronic's motion for sanctions; and (2) the Order does not include an analysis of the so-called "recklessness" or "plus" elements purportedly

Case No.: 5:16-cv-06370-EJD
ORDER DENYING MOTIONS FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDERS OF MAGISTRATE JUDGE

1

required by the Ninth Circuit in *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). Optronic's arguments are unpersuasive. Contrary to Optronic's assertion, Judge DeMarchi did not expressly rely on the alleged misrepresentation. Further, Judge DeMarchi properly applied the *Fink* bad faith standard. The Ninth Circuit in *Fink* did not require every court considering sanctions to specifically address "recklessness" or "plus" elements. Instead, *Fink* reaffirmed prior cases holding that a finding of bad faith is required before a court may impose sanctions under its inherent authority. In doing so, the *Fink* court instructed that recklessness when combined with an additional factor may constitute conduct tantamount to bad faith.

Second, Optronic seeks relief from the "Order Re Joint Discovery Dispute Letter Re Subject Matter Waiver Of Privilege Re FTC Inquiry" (Dkt. No. 196). Optronic agrees with Judge DeMarchi's finding that Defendants waived the attorney-client privilege as to the subject matter disclosed in the communications at issue in the parties' discovery dispute. Optronic contends, however, that the Order (1) "failed to analyze whether Defendants had negated the confidentiality element of the privilege" and (2) erroneously limited the scope of subject-matter waiver. Dkt. No. 201-4, p. 4. Because Optronic did not raise the first argument in its October 5, 2018 letter brief to Judge DeMarchi (Dkt. No. 171-4), the argument has been waived. With respect to the scope of the subject-matter waiver, Judge DeMarchi's ruling is fully supported by Ninth Circuit precedent. *See Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (disclosure to auditor of documents discussing questions relevant to a tax referral did not waive privilege "as to every document or communication that touched on the more general tax deferral question").

Third, Optronic seeks partial relief from the "Order Re Joint Discovery Dispute Letter Re Rule 30(B)(6) Deposition Of Ningbo Sunny" (Dkt. No. 193). Optronic contends that the Order erroneously failed to compel Ningbo Sunny to produce a Rule 30(b)(6) witness to testify as to Topic 9, which seeks testimony regarding "[Defendants'] revenues and profits from sales to (a) the Synta entities; (b) Orion; (c) other telescope distributors; [and] (d) consumers." Dkt. No. 203, p. 3. Judge DeMarchi found that Ningbo Sunny's Rule 30(b)(6) witness had provided complete

Case No.: 5:16-cv-06370-EJD
ORDER DENYING MOTIONS FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDERS OF MAGISTRATE JUDGE

2

testimony on Topic 9, and accordingly denied Optronic's motion to compel further testimony on that Topic. The Court has reviewed the deposition transcript excerpts that were submitted with the underlying motion and agrees with Judge DeMarchi's assessment of the deponent's testimony. Optronic's belief that the deponent's testimony on Topic 9 was illogical, not credible, and contradictory does not mean the deponent's testimony was incomplete.

In sum, on their face, Judge DeMarchi's Orders are thorough, well-reasoned and fully supported by the law. Judge DeMarchi's rulings are neither clearly erroneous nor contrary to law. Accordingly, Optronic's motions for relief are DENIED.

**IT IS SO ORDERED.**

Dated: December 12, 2018

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-06370-EJD
ORDER DENYING MOTIONS FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDERS OF MAGISTRATE JUDGE

3