UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> NINGBO SUNNY ELECTRONIC CO., LTD., et al., <br><br> Defendants. | Case No. 16-cv-06370-EJD (VKD) <br><br> **ORDER RE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** <br><br> Re: Dkt. Nos. 147, 161, 164 |

In connection with briefing on plaintiff Optronic Technologies, Inc.'s ("Orion") Motion for Sanctions, the parties have filed administrative motions to file under seal portions of the briefing, and declarations supporting and opposing those motions. Dkt. Nos. 147, 150, 161, 164, 169, 171, 179.

Having considered the parties' respective submissions, the Court grants in part and denies in part Orion's administrative motions, and denies defendants' administrative motion.

## I. BACKGROUND

Orion asks the Court *not* to seal the following material, which defendants have designated "Confidential" or "Highly Confidential" under the protective order in this action:

1. Administrative Motion (Dkt. No. 147); Fisher Declaration (Dkt. No. 147-1)

    a. Exhibit 1: NSE2236655

    b. Exhibit 2: SMRH-00010493

    c. Exhibit 3: Deposition Exhibit 28 (NSE00886894)

    d. Exhibit 4: Deposition Exhibit 29 (NSE00886885)

  e. Exhibit 5: Deposition of Victor Ancieto, pp. 97-105

  f. Exhibit 6: Deposition of Joe Lupica, pp. 97-101, 141-156, 237-240, 293-294

  g. Exhibit 7: SMRH-0001090

  h. Exhibit 8: NSE2696900

  i. Exhibit 9: SMRH-0001170

  j. Exhibit 10: SMRH-0004865

  k. Exhibit 11: SMRH-0005999

  l. Exhibit 12: SMRH-0006029

  m. Exhibit 13: SMRH-0001138

  n. Exhibit 14 (Exhibits 1-8 to the May 4, 2018 Shou Declaration (Dkt. No. 148-36)):

    i. NSE00073815 and English translation

    ii. NSE00073824 and English translation

    iii. NSE00073849 and English translation

    iv. NSE00073780 and English translation

    v. NSE00075606 and English translation

  o. Exhibit 15 (Exhibits 1-2 to the July 24, 2018 Shou Declaration (Dkt. No. 148-37)):

    i. NSE2225456 and English translation

  p. Exhibit 16 (Exhibits 1-2 to the September 5, 2018 Shou Declaration (Dkt. No. 148-38)):

    i. NSE2231002 and English translation.

  q. Exhibit 17: Portions of Orion's motion

2. Administrative Motion (Dkt. No. 164); Fisher Declaration (Dkt. No. 164-1)

  a. Exhibit 1 (Exhibit 1 to the Fisher Declaration (Dkt. No. 165-1)): Rule 30(b)(6) Chiu deposition, pp. 193-197

  b. Exhibit 2 (Exhibit 3 to the Fisher Declaration (Dkt. No. 165-1)): NSE2701120

  c. Exhibit 3 (Exhibit 7 to the Fisher Declaration (Dkt. No. 165-1)): Deposition of Joe Lupica, pp. 277-278

  d. Exhibit 4: Portions of Orion's reply brief

3. Administrative Motion (Dkt. No. 171 – section I); Fisher Declaration (Dkt. No. 171-1)

    a. Exhibit 14: Portions of Orion's Opposition to Defendants' Administrative Motion to Strike and for Leave to File a Sur-Reply

    b. Exhibit 15 (Exhibits 1-2 to October 3, 2018 Shou Declaration:

        i. NSE2701120 and English translation

    c. Exhibit 16: Deposition of Peter Ni, pp. 221, 229, 270-71, 280

    d. Exhibit 17: Email and attachments

Dkt. Nos. 147, 164, 171. Defendants Ningbo Sunny Electronic Co., Ltd., Sunny Optics, Inc., and Meade Instruments Corp. ask the Court to seal some, but not all, of this material. *See* Dkt. Nos. 150, 169, 179.

In addition, defendants ask the Court *not* to seal the following material, designated by Orion as "Highly Confidential" under the protective order in this action:

1. Administrative Motion (Dkt. No. 161); Caseria Declaration (Dkt. No. 161-1)

    a. Exhibit H to the Caseria Declaration (Dkt. No. 162-1): OTB01220623

    b. Exhibit K to the Caseria Declaration (Dkt. No. 162-1): OTB01223198

    c. Portions of defendants' opposition brief

Dkt. No. 161. Orion did not file a declaration in response to defendants' administrative motion.

## II. LEGAL STANDARDS

Civil Local Rule 79-5 requires that where a party seeks to file under seal a document designated as confidential by the opposing party pursuant to a protective order, the designating party must submit a declaration establishing the material sought to be sealed meets the applicable criteria for sealing. Civil L.R. 79-5(e)(1). In addition, the request to seal must be narrowly tailored to seal only the sealable material. Civil L.R. 79-5(d). In considering a sealing request, the Court begins with the strong presumption in favor of access by the public to judicial records and documents. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

Where the judicial records at issue relate to dispositive motions or other motions that are more than "tangentially related" to the merits of the case, the party seeking to seal the records

1   must overcome the presumption by offering "compelling reasons supported by specific factual
2   findings that outweigh the general history of access and the public policies favoring disclosure."
3   *Id.* at 1178-79 (internal quotation marks and citation omitted). Compelling reasons to seal judicial
4   records may exist when those records are filed for an improper purpose, such as to release trade
5   secrets. *Id.* at 1179. However, the fact that disclosure of the records may lead to a party's
6   embarrassment or even exposure to further litigation does not, without more, require the Court to
7   seal its records. *Id.*

The strong presumption of public access does not apply to judicial records that are not related, or only tangentially related, to the merits of a case. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir.)*, cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016); *Kamakana*, 447 F.3d at 1179. For such records, a party seeking to seal documents or information must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Center for Auto Safety*, 809 F.3d at 1098-99; *Kamakana*, 447 F.3d at 1179-80. The "good cause" standard requires a particularized showing that disclosure will cause specific prejudice or harm. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citation omitted).

Orion argues that the "compelling reasons" standard governs the Court's consideration of the parties' sealing requests and objections thereto because its motion for sanctions relates to the merits of the case. *See* Dkt. No. 147 at 1. Defendants do not dispute the application of this standard, and in fact, they invoke it in support of their own administrative motion *not* to seal Orion's documents. *See* Dkt. No. 150, 161.

The parties' apparent agreement notwithstanding, the Court is not entirely convinced the "compelling reasons" standard applies here. Orion's motion for sanctions is based on defendants' purported abuse of the discovery process, including the inadequacy defendants' responses to interrogatories and requests for admission, and their failure to timely comply with Orion's document requests and court orders. *See* Dkt. No. 148. Although Orion does seek a wide array of sanctions, including evidentiary sanctions and a jury instruction permitting adverse inferences to be drawn, which (if granted) could impact the outcome of the case, its arguments in support such

sanctions concern defendants' conduct in discovery and not the underlying merits of the case. However, in view of defendants' concession on this point, and their reliance on the higher standard in aid of their own motion *not* to seal, the Court applies the "compelling reasons" standard to both parties' administrative motions.

### III. DISCUSSION

#### A. Orion's Administrative Motion (Dkt. No. 147)

##### 1. NSE2236655

In opposing Orion's motion *not* to seal, defendants argue for sealing only one document, NSE2236655-56 (Dkt. No. 147-4), and the portion of Orion's motion for sanctions that refers to that document, (Dkt. No. 147-36 at 14:10-13). According to defendants' declarant, Mr. Chiu, the document at issue is an email exchange among executives of defendant Meade in March 2014 concerning possible business strategies to increase sales and improve the quality of Meade's products following a visit by engineers from another company. The email exchange includes a discussion of Meade's product testing methodology and results and discusses a substantial product return from a distributor. Mr. Chiu asserts that disclosure of this information to Meade's competitors would allow those competitors to undermine Meade's business relationships. Dkt. No. 150. Defendants have designated the email exchange "Confidential" under the protective order. Orion contends that email exchange may be disclosed on the public record because it describes a visit to Meade by third parties that occurred more than four years ago. Dkt. No. 147 at 2.

Defendants have established that portions of the email exchange in NSE2236655-56 contain competitively-sensitive information concerning the quality of Meade's products and its strategies for addressing quality concerns. There is nothing to suggest that discussion of these matters in the email exchange (as opposed to the visit that prompted the exchange) included third parties. However, defendants have not established that the document is sealable in its entirety. In particular, Mr. Chiu does not explain why the general reference to cooperation among companies that begins the email exchange on NSE2236655 contains sealable information (e.g., trade secrets or other competitively-sensitive information), and he does not explain how this portion of the

5

email exchange would cause competitive prejudice or harm to defendants.

The Court concludes that defendants have not offered a compelling reason to seal the email header and the highlighted text on the first page of NSE2236655-56 (Dkt. No. 147-4). These portions of the document must be filed publicly; the remainder of the document may be filed under seal. Similarly, the Court concludes that the corresponding portion of Orion's motion for sanctions, Dkt. No. 147-36 at 14:10-13, also must be filed publicly.

### 2. Other Materials

Defendants object in passing that "many" of the other exhibits in Orion's administrative motion "are wholly irrelevant and unnecessary" to the motion for sanctions, and they invite the Court to "exercise its inherent authority to strike the unnecessary and immaterial exhibits." Dkt. No. 150. Defendants have not identified the exhibits they challenge on this basis or explained why they are irrelevant and unnecessary. The Court is not going to do this work for them. These remaining materials must be filed on the public record.

### B. Orion's Administrative Motion (Dkt. No. 164)

### 1. NSE2701120

In opposing Orion's motion *not* to seal, defendants argue that only one document, NSE2701120-21 (Dkt. No. 164-6), should be filed under seal. Dkt. No. 169 at 2. According to defendants' declarant, Mr. Chiu, this document is an email exchange among defendants' executives in December 2013. The document is written in Chinese, and the Court initially was not provided a translation. Defendants have designated the document "Highly Confidential" under the protective order. Mr. Chiu says that the email attaches a report that includes information relating to Ningbo Sunny's pre-acquisition evaluation of Meade as well as an update on a patent dispute involving defendants, and that it also includes details of the component pricing Ningbo Sunny negotiated, production and supply issues the company was experiencing, and a loan it was attempting to obtain. Defendants argue that the email reveals their business and legal strategies, and if disclosed could cause them competitive harm. In addition, defendants point out that the only reason the document is cited at all in Orion's reply is as an example of a recent production of documents from Mr. Ni's files. Dkt. No. 169. In fact, defendants separately moved to strike this

document on the basis that it has no bearing on any issue in dispute. *See* Dkt. Nos. 168, 169. Orion does not contest defendants' characterization of the document or of the reason Orion refers to it in Orion's reply brief.

Defendants have established that the email exchange NSE2701120-21 contains competitively-sensitive legal and business information that is likely to cause harm to defendants if publicly disclosed. In view of the fact that an English translation of the document was provided in support of Orion's sanctions motion, it appears that its contents (as opposed to its date of production) are not particularly pertinent to the matters raised in Orion's motion for sanctions. The Court concludes that compelling reasons exist to seal the NSE2701120-21 (Dkt. No. 164-6) in its entirety. The document may remain under seal.

### 2. Other Materials

Defendants do not argue that any of the other materials in this administrative motion should be filed under seal. Accordingly, the remaining materials must be filed on the public record.

## C. Orion's Administrative Motion (Dkt. No. 171 – Section I)

The first section of this administrative motion concerns documents filed in support of Orion's opposition to defendants' motion for leave to file a sur-reply. Orion asks the Court *not* to seal Exhibits 14, 15 and 16 to the Fisher Declaration, but stipulates to the sealing of the portion of Exhibit 17 that includes defendants' privilege log. Defendants do not argue that Exhibit 16, excerpts of Mr. Ni's deposition, should be sealed. This leaves Exhibits 14 and 15 in dispute. Defendants also request that portions of Exhibit 17 preceding the privilege log be sealed to prevent potential disclosure of confidential information related to that log.

Exhibit 15 (Dkt. No. 171-32) to the Fisher Declaration is NSE2701120-21, the same document discussed above (Administrative Motion (Dkt. No. 164)) and its English translation. Exhibit 14 is Orion's opposition to defendants' motion for leave to file a sur-reply. The highlighted portions of Exhibit 14 (Dkt. No. 171-30) at 2:12-15 refer to Exhibit 15, and the highlighted portions at 3:21-28 include a screen shot of a portion of Exhibit 17. The parties make the same arguments in favor of, and against, sealing NSE2701120-21 as before. For the reasons

already discussed, the Court finds compelling reasons exist for NSE2701120-21, and its English translation, to remain under seal. Similarly, the Court concludes that compelling reasons also exist to seal Exhibit 17 in its entirety, as well as the highlighted portions of Orion's opposition that refer to that document and to the contents of Exhibit 17.

### D. Defendants' Administrative Motion (Dkt. No. 161)

Defendants ask the Court *not* to seal two documents that Orion has designated "Highly Confidential" under the protective order: OTB01220623 and OTB01223198. They also request that they be permitted to publicly file portions of their opposition to Orion's sanctions motion that refer to those documents. Orion did not file a declaration establishing that these documents meet the applicable criteria for sealing, as required by Civil L.R. 79-5(e)(1). Accordingly, the documents must be filed on the public record.

## IV. CONCLUSION

In summary, the following material may remain under seal:

| Dkt. No. | Document | Under Seal |
| --- | --- | --- |
| 147-4 | Fisher Declaration (Dkt. No. 147-1), Exhibit 1 | All portions of the document, *except* for the header and the highlighted text on the first page of NSE2236655-56 |
| 164-6 | Fisher Declaration (Dkt. No. 164-1), Exhibit 2 | NSE2701120-21 – entire document |
| 171-30 | Fisher Declaration (Dkt. No. 171-1), Exhibit 14 | Highlighted portions at 2:12-15 and 3:21-28 only |
| 171-32 | Fisher Declaration (Dkt. No. 171-1), Exhibit 15 | NSE2701120-21 and English translation – entire document |
| 171-36 | Fisher Declaration (Dkt. No. 171-1), Exhibit 17 | Email and attachments |

The following material must be filed in the public record four days after entry of this order:

| Dkt. No. | Document | Public Record |
| --- | --- | --- |
| 147-6, 147-8, 147-10, | Fisher Declaration (Dkt. No. 147-1), Exhibits 2-17 | Entire documents |

| | | |
|---|---|---|
| 147-12, 147-14, 147-16, 147-18, 147-20, 147-22, 147-24, 147-26, 147-28, 147-30, 147-32, 147-34, 147-36 | | |
| 164-4, 164-8, 164-10 | Fisher Declaration (Dkt. No. 164-1), Exhibits 1, 3 and 4 | Entire documents |
| 161-5, 161-6 | Caseria Declaration (Dkt. No. 161-1), Exhibits H and K | Entire documents |
| 161-4 | Defendants' Opposition to Plaintiff Optronic Technologies, Inc.'s Motion for Sanctions at 13:5-6 and 14:7-8. | Entire document |
| 171-34 | Fisher Declaration (Dkt. No. 171-1), Exhibit 16 | Entire document |

**IT IS SO ORDERED.**

Dated: December 14, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge