UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., et al.,<br><br>Defendants. | Case No. 16-cv-06370-EJD (VKD)<br><br>**ORDER RE ADMINISTRATIVE MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**<br><br>Re: Dkt. No. 171 |

In connection with three joint discovery dispute letters, the parties have briefed Orion's administrative motion to file under seal portions of those submissions. Dkt. Nos. 171 (Section II),[1] 179.

Having considered the parties' respective submissions, the Court grants in part and denies in part Orion's administrative motion.

## I. BACKGROUND

Section II of Orion's administrative motion concerns materials filed with the Court in connection with three discovery disputes (Dkt. Nos. 173, 174, 175). Orion asks the Court *not* to seal certain materials, which defendants have designated "Confidential" or "Highly Confidential" under the protective order in this action. These materials are attached as exhibits to the Fisher Declaration (Dkt. No. 171-1):

1. Exhibit 1: Portions of Joint Discovery Letter Brief re Subject-Matter Waiver of Privilege re FTC Inquiry

---

[1] The Court addressed Section I of Dkt. No. 171 in an earlier order.

2. Exhibit 2: Portions of Joint Discovery Letter Brief re Depositions of Defendants' Witnesses James Chiu and Peter Ni

3. Exhibit 3: Deposition of Peter Ni

4. Exhibit 4: Deposition of James Chiu

5. Exhibit 5: Computer disk with video of Peter Ni deposition

6. Exhibit 6: Computer disk with video of James Chiu deposition

7. Exhibit 7: Deposition of James Chiu

8. Exhibit 8: Deposition of Peter Ni

9. Exhibit 9: Rule 30(b)(6) deposition of James Chiu

10. Exhibit 10: Portions of Joint Discovery Letter Brief re Deposition of Defendants' Rule 30(b)(6) Designee

11. Exhibit 11: Rule 30(b)(6) deposition of James Chiu

12. Exhibit 12: Computer disk with video of defendants' Rule 30(b)(6) designee

13. Exhibit 13: Rule 30(b)(6) deposition of James Chiu

Dkt. No. 171. Defendants Ningbo Sunny Electronic Co., Ltd., Sunny Optics, Inc., and Meade Instruments Corp. ask the Court to seal some, but not all, of this material. *See* Dkt. No. 179.

## II.  LEGAL STANDARDS

Civil Local Rule 79-5 requires that where a party seeks to file under seal a document designated as confidential by the opposing party pursuant to a protective order, the designating party must submit a declaration establishing the material sought to be sealed meets the applicable criteria for sealing. Civil L.R. 79-5(e)(1). In addition, the request to seal must be narrowly tailored to seal only the sealable material. Civil L.R. 79-5(d). In considering a sealing request, the Court begins with the strong presumption in favor of access by the public to judicial records and documents. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

Where the judicial records at issue relate to dispositive motions or other motions that are more than "tangentially related" to the merits of the case, the party seeking to seal the records must overcome the presumption by offering "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure."

*Id.* at 1178-79 (internal quotation marks and citation omitted). Compelling reasons to seal judicial records may exist when those records are filed for an improper purpose, such as to release trade secrets. *Id.* at 1179. However, the fact that disclosure of the records may lead to a party's embarrassment or even exposure to further litigation does not, without more, require the Court to seal its records. *Id.*

The strong presumption of public access does not apply to judicial records that are not related, or only tangentially related, to the merits of a case. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016); *Kamakana*, 447 F.3d at 1179. For such records, a party seeking to seal documents or information must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Center for Auto Safety*, 809 F.3d at 1098-99; *Kamakana*, 447 F.3d at 1179-80. The "good cause" standard requires a particularized showing that disclosure will cause specific prejudice or harm. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citation omitted).

Orion argues that the "good cause" standard governs the Court's consideration of the parties' sealing requests and objections thereto because these discovery motions are only tangentially related to the merits of the case. *See* Dkt. No. 171 at 2. Defendants do not dispute the application of this standard. The Court agrees that the "good cause" standard applies to the discovery-related portion of Orion's administrative motion.

## III. DISCUSSION

Defendants ask the Court to seal portions of Exhibits 7, 8, 9, 11 and 13 to the Fisher Declaration, each of which is an excerpt of deposition testimony from a witness for defendants. Dkt. No. 179. For each such excerpt, defendants rely on the declaration of James Chiu. Defendants ask the Court to seal the following deposition testimony:

| Exhibit 7 | Deposition of James Chiu, pp. 23-27 and 115-119 |
|---|---|
| Exhibit 8 | Deposition of Peter Ni, pp. 80-85, 181-186 and 192 |
| Exhibit 9 | Rule 30(b)(6) deposition of James Chiu, pp. 167-177 |

| Exhibit 11 | Rule 30(b)(6) deposition of James Chiu, pp. 111-114 and 179-180 |
| --- | --- |
| Exhibit 13 | Rule 30(b)(6) deposition of James Chiu, pp. 151-152, 159, 205, 210-211, 216:15, 217:1-2, 218:13, 218:21 and 219-222 |

### A. Exhibits 7-9

According to Mr. Chiu, the cited deposition testimony in Exhibits 7-9 discloses confidential payment and credit terms for defendants' customers. Defendants consider this information highly confidential and competitively-sensitive information, and they argue that disclosure of this deposition testimony would harm to defendants' business and financial interests. Dkt. No. 179, ¶¶ 4-9. Orion offers no explanation in support of its view that these materials do not meet the "good cause" standard for sealing.

The Court has reviewed the above-referenced portions of Exhibits 7-9 and finds that defendants have established that these deposition excerpts are sealable for the reasons stated in Mr. Chiu's declaration, and that there is good cause to maintain them under seal.

### B. Exhibit 11

Exhibit 11 contains excerpts from the Rule 30(b)(6) deposition of Mr. Chiu. The testimony at pages 111-114 of the deposition discloses confidential information of certain of defendants' customers and reflects an internal discussion of how defendants chose to supply those customers. The testimony at pages 179-180 of the deposition refers to how defendants do or do not calculate profits, but contains no substantive information about sales or profits. According to Mr. Chiu, both excerpts include confidential business information of defendants, and that public disclosure of the testimony would negatively affect defendants' relationships with its customers or permit competitors to gain insight into many aspects of defendants' business. Orion offers no explanation in support of its view that these materials do not meet the "good cause" standard for sealing.

The Court is persuaded that the testimony at pages 111-114 does contain competitively-sensitive information concerning defendants' customers and customer relationships for the reasons described in Mr. Chiu's declaration, and concludes that good cause exists to maintain this

testimony under seal. However, the Court is not persuaded that sealing is warranted for the testimony at pages 179-180. This deposition testimony contains very little substantive information at all, and certainly does not contain actual "profits information" or any information about defendants' "financial health" or "cash flow." Defendants have not established good cause to seal the testimony at pages 179-180 and that portion of Exhibit 11 must be filed on the public record.

### C. Exhibit 13

Exhibit 13 also contains excerpts from the Rule 30(b)(6) deposition of Mr. Chiu. The testimony at pages 151-152, 159, 205, and 210-211 of the deposition includes a discussion of defendants' profits and how those profits are calculated. The testimony at pages 216:15, 217:1-2, 218:13, 218:21 and 219-222 of the deposition includes information about defendants' specific pricing of particular products. According to Mr. Chiu, this type of financial information is competitively-sensitive business information of defendants. Orion offers no explanation in support of its view that these materials do not meet the "good cause" standard for sealing.

For the reasons stated in Mr. Chiu's declaration, the Court concludes that good cause exists to maintain the cited portions of Exhibit 13 under seal.

## IV. CONCLUSION

In summary, the following material may remain under seal:

| Dkt. No. | Document | Under Seal |
| --- | --- | --- |
| 171-16 | Fisher Declaration (Dkt. No. 171-1), Exhibit 7 | Deposition of James Chiu, pp. 23-27 and 115-119 |
| 171-18 | Fisher Declaration (Dkt. No. 171-1), Exhibit 8 | Deposition of Peter Ni, pp. 80-85, 181-186 and 192 |
| 171-20 | Fisher Declaration (Dkt. No. 171-1), Exhibit 9 | Rule 30(b)(6) deposition of James Chiu, pp. 167-177 |
| 171-24 | Fisher Declaration (Dkt. No. 171-1), Exhibit 11 | Rule 30(b)(6) deposition of James Chiu, pp. 111-114 |
| 171-28 | Fisher Declaration (Dkt. No. 171-1), Exhibit 13 | Rule 30(b)(6) deposition of James Chiu, pp. 151-152, 159, 205, 210-211, 216:15, 217:1-2, 218:13, 218:21 and 219-222 |

The remainder of the material that is the subject of Orion's administrative motion must be filed in the public record four days after entry of this order:

| Dkt. No. | Document | Public Record |
|---|---|---|
| 171-4 | Fisher Declaration (Dkt. No. 171-1), Exhibit 1 | Entire document |
| 171-6 | Fisher Declaration (Dkt. No. 171-1), Exhibit 2 | Entire document |
| 171-8 | Fisher Declaration (Dkt. No. 171-1), Exhibit 3 | Entire document |
| 171-10 | Fisher Declaration (Dkt. No. 171-1), Exhibit 4 | Entire document |
| 171-12 | Fisher Declaration (Dkt. No. 171-1), Exhibit 5 | Entire document |
| 171-14 | Fisher Declaration (Dkt. No. 171-1), Exhibit 6 | Entire document |
| 171-22 | Fisher Declaration (Dkt. No. 171-1), Exhibit 10 | Entire document |
| 171-24 | Fisher Declaration (Dkt. No. 171-1), Exhibit 11 | All pages except pp. 111-114 |
| 171-26 | Fisher Declaration (Dkt. No. 171-1), Exhibit 12 | Entire document |
| 171-34 | Fisher Declaration (Dkt. No. 171-1), Exhibit 16 | Entire document |

**IT IS SO ORDERED.**

Dated: December 14, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge