UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., et al.,<br><br>Defendants. | Case No. 16-cv-06370-EJD (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE LABOR COST DATA**<br><br>Re: Dkt. No. 206 |

Plaintiff Optronic Technologies ("Orion") moves for an order compelling defendants Ningbo Sunny Electronic Co., Ltd. ("Ningbo Sunny") and Sunny Optics, Inc. ("Sunny Optics") to produce "company-level labor cost data" responsive to Orion's Request for Production No. 4. Orion also seeks an order imposing "appropriate sanctions" for defendants' failure to confer about this dispute. Dkt. No. 206.

Having reviewed the parties' submission, the Court denies Orion's motion without prejudice and orders further proceedings, as explained below.

**I.  BACKGROUND**

Orion's Request for Production No. 4 asks for "All documents and communications related to labor costs and trends that impact your business for the past 4 years." Dkt. No. 206-1. In April 2018, the parties apparently agreed that each would produce the following categories of financial information:

1) All Sales Data for U.S. Market;

2) All P&L Data for U.S. Market;

3) All Profit Margin Data for U.S. Market;

1          4)  All Pricing Input Data;

2          5)  All Cost Data;

3          6)  [a] List of U.S. Distributors/Wholesale Customers.

Dkt. No. 206 at 2.

Orion contends that "[e]vidence relating to Sunny's cost inputs, including labor, are critical to Orion's damages analysis" and that defendants have not produced product-("SKU") or company-level labor cost data. *Id.* at 2. Defendants do not dispute the relevance of the data Orion seeks. However, they say that they have already produced "non-custodial, transactional telescope cost data" as well as "company-wide labor costs" (as a component of "manufacturing costs") for Ningbo Sunny, and that Ningbo Sunny otherwise "does not fully allocate its labor costs by product or product type, and does not maintain comprehensive transactional labor cost data at the company level for the telescopes it manufactures." *Id.* at 4-5. With respect to Sunny Optics, defendants contend that the company is "a holding company and does not make or sell anything" and that defendants' representations with respect to labor cost data for Ningbo Sunny apply equally to Sunny Optics. *Id.* at 4 n.5.

## II.    DISCUSSION

The parties' joint submission leaves the Court with the strong impression that they are talking past each other. This is no surprise, as it is evident the parties have not actually conferred about this dispute or attempted to resolve it without the Court's assistance.

The conference of counsel that both sides say occurred in October 2018 appears (by their collective accounts) to have concerned Ningbo Sunny's "component-level cost data," "part-level cost data," and "comprehensive SKU-level cost calculations." *Id.* at 2. Thereafter, the parties appear to have referred to this cost data as "non-custodial, transactional cost data." *Id.* at 2 n.1 and 3-4.

Now it appears that what Orion seeks is "company-level" labor cost data, not transactional or product-specific labor cost data. Defendants assert that Orion's November 21, 2018 request to confer referred only to Ningbo Sunny's "transactional data reflecting its labor costs"—a matter on which the parties had previously conferred—and did not refer to a request for information about

2

Sunny Optics' labor costs or salary and payroll records. On this basis, defendants refused to confer with Orion. Orion insists that the present discovery dispute is directed to cost matters not previously discussed by the parties, but it does not contest defendants' description of the "ask" it made on November 21, 2018.

Because the parties have not truly conferred about the matter in the dispute, their joint submission does not provide any basis for the Court to assess whether the information Orion seeks is, in fact, critical to its damages analysis; whether, as defendants suggest, the information can be gleaned from information already produced; and whether defendants possess additional information about labor costs that they could produce to address whatever deficiency may exist in their current production.

## III. CONCLUSION

Orion's motion is denied without prejudice. The parties are ordered to confer, in good faith, about whether Ningbo Sunny and Sunny Optics have non-custodial sources of "labor cost data" that have not yet been produced and that fall within the parties' April 2018 agreement regarding the scope of production of financial information. The parties are further ordered to use their best efforts to resolve this dispute without the Court's assistance. To that end, the Court would not favorably view unreasonable attempts to delay the conference or to prematurely declare an impasse. The parties need not limit their conference to a single day, but may confer over multiple days if they wish. If a dispute remains as of February 11, 2019, the parties may submit a joint discovery dispute letter to the Court by February 18, 2019, unless they mutually agree to a later date for the submission.

**IT IS SO ORDERED.**

Dated: January 25, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge