UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., et al.,<br><br>Defendants. | Case No.16-cv-06370-EJD (VKD)<br><br>**ORDER RE APPLICATION OF CRIME-FRAUD EXCEPTION**<br><br>Re: Dkt. No. 208 |

Plaintiff Optronic Technologies ("Orion") moves for an order compelling defendants Ningbo Sunny Electronic Co., Ltd. ("Ningbo Sunny") and Sunny Optics, Inc. ("Sunny Optics") to produce otherwise privileged documents in the possession of defendants' transactional counsel, on the ground that the crime-fraud exception applies and abrogates any such privilege.

Having reviewed the parties' submission, the Court denies Orion's motion.

## I. BACKGROUND

Orion moves yet again to obtain discovery of Sheppard Mullin documents relating to Ningbo Sunny's acquisition of defendant Meade Corporation ("Meade"). This time, Orion argues that documents in Sheppard Mullin's possession are subject to the crime-fraud exception to the attorney-client privilege. Specifically, Orion says that recent discovery demonstrates "that Sheppard Mullin was integral to Defendants['] receipt of direction, support and funding for the acquisition of Meade in violation of the Sherman Act and the FTC's prior orders." Dkt. No. 208 at 2. Orion requests that the Court conduct an *in camera* review of otherwise privileged communications between Ningbo Sunny and Sunny Optics and their transactional counsel, and order these documents produced. *Id.* at 5.

Defendants oppose the motion on several grounds. They observe that Judge Davila previously set an August 16, 2018 deadline (which was never extended) for challenges to claims of privilege (Dkt. No. 117) and that Orion's motion is therefore untimely. *Id.* at 6. They also contend that the requested discovery of privileged documents solely within Sheppard Mullin's possession is outside the scope of the parties' prior agreements about the use of custodians and search terms to identify the universe of potentially responsive documents. *Id.* In any event, defendants maintain that Orion's has no factual basis for alleging a crime or fraud occurred or that it sought legal advice in furtherance of any such crime or fraud. *Id.* at 7-8.

## II. LEGAL STANDARDS

The "crime-fraud exception" to the attorney-client privilege protects against abuse of the attorney-client relationship. *In re Napster, Inc. Copyright Litigation*, 479 F.3d 1078, 1090 (9th Cir. 2007), *rev'd on other grounds, Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009). A party seeking to vitiate the attorney-client privilege under the crime-fraud exception must satisfy a two-part test. First, the party must show that the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme. Second, it must show that the attorney-client communications at issue are sufficiently related to, and were made in furtherance of, the planned or existing crime or fraud. *Id.*

A court may conduct *in camera* review of privileged materials alleged to be subject to the crime-fraud exception upon a showing of a "factual basis adequate to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies." *U.S. v. Zolin*, 491 U.S. 554, 572 (1989) (citation omitted). However, even if such a showing is made, the decision whether to conduct *in camera* review rests in the court's discretion. *Id.*

Before a court may order the production of privileged communications, it must give the party resisting such an order an opportunity to present evidence and argument in support of its claim of privilege. *In re Napster*, 479 F.3d at 1093. The party seeking disclosure of privileged communications must demonstrate by a preponderance of the evidence that the crime-fraud exception applies. *Id.* at 1095-96.

## III. DISCUSSION

### A. Timeliness of Orion's Challenge

Defendants contend that Orion's motion is untimely, as the deadline for challenging documents withheld on grounds of privilege has long since passed. Dkt. No. 208 at 6. Orion appears to acknowledge this difficulty but asserts its motion is timely because "[v]irtually all the evidence Orion cites herein was used or obtained in depositions reopened by the Court's sanctions order."[1] *Id.* at 2 n.3.

However, Orion does not argue that it did not know or was prevented from learning the circumstances that give rise to its present crime-fraud challenge before the deadline set in the scheduling order. Indeed, nearly all of the matters Orion recites in support of its motion are familiar to the Court from the parties' prior submissions, including the fact that Ningbo Sunny was advised by the Sheppard Mullin firm in Ningbo Sunny's acquisition of Meade. *See* Dkt. Nos. 120, 130, 173. Orion does not explain why it did not at least raise the crime-fraud exception in connection with its three prior motions challenging defendants' assertion of privilege with respect to documents maintained by Sheppard Mullin transactional attorneys.

While this Court has discretion to deny a motion filed after the deadline set in a scheduling order, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992), the Court declines to exercise its discretion to deny Orion's motion on this ground.

### B. Scope of Discovery

Defendants argue that the documents Orion seeks from Sheppard Mullin transactional attorneys are not encompassed within the discovery served on defendants or responsive to the subpoena served on Sheppard Mullin, and also that the documents are not within the scope of the custodial and non-custodial searches to which the parties agreed at the outset of the case. Dkt. No. 208 at 6. Orion responds that the documents it seeks are within the scope of the discovery requests served on defendants, and that defendants had an obligation to produce documents known to be responsive regardless of whether those documents were outside the scope of the custodial

---

[1] The fact that a piece of evidence was "used" for the first time in a recent deposition does not really support Orion's argument that its motion is timely.

3

and non-custodial search criteria. *Id.* at 2.

A party's documents that happen to be in the possession of a party's counsel are generally considered within that party's possession, custody or control for purposes of discovery from a party. *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013). However, the parties agreed on a search methodology for electronically stored information, as they were required to do (Dkt. Nos. 74, 77) and such agreements will be enforced.[2] *See, e.g., Hoist Fitness Sys., Inc. v. Tuffstuff Fitness Int'l*, No. EDCV 17-1388-AB (KKx), 2019 WL 121195 (C.D. Cal., Jan. 7, 2019). In such circumstances, it is not enough for Orion to claim that the documents it seeks are responsive to its requests.

The parties' debate on this issue need not be resolved, however. Even if the documents Orion seeks are within the scope of its discovery requests to defendants, and were known by defendants to be responsive documents, defendants have withheld them as privileged. As explained below, because the Court finds that there is no basis to vitiate the privilege, it need not decide whether the Sheppard Mullin documents at issue otherwise fall within the scope of responsive documents subject to collection and search.

### C. Factual Basis for *In Camera* Review and Prior *In Camera* Review

Orion cites two offenses by defendants that Orion says constitute a crime or fraud. First, Orion says that, with Sheppard Mullin's assistance, Ningbo Sunny colluded with Synta, a competitor, to finance Ningbo Sunny's acquisition of Meade, and thereafter Ningbo Sunny, Synta and others met to discuss how they could cooperate, all in violation of the Sherman Act, 15 U.S.C. § 1. Second, Orion says that on behalf of Ningbo Sunny and in violation of 18 U.S.C. § 1001, Sheppard Mullin misrepresented Mr. Ni's and Mr. Shen's interests and roles in the acquisition of Meade to the FTC, which had earlier blocked prior mergers involving Meade. Dkt. No. 208 at 3-5.

Defendants do not dispute that both of these alleged offenses qualify as a crime or fraud for purposes of the exception, but they do dispute Orion's characterization of the supporting evidence

---

[2] The parties have earlier disputed the precise scope of their agreement. *See, e.g.*, Dkt. No. 97 at 2 n.3.

for those offenses.[3] In addition, defendants observe that the antitrust-related misconduct Orion alleges was also pled in its original complaint, which was dismissed by the Court as not stating a plausible antitrust violation.[4] Defendants further contend that all of the facts Orion says were withheld from or misrepresented to the FTC were, in fact, disclosed to the FTC, which thereafter declined to investigate the Meade acquisition. Dkt. No. 208 at 7-8.

Even assuming the Court could conclude on this record that Orion has established a "factual basis adequate to support a good faith belief" that Ningbo Sunny and Sunny Optics were engaged in or planning conduct that violates the civil antitrust laws or the prohibition on intentionally false statements to a government agency when they retained the services of Sheppard Mullin, there is simply no factual basis to support Orion's contention that Sheppard Mullin's communications with Ningbo Sunny and Sunny Optics were made in furtherance of any such misconduct.

In this case, many of Sheppard Mullin's communications with its clients relating to the Meade acquisition are *not* privileged because they include Mr. Shen, a third party. These documents have been produced to Orion, and many of them have been shared with this Court in connection with prior discovery disputes. In addition, this Court has already reviewed *in camera* Sheppard Mullin's emails relating to its representation of Ningbo Sunny and Sunny Optics in connection with the Meade acquisition and the FTC's inquiry into that acquisition that have been withheld on grounds of attorney-client privilege, as well as those that were not identified on defendants' privilege log.[5] Dkt. Nos. 132, 178, 184. None of those documents (privileged or unprivileged) supports Orion's contention that Ningbo Sunny or Sunny Optics sought legal advice from Sheppard Mullin to further the misconduct Orion alleges; rather, the documents are equally

---

[3] None of the cited evidence is before the Court at this time, as the Court's rules on resolution of discovery disputes do not permit the parties to submit evidence without the Court's permission.

[4] The Court gave Orion leave to amend. Dkt. No. 38. Defendant's motion to dismiss Orion's amended Sherman Act § 1 claim is pending. Dkt. No. 44.

[5] Orion asks for *in camera* review of privileged documents "regarding Defendants' use of its transactional counsel in the Meade acquisition in 2013 and 2014" (Dkt. No. 208 at 2), but does not explain why it seeks production of documents covering this extended period of time. The Meade acquisition closed in the fall of 2013.

5

consistent with defendants' contention that they sought legal advice in an effort to navigate the complexities of the transaction and avoid the violations Orion describes. Indeed, a primary purpose of the attorney-client privilege is to encourage parties to seek legal advice "to guide them through the thickets of complex laws." *In re Napster,* 479 F.3d at 1097 (internal quotes and punctuation omitted).

## IV. CONCLUSION

The Court finds that Orion has not made a sufficient showing to support *in camera* review of otherwise privileged communications between Ningbo Sunny and Sunny Optics and their transactional counsel. The Court further finds that the documents submitted for *in camera* review to date do not support Orion's contention that defendants sought legal advice in furtherance of a crime or fraud. Accordingly, the Court denies Orion's motion to compel.

**IT IS SO ORDERED.**

Dated: February 4, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge