SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
LEO D. CASERIA, Cal. Bar No. 240323
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:    213.620.1780
Facsimile:    213.620.1398
E-mail:        lcaseria@sheppardmullin.com

MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
DYLAN I. BALLARD, Cal. Bar No. 253929
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:    415.434.9100
Facsimile:    415.434.3947
E-mail:        mscarborough@sheppardmullin.com
               dballard@sheppardmullin.com

Attorneys for Defendants
NINGBO SUNNY ELECTRONIC CO., LTD.,
SUNNY OPTICS, INC., and
MEADE INSTRUMENTS CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC. d/b/a Orion Telescopes & Binoculars, a California corporation,<br><br>                 Plaintiff,<br><br>        v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., MEADE INSTRUMENTS CORP., and DOES 1-25,<br><br>                 Defendants. | Case No. 5:16-cv-06370-EJD-VKD<br><br>**ANSWER OF DEFENDANTS NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., AND MEADE INSTRUMENTS CORP. TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: November 1, 2016<br>First Am. Complaint Filed: November 3, 2017<br>Trial Date:  None Set |

Defendants Ningbo Sunny Electronic Co., Ltd. ("Ningbo Sunny"), Sunny Optics, Inc. ("Sunny Optics"), and Meade Instruments Corp. ("Meade") (collectively "Defendants"), by and through their undersigned counsel of record, answer Plaintiff Optronic Technologies, Inc.'s ("Orion") First Amended Complaint ("FAC") and allege affirmative or additional defenses as follows.  Defendants deny each and every allegation in the Complaint's section headings and in all portions of the Complaint's allegations not contained in numbered paragraphs.  To the extent that the Complaint's allegations concern persons and/or entities other than Defendants, Defendants deny that such allegations support any claim of relief against Defendants.

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

Defendants respond to each of the paragraphs of the FAC as follows:

## INTRODUCTORY ALLEGATIONS

1.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph as it relates to Orion and/or entities other than Defendants referred to as "Settling Coconspirators," and therefore deny them.  Defendants deny all remaining allegations of this paragraph as they relate to Defendants, with the exception of the matters specifically admitted herein as follows.  Defendants admit that Ningbo Sunny manufactures sports and outdoor optical products, including without limitation telescopes, and that Meade is wholly owned by Sunny Optics, which in turn is wholly owned by Ningbo Sunny.

2.      Defendants aver that the allegations of this paragraph legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent a response is required and the allegations relate to Defendants, they are denied, with the exception of matters specifically admitted herein as follows.  Defendants admit that due to limitations on Ningbo Sunny's technological know-how and manufacturing capabilities, Ningbo Sunny generally manufactures low-end telescopes which are relatively easier to manufacture.

3.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph as it relates to entities other than Defendants, and

1   therefore deny them.  Defendants admit that Sunny Optics acquired Meade in 2013, but deny that

2   this acquisition was one that the Federal Trade Commission ("FTC") sought years ago to prevent.

3   The 2002 FTC Press Release referenced in this paragraph speaks for itself, and Defendants deny

4   that Plaintiff has accurately characterized it.

5        4.      Defendants aver that the allegations of this paragraph, including each of its

6   subparts, constitute legal contentions and/or conclusions to which no response is required.  To the

7   extent that a response is required and the allegations of this paragraph, including each of its

8   subparts, relate to entities other than Defendants, Defendants lack knowledge or information

9   sufficient to form a belief as to their truth, and therefore deny them.  To the extent a response is

10  required and the allegations of this paragraph, including each of its subparts, relate to Defendants,

11  Defendants deny them.

12       5.      Defendants deny that they have refused to deal with Orion since the filing of the

13  original complaint in this action.  Defendants previously had no direct customer-seller relationship

14  with Orion to begin with.  Instead, Ningbo Sunny sold telescope products to certain "Settling

15  Coconspirators" as that term is used by Plaintiff -- Good Advance Industries Limited/Synta

16  Technology Corp. (collectively, "Good Advance") -- which in turn sold some of those telescope

17  products to Orion.  Orion and Defendants discussed a potential manufacturing services

18  arrangement which could have established a direct customer-seller relationship for the first time

19  shortly before litigation, but were unable to come to agreement.  Defendants admit that Plaintiff

20  purports to seek damages and other relief, but deny that Plaintiff is entitled to any compensatory,

21  treble and punitive damages, injunctive relief, divestiture of assets, attorneys' fees and costs, or

22  any other type of relief as a result of any alleged conduct by Defendants.

23              **ALLEGATIONS CONCERNING JURISDICTION AND VENUE**

24       6.      Defendants aver that the allegations of this paragraph regarding subject matter

25  jurisdiction and supplemental jurisdiction constitute legal contentions and/or conclusions to which

26  no response is required.

27       7.      Defendants aver that the allegations of this paragraph regarding venue constitute

28  legal contentions and/or conclusions to which no response is required.  To the extent that a

response is required and the allegations of this paragraph relate to Defendants, Defendants deny them.

8.     Defendants aver that the allegations of this paragraph regarding personal jurisdiction constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations of this paragraph relate to Defendants, Defendants deny them, with the exception of matters specifically admitted herein as follows. Defendants admit that Meade's headquarters are in California, and that Meade is wholly owned by Sunny Optics, which in turn is wholly owned by Ningbo Sunny.

## ALLEGATIONS CONCERNING THE PARTIES

9.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to Plaintiff, and therefore deny them.

10.     Defendants admit that Ningbo Sunny is a company located in Yuyao Zhejiang, China, and that Wenjun ("Peter") Ni is Ningbo's President.

a.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent a response is required and the allegations relate to Defendants, Defendants deny them.

b.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to entities other than Defendants, and therefore deny them.  Defendants deny all remaining allegations of this paragraph as they relate to Defendants.  Defendants have no direct customer-seller relationship with Orion.  Instead, Ningbo Sunny sold certain telescope products to Good Advance, which in turn sold some of those telescope products to Orion.  As such, Orion made payments directly to Good Advance, which in turn made payments to Ningbo Sunny.

c.     Defendants admit that Meade is wholly owned by Sunny Optics and that Sunny Optics is wholly owned by Ningbo Sunny, and that Meade has sold in the U.S. certain telescope products manufactured by Ningbo Sunny.

d.      Defendants admit based on information and belief that Sunny Optical Technology Co., Ltd. ("Sunny Optical") is a publicly traded company on the Hong Kong stock exchange, but lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to persons and/or entities other than Defendants, and therefore deny them.  Defendants aver that the allegations of this paragraph as to the term "affiliate" constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, Defendants deny all remaining allegations of this paragraph as they relate to Defendants.

e.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to entities other than Defendants, and therefore deny them.  Defendants deny all remaining allegations of this paragraph as they relate to Defendants.

11.     Defendants admit that Sunny Optics is a Delaware corporation formed in connection with the Meade acquisition and that Sunny Optics is wholly owned by Ningbo Sunny.  Defendants admit that at one point in time, Peter Ni was the sole shareholder, officer and director of Sunny Optics.

12.     Defendants admit that Meade is a Delaware corporation with its principal place of business in Irvine, California; that Meade is wholly owned by Sunny Optics, which in turn is wholly owned by Ningbo; that Meade operates a factory in Tijuana, Mexico; and that Peter Ni is Meade's CEO.

13.     Defendants aver that the allegations of this paragraph as to the term "affiliate" constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent that a response is required and the allegations of this paragraph relate to Defendants, Defendants deny them.

a.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to entities other than Defendants, and

therefore deny them.  As to the remaining allegations as they relate to Defendants, Defendants deny them.

        b.     Defendants admit that Peter Ni caused Sunny Optics and Sunny Optics Merger Sub, Inc. to be formed in the State of Delaware in connection with the Meade acquisition and to serve at one point in time as the U.S. based holding company for Meade.

        c.     Defendants admit that at one point in time, Mr. Ni was the sole stockholder, director and officer of Sunny Optics.  Defendants deny all remaining allegations of this paragraph.

        d.     Defendants deny that Mr. Ni funded the full Meade acquisition.

        e.     Defendants admit that the merger agreement for the Meade acquisition was executed under U.S. law.

14.     Defendants aver that the allegations of this paragraph are definitional and/or constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief about their truth, and therefore deny them.

15.     Defendants deny the allegations of this paragraph, with the exception of matters specifically admitted herein as follows.  Mr. Ni is the President of Ningbo Sunny.

## ALLEGATIONS CONCERNING SERVICE OF PROCESS

16.     Defendants admit that Meade is wholly owned by Sunny Optics, and Sunny Optics is wholly owned by Ningbo Sunny.  Defendants also admit that Meade is a Delaware corporation with its principal place of business in Irvine, California.

17.     Defendants admit that Peter Ni is the CEO of Meade and the President of Ningbo Sunny.  Defendants deny the remaining allegations of this paragraph.

18.     Defendants admit that Ningbo Sunny has been appraised of the service of the FAC on Meade, but denies the remaining allegations of this paragraph.

        a.     Defendants deny the allegations of this subpart, with the exception of the matters specifically admitted herein as follows.  Defendants admit that Meade is wholly owned by Sunny Optics, which is wholly owned by Ningbo Sunny.

1     b.     Defendants admit that Ningbo Sunny has a financial interest in Sunny
2 Optics and Meade in that Meade is wholly owned by Sunny Optics, and Sunny Optics is wholly
3 owned by Ningbo.

4     c.     Defendants deny the allegations of this subpart, with the exception of
5 matters specifically admitted herein as follows.  Defendants admit that Meade is wholly owned by
6 Sunny Optics, and Sunny Optics is wholly owned by Ningbo Sunny.

7     d.     Defendants deny the allegations of this subpart.

8     e.     Defendants deny the allegations of this subpart.

9     f.     Defendants deny the allegations of this subpart, with the exception of
10 matters specifically admitted herein as follows.  Defendants admit that Meade is wholly owned by
11 Sunny Optics and that Sunny Optics is wholly owned by Ningbo Sunny, and that Meade has sold
12 in the U.S. certain telescope products manufactured by Ningbo Sunny.

13     g.     Defendants deny the allegations of this subpart, with the exception of
14 matters specifically admitted herein as follows.  Defendants admit that employees of Meade and
15 Ningbo communicate from time to time as necessary in the course of business.

16     19.     Defendants deny the allegations of this paragraph, with the exception of matters
17 specifically admitted herein as follows.  Defendants admit that Sunny Optics was formed for the
18 purposes of completing Sunny Optics' acquisition of Meade in 2013.

19     20.     Defendants deny the allegations of this paragraph.

20     21.     Defendants aver that the allegations of this paragraph constitute legal contentions
21 and/or conclusions to which no response is required.  To the extent that a response is required and
22 the allegations of this paragraph relate to Defendants, Defendants deny them.

23                          **FACTUAL ALLEGATIONS**

24     22.     Defendants admit that astronomy is a hobby for some Americans, and that the U.S.
25 is one market for consumer/recreational astronomical telescopes.  Defendants lack knowledge or
26 information sufficient to form a belief about the truth of the remaining allegations of this
27 paragraph, and therefore deny them.

28

SMRH:490004732.4

23.     Defendants admit the allegations of this paragraph regarding certain general characteristics of telescopes.

24.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to Plaintiff, and therefore deny them.

25.     Defendants deny that almost all recreational telescopes sold in the U.S. market are made by one of two manufacturers, one of which is Ningbo Sunny.  There are many manufacturers whose telescopes are sold in the U.S. market.

26.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as to the "relevant market" and percentages of U.S. recreational telescope sales by beginner to intermediate consumers, and therefore deny them.

27.     To the extent the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  Defendants deny the remaining allegations of this paragraph as they relate to Defendants.

28.     Defendants deny that Ningbo Sunny was among Orion's direct suppliers.  Defendants also deny the remainder of the allegations of this paragraph as they relate to Defendants, with the exception of matters specifically admitted herein as follows.  Defendants admit that in certain circumstances, Ningbo Sunny does allow customers to purchase telescope products on credit terms, and those credit terms (if applicable) vary depending on the circumstances.   Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph as they relate to entities other than Defendants, and therefore deny them.

29.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to "buyer-seller relationships" in general, or individuals and/or entities other than Defendants, and therefore deny them.  Defendants deny the remaining allegations of this paragraph as they relate to Defendants.

30.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to Plaintiff, and therefore deny them.

31.     Defendants deny that there are only two primary telescope manufacturers making telescopes for the U.S. market, one of which is Ningbo Sunny.  There are many manufacturers whose telescopes are sold in the U.S. market.

32.     Defendants admit that Ningbo Sunny is owned by separate persons and interests from the purported "Settling Manufacturer" as that term is defined by Plaintiff, and the two are different entities under separate management and ownership.  Defendants deny the remaining allegations of this paragraph as they relate to Defendants, including that Ningbo Sunny and the "Settling Manufacturer" are direct competitors.  Due to limitations on Ningbo Sunny's technological know-how and manufacturing capabilities, Ningbo Sunny generally manufactures low-end telescopes which are relatively easier to manufacture.  Suzhou Synta Optical Technology Co., Ltd. ("Suzhou Synta") and Nantong Schmidt Opto-Electrical Technology, Ltd. ("Nantong") (referred to collectively by Orion as the "Settling Manufacturer"), on the other hand, generally appear to manufacture mid to high-end telescope products.

33.     Defendants aver that the allegations of this paragraph, including in its footnote, constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent that a response is required and the allegations of this paragraph, including in the footnote, relate to Defendants, Defendants deny them, including, without limitation, that Ningbo Sunny represented itself as a competitor to the Settling Manufacturer.

34.     To the extent the allegations of this paragraph, including each of its subparts, relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations of this paragraph, including each of its subparts, relate to Defendants, Defendants deny them.

35.     To the extent the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations of this paragraph relate to Defendants, Defendants deny them.  Ningbo Sunny does not, and has not, directly supplied telescope products to Orion.  Instead, Ningbo Sunny sold telescope products Good Advance, which in turn sold some of those telescope products to Orion.  As such, Ningbo Sunny manufactured those telescope products pursuant to the specifications provided by Good Advance.

36.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent that a response is required and the allegations of this paragraph  relate to Defendants, Defendants deny them, including, without limitation, the allegation that Ningbo Sunny sells products to Orion.

37.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent that a response is required and the allegations of this paragraph relate to Defendants, Defendants deny them.

38.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to entities other than Defendants, and therefore deny them.  To the extent that the allegations of this paragraph relate to Defendants, Defendants deny them, with the exception of matters specifically admitted herein as follows. Defendants admit that Ningbo Sunny owns Sunny Optics, which in turn owns Meade.

39.     Defendants deny the allegations of this paragraph as they relate to Defendants.

40.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to entities other than Defendants, and

therefore deny them.  To the extent the allegations of this paragraph relate to Defendants, Defendants deny them.

41.    Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent that a response is required and the allegations of this paragraph relate to Defendants, Defendants deny them.

42.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to entities other than Defendants or the U.S. market generally, and therefore deny them.  To the extent the allegations of this paragraph relate to Defendants, Defendants deny them, including, without limitation, the allegation that the sources of supply have essentially diminished to two, one of which is Ningbo Sunny.  There are many manufacturers whose telescopes are sold in the U.S. market.

43.    Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations of this paragraph relate to Plaintiff, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent that a response is required and the allegations of this paragraph relate to Defendants, Defendants deny them. Ningbo Sunny has not been refusing to deal with Orion since December 2016.  Ningbo Sunny did not previously have a direct customer-seller relationship with Orion to begin with.  Instead, Ningbo sold telescope products to Good Advance, which in turn sold some of those telescope products to Orion.  Orion and Defendants discussed a potential manufacturing services arrangement which could have established a direct customer-seller relationship for the first time shortly before litigation, but were unable to come to agreement.

44.    Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge

SMRH:490004732.4

or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent that a response is required and the allegations of this paragraph relate to Defendants, Defendants deny them, including, without limitation, that there are few or no substitutes for the products manufactured by Ningbo Sunny.  There are many manufacturers whose telescopes are sold in the U.S. market.

45.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent that a response is required and the allegations of this paragraph relate to Defendants, Defendants deny them, with the exception of matters specifically admitted herein as follows.  Defendants admit that Ningbo Sunny sells telescopes to distributors.

46.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to entities other than Defendants, and therefore deny them.  Defendants deny the remaining allegations of this paragraph as they relate to Defendants, with the exception of matters specifically admitted herein as follows.  Defendants admit that Ningbo Sunny acquired Meade in 2013, and that Meade has a manufacturing facility.

47.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent that a response is required and the allegations of this paragraph relate to Defendants, Defendants deny them.

48.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent

that a response is required and the allegations of this paragraph relate to Defendants, Defendants deny them.

49.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent that a response is required and the allegations of this paragraph relate to Defendants, Defendants deny them.

50.     Defendants admit that Plaintiff purports to identify "five major sub-categories" of telescopes and does indeed list five different types of telescopes, but Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations, and therefore deny them.

51.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent that a response is required and the allegations of this paragraph relate to Defendants, Defendants deny them.

52.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to entities other than Defendants, and therefore deny them.  Defendants deny all remaining allegations of this paragraph as they relate to Defendants.

53.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent that a response is required and the allegations of this paragraph relate to Defendants, Defendants deny them.  Finally, to the extent the allegations of this paragraph relate to alleged conduct

unrelated to U.S. commerce, it is beyond the scope of this litigation, outside the subject-matter jurisdiction and reach of the antitrust laws of the United States, and beyond the jurisdiction and reach of the laws of any State, including California.

54.     To the extent that the allegations of this paragraph purport to describe the procedural history of this action, Defendants aver that no response is required.  Defendants refer Plaintiff to the Order referenced in this paragraph.

55.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent that a response is required and the allegations of this paragraph relate to Defendants, Defendants deny them.

56.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent that a response is required and the allegations of this paragraph relate to Defendants, Defendants deny them.

57.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent that a response is required and the allegations of this paragraph relate to Defendants, Defendants deny them.  The SEC filing referenced in this paragraph speaks for itself.

58.     Defendants aver that the allegations of this paragraph, including each of its subparts, constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth,

1   and therefore deny them.  To the extent that a response is required and the allegations of this

2   paragraph relate to Defendants, Defendants deny them.

3            a.      Defendants deny the allegations of this subpart.  Ningbo Sunny generally

4   manufactures low-end telescopes which are relatively easier to manufacture not due to any

5   unlawful coordination with the "Settling Manufacturer" but due to limitations on Ningbo Sunny's

6   technological know-how and manufacturing capabilities.

7            b.      Defendants deny the allegations of this subpart, with the exception of

8   matters specifically admitted herein as follows.  Defendants and certain "Settling Coconspirators"

9   as that term is used by Plaintiff do buy/sell certain telescope products from each other, and in the

10  context of those customer-supplier transactions have discussed non-public information relating to

11  those buy/sell transactions.

12           c.      Defendants deny the allegations of this subpart.

13           d.      Defendants deny the allegations of this subpart, with the exception of

14  matters specifically admitted herein as follows.  Certain Meade employees/executives have

15  previously worked for Celestron LLC ("Celestron").

16           e.      Defendants admit that Ningbo Sunny has manufactured certain telescope

17  products for Good Advance and Celestron.

18           f.      Defendants deny the allegations of this subpart.

19       59.     Defendants aver that the allegations of this paragraph constitute legal contentions

20  and/or conclusions to which no response is required.  To the extent a response is required and the

21  allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge

22  or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent

23  that a response is required and the allegations of this paragraph relate to Defendants, Defendants

24  deny them.

25       60.     Defendants deny the allegations of this paragraph as they relate to Defendants.  To

26  the extent the allegations of this paragraph relate to entities other than Defendants, Defendants

27  lack knowledge or information sufficient to form a belief as to their truth, and therefore deny

28  them.

61.     Defendants deny the allegations of this paragraph.  Joyce Huang worked for Good Advance, a trading company which has no manufacturing capabilities, and is a separate/distinct entity from Suzhou Synta/Nantong (the "Settling Manufacturer" as that term is used by Orion). Orion does not buy any telescope products directly from Ningbo Sunny.  Instead, Ningbo Sunny sells certain telescope products to Good Advance, which in turn sold some of those telescope products to Orion.  As such, Orion purchases Ningbo-manufactured telescope products through Good Advance and its employee, Joyce Huang.

62.     Defendants admit that on or around December 20, 2014, Orion inquired about pricing from James Chiu, Assistant Manager or Vice President of Ningbo.  Defendants deny the remaining allegations of this paragraph, including without limitation that Joyce Huang worked for Ningbo Sunny's competitor, or that she quoted prices and took orders for Ningbo Sunny.  Joyce Huang worked for Good Advance, a trading company which has no manufacturing capabilities, and is a separate/distinct entity from Suzhou Synta/Nantong (the "Settling Manufacturer" as that term is used by Orion).

63.     Defendants admit that on or around December 21, 2014, James Chiu responded to Orion's December 20, 2014 email from his Sunny Optics email account, inquiring about the specifications.  Defendants deny the remaining allegations of this paragraph, including without limitation that Ningbo Sunny would directly submit a quote to Orion.

64.     Defendants admit that soon thereafter, Orion received a price quote from Joyce Huang.  Defendants deny the remaining allegations of this paragraph, including without limitation that Joyce Huang worked for Ningbo Sunny's competitor, or that she provided price quotes and availability on behalf of Ningbo Sunny.  Joyce Huang worked for Good Advance, a trading company which has no manufacturing capabilities, and is a separate/distinct entity from Suzhou Synta/Nantong (the "Settling Manufacturer" as that term is used by Orion).

65.     Defendants deny the allegations of this paragraph as they relate to Defendants, including without limitation that Joyce Huang was facilitating "sharing and cooperat[ion] at the most basic business level of transmitting and receiving sensitive customer orders and pricing information" between Ningbo Sunny and the "Settling Manufacturer."  Joyce Huang worked for

Good Advance, a trading company which has no manufacturing capabilities, and is a separate/distinct entity from Suzhou Synta/Nantong (the "Settling Manufacturer" as that term is used by Orion).  To the extent the allegations of this paragraph relate solely to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.

66.   Defendants deny the allegations of this paragraph, including without limitation that Ningbo Sunny and the "Setting Manufacturer" announced each other's pricing policies to Orion, set prices together, or that the "Settling Manufacturer's" CEO negotiated Ningbo Sunny's credit terms to Orion.  To the extent the allegations of this paragraph relate solely to individuals and/or entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.

67.   Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations of this paragraph relate to Defendants, Defendants deny them, including, without limitation, that officers of Ningbo Sunny and the "Settling Manufacturer" "jointly correspond[ed] with each other's clients regarding sales orders, expected sales volumes, and credit terms" or that absent an unlawful agreement, Joyce Huang would be competing against Ningbo Sunny for Orion's business.  Rather, Joyce Huang worked for Good Advance, a trading company which has no manufacturing capabilities, and is a separate/distinct entity from Suzhou Synta/Nantong (the "Settling Manufacturer" as that term is used by Orion).  To the extent the allegations of this paragraph relate solely to individuals and/or entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.

68.   Defendants deny the allegations of this paragraph, with the exception of matters specifically admitted herein as follows.  Ningbo Sunny sold certain telescope products to Good Advance (a trading company with no manufacturing capabilities, which is a separate/distinct entity from the "Settling Manufacturer" as that term is used by Orion) which in turn sold some of those telescope products to Orion.  As such, within that specific customer-supplier context, Ningbo Sunny and Good Advance coordinated certain purchase orders and shipments of products to end-

customers, including Orion, and Orion was directed to make payment to Good Advance, which in turn made payment to Ningbo Sunny.  To the extent the allegations of this paragraph relate solely to individuals and/or entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.

69.     Defendants deny the allegations of this paragraph, including without limitation that Ningbo Sunny and the "Settling Manufacturer" as that term is used by Orion share a bank account or "work together to facilitate payments through Taiwan."  Rather, Ningbo Sunny sold certain telescope products to Good Advance (a trading company with no manufacturing capabilities, which is a separate/distinct entity from the "Settling Manufacturer" as that term is used by Orion) which in turn sold some of those telescope products to Orion.  As such, within that specific customer-supplier context, Orion was directed to make payment to Good Advance, which in turn made payment to Ningbo Sunny.  To the extent the allegations of this paragraph relate solely to individuals and/or entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.

70.     Defendants deny the allegations of this paragraph.

71.     Defendants admit that they disclosed to FINRA all parties that knew of the Meade acquisition before it was announced.  Defendants deny the remaining allegations of this paragraph. The FINRA filing referenced in this paragraph speaks for itself, and Defendants deny that Plaintiff has accurately characterized it.

72.     Defendants aver that this paragraph merely refers to an exhibit and requires no response.

73.     Defendants admit that Ningbo Sunny disclosed the Meade acquisition to some of the officers of the "Settling Coconspirators" as that term is used by Plaintiff, but deny the remaining allegations of this paragraph.  Defendants refer Plaintiff to the FINRA submission which speaks for itself.

74.     Defendants deny the allegations of this paragraph, with the exception of matters specifically admitted herein as follows.  Joseph Lupica retired from Celestron to assist Ningbo

1   with the Meade acquisition as an independent consultant (Mr. Lupica later joined Meade as its

2   CEO).  Two other individuals who later joined Meade were previously employed with Celestron.

3          a.      Defendants admit that JOC publicly announced its planned acquisition of

4   Meade on or about May 17, 2013.

5          b.      Defendants deny the allegations of this paragraph, with the exception of

6   matters specifically admitted herein as follows.  David Shen (President, Suzhou Synta Optical

7   Technology Co., Ltd.); Sylvia Shen (Director, Pacific Telescope Corp.); Jack Chen (Director,

8   Pacific Telescope Corp.); Dave Anderson (President & CEO, Celestron); and Joseph Lupica

9   (Consultant, Lupica Consulting Services) each were privy to information about events leading up

10  the Meade acquisition prior to the July 16, 2013 announcement of the acquisition.

11         c.      Defendants admit that on June 11, 2013, Ningbo Sunny delivered to Meade

12  a non-binding indication of interest to purchase all outstanding Meade common stock and that

13  Meade convened a special meeting to discuss Ningbo Sunny's offer.

14         d.      Defendants admit that on or about June 13, 2013, Ningbo signed a

15  confidentiality agreement with Meade.  On or about June 14, 2013, Meade first provided access to

16  Ningbo with access to due diligence materials regarding Meade through a virtual data room.

17         e.      Defendants admit that on June 18, 2013, Meade's Board discussed with its

18  outside counsel the preparation of the first draft of the merger agreement with Ningbo, and that

19  Mr. Lupica retired from his position at Celestron, and thereafter began providing consulting

20  services to Ningbo Sunny and its affiliates in connection with the Made transaction.

21         f.      Defendants deny the allegations of this subpart, with the exception of

22  matters specifically stated herein.  Joseph Lupica became CEO of Meade soon after Ningbo Sunny

23  acquired it, and Mr. Lupica had formerly been with Celestron.

24         g.      Defendants deny the allegations of this subpart, with the exception of

25  matters specifically admitted herein as follows.  On July 26, 2013, Mr. Lupica signed Schedule

26  13D, filed with the U.S. Securities and Exchange Commission by Sunny Optics.  Mr. Lupica also

27  became Meade's CEO.

28         h.      Defendants admit that Mr. Lupica was previously an executive at Celestron.

1             i.     Defendants deny the allegations of this subpart, including in the footnote,

2 with the exception of matters specifically admitted herein as follows.  Victor Aniceto joined

3 Meade as Vice President of Sales in November 2013.  Mr. Aniceto had previously been employed

4 at Celestron, and learned of the Meade acquisition before it was publicly announced and while he

5 was employed at Celestron.  Mr. Aniceto became President of Meade in February 2015.

6       75.     Defendants aver that the allegations relating to the Court's Order require no

7 response.  The Court's Order speaks for itself.  To the extent that a response is required and the

8 allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge

9 or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent

10 that a response is required and the allegations of this paragraph relate to Defendants, Defendants

11 deny them.

12       76.     Defendants deny the allegations of this paragraph.

13       77.     Defendants lack knowledge or information sufficient to form a belief about the

14 truth of the allegations of this paragraph as they relate to entities other than Defendants, and

15 therefore deny them.  To the extent any remaining allegations relate to Defendants, Defendants

16 deny them.

17       78.     Defendants lack knowledge or information sufficient to form a belief about the

18 truth of the allegations of this paragraph as they relate to entities other than Defendants, and

19 therefore deny them.  Defendants deny all remaining allegations of this paragraph as they relate to

20 Defendants, including any injury Orion purports to have suffered because of the Meade

21 acquisition.

22       79.     Defendants aver that the allegations of this paragraph constitute legal contentions

23 and/or conclusions to which no response is required.  To the extent that a response is required and

24 the allegations of this paragraph relate to entities other than Defendants, Defendants lack

25 knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To

26 the extent that a response is required and the allegations of this paragraph relate to Defendants,

27 Defendants deny them.

28

80.     Defendants deny the allegations of this paragraph as they relate to Defendants, with the exception of matters specifically admitted herein as follows.  Ningbo does manufacture certain low-end telescope products for Celestron.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to entities other than Defendants, and therefore deny them.

81.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to entities other than Defendants, and therefore deny them.  Defendants deny all remaining allegations of this paragraph as they relate to Defendants, with the exception of matters specifically admitted herein as follows.  Defendants admit that they and certain "Settling Coconspirators" (as that term is used by Plaintiff) do buy/sell certain telescope products from each other, and in the context of those customer-supplier transactions have discussed non-public information relating to those buy/sell transactions.  To the extent the allegations of this paragraph relate solely to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.

82.     Defendants deny all allegations of this paragraph as they relate to Defendants, with the exception of matters specifically admitted herein as follows.  Defendants admit that they and certain "Settling Coconspirators" (as that term is used by Plaintiff) do buy/sell certain telescope products from each other, and in the context of those customer-supplier transactions have discussed non-public information relating to those buy/sell transaction.  Also within the context of those customer-supplier transactions, David Shen has toured Ningbo Sunny's factory.

83.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to individuals or entities other than Defendants, and therefore deny them.  Defendants deny all remaining allegations of this paragraph as they relate to Defendants, including that David Shen had or has a co-ownership stake in one or more Defendants.

84.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to individuals or entities other than

Defendants, and therefore deny them.  Defendants deny all remaining allegations of this paragraph as they relate to Defendants, with the exception of matters specifically admitted herein as follows. Ningbo did invest in Meade after acquiring it.

85.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to individuals or entities other than Defendants, and therefore deny them.  Defendants deny all remaining allegations of this paragraph as they relate to Defendants.

86.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to individuals or entities other than Defendants, and therefore deny them.  Defendants deny all remaining allegations of this paragraph as they relate to Defendants.  Defendants have no direct customer-seller relationship with Orion. Instead, Ningbo sold certain telescope products to Good Advance, which in turn sold some of those telescope products to Orion.

87.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to individuals or entities other than Defendants, and therefore deny them.  Defendants deny all remaining allegations of this paragraph as they relate to Defendants.

88.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to individuals or entities other than Defendants, and therefore deny them.  Defendants deny all remaining allegations of this paragraph as they relate to Defendants.  Ningbo's telescope prices are based on a balance of numerous factors, including but not limited to cost (both manufacturing costs and other costs), competition, supply and demand.  Any one factor could cause a price to change for a particular product at a particular point in time to a particular customer.  Conversely, a change in any one factor might not cause a price to change because of changes relating to other factors.  To determine how any particular price for a particular product and a particular customer was calculated at a specific point in time would require an assessment of the circumstances surrounding a particular transaction.

89.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations relate to Defendants, Defendants deny them.

90.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent that a response is required and the allegations of this paragraph relate to Defendants, Defendants deny them.  Ningbo Sunny generally manufactures low-end telescopes which are relatively easier to manufacture not due to any unlawful coordination with the "Settling Manufacturer" but due to limitations on Ningbo Sunny's technological know-how and manufacturing capabilities.

91.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to individuals or entities other than Defendants, and therefore deny them.  The 2002 FTC Press Release referenced in this paragraph speaks for itself, and Defendants deny that Plaintiff has accurately characterized it.  In 2002, the FTC authorized an injunction to pre-empt a horizontal (not vertical) merger between Meade Instruments Corporation, the then leading manufacturer of performance telescopes and Schmidt-Cassegrain telescopes in the U.S., and Celestron International, the number two performance telescope manufacture in the U.S. and the only other supplier of Schmidt-Cassegrain telescopes.  The FTC contended that such a merger would monopolize the relevant market in that case of performance telescopes.  At the time of the FTC's 2002 injunction, Celestron was not Suzhou Synta's subsidiary, but rather owned by Tasco Holdings, Inc.  The parties abandoned the proposed merger prior to any Court decision regarding its legality.

92.     Defendants deny the allegations of this paragraph.

93.     Defendants deny the allegations of this paragraph, with the exception of with the exception of matters specifically admitted herein as follows.  Defendants admit that Sunny did acquire Meade in 2013 and that the statement included in this paragraph is an accurate quote from

Peter Ni published in Astronomy Magazine on October 15, 2013.  The October 15, 2013 article referenced in this paragraph speaks for itself, and Defendants deny that it evidences any unlawful collusion by Defendants with the "Settling Manufacturer."

94.     Defendants deny the allegations of this paragraph.

95.     Defendants deny the allegations of this paragraph.

96.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to Plaintiff, and therefore deny them.

97.     Defendants deny the allegations of this paragraph.

98.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to entities other than Defendants, and therefore deny them.

99.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to individuals and/or entities other than Defendants, and therefore deny them.

100.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to entities other than Defendants, and therefore deny them.

101.    Defendants admit that a representative from Nantong sent an email to Orion expressing concern about Orion's cash flow if Orion bought Hayneedle, and thus, needing to "protect ourselves to avoid any possible risk" by requiring payment of open invoices.  Defendants admit that the email included the statement, "if Orion really buys Hayneedle, this will be the beginning of the hazard," but deny Orion's interpretation that the email included a warning that Orion's credit line would not be reinstated if it continued to pursue the Hayneedle acquisition. The email referenced in this paragraph speaks for itself, and Defendants deny that Plaintiff has accurately characterized it.

102.    Defendants admit that a substantially similar email was sent on behalf of Peter Ni at Ningbo, and that the email also included the phrase "if Orion really buys Hayneedle, this will be the beginning of a hazard."  Defendants, however, deny that the email was intended to cut off

*Ningbo's* line of credit and supply to Orion.  Again, Ningbo did not sell directly to Orion, but instead sold certain telescope products to Good Advance, which in turn sold some of these telescope products to Orion.  As such, Orion made payments to Good Advance, which in turn made payments to Ningbo Sunny.  Indeed, payment for the specific invoices attached to the email referenced in this paragraph were wired by Orion to Good Advance on June 20, 2014 as confirmed by the documents produced by Orion during discovery.

103.    Defendants deny the allegations of this paragraph, including without limitation that Joyce Huang is an employee of the "Settling Manufacturer."  Rather, Joyce Huang is an employee of Good Advance, a trading company with no manufacturing capabilities which is a separate/distinct entity from the "Settling Manufacturer" as that term is used by Orion. Defendants also deny that Orion tried to order telescopes from Ningbo Sunny as it in fact placed orders with Good Advance (via Good Advance's representative, Joyce Huang), as confirmed by the Orion invoices for these orders which were specifically addressed to Good Advance. Defendants also deny that Ms. Huang forwarded to Orion an email that Ningbo Sunny had "separately sent to its competitor."  Rather, Ms. Huang forwarded to Orion an email that Ningbo Sunny had sent Ms. Huang, notifying Ms. Huang that telescope products would only be shipped to Orion "after the corresponding payment is received."

104.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to entities other than Defendants, and therefore deny them.  Defendants deny all remaining allegations as they relate to Defendants.

105.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to entities other than Defendants, and therefore deny them.  Defendants deny all remaining allegations as they relate to Defendants, including without limitation that Defendants were communicating with Hayneedle and threatening Hayneedle not to go through with the sale.

106.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to entities other than Defendants, and therefore deny them.

107.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as they relate to entities other than Defendants, and therefore deny them.  Defendants deny all remaining allegations as they relate to Defendants, with the exception of matters specifically stated herein.  Defendants admit that Ningbo Sunny restored Good Advance's line of credit for Ningbo-manufactured products sold to Orion.

108.   Defendants deny the allegations of this paragraph.  The restoration of credit for Ningbo-manufactured telescopes sold by Good Advance to Orion was communicated to Orion by Joyce Huang of Good Advance (not by the "Settling Manufacturer").  Furthermore, the "Settling Manufacturer['s]" restoration of credit was communicated to Orion at a separate time and place as indicated in the documents produced by Orion, during an in-person meeting between Orion and Michael Sun, a representative of Suzhou Synta/Nantong.

109.   Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent that a response is required and the allegations of this paragraph relate to Defendants, Defendants deny them, including, without limitation, the allegation that Defendants purchased Hayneedle for themselves, or that Orion's credit was restored via a single email applicable to Ningbo and the "Settling Manufacturer."

110.   Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent that a response is required and the allegations of this paragraph, including in the footnote, relate to Defendants, Defendants deny them.

111.   Defendants deny the allegations of this paragraph.  Ningbo Sunny did not directly do business with Orion in the first place, and therefore, did not "beg[i]n abruptly refusing to do business with Orion."

112.     Defendants deny the allegations of this paragraph, with the exception of matters specifically admitted herein as follows.  Defendants admit that when Orion sent purchase orders to Ningbo Sunny on or about October 6, 2016, James Chiu raised the issue of then-ongoing negotiations of a Manufacturing Services Agreement which would have established for the first time a direct customer-seller relationship between Orion and Ningbo.  Mr. Chiu also raised the issue of the Standstill and Tolling Agreement executed by Orion, Defendants, and "Settling Coconspirators" which prohibited all signatories from "materially changing the business relationships" between the parties.  Orion did not respond to Mr. Chiu's concerns, instead referring the matter to Orion's attorneys, as indicated in the documents produced by Orion during discovery.

113.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

114.     Defendants deny the allegations of this paragraph.

115.     Defendants deny the allegations of this paragraph.

116.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph, including, without limitation, the allegation that Orion is "losing sales, goodwill and market share" as a result of "not having the Hayneedle assets."  Defendants refer Plaintiff to the September 2016 Settlement Agreement between Plaintiff and the "Settling Coconspirators" which included, among other considerations, a transfer to Orion of the same Hayneedle assets referenced in the allegations of this paragraph.

117.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations relate to Defendants, Defendants deny them.

118.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations relate to Defendants, Defendants deny them.  To the extent a response is required and

the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.

119.    Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations relate to Defendants, Defendants deny them.  To the extent a response is required and the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.

120.    Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations relate to Defendants, Defendants deny them.  To the extent a response is required and the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.

121.    Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations relate to Defendants, Defendants deny them.

122.    Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required and the allegations relate to Defendants, Defendants deny them.  To the extent a response is required and the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.

123.    Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

## **ALLEGATIONS CONCERNING ALLEGED CAUSES OF ACTION**

124.    Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 123 of the Complaint with the same force and effect as if set forth herein at length.

125.    Defendants aver that the allegations of this paragraph are definitional and/or constitute legal contentions and/or conclusions to which no response is required.

1      126.    Defendants aver that the allegations of this paragraph constitute legal contentions

2  and/or conclusions to which no response is required.  To the extent the allegations of this

3  paragraph relate to entities other than Defendants, Defendants lack knowledge or information

4  sufficient to form a belief as to their truth, and therefore deny them.   To the extent a response is

5  required and the allegations relate to Defendants, Defendants deny them.

6      127.    Defendants aver that the allegations of this paragraph constitute legal contentions

7  and/or conclusions to which no response is required.  To the extent the allegations of this

8  paragraph relate to entities other than Defendants, Defendants lack knowledge or information

9  sufficient to form a belief as to their truth, and therefore deny them.  To the extent a response is

10  required and the allegations relate to Defendants, Defendants deny them.

11      128.    Defendants aver that the allegations of this paragraph constitute legal contentions

12  and/or conclusions to which no response is required.  To the extent the allegations of this

13  paragraph relate to entities other than Defendants, Defendants lack knowledge or information

14  sufficient to form a belief as to their truth, and therefore deny them.  To the extent a response is

15  required and the allegations relate to Defendants, Defendants deny them.

16      129.    Defendants aver that the allegations of this paragraph constitute legal contentions

17  and/or conclusions to which no response is required.  To the extent the allegations of this

18  paragraph relate to entities other than Defendants, Defendants lack knowledge or information

19  sufficient to form a belief as to their truth, and therefore deny them.  To the extent a response is

20  required and the allegations relate to Defendants, Defendants deny them.

21      130.    Defendants aver that the allegations of this paragraph constitute legal contentions

22  and/or conclusions to which no response is required.  To the extent the allegations of this

23  paragraph relate to entities other than Defendants, Defendants lack knowledge or information

24  sufficient to form a belief as to their truth, and therefore deny them.  To the extent a response is

25  required and the allegations relate to Defendants, Defendants deny them, with the exception of

26  matters specifically admitted herein as follows.  Defendants admit that Plaintiff seeks treble

27  damages, costs, and attorneys' fees pursuant to the cited statutory provision, but otherwise deny

28  that Plaintiff is entitled to the requested relief.

131.    Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 130 of the Complaint with the same force and effect as if set forth herein at length.

132.    Defendants aver that the allegations of this paragraph are definitional and/or constitute legal contentions and/or conclusions to which no response is required.

133.    Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent a response is required and the allegations relate to Defendants, Defendants deny them.

134.    Defendants deny the allegations of this paragraph.

135.    Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

136.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

137.    Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

138.    Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph, with the exception of matters specifically admitted herein as follows.  Defendants admit that Plaintiff seeks treble damages, costs, and attorneys' fees pursuant to the cited statutory provision, but otherwise deny that Plaintiff is entitled to the requested relief.

139.    Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 138 of the Complaint with the same force and effect as if set forth herein at length.

140.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

141.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

142.     Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 141 of the Complaint with the same force and effect as if set forth herein at length.

143.     Defendants aver that the allegations of this paragraph are definitional and/or constitute legal contentions and/or conclusions to which no response is required.

144.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

145.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations of this paragraph relate to entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent a response is required and the allegations relate to Defendants, Defendants deny them.

146.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

147.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

148.     Defendants aver that the allegations of this paragraph constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph, with the exception of matters specifically

admitted herein as follows.  Defendants admit that Plaintiff seeks treble damages, costs, and attorneys' fees, but otherwise deny that Plaintiff is entitled to the requested relief.

## ALLEGATIONS CONCERNING PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiff suffered any injury or incurred any damages by any act or omission of Defendants as alleged in the FAC, and further deny that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the FAC.

## ADDITIONAL OR AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, Defendants asset the following additional and/or affirmative defenses to Plaintiff's FAC:

## FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statute(s) of limitations.

## THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Antitrust Injury)

Plaintiff has not suffered actual, cognizable antitrust injury of the type the antitrust laws are intended to remedy.

## FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Standing to Sue for Injuries Alleged)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff lacks standing to sue for the injuries alleged in the FAC.

## FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Standing as Indirect Purchaser)

Plaintiff's claims are barred, in whole or in part, by its status as an indirect purchaser under *Illinois Brick Co. v. Illinois,* 431 U.S. 720 (1977).

## SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Causation and/or Proximate Causation)

Plaintiff's claims are barred, in whole or in part, by the lack of causation in that to the extent Plaintiff suffered any injury or incurred any damages as alleged in the FAC, which Defendants deny, any such injury or damage was caused and brought about by acts, conduct, or omissions of individuals or entities other than Defendants, and as such, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals or entities.  Plaintiff's claims are also barred, in whole or in part, due to the absence of any injury or damage for which Defendants' acts, conduct, or omissions were the proximate cause.

## SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Intervening or Superseding Acts of Third Parties)

Plaintiff's damages, if any, resulted from the actions, conduct, or omissions of third parties over whom Defendants have no control or responsibility.  The acts of such third parties constitute intervening or superseding causes of harm, if any, suffered by Plaintiff.

## EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Absence of Damages)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no injury or damages as a result of the matters alleged in the FAC.  To the extent that Plaintiff has purportedly suffered injury or damage, which Defendants specifically deny, Defendants further contend that any such purported injury or damage was not by reason of any actions, conduct, or omissions of Defendants.

## NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Competition Not Harmed)

Plaintiff's claims are barred, in whole or in part, because Defendants' acts or omissions did not lessen competition or constitute an unreasonable restraint on trade within any properly defined market.

1  **TENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

2  **(Defendants' Actions Were Procompetitive)**

3  Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was

4  procompetitive, reasonable and permissible.  Defendants' conduct was further based on

5  independent, legitimate, and self-interested business and economic justifications.

6  **ELEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

7  **(Failure to Allege Relevant Market)**

8  Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to sufficiently

9  allege a relevant product market and geographic market, and allegations concerning market(s) are

10  so vague and ambiguous as to deny Defendants notice of the markets alleged in the FAC.

11  **TWELVE ADDITIONAL OR AFFIRMATIVE DEFENSE**

12  **(Laches)**

13  Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

14  **THIRTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

15  **(Waiver and/or Equitable Estoppel)**

16  Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or

17  equitable estoppel.

18  **FOURTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

19  **(Failure to Mitigate Damages)**

20  Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to take all

21  necessary, reasonable, and appropriate actions to mitigate its alleged damages, if any.

22

23

24

25

26

27

28

## FIFTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Unavailability of Equitable Relief)

Plaintiff's claims for equitable relief, including divestiture and injunctive relief, are barred, in whole or in part, because Plaintiff has suffered no irreparable harm and otherwise fails to satisfy the criteria necessary for injunctive relief.

## SIXTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff would be unjustly enriched if they were allowed to recover any part of the monetary relief sought in the Complaint.

## SEVENTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Privilege)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of Defendants was justified, constituted bona fide business competition and was taken in pursuit of their own legitimate business and economic interests, and is therefore privileged.

## EIGHTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by Plaintiff's acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to Defendants.

## NINETEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Set Off)

Without admitting that Plaintiff is entitled to recover damages in this matter, Defendants are entitled to set off from any recovery Plaintiff may obtain against Defendants any amount paid to Plaintiff by any other defendants or alleged co-conspirators who have settled Plaintiff's claims in this matter.

## TWENTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Uncertainty of Damages)

Plaintiff's claims should be dismissed because the alleged damages sought are too speculative and uncertain, and cannot be practicably ascertained or allocated.

## TWENTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Non-actionable or Governmental Privilege)

Plaintiff's claims are barred, in whole or in part, because the alleged conduct of Defendants that is the subject of the Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## TWENTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction and/or Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)

Plaintiff's claims based on foreign purchases, if any, should be dismissed to the extent that they are barred, in whole or in part, because they are outside the Court's subject matter jurisdiction as defined by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a and/or analogous state authority.

## TWENTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Injury or Damages Offset by Benefits Received)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Plaintiff received with respect to the challenged conduct.

## TWENTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Increased Output and Lower Prices)

Defendants, without admitting the existence of any contract, combination, or conspiracy in restraint of trade as alleged in the Complaint, avers that the matters about which Plaintiff complains resulted in increased output and lower prices for telescope products.

**TWENTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Damages Passed On)**

Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Complaint, which Defendants specifically deny, was passed on to persons or entities other than the Plaintiff and/or was passed on by Plaintiff to other parties.

**TWENTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Damages Not Passed Through to Plaintiff)**

Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Complaint was not incurred by or passed on to Plaintiff, or was incurred by or passed on to persons or entities other than Plaintiff.

**TWENTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Improper Extraterritorial Application)**

Plaintiff's claims are barred, in whole or in part, by the U.S. Constitution and/or other applicable law to the extent their claims seek the improper extraterritorial application of the laws cited to any transactions occurring outside the United States.

**TWENTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(No Market Power)**

Plaintiff's claims are barred, in whole or in part, to the extent they have failed to allege or prove that Defendants possessed or possess market power in any legally cognizable relevant market.

**TWENTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Release)**

Plaintiff's claims are barred, in whole or in part, because they have been released by Plaintiff and/or others.

## THIRTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

## THIRTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Unreasonable Restraint Of Trade)

Plaintiff's claims are barred, in whole or in part, because the alleged conduct of Defendants did not unreasonably restrain trade.

## THIRTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Good Faith/No Wrongful Purpose))

Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith and without the requisite specific purpose of injuring competitors or destroying competition.

## THIRTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Meeting Competition))

Plaintiff's claims are barred, in whole or in part, because Defendants endeavored in good faith to meet prices of one or more competitors.

## THIRTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Reservation of Rights to Assert Additional Defenses)

Defendants have not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings.  Defendants further reserve the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgement as follows:

A.    That Plaintiff take nothing under the Complaint, and the Complaint be dismissed with prejudice;

B.    That judgment be entered in favor of the Defendants and against Plaintiff on each and every cause of action set forth in the Complaint;

C.    That Defendants recover their costs of suit and attorneys' fees incurred herein; and

D.    That Defendants be granted such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants hereby demand trial by jury on all issues so triable.


Dated:  April 19, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By    _____/s/ Michael W. Scarborough_____
                  MICHAEL W. SCARBOROUGH

Attorneys for Defendants
NINGBO SUNNY ELECTRONIC CO., LTD.,
SUNNY OPTICS, INC. and
MEADE INSTRUMENTS CORP.