SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
LEO D. CASERIA, Cal. Bar No. 240323
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:    213.620.1780
Facsimile:    213.620.1398
E-mail:       lcaseria@sheppardmullin.com

MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
DYLAN I. BALLARD, Cal. Bar. No. 253929
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:    415.434.9100
Facsimile:    415.434.3947
E-mail:       mscarborough@sheppardmullin.com
              dballard@sheppardmullin.com

Attorneys for Defendants NINGBO SUNNY
ELECTRONIC CO., LTD., SUNNY OPTICS,
INC., and MEADE INSTRUMENTS CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC. d/b/a Orion Telescopes & Binoculars, a California corporation,<br><br>                   Plaintiff,<br><br>          v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., MEADE INSTRUMENTS CORP., and DOES 1-25,<br><br>                   Defendants. | Case No. 5:16-cv-06370-EJD (VKD)<br>*Assigned To:  Honorable Edward J. Davila*<br><br>**DECLARATION OF JUNWEN "JAMES" CHIU IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE DOCUMENTS FILED IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(e)**<br><br>Complaint Filed: November 1, 2016<br>First Amended Complaint Filed: November 3, 2017<br>Relates To:  ECF No. 255 |

**DECLARATION OF JUNWEN "JAMES" CHIU**

I, Junwen "James" Chiu, declare as follows:

1.    I am the Vice President of Marketing for Ningbo Sunny Electronic, Co., Ltd.  I make this declaration regarding the Administrative Motion for Leave to File Documents Under Seal Pursuant to Local Rule 79-5(e), ECF No. 255 ("Motion to Seal"), filed by Orion.  Except for those matters stated on information and belief, I have sufficient personal knowledge of the facts set forth herein that, if called as a witness, I could and would testify competently thereto.

2.    I have reviewed the Motion to Seal as well as the Declaration of Ronald J. Fisher, ECF No. 255-1, and its supporting exhibits ECF Nos. 255-3 through 255-138, which I understand were not served on Defendants until July 26, 2019 at 6:10 a.m.  The exhibits attached to the Declaration of Ronald J. Fisher include (1) documents Defendants produced to Orion as "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 9, 2017, (2) quotes from, or characterizations of, such documents, and (3) portions of Defendants' deposition testimony which Defendants designated as "Highly Confidential" under the Protective Order.  *See* ECF No. 34 (Stipulated Protective Order).

3.    I submit this declaration to provide the Court with a basis for sealing certain exhibits to the Fisher Declaration or portions thereof.

4.    Exhibit 5 to the Fisher Declaration is an excerpt from the Deposition of James Chiu.  Defendants ask that the Court seal pages 92:20-95:6 of the transcript as these excerpts describe the confidential credit and payment term information for one of Ningbo's largest customers, Celestron.  This information is not only heavily negotiated, it is also considered trade secret in the industry.  The disclosure of this information could negatively impact Defendants' bargaining position as well as its relationship with customers, all of which could result in undue financial harm.

5.    Exhibit 6 to the Fisher Declaration is an excerpt from the Deposition of Victor Aniceto that discusses—in detail—Exhibit 50 to the Fisher Declaration.  Exhibit 50, in turn, is an email attaching extensive financial records from Sunny Optics.  Defendants ask the Court to seal Exhibit 50 at NSE2290969 (all pages of the email attachment) and the portions of Exhibit 6, the

-1-

Aniceto Deposition at 330:14-332:13 that quote or refer to these financial data. These documents disclose Defendants' sensitive financial information, including company debts, cash flow, and operating expenses. This information could be used by Defendants' competitors to gain insight into Defendants' financial health, cash flow, and potentially, to anticipate Defendants' ability to invest in further research and product development efforts and effectuate business goals. All of this could cause harm to Defendants competitive standing.

6. Exhibit 7 to the Fisher Declaration is an excerpt from the Deposition of Joseph Lupica that discusses—in detail—Exhibit 42 to the Fisher Declaration. Exhibit 42, in turn, is an email attaching additional extensive financial records from Sunny Optics as well as a Declaration from Thomas Shou certifying the translation of these documents. Defendants ask that the Court seal Exhibit 42 and the portions of Exhibit 7, the Lupica Deposition at 372:22-373:25 that quote or refer to these financial data. As discussed in paragraph 5 above, these documents disclose Defendants' sensitive financial information, including company debts, cash flow, and operating expenses. This information could be used by Defendants' competitors to predict Defendants' financial status and cash flow issues, which information could be exploited to cause unfair competitive harm to Defendants.

7. Exhibit 14 to the Fisher Declaration is a letter from Sheppard Mullin to the Financial Industry Regulatory Authority, Inc. Defendants request that the Court seal the portions of Exhibit A to Exhibit 14, from NSE00001252-1258, that disclose the home addresses of various individuals who knew of the Meade acquisition prior to its announcement. The home addresses of these various non-parties is completely irrelevant to the litigation at hand, and the individuals set forth in Exhibit A have an overriding interest in maintaining the confidentiality of this information. Orion does not oppose this sealing request.

8. Exhibit 17 to the Fisher Declaration is a Declaration from Thomas Shou that attaches various documents produced in discovery, and certifies the translations of same. Exhibits 3 and 4 to the Shou Declaration are original and translated copies of Exhibit 44 to the Fisher Declaration. Exhibit 45 to the Fisher Declaration is a longer version of the email chain in Exhibit 44. All of these documents should be sealed. These documents include a chain of emails between

transactional counsel for the Meade acquisition, Sheppard Mullin, and two consultants who were assisting with the acquisition, Joseph Lupica and Laurence Huen.  Specifically, Mr. Huen provided translation services between Sheppard Mullin and Mr. Ni, who was purchasing Meade.  Without Mr. Huen communicating to Mr. Ni the next steps in the transaction outlined by counsel, or providing information to counsel that was necessary to consummate the deal, the parties would not have been able to fulfill the objectives of the attorney-client relationship.  *See Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 138-39 (E.D. Tex. 2003) (citing *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir.1961)) (disclosure of confidential documents to consultants hired to help 'translate' complicated financial information and perform audits did not waive attorney-client privilege where the purpose for which they were hired "relate[d] significantly to the documents and communications at issue").  Accordingly, the information set forth in this email chain is protected by the attorney-client privilege and these Exhibits should be sealed in their entirety.

9.    Exhibits 20 and 21 to the Fisher Declaration include a reference to the personal cell phone number of Dave Anderson, the former CEO of Celestron.  The cell phone number of this non-party is completely irrelevant to the litigation at hand, and Mr. Anderson has an overriding interest in maintaining the confidentiality of this information.  Accordingly, the Court should seal the portions of Exhibits 20 and 21 that set forth Mr. Anderson's cell phone number.

10.    Exhibits 33-35 and 39 to the Fisher Declaration are all versions of the same email thread that include an update from Will Chuchawat, a partner at Sheppard Mullin, to Mr. Lupica and Mr. Huen about his call with an attorney from the Federal Trade Commission.  As discussed above, communications between counsel and consultants hired to assist with "translating" complex financial and legal information does not waive privilege.  *See Ferko*, 218 F.R.D. at 138-39.  As a result, the emails in these chains from Mr. Chuchawat are protected by the attorney-client privilege and should be maintained under seal in their entirety.  At a minimum, Exhibit 39 discloses the personal cell phone number of Mr. Huen, which should be sealed as it is completely irrelevant to the litigation at hand and Mr. Huen has an overriding interest in maintaining the confidentiality of this information.

11.     Exhibits 37 and 38 to the Fisher Declaration are—again—two versions of the same email thread that include an update from Robert Magielnicki, a partner at Sheppard Mullin, to Mr. Lupica, Mr. Huen, and Mr. Chuchawat regarding his call with an attorney from the FTC.  For the same reasons discussed in paragraph 10, *supra*, this information is attorney-client privileged and these exhibits should be maintained under seal in their entirety.

12.     Exhibit 47 to the Fisher Declaration is an incomplete copy of the September 12, 2018 Declaration of Thomas Shou, attaching certain exhibits referenced therein and certified translations of same.  Defendants request that the Court seal the following sub-exhibits attached to the Shou Declaration in their entirety:

a.     Exhibits 11 and 12 to the Shou Declaration are also attached to the Fisher Declaration as Exhibit 63.  These are email chains between Ningbo and its broker, Joyce Huang of Good Advance, regarding "Sunny's market strategy" as to particular customers.  First, this email chain is completely irrelevant as it discusses Ningbo's strategy with respect to its customers in the "European market."  As such, it has no bearing on the market at issue in this litigation.  Regardless, the information discussed in this email should be sealed as it discloses Ningbo's confidential strategy for dealing with two of its customers, which was only to disclosed to Ms. Huang in her capacity as Ningbo's sales agent.  Because these documents discuss Ningbo's sales strategy with regard to two of its customers, disclosure of this information could be used by Ningbo's competitors to interfere with Ningbo's customer relationships, which would cause unfair competitive and financial harm to Ningbo.

b.     Exhibits 19 and 20 to the Shou Declaration are also attached to the Fisher Declaration as Exhibit 48.  These documents set forth the updated credit and payment terms negotiated between Ningbo and Celestron following the Meade acquisition.  Credit and payment terms are heavily negotiated with each individual customer in the industry.  Accordingly, disclosure of this

-4-                          Case No. 5:16-cv-06370-EJD (VKD)
SMRH:4814-2530-5246.2          CHIU DECLARATION ISO ADMINISTRATIVE MOTION TO SEAL

information would negatively impact Defendants' bargaining position in the future and could negatively impact its relationship with current customers, which could result in financial and competitive harm to Defendants.

13.    Exhibits 52 and 53 to the Fisher Declaration are—yet again—two version of the same email thread between Mr. Aniceto and Mr. Lupica discussing Meade's strategy with regard to European and Asian product distribution, and its business relationships with certain distributors. Again, this email is wholly irrelevant to this litigation as it has nothing to do with the market at issue in this dispute. Regardless, these email chains should be sealed as they set forth Meade's business strategy, including its business plans in international markets, as well as details about its relationships with its distributors. Disclosure of this information could be used by Ningbo's competitors to interfere with Ningbo's distributor relationships, as well as its international sales strategy, which would cause unfair competitive and financial harm to Ningbo. Accordingly, Defendants request the Court seal these exhibits in their entirety.

14.    Exhibit 54 to the Fisher Declaration is an email between Meade officers discussing Meade's strategy for improving Meade's production facilities to increase production and product quality. Information about Meade's business strategy, as well as the product development issues it sought to remediate, could be used by Meade's competitors to undermine its product quality in the marketplace and its relationship with customers, which would result in severe and undue financial harm to Meade. Accordingly, Defendants request the Court seal this exhibit in its entirety.

15.    Finally, Defendants request that this Court seal the portions of Orion's Motion for Summary Judgment and Separate Statement, attached as Exhibits 67 and 68 to the Fisher Declaration respectively, that quote or summarize the confidential materials described above, as follows:

a.    Motion for Summary Judgment at 8:22-9:18 (discussing and quoting Fisher Exhibits 6 and 50, described in paragraph 5 above), 10:1-17 (quoting Fisher Exhibits 7 and 42, described in paragraph 6 above), and 10:28-11:2 (quoting Fisher Exhibit 54, described in paragraph 14 above).

b.      The corresponding portions of the Separate Statement, at paragraphs 27, 25, and 37 respectively.

16.      Defendants take steps to maintain the confidentiality of the information and documents described above.  Indeed, Defendants entered into the Protective Order in this case to ensure that their confidential and sensitive business information was not arbitrarily disclosed.

17.      Defendants have diligently reviewed the mountain of cumulative materials submitted by Orion, and have made good faith efforts to narrowly tailor their sealing request to include only those pages or specific lines of the Exhibits to the Fisher Declaration necessary to prevent disclosure of their sensitive customer, financial, and legal information and any undue competitive harm or breach of privilege that may result.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 29, 2018 in the People's Republic of China.

*/s/ Junwen "James" Chiu*
Junwen "James" Chiu

Case No. 5:16-cv-06370-EJD (VKD)

SMRH:4814-2530-5246.2

CHIU DECLARATION ISO ADMINISTRATIVE MOTION TO SEAL

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Dylan I. Ballard, attest that the signatory of this document, and on whose behalf the filing is submitted, concurs with the filing's content and has authorized the filing.

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By       */s/ Dylan I. Ballard*
             Dylan I. Ballard

Attorneys for NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., and MEADE INSTRUMENTS CORP.