SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
LEO D. CASERIA, Cal. Bar No. 240323
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:    213.620.1780
Facsimile:    213.620.1398
E-mail:        lcaseria@sheppardmullin.com

MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
DYLAN I. BALLARD, Cal. Bar. No. 253929
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:    415.434.9100
Facsimile:    415.434.3947
E-mail:        mscarborough@sheppardmullin.com
               dballard@sheppardmullin.com

Attorneys for Defendants NINGBO SUNNY
ELECTRONIC CO., LTD., SUNNY OPTICS,
INC., and MEADE INSTRUMENTS CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC. d/b/a Orion Telescopes & Binoculars, a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., MEADE INSTRUMENTS CORP., and DOES 1-25, <br><br> Defendants. | Case No. 5:16-cv-06370-EJD (VKD) <br> *Assigned To:  Honorable Edward J. Davila* <br><br> **DECLARATION OF JUNWEN "JAMES" CHIU IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTION TO PRECLUDE TESTIMONY BY JEFFREY DEAN REDMAN PURSUANT TO LOCAL RULE 79-5(e)** <br><br> Complaint Filed: November 1, 2016 <br> First Amended Complaint Filed: November 3, 2017 <br> Related To:  ECF No. 257 |

**DECLARATION OF JUNWEN "JAMES" CHIU**

I, Junwen "James" Chiu, declare as follows:

1.      I am the Vice President of Marketing for Ningbo Sunny Electronic, Co., Ltd.  I make this declaration regarding the Administrative Motion for Leave to File Documents Under Seal Pursuant to Local Rule 79-5(e), ECF No. 257 ("Motion to Seal"), filed by Orion.  Except for those matters stated on information and belief, I have sufficient personal knowledge of the facts set forth herein that, if called as a witness, I could and would testify competently thereto.

2.      I have reviewed the Motion to Seal as well as the Declaration of Ronald J. Fisher, ECF No. 257-2, and its supporting exhibits ECF Nos. 257-4 through 257-16, which were filed July 26, 2019.  The exhibits attached to the Declaration of Ronald J. Fisher include (1) documents Defendants produced to Orion as "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 9, 2017, (2) quotes from, or characterizations of, such documents, and (3) portions of Defendants' deposition testimony which Defendants designated as "Highly Confidential" under the Protective Order.  *See* ECF No. 34 (Stipulated Protective Order).

3.      I submit this declaration to provide the Court with a basis for sealing certain exhibits to the Fisher Declaration or portions thereof.

4.      Exhibit A to the Fisher Declaration, ECF No. 257-4, is the expert Report of Jeffrey Dean Redman, which Defendants have designated as "Highly Confidential" pursuant to the Stipulated Protective Order in this case.  Defendants seek to seal the following portions of the Redman Report:

- Page 22 ¶ 70;
- Page 37 ¶ 117; and
- Page 37 at n.125.

These portions of the Redman report disclose Defendants' sensitive financial information, including company debts.  This information could be used by Defendants' competitors to gain insight into Defendants' financial health and potentially anticipate Defendants' ability to manufacture and produce products or invest in further research and product development efforts. All of this could cause harm to Defendants competitive standing.

5.      Exhibit C to the Fisher Declaration, ECF No. 257-8, is the expert Report of Celeste Saravia, Ph.D., which Defendants have designated as "Highly Confidential" pursuant to the Stipulated Protective Order in this case.  Defendants request that the Court seal the following portions of the Saravia Report:

- Page 23 ¶ 37;
- Page 23 at n.60;
- Page 24 ¶ 38;
- Page 24 at nn.66 & 67; and
- Pages 62-63 ¶ 116.

The portions of page 23 of the Saravia Report cited above discuss the manufacturing capacity and capabilities of a non-party to this dispute, as well as its product mix.  This kind of information is highly confidential and commercially sensitive, and could be used by the non-party's competitors to anticipate its product offerings and the volumes of same, which could disadvantage the non-party.  The portions of pages 24 and 62-63 of the Saravia Report cited above discuss Meade's operational strategies, production capacity, as well as its product procurement strategy.  This operational information is commercially sensitive and could be used by Meade's competitors to intuit Meade's competitive strategy as well as its vulnerabilities, or out-maneuver it, which could cause undue financial harm.

6.      Defendants take steps to maintain the confidentiality of the information described above.  Indeed, Defendants entered into the Protective Order in this case to ensure that their confidential and sensitive business information was not arbitrarily disclosed.

7.      Defendants have made good faith efforts to narrowly tailor their sealing request to include only those pages or specific lines of the Exhibits to the Fisher Declaration necessary to prevent disclosure of their sensitive financial and operational information and any undue competitive harm or breach of privilege that may result.

/ / /

/ / /

/ / /

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 29, 2018 in the People's Republic of China.


*/s/ Junwen "James" Chiu*
Junwen "James" Chiu

SMRH:4850-9945-1294.1    CHIU DECLARATION ISO ADMINISTRATIVE MOTION TO SEAL

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Leo D. Caseria, attest that the signatory of this document, and on whose behalf the filing is submitted, concurs with the filing's content and has authorized the filing.

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By    _/s/ Leo D. Caseria_
              Leo D. Caseria

Attorneys for NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., and MEADE INSTRUMENTS CORP.