J. Noah Hagey, Esq. (SBN: 262331)
    hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
    borden@braunhagey.com
Jeffrey M. Theodore, Esq. (SBN: 324823)
    theodore@braunhagey.com
Ronald J. Fisher, Esq. (SBN: 298660)
    fisher@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, Tenth Floor
San Francisco, CA 94104
Telephone:  (415) 599-0210
Facsimile:  (415) 276-1808

ATTORNEYS FOR PLAINTIFF
OPTRONIC TECHNOLOGIES, INC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC., d/b/a Orion Telescopes & Binoculars ®, a California corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., MEADE INSTRUMENTS CORP., and DOES 1 - 25,<br><br>        Defendants. | Case No: 5:16-cv-06370-EJD-VKD<br><br>**PLAINTIFF OPTRONIC TECHNOLOGIES, INC.'S RESPONSE TO THE DECLARATION OF JUNWEN "JAMES" CHIU IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE DOCUMENTS FOR SUMMARY JUDGMENT UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(e) [DKT. NO. 262]**<br><br>**Compl. Filed:**    Nov. 1, 2016<br>**First Am. Compl.:**  Nov. 3, 2017<br>**Trial Date:**      October 15, 2019 |

Case No. 5:16-cv-06370-EJD-VKD

PLAINTIFF'S RESPONSE TO CHIU DECL. ISO PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO
FILE DOCUMENTS FOR SUMMARY JUDGMENT UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(e)

1    Plaintiff Optronic Technologies, Inc. ("Orion") respectfully submits this Response in

2  opposition to the Declaration of Junwen "James" Chiu in Support of Plaintiff's Administrative

3  Motion for Leave to File Documents Filed in Support of Motion for Summary Judgment Under

4  Seal Pursuant to Civil Local Rule 79-5(e) (Dkt. No. 262) (the "Chiu Declaration").

5                                    **INTRODUCTION**

6    This Response is necessary to rebut Defendants' specious claims of attorney-client privilege

7  over Exhibits 17, 33-35, 37-39, 44, and 45 (the "Unprivileged Exhibits") to the Declaration of

8  Ronald J. Fisher regarding the sealing of documents submitted with Orion's Motion for Summary

9  Judgment (Dkt. No. 255-1) (the "Fisher Declaration").  These documents are all emails between

10  Defendants, Laurence Huen—a member of the executive committee of Defendants' competitor

11  Celestron—and Defendants' deal lawyers at Sheppard Mullin Richter & Hampton LLP.

12  Defendants fail to disclose that in resolving the parties' privilege disputes, United States Magistrate

13  Judge Virginia DeMarchi held:  "Having shared these materials with a third party, Laurence Huen,

14  defendants may not assert attorney-client privilege over the subject matter disclosed in these

15  communications."  (Dkt. No. 196 3:21-22.)

16    As shown below and in the accompanying Declaration of Matthew Borden in Support of

17  Orion's Response to Declaration of James "Junwen" Chiu ("Borden Declaration"), Defendants may

18  not claim privilege over the Unprivileged Exhibits for at least three reasons.  First, Judge DeMarchi

19  has already expressly held that Defendants may not claim privilege over documents Defendants

20  intentionally disclosed to an officer of their competitor, Laurence Huen.  (*Id.*)  Second, Defendants

21  expressly withdrew their claims of privilege over Unprivileged Exhibits 17 and 44-45 when Orion

22  challenged them.  Third, Defendants have never before claimed that Unprivileged Exhibits 33-35

23  and 37-39 were privileged, and in fact expressly represented to Magistrate Judge DeMarchi that

24  they were not, triply waiving any possible privilege or confidentiality.  (Dkt. No. 173.)

25    Defendants' claim of privilege should therefore be rejected, and the exhibits to the Chiu

26  Declaration unsealed except as necessary to redact personal home addresses or cell phone numbers.

27

28

1

**A.      Magistrate Judge DeMarchi Held That the Attorney-Client Privilege is Waived As To Any Communications Including Laurence Huen**

2      All the Unprivileged Exhibits are communications between Defendants, Sheppard Mullin

3 and Laurence Huen.  Former Celestron and Meade CEO Joseph Lupica testified that Laurence

4 Huen was a member of the executive committee of Celestron, Defendants' competitor.  (*E.g.*,

5 Borden Decl., Ex. 5 29:1-32:1 (describing Huen's role as "[t]o review Celestron's financial

6 statements, budgets, operational plans," and to "provide advice to the investors."); *see also id.*

7 26:24-27:4, 28:16-25, 361:10-18.)

8      In ruling on Orion's motion for a subject-matter waiver of privilege, Magistrate Judge

9 DeMarchi has already specifically held that disclosure of communications to Mr. Huen constituted

10 a waiver of the attorney-client privilege.  As she explained: "Having shared these materials with a

11 third party, Laurence Huen, defendants may not assert attorney-client privilege over the subject

12 matter disclosed in these communications."  (Dkt. No. 196 3:21-22.)  Defendants never appealed

13 Judge DeMarchi's Order.  Thereafter, Orion used Unprivileged Exhibits 44 and 45 in depositions,

14 along with documents with the same senders and recipients as Unprivileged Exhibits 33-25 and 37-

15 39, without any objections from Defendants.

16      Defendants' claim of privilege over these documents in the Chiu Declaration—and its

17 assertion that the privilege was not waived because Mr. Huen was a 'translator'—is thus wholly

18 meritless.  It is a dishonest collateral attack on Judge DeMarchi's Order.  Moreover, it is entirely

19 counterfactual because Defendants' own officers (and Celestron's officers) all testified that Mr.

20 Huen was one of the three members of Celestron's executive committee, the other two of whom are

21 the sister and brother-in-law of Synta's Chairman, David Shen.[1]  Borden Decl., Ex. 5; Ex. 6

22 (Anderson Dep. 66:21-67:18).  This committee oversaw the business operations of Celestron,

23 which is wholly-owned by Defendant Ningbo Sunny's horizontal competitor, and settling co-

24 conspirator, Synta.  Because all the Unprivileged Exhibits are emails that were sent to an officer of

25

26 ───────────────

[1] It bears mention that the lone out-of-circuit authority Defendants cite for this proposition (Chiu Declaration ¶¶ 8, 10) does not even address translation; rather, it stands for the uncontroversial proposition that communications between litigation counsel and consulting financial experts are privileged.  *See Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 139 (E.D. Tex. 2003).

27

28

Defendants' competitor, Mr. Huen—who Judge DeMarchi has already held to be outside of

Defendants' attorney-client privilege—Defendants may not claim privilege over any of the

Unprivileged Exhibits.

**B.     Defendants Withdrew Their Claim of Privilege Over Exhibits 17 & 44-45 in July 2018 When Orion Challenged These Claims in Defendants' Privilege Log**

Defendants initially claimed attorney-client privilege over Unprivileged Exhibits 17 and 44-45, but withdrew these claims and produced these documents to Orion in response to Orion's challenge of Defendants' privilege claim.[2]

Unprivileged Exhibits 17 and 44-45 are emails between Defendants, Laurence Huen, an officer of Defendants' horizontal competitor, and Defendants' transactional lawyers, Sheppard Mullin.  These emails were produced by Defendants and bear the initial bates numbers NSE2696876 and NSE2696878, respectively.

Defendants served their privilege log on Orion on July 12, 2018.  The next day, Orion sent Defendants a letter challenging Defendants' claim of privilege over 21 communications that included David Shen (the principal of Defendants' horizontal competitor Synta) and his employee Laurence Huen.  (Borden Decl., Ex. 1 (July 13, 2018 Letter from R. Fisher to L. Caseria).)  In that letter, Orion wrote:

> As you know, on May 7, 2018 (i.e., before the close of document discovery) Orion wrote Defendants demanding that Mr. Huen be included as a document custodian in Defendant production. Orion argued "that Mr. Huen appears to have been engaged by Defendants as a translator, and that thus [Mr. Huen's] emails are accordingly within Defendants' possession, custody, or control." But Defendants refused, writing that "Mr. Huen was not an employee of Defendants." Defendants further stated that they "believe [Mr. Huen] may have been an employee or agent of Synta, but you would need to confirm that with Synta or Mr. Huen."
>
> In light of the foregoing, any communication with Mr. Huen cannot be protected from disclosure by the attorney-client privilege. Orion therefore asks that you produce the following documents disclosed on your privilege log as including Mr. Huen: [listing documents].

*Id.*

---

[2] Fisher Declaration Exhibits 17 and 44-45 are filed on the docket at Dkt. Nos. 255-36, 255-90, and 255-92, respectively.  Exhibit 17 is a declaration certifying Orion's translations of Exhibits 44-45.

On July 19, 2018, Defendants and Orion met and conferred regarding Orion's challenge to Defendants' claim of privilege over the 21 communications identified in Orion's letter, and Defendants agreed to produce all of them. (Borden Decl., Ex. 2 (July 20, 2018 from D. Ballard to R. Fisher agreeing to "produce the 21 documents Orion identified").) That same day, Defendants produced these documents to Orion in a production spanning the bates numbers NSE2696474 – NSE2696939. (*Id.*, Ex. 3.) That production included Unprivileged Exhibits 17 and 44-45 (which bear the initial bates numbers NSE2696876 and NSE2696878, respectively).

Defendants conceded that these documents were not privileged in an argument before Magistrate Judge DeMarchi months later. As Defendants explained to Judge DeMarchi:

> Only certain documents are sent to these individuals. And there's no dispute as to those documents. We are producing those. We produced 22 of them.
>
> When Orion flagged that some of these were in our privilege log, we looked at them and we produced them. There's no dispute about those. The only dispute is as to things that have not been shared with these individuals.

(Borden Decl., Ex. 4 (Sept. 11, 2018 Hrg. Trans. 17:23-18:5).) Moreover, Orion used Unprivileged Exhibits 44 and 45 in deposition without any privilege objection by Defendants.

In sum, Defendants knowingly and voluntarily waived any claim of privilege and confidentiality over Exhibits 17 and 44-45 of the Fisher Declaration over a year ago in response to Orion's challenge to Defendants' initial claim of privilege. Even if these documents were once privileged (and as explained above, Judge DeMarchi has held they were not), Defendants cannot now assert the privilege at this late stage of litigation after their knowing and voluntary waiver.

### C. Defendants Specifically Represented to Judge DeMarchi That Exhibits 33-35 and 37-39 Are Not Privileged

Defendants' transactional lawyers, Sheppard Mullin, produced Exhibits 33-35 and 37-39[3] to Orion pursuant to an order issued by Magistrate Judge DeMarchi requiring Sheppard Mullin to produce "non-privileged documents regarding the negotiation and financing of the acquisition of Meade Instruments Corp. (or any predecessor entity) by Sunny Optics, Inc. and Ningbo Sunny

---

[3] Dkt. Nos. 255-68, 255-70, 255-72, 255-76, 255-78, and 255-80 respectively.

1 | Electronic Co., Ltd." (Dkt. No. 135.)  To date, Defendants have never made any claim of privilege

2 | over these exhibits.  To the contrary, Defendants have expressly represented to the Court that these

3 | exhibits are *not* privileged.

4 |       On October 5, 2018, Orion filed a motion contending that Sheppard Mullin's

5 | communications regarding the Meade acquisition with Mr. Huen constituted a subject-matter

6 | waiver of the attorney-client privilege.  (Dkt. Nos. 173; 171-4 (unredacted).)  Orion's motion

7 | specifically identified Exhibits 33-35 and 37-39 by bates number, among other documents, as a

8 | basis for its motion.[4]  (*Id*. at 3.)

9 |       Defendants' opposition to Orion's motion specifically represented that no document

10 | identified by Orion's motion was privileged:

11 | > [N]one of the documents Orion bases its motion on are privileged

12 | > communications made for the purpose of rendering or soliciting legal advice. Instead, they relate to the FTC's specific questions, facts

13 | > gathered in response to those questions, communications to the FTC, and discussions or updates of these topics. [citation.] Because they are

14 | > not privileged to begin with, disclosure to third parties cannot form the basis of any waiver.

15 | (*Id*. at 7.)  Magistrate Judge DeMarchi's order took specific note of this representation.  Dkt. No.

16 | 196 2:10-12 ("First, defendants say that none of the documents they have already produced

17 | contains advice of counsel or any other presumptively privileged communication, so no waiver

18 | flows from Mr. Huen's participation in those communications.").

19 |       Again, even if these documents were ever privileged (and the Court has held they were not),

20 | Defendants' express representation to the Court that Exhibits 33-35 and 37-39 are not privileged

21 | was a knowing and voluntary waiver of the privilege.  Defendants cannot walk back that

22 | representation for their convenience simply because Orion has now relied on these documents in its

23 | motion for summary judgment.

24 |

25 |

26 |

27 |

28 | [4] Exhibits 33-35 and 37-39 bear the initial bates numbers SMRH-0010511, SMRH-0010513, SMRH-0001065, SMRH-0001105, SMRH-0001110, and SMRH-0008309.

**D.      There Are No Compelling Reasons to Seal the Exhibits to Orion's Dispositive Motion Beyond Redaction of Personal Contact Information**

Defendants must show "compelling reasons" to seal documents filed in support of Orion's Motion for Summary Judgment.  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[C]ompelling reasons" must be shown to seal judicial records attached to a dispositive motion.").

> '[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.  [citations.] The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.*

Defendants have identified certain exhibits filed in support of Orion's Motion for Summary Judgment that contain home addresses or personal cell phone numbers of individuals.  Chiu Decl. ¶¶ 7, 9, 10 (discussing Fisher Declaration Exhibits 14, 20-21, 39).  Orion agrees that this personal information is sealable under the compelling reasons standard and should be redacted, but disagrees that compelling reasons exist to seal the remainder of the exhibits discussed in the Chiu Declaration.

The information in the exhibits sought to be sealed by the Chiu Declaration simply does not rise to the level of a trade secret sufficient to warrant sealing under the compelling reasons standard.  *See* Cal. Civil Code § 3426.1(d) (Uniform Trade Secret Act):

> "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

The Chiu Declaration does not even contend that the exhibits filed in support of Orion's dispositive motion (other than Fisher Declaration Exhibits 6 & 50) contain trade secrets.  Some of these documents were even shared with Defendants' horizontal competitor Synta.  (Chiu Decl. ¶ 12(a).)

1    Accordingly, there is no basis to seal these documents on the grounds that they would disclose

2    trade secrets.

3            The true reason Defendants seek sealing is to avoid scrutiny from government agencies

4    misled by Defendants in the course of the Meade acquisition, such as the FTC.  But that is not a

5    compelling reason sufficient to outweigh the public's interest in access to court records.

6    *Kamakana*, 447 F.3d at 1179.

7            Accordingly, the exhibits discussed in the Chiu Declaration should be unsealed except to

8    the extent necessary to redact personal home addresses or cell phone numbers in Fisher Declaration

9    Exhibits 14, 20-21, & 39.

10                                   <u>**CONCLUSION**</u>

11            For the foregoing reasons, Defendants' claim of privilege over the Unprivileged Exhibits in

12   the Chiu Declaration should be rejected in full, and the documents ordered unsealed except to the

13   extent necessary to redact personal home addresses or cell phone numbers.

14

15   Dated:   July 31, 2019                          BRAUNHAGEY & BORDEN LLP

16
                                                     By:    /s/ *Matthew Borden*
17                                                          Matthew Borden, Esq.

18                                                   Attorneys for Plaintiff OPTRONIC
                                                     TECHNOLOGIES, INC. d/b/a Orion
19                                                   Telescopes & Binoculars ®

20

21

22

23

24

25

26

27

28

PLAINTIFF'S RESPONSE TO CHIU DECL. ISO PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO
FILE DOCUMENTS FOR SUMMARY JUDGMENT UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(e)