SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
LEO D. CASERIA, Cal. Bar No. 240323
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:    213.620.1780
Facsimile:    213.620.1398
E-mail:       lcaseria@sheppardmullin.com

MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
DYLAN I. BALLARD, Cal. Bar No. 253929
NADEZHDA NIKONOVA, Cal. Bar No. 293728
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:    415.434.9100
Facsimile:    415.434.3947
E-mail:       mscarborough@sheppardmullin.com
              dballard@sheppardmullin.com
              nnikonova@sheppardmullin.com

DAVID R. GARCIA, Cal. Bar No. 151349
1901 Avenue of the Stars, 16th Floor
Los Angeles, California 90067
Telephone:    310.228.3700
Facsimile:    310.228.3701
E-mail:       drgarcia@sheppardmullin.com

Attorneys for Defendants NINGBO SUNNY
ELECTRONIC CO., LTD., SUNNY OPTICS,
INC., and MEADE INSTRUMENTS CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC. d/b/a Orion Telescopes & Binoculars, a California corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., MEADE INSTRUMENTS CORP., and DOES 1-25,<br><br>            Defendants. | Case No. 5:16-cv-06370-EJD-VKD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO PRECLUDE TESTIMONY BY JEFFREY REDMAN**<br><br>Date:      September 12, 2019<br>Time:      9:00 am<br>Judge:    Hon. Edward J. Davila<br>Location:  Courtroom 1 – 5th Floor |

Case No. 5:16-cv-06370-EJD-VKD

## I.    INTRODUCTION

Defendants Ningbo Sunny Electronic Co. Ltd. ("Ningbo Sunny"), Sunny Optics Inc. ("Sunny Optics"), and Meade Instruments Corp. ("Meade") (collectively, "Defendants") oppose Plaintiff Orion's motion to preclude the testimony of Jeffrey Redman because Mr. Redman is qualified to critique Dr. Zona's damages calculations and assumptions.  Mr. Redman's testimony is relevant and reliable because he applies his knowledge and experience in damages calculations, financial forensics, and accounting to spot weaknesses in certain of Dr. Zona's calculations and underlying assumptions.  As demonstrated below, it is well settled in the federal courts that accountants and business analysts can rebut assumptions and the financial plausibility of damage estimates by economists estimating damages using econometric models.  Mr. Redman may also testify about the applicability of Dr. Sasian's opinions from a damages perspective.  All of the issues raised in Plaintiff's motion go to the weight of Mr. Redman's testimony, not admissibility. Accordingly, Plaintiff's motion to preclude Mr. Redman should be denied. [1]

## II.    MR. REDMAN IS QUALIFIED TO REBUT ORION'S DAMAGES EXPERT, WHO IS AN ECONOMIST

Plaintiff Orion asserts that Mr. Redman—a damages expert with over 35 years of experience who holds a  Bachelor of Science degree in Management and the designation of Certified Fraud Examiner—cannot critique the damages estimate of an economist as a matter of law.  This position is directly contrary to Fed. R. Evid. 702, which "expressly contemplates that an expert may be qualified on the basis of experience."  *M-Edge Accessories LLC v. Amazon.com Inc.*, 2015 WL 403164, at *15 (D. Md. Jan. 29, 2015); *see also Kumho Tire*, 526 U.S. at 155 ("no one denies that an expert might draw a conclusion from a set of observations based on extensive

---

[1] Orion's Motion to Preclude Mr. Redman should also be denied or stricken because it is untimely. *Ammons v. Bakewell,* No. 11-17534, 481 Fed. Appx. 389, at *2 (9th Cir. 2012) (affirming district court's discretion to strike summary judgment motion filed after the deadline; plaintiff failed to show "good cause" for the late filing).  While the Court's Pretrial Order set a deadline of July 25, 2019 for all dispositive motions, including *Daubert* motions, (Pretrial Order) (ECF No. 239) at 1, Orion's motion was not filed until July 26th without seeking leave to extend the deadline or showing good cause why it was late.

and specialized experience"); *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.*, 2008 WL 1971538 (S.D.N.Y. May 7, 2008) (*citing Walker v. Soo Line R.R.*, 208 F.3d 581, 591 (7th Cir. 2000)) ("Rule 702 specifically contemplates the admission of testimony by experts whose knowledge is based on experience rather than formal education").

"In the Ninth Circuit, Rule 702 contemplates a ***broad conception of expert qualifications***." *Oracle Am. Inc. v. Hewlett Packard Enter. Co.*, 2018 WL 6511146, at \*1 (N.D. Cal. Dec. 11, 2018). "The notion that *Daubert* requires ***particular credentials*** for an expert witness is ***radically unsound***. The Federal Rules of Evidence . . . do not require that expert witnesses be academics or PhDs . . . Anyone with relevant expertise enabling him to offer responsible opinion testimony helpful to judge or jury may qualify as an expert witness." *Tuf Racing Prods., Inc. v. Am. Suzuki Motor Corp.*, 223 F.3d 585, 591 (7th Cir. 2000) (collecting authorities); *see also Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 87 F. Supp. 3d 928 (N.D. Cal. 2015) ("To testify as an expert, an individual ***need not be officially credentialed*** in the specific matter under dispute") (citing *Massok v. Keller Indus., Inc.*, 147 Fed.Appx. 651, 656 (9th Cir. 2005)).

Mr. Redman holds a Bachelor of Science degree in Management and the designation of Certified Fraud Examiner. Dkt. 257-4 (Redman Report), at ¶ 2. Mr. Redman has over 35 years of experience conducting financial forensics, consulting, and financial reviews, as well as "thousands of hours of consulting" experience building cost accounting systems. *Id*. at ¶ 2-4. In other words, Mr. Redman has countless hours of experience sifting through and analyzing accounting and financial data in various industries for consulting projects and litigation. He currently heads his own financial forensics firm and previously worked at accounting and consulting firms, including Ernst & Young. *Id*. at ¶ 1. Mr. Redman has previous testifying experience, including in a below cost pricing case, and has never been excluded by a court. In this case, as described more fully below, Mr. Redman applies his specialized training as a damages expert to Dr. Zona's faulty assumptions, incorrect calculations, and misapplications of accounting and financial principles.

Courts routinely allow non-economists, like Mr. Redman, to rebut economists, like Dr. Zona, in similar cases. *See*, *e.g.*, *Oracle*, 2018 WL 6511146, at \*3-4 (holding that a consultant who has a Bachelor of Science in accounting and 30 years' experience "is qualified by virtue of

his training, background, and experience" to render a damages analysis); *Copeland v. Bieber*, 2016 U.S. Dist. LEXIS 178811, at *1-3 (E.D. Va. 2016) (qualifying an accountant to rebut a music industry economist because the accountant can point out "inconsistencies between calculations underlying [the economist's opinion and the financial statements he reviewed" as well as "potential weaknesses in [the economist's] assumptions, which are based on his selection of the data set"); *TC Sys. Inc. v. Town of Colonie*, 213 F. Supp. 2d 171, 178 (N.D.N.Y. 2002) (qualifying an engineer to rebut the professional analysis of an accountant and an economist based on "the engineer's work experience and prior agency testimony"; rejecting the proposition that "the mere fact Krumm is not an economist or certified public accountant, he is per se unqualified to rebut"); *Thomas v. Deloitte Consulting LP*, 2004 WL 5499955, at *4 (N.D. Tex. Nov. 30, 2004) (rejecting plaintiff's argument that an accountant who is also a certified fraud examiner and a financial analyst "is not qualified to testify with respect to her post-termination income because he has no special expertise in employment law").

Other courts agree that a damages expert with qualifications similar to Mr. Redman can rebut an economist. *Engineered Prods. Co. v. Donaldson Co.*, 313 F. Supp. 2d 951, 1008-1011 (N.D. Iowa 2004) (denying motion to exclude an expert accountant because he was qualified to rebut the economist's lost profit damages even though the economist conducted econometric analysis); *Tuf Racing Prods., Inc. v. Am. Suzuki Motor Corp.*, 223 F.3d 585, 591 (7th Cir. 2000) (rejecting the argument that an "accountant should not have been permitted to testify as an expert witness because he does not have a degree in economics or statistics or mathematics or some other 'academic' field that might bear on the calculation of damages"); *Companhia Energetica Potiguar v. Caterpillar Inc.*, 2017 U.S. Dist. LEXIS 91522, at *102 (S.D. Fla. June 12, 2017) ("This experience is sufficient, notwithstanding his status as a non-accountant"); *SMD Software, Inc. v. EMove, Inc.*, 945 F. Supp. 2d 628, 640-41 (E.D.N.C. 2013) (rejecting *Daubert* challenge where damages expert "is neither an accountant nor an economist, has not taken training on how to calculate damages, and has never before been proffered as an expert on damages" because "he has experience in analyzing profit and loss sheets and business expenses" and had some econometric knowledge from a different field); *see also In re LIBOR-Based Fin. Instruments Antitrust Litig.*,

299 F. Supp. 3d 430, 468 (S.D.N.Y. 2018) ("an expert should not be required to satisfy an overly narrow test of his own qualifications").

Orion spends about seven pages in its Motion to Preclude debating and weighing Mr. Redman's credentials and prior experience. *See* Dkt. 258 (Plf. Redman Mot.), at 4:12-22, 5:22-11:28. To the extent the plaintiff takes issue with Mr. Redman's credentials or prior testifying or teaching experience, the proper venue is at trial by "*[v]igorous cross examination*, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert*, 509 U.S. at 596. "A lack of specialization does not affect the admissibility of the opinion, but *only its weight*." *Thomas v. Deloitte Consulting LP*, 2004 WL 5499955, at *3-4 (N.D. Tex. Nov. 30, 2004). "Whether that [expert's] experience is an exact fit with the particulars of this case is a matter for *cross-examination*." *Oracle*, 2018 WL 6511146, at *7; *see also TC Sys.*, 213 F. Supp. 2d at 178 ("With regard to expert witness testimony, the fact that a witness's qualifications are not unassailable does not mean the witness is incompetent to testify; rather it is for the jury, with the assistance of vigorous cross-examination, to measure the worth of the opinions.").

## III. MR. REDMAN PROPERLY REBUTS ORION'S DAMAGES EXPERT AND HIS TESTIMONY MEETS THE *DAUBERT* STANDARD

Mr. Redman is a damages expert with over 35 years of experience in calculating damages, setting up cost accounting systems for large companies, knowledge of financial analyses and accounting, and the like. Mr. Redman only critiques certain of Dr. Zona's methodologies, assumptions and calculations based on Mr. Redman's own specialized knowledge and experience.

Mr. Redman is serving as a *rebuttal* expert in this case. *See Sarantis v. ADP, Inc.*, 2008 WL 4057007 at *5 (D. Ariz. 2008) ("the function of rebuttal evidence is to explain, repel, counteract or disprove evidence of the adverse party") (collecting authorities). As a rebuttal expert, Mr. Redman does not need to do more than repel, counteract, disprove, or contradict Dr. Zona. *See United Energy Trading, LLC v. Pac. Gas & Elec. Co.*, 2018 WL 5013580, at *5 (N.D. Cal. Oct. 16, 2018) ("UET does not suggest why an expert must do more than contradict another expert opinion's evidentiary basis in order to survive *Daubert*.").

Testing and challenging assumptions is proper rebuttal testimony. *DPWN Holdings Inc. v. United Air Lines, Inc.*, 2019 WL 1515231 (E.D.N.Y. Feb. 20, 2019) (upholding as proper expert testimony the "defendants' rebuttal to *one component* of plaintiffs' experts' damages analyses"). Assumptions based in accounting and financial analysis are not the exclusive purview of Ph.D. economists. *Id*. ("The experts can battle at trial about why their assumptions were correct. But a disagreement over which assumptions are right and which are wrong is not a disagreement over the reliability of the underlying method itself — which is, after all, the sole purpose of the Court's gatekeeping role under *Daubert*."). Mr. Redman does not need to put forward, and does not put forward, affirmative testimony. So long as he critiques one component of Dr. Zona's model or calculation, Mr. Redman is providing sufficient rebuttal testimony.

Plaintiff's primary concern is that "Mr. Redman purports to rebut the *econometric* analyses of Dr. Zona . . ." Redman Mot., 4:27-28 (emphasis added). This statement is a mischaracterization of Mr. Redman's analyses and testimony. Mr. Redman analyzes and criticizes a subset of Dr. Zona's assumptions that are based on accounting and financial analysis principles that Dr. Zona either misapplies or gets wrong. Mr. Redman also compares Dr. Zona's final damages numbers with Orion's own financial statements and Meade's financials to show that Dr. Zona generates absurd damages that do not jive with the real world facts on this case. Mr. Redman never runs a regression or touches on purely econometric concepts.

Mr. Redman does not need to "understand the regression analysis" to critique Dr. Zona's underlying assumptions, calculations, and damages results. "Forensic accountants are specialists in the financial and accounting angles to valuing businesses and calculating lost profits. Given the nature of the work, it is reasonable for forensic accountants . . . to rely on and use basic economic data in their investigations of businesses and profits. . . . The Defendants can therefore assail [plaintiff's] position without having to show what the correct amount of [plaintiff's] damages would be. Nor has [plaintiff] shown how [forenssic accountant] would need to know the correct answer to be able to point out flaws in [plaintiff's] methodology." *Leon v. Kelly*, 2009 U.S. Dist. LEXIS 39010, at \*44-45, 56 (D.N.M. Jan. 1, 2009); *see also On Track Innovations Ltd. v. T-Mobile USA, Inc.*, 106 F. Supp. 3d 369, 413-14 (S.D.N.Y. 2015) (collecting authorities) ("The

function of rebuttal evidence is to ***explain or rebut*** evidence offered by the other party. . . the expert's testimony should be to explain, repel, counteract or disprove evidence presented by the expert to whom he or she is responding"); *id*. (holding that not calculating "own proposed reasonable royalty amount" does not "mean that Mr. Davies' testimony does not serve to rebut many of the ***key assumptions*** undergirding Dr. Meyer's proposed royalty.") (emphasis added).

Moreover, Dr. Zona uses econometrics in a relatively small portion of his report and testimony. For example, Dr. Zona's damages calculations relating to the Meade acquisition and the Hayneedle acquisition—which are about half of the total alleged damages—are simple mathematical calculations that use no econometrics and that Mr. Redman shows are based on faulty or unsupported assumptions. Where Dr. Zona does use econometrics, Mr. Redman only comments on key assumptions, or rebuts other input parameters that may have been inaccurately calculated. Mr. Redman only critiques and analyzes those assumptions and components of Dr. Zona's calculation on which he has direct expertise. This is proper rebuttal testimony.

As explained in the previous section, courts have routinely qualified non-economists to critique economists, so long as the criticism is rooted in the education or experience of the non-economist. *See Copeland v. Bieber*, 2016 U.S. Dist. LEXIS 178811, at *1-3 (E.D. Va. 2016) ("Deans' [the accountant's] testimony challenging Massarsky's [the economist's] calculations is based largely, if not exclusively, on a quantitative analysis. He does not try to argue from any superior understanding of the music business. Rather, he points out what he perceives are inconsistencies between calculations underlying Massarsky's opinion and the financial statements he reviewed."). Mr. Redman leaves the technical econometrics rebuttal to Dr. Saravia. Mr. Redman focuses only on critiquing Dr. Zona's assumptions that are contrary to basic accounting and financial principles, and on explaining why Dr. Zona's damages figures make no logical sense in light of Orion's own financials. For example, Mr. Redman points out that Dr. Zona makes an accounting mistake because of Dr. Zona's lack of real-world accounting experience. Dkt. 257-4 (Redman Rep.) at ¶¶ 55-57 (explaining that using EBITDA as proxy for gross margin is incorrect from an accounting perspective). In another example, Mr. Redman shows that Dr. Zona has overestimated damages because they would be many times over Orion's highest annual revenues.

*Id*. at ¶¶ 115 (calculation to show that Dr. Zona's damages related to lost synergies are 107 to 240 time greater than Orion's highest EBITDA), 161 (showing that Dr. Zona's damages are 29 to 67 times higher than Orion's actual financial results).  Again, Mr. Redman is not criticizing the regression itself or running any regressions, but he is criticizing certain underlying assumptions that are in his area of expertise.  Any issue Orion has with Mr. Redman's analysis should be addressed by vigorous cross examination at trial, not exclusion.

Plaintiff further mischaracterizes Mr. Redman's report and testimony by claiming that Mr. Redman proposed his own methodology.  He did not.  Mr. Redman criticizes Dr. Zona for not taking important case facts into account, like actual prices, defendant data, evidence that contradicts the damages relevant period, etc.  Explaining how Dr. Zona's assumptions and analyses and are untethered to the facts of the case is proper rebuttal testimony.  Plaintiff can challenge Mr. Redman's critiques of Dr. Zona's methodology with vigorous cross examination.

All of plaintiff's critiques go to weight, not admissibility.  Plaintiff is free to "vigorously cross examine" Mr. Redman and have the expert "battle" at trial.  *See Daubert*, 509 U.S. at 595-96 ("***Vigorous cross-examination***, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 87 F. Supp. 3d 928, 941 (N.D. Cal. 2015) ("Shaky but admissible evidence that must be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion.") (citing *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010)); *DPWN Holdings Inc. v. United Air Lines, Inc.*, 2019 WL 1515231, *11 (E.D.N.Y. Feb. 20, 2019) ("The experts can battle at trial about why their assumptions were correct. But a disagreement over which assumptions are right and which are wrong is not a disagreement over the reliability of the underlying method itself — which is, after all, the sole purpose of the Court's gatekeeping role under *Daubert*"); *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) ("A factual dispute is best settled by a ***battle of the experts*** before the fact finder, not by judicial fiat. Where two credible experts disagree, it is the job of the fact finder, not the trial court, to determine which source is more credible and reliable.") (emphasis added).

**IV.     MR. REDMAN'S TESTIMONY IS NOT CUMULATIVE WITH DR. SARAVIA**

Mr. Redman's testimony is not "cumulative" because he attacks assumptions and damages from a financial perspective, while Dr. Saravia critiques Dr. Zona from an economics and econometrics perspective.  Orion cannot argue both that Mr. Redman is unqualified due to lack of economics training, and at the same time argue that his testimony is somehow cumulative with that of an econometrician.  *See Gaedeke Holdings VII, Ltd v. Baker*, 2015 WL 11570978, at *4 (W.D. Okla. Nov. 30, 2015) ("the Court finds that the damages opinions of these experts should not be excluded as duplicative and cumulative. . . . *each expert presents a unique perspective to the issue of damages*. Mr. Becker is an economist who has unique experience assessing facts and circumstances in complex litigation, particularly in the oil and gas industry from the *viewpoint of an economist*. Mr. Payne is an *accountant*, *business valuator*, and appraiser whose opinion delineates wrongful act factors from non-wrongful factors and calculates expected revenues and expenses from those factors.").

Orion does not contend that Mr. Redman and Dr. Saravia's conclusions are inconsistent, and even points to Dr. Saravia not having an economic opinion on certain accounting issues.  The fact that Mr. Redman and Dr. Saravia reached some similar conclusions *independently* using different methodologies strengthens their conclusions and testimony.

**V.     MR. REDMAN PROPERLY RESPONDS TO ORION'S TELESCOPE TECHNOLOGY EXPERT, DR. SASIAN, FROM A DAMAGES PERSPECTIVE [2]**

Plaintiff alleges that "Mr. Redman purports to rebut . . . the *technical* analyses of Dr. Sasian."  Redman Mot., 4:27-28 (emphasis added).  Plaintiff next makes a strawman argument that Mr. Redman is not qualified to testify about the technical aspects of "lens making" and "telescope manufacturing."  Plf. Mot., 3:1-4, 19:14-26.  Mr. Redman, of course, is not offering an opinion on the purely technical aspects of telescope making.  Mr. Redman assesses to what extent Dr. Sasian's conclusion could impact damages.  Experts can testify within their area of expertise,

---

[2] This issue of whether Mr. Redman can analyze Dr. Sasian's conclusion from a damages perspective will be moot if the Court grants Defendants' pending motion to strike Dr. Sasian.

and Mr. Redman is doing just that by analyzing the potential impact of Dr. Sasian's conclusion on damages.

Plaintiff then argues that Mr. Redman's testimony is not true rebuttal testimony. The role of a rebuttal expert is to "contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii); *see also Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008) ("The proper function of rebuttal evidence is to **contradict**, **impeach** or **defuse the impact** of the evidence offered by an adverse party") (emphasis added); *Crowley v. Chait*, 322 F. Supp. 2d 530, 550–51 (D.N.J. 2004) (rebuttal evidence is properly admissible when it will "**explain**, repel, counteract or disprove the evidence of the adverse party") (emphasis added). Although Mr. Redman is not impinging on Dr. Sasian's expertise, Mr. Redman is contextualizing Dr. Sasian's technical testimony with respect to its applicability to damages, so the jury is not misled.

It is important for Mr. Redman to qualify Dr. Sasian's testimony on damages because it has a high likelihood of confusing the jury. For example, Dr. Sasian goes beyond his expertise in contending that "it would have been **easy** for Sunny to manufacture the telescopes that Synta made for Orion without **significantly modifying its machinery and operations**." Dkt. 257 (Sasian Rep.) at ¶ 60 (emphasis added). This testimony could mislead a jury to attribute damages to telescopes that defendants would have never have actually manufactured because they would not have been profitable or for other business reasons. Even Plaintiff agrees that Dr. Sasian would not be qualified to offer testimony about "whether it would be *feasible* or *profitable* for Sunny or Synta to produce such products." Plf. Mot., 3:28-4:2 (emphasis in original). The only way to qualify and contextualize Dr. Sasian's opinions is through a "battle of the experts" and vigorous cross examination. If Dr. Sasian is allowed to testify, Mr. Redman should be allowed to put this testimony into perspective with respect to damages. It is thus imperative that Mr. Redman is allowed to testify to the variables that would affect damages, like profitability and business decisions, if Dr. Sasian is allowed to testify about manufacturing capability.

**VI.    CONCLUSION**

For the foregoing reasons, the Court should deny plaintiff's motion to preclude Mr. Redman.


Dated:  August 8, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By      _____/s/ David R. Garcia_____
                      DAVID R. GARCIA

Attorneys for Defendants NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., and MEADE INSTRUMENTS CORP.

Case No. 5:16-cv-06370-EJD-VKD

SMRH:4820-4556-8927          DEFENDANTS' OPPOSITION TO MOTION TO PRECLUDE MR. REDMAN