J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
  borden@braunhagey.com
Jeffrey M. Theodore, Esq. (SBN: 324823)
  theodore@braunhagey.com
Ronald J. Fisher, Esq. (SBN: 298660)
  fisher@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, Tenth Floor
San Francisco, CA 94104
Telephone:  (415) 599-0210
Facsimile:  (415) 276-1808

ATTORNEYS FOR PLAINTIFF
OPTRONIC TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC., d/b/a Orion Telescopes & Binoculars ®, a California corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., MEADE INSTRUMENTS CORP., and DOES 1 - 25,<br><br>                    Defendants. | Case No: 5:16-cv-06370-EJD-VKD<br><br>**PLAINTIFF OPTRONIC TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF MOTION TO PRECLUDE TESTIMONY BY JEFFREY REDMAN**<br><br>**Date:**    September 12, 2019<br>**Time:**    9:00 a.m.<br>**Judge:**   Hon. Edward J. Davila<br>**Ctrm:**    4 – 5th Floor<br><br>**Compl. Filed:**     Nov. 1, 2016<br>**First Am. Compl.:** Nov. 3, 2017<br>**Trial Date:**        October 15, 2019 |

Case No. 5:16-cv-06370-EJD-VKD

ORION'S REPLY IN SUPPORT OF MOTION TO PRECLUDE TESTIMONY OF JEFFREY REDMAN

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................ 1

I.  DEFENDANTS CANNOT ESTABLISH THAT MR. REDMAN IS QUALIFIED
    TO OPINE ON DR. ZONA'S ANTITRUST DAMAGES ANALYSIS .......................... 2

    A.  Mr. Redman Lacks Any Training, Experience, or Expertise in Economics,
        Econometrics, or Antitrust Damages ..................................................................... 3

    B.  Defendants' Caselaw Does Not Support Admission of Mr. Redman's
        Unqualified Testimony .......................................................................................... 3

    C.  Defendants Have Nothing to Say about Mr. Redman's Dishonesty Regarding
        His Antitrust Experience........................................................................................ 6

II. DEFENDANTS CANNOT MEET THEIR BURDEN TO ESTABLISH THAT MR.
    REDMAN'S OPINION IS RELIABLE AND RELEVANT ........................................... 7

    A.  Defendants Do Not Deny That Mr. Redman's Report Is Contrary to Antitrust
        Law and Economic Principles and Relies on a Fundamental
        Misunderstanding of Dr. Zona's Work.................................................................. 7

    B.  That Defendants Offer Mr. Redman as a Rebuttal Witness Does Not
        Somehow Make His Testimony Reliable and Relevant ......................................... 9

    C.  Mr. Redman's Purported Opinions Are Superfluous ........................................... 10

III. THE COURT SHOULD EXCLUDE ANY TESTIMONY ABOUT DR. SASIAN'S
     REPORT BECAUSE MR. REDMAN'S OPINION IS NOT REBUTTAL.................... 10

CONCLUSION............................................................................................................................. 13

ORION'S REPLY IN SUPPORT OF MOTION TO PRECLUDE TESTIMONY OF JEFFREY REDMAN

**TABLE OF AUTHORITIES**

Page(s)

*Clear-View Technologies, Inc. v. Rasnick,*
  No. 13-cv-2744-BLF, 2015 WL 3509384 (N.D. Cal. Jun. 3, 2015)............................................ 12

*Companhia Energetica Potiguar v. Caterpillar Inc.,*
  No. 14-24277-CIV-Martinez/ Goodman, 2017 WL 10775768 (S.D. Fla. Jun. 12, 2017).......... 5, 6

*Copeland v. Bieber,*
  No. 2:13cv246, 2016 WL 7042946 (E.D. Va. Sept. 8, 2016).......................................................... 5

*Engineered Prods. Co. v. Donaldson Co.,*
  313 F. Supp. 2d 951 (N.D. Iowa 2004) .................................................................................... 3, 4

*Matthew Enter. v. Chrysler Grp.,*
  No. 13-CV-04236-BLF, 2016 WL 4272430 (N.D. Cal. Aug. 15, 2016) ..................................... 12

*Oracle America, Inc. v. Hewlett Packard Enterprise Co.,*
  No. 16-cv-01393-JST, 2018 WL 6511146 (N.D. Cal. Dec. 11, 2018)........................................... 4

*People v. Kinder Morgan Energy Partners,*
  159 F. Supp. 3d 1182 (S.D. Cal. 2016)...................................................................................... 12

*R & O Const. Co. v. Rox Pro Int'l Grp.,*
  No. 2:09-CV-01749-LRH-LR, 2011 WL 2923703 (D. Nev. July 18, 2011) ............................... 12

*Rothe Dev., Inc. v. Dep't of Defense,*
  107 F. Supp. 3d 183 (D.D.C. 2015)......................................................................................... 5, 8

*SMD Software, Inc. v. EMove, Inc.,*
  945 F. Supp. 2d 628 (E.D.N.C. 2013) ......................................................................................... 4

*TC Systems Inc. v. Town of Colonie, New York,*
  213 F. Supp. 2d 171 (N.D.N.Y. 2002)..................................................................................... 6, 7

*Thomas J. Kline, Inc. v. Lorillard, Inc.,*
  878 F.2d 791 (1989) ................................................................................................................ 2, 3

*Thomas v. Deloitte Consulting LP,*
  No. 3-02-CV-343 M, 2004 WL 5499955 (N.D. Tex. Nov. 30, 2004)............................................ 5

*Torres v. City of L.A.,*
  548 F.3d 1197 (9th Cir. 2008) ................................................................................................... 12

*Tuf Racing Prods., Inc. v. American Suzuki Motor Corp.,*
  223 F.3d 585 (7th Cir. 2000) ....................................................................................................... 4

*Virginia Vermiculite Ltd. v. W.R. Grace & Co. Conn.,*
  98 F. Supp. 2d 729 (W.D. Va. 2000)........................................................................................... 7

ORION'S REPLY IN SUPPORT OF MOTION TO PRECLUDE TESTIMONY OF JEFFREY REDMAN

Plaintiff Optronic Technologies, Inc. d/b/a Orion Telescopes & Binoculars ("Orion") respectfully submits this Reply in Support of its Motion to Preclude Testimony of Jeffrey Redman.

**INTRODUCTION**

Defendants' Opposition to Orion's Motion to Exclude Jeffrey Redman is most notable for what it does *not* say. Across nine pages of generic platitudes, Defendants are unable to identify a single specific criticism of Dr. Zona that Mr. Redman is qualified to offer or that satisfies Daubert's requirements. Defendants say nothing about the fundamental flaws in Dr. Redman's analysis that render his opinions inadmissible. And Defendants do not identify a single opinion Mr. Redman offers that is not cumulative with those offered by Dr. Saravia. Each of these failings is fatal to Mr. Redman's qualifications to rebut Dr. Zona's opinions.

In its Opening Brief, Orion cited a series of cases holding that non-economists with no antitrust experience are not qualified to rebut econometric expert testimony in an antitrust case. Defendants do not address any of these cases and do not dispute that Mr. Redman lacks any credentials or relevant experience or expertise in economics, econometrics, or antitrust damages. Instead, Defendants claim that Mr. Redman is "experienced" and that other courts have allowed non-economists to rebut economists in "similar cases." Opp. at 2. But none of Mr. Redman's purported experience involves critiquing economists in antitrust cases. And none of the cases Defendants cite involved a non-economist attempting to rebut an economist in an antitrust or similar context; those decisions simply permitted certified public accountants to testify about the types of damages in which they specialized.

Mr. Redman might be capable of offering an affirmative opinion on damages using whatever techniques he is purportedly experienced in applying. However, he is being offered as a rebuttal witness. He is not an economist (or even a certified public accountant), does not specialize in or have *any* experience in antitrust damages or in the econometric analyses that he has been retained to rebut, and is incapable of even understanding and engaging with Dr. Zona's methodologies to which he purports to respond. Unsurprisingly, Defendants are unable to cite a single case in which a putative expert with Mr. Redman's experience and qualifications has been

ORION'S REPLY IN SUPPORT OF MOTION TO PRECLUDE TESTIMONY OF JEFFREY REDMAN

permitted to rebut the econometric analysis of an economist in an antitrust case. For this reason alone, Mr. Redman's testimony should be excluded.

As explained in Orion's motion, Mr. Redman's testimony is separately inadmissible because it contains fundamental errors and because it duplicates Dr. Saravia's conclusions. In response, Defendants are unable to identify any specific aspect of Mr. Redman's testimony that he is qualified to offer or that comports with reliable principles of economics. At the same time, Defendants identify no specific opinions that Mr. Redman is qualified to offer and that materially differ from Dr. Saravia's planned testimony. As such, Defendants fail to carry their burden of proving that Mr. Redman's testimony is somehow admissible.

Finally, Defendants do not meaningfully dispute that Mr. Redman is unqualified to rebut Dr. Sasian's technical testimony regarding telescope manufacturing. Defendants admit that Mr. Redman opines on Sunny's financial status and that Dr. Sasian did not offer any testimony on this topic. Indeed, Dr. Sasian is not an expert on damages at all. Because Mr. Redman's proffered testimony does not respond to Dr. Sasian's expert's opinion, it is not rebuttal testimony and is simply an effort to offer affirmative testimony in violation of Rule 26 and Defendants' representations to the Court at the trial-setting conference.

Accordingly, Mr. Redman's testimony should be excluded under Rules 702 and 26.

## I. DEFENDANTS CANNOT ESTABLISH THAT MR. REDMAN IS QUALIFIED TO OPINE ON DR. ZONA'S ANTITRUST DAMAGES ANALYSIS

Orion's opening brief cited multiple antitrust cases establishing that a purported "expert" who is as lacking in relevant education, training, and experience as Mr. Redman cannot qualify under Rule 702 to critique an economist's econometric analysis of antitrust damages. (*See* Dkt. 258 ("Mot.") at 6-11.) For example, the Fourth Circuit held that it was error to admit testimony from an expert who lacked "*any* training in the area of antitrust" or "*any* other experience in such matters." *Thomas J. Kline, Inc. v. Lorillard, Inc.*, 878 F.2d 791, 800 (1989) (cited in Mot. at 8).

In their Opposition, Defendants fail to distinguish – or even address – any of these authorities, which control here. Instead, Defendants trumpet Mr. Redman's "experience." But none of the experience they point to qualifies him to rebut the antitrust damages analysis of an

ORION'S REPLY IN SUPPORT OF MOTION TO PRECLUDE TESTIMONY OF JEFFREY REDMAN

economist. Defendants also claim that courts "routinely" allow non-economists to rebut economists "in similar cases." (Dkt. 273 ("Opp.")) at 2-3. But none of the cases Defendants cite involved antitrust damages or econometric analysis; they simply involved situations where courts acknowledged that an expert had sufficient qualifications to perform his or her own assessment of lost profits or to provide expert testimony about a fact issue relevant to damages. As such, they do not supply a basis to admit Mr. Redman's opinions.

### A. Mr. Redman Lacks Any Training, Experience, or Expertise in Economics, Econometrics, or Antitrust Damages

Defendants claim Mr. Redman has "years of experience conducting financial forensics, consulting, and financial reviews." Opp. at 2. But none of this relates to antitrust damages. Defendants concede that Mr. Redman has absolutely no expertise regarding antitrust damages, regressions, econometrics, or economics – which are the basis of the Zona damages model he purports to rebut. As Orion explained in its opening brief, Mr. Redman has no training in any of these areas and no relevant experience. Mot. at 6-11. Mr. Redman has never calculated damages in an antitrust case, is not qualified to offer opinions from an economic perspective, has no training in econometrics, and did not understand Dr. Zona's regressions. *Id*. He is not even a certified accountant. Defendants do not dispute any of this. They also have nothing to say about any of Orion's cases precluding antitrust economic testimony in analogous circumstances. For this reason alone, Orion's motion should be granted.

### B. Defendants' Caselaw Does Not Support Admission of Mr. Redman's Unqualified Testimony

Defendants' own cases are not to the contrary. In the lone case Defendants cite that they claim is relevant to econometrics, a court in Iowa allowed an economist with an MBA in finance to provide a lost profits analysis. *See Engineered Prods. Co. v. Donaldson Co.*, 313 F. Supp. 2d 951, 1008-1011 (N.D. Iowa 2004) (cited in Opp. at 3). The case had nothing to do with an accountant (or non-accountant such as Mr. Redman) trying to rebut an economist's antitrust damages analysis. Nor did the court "deny a motion to exclude [an] expert accountant because he was qualified to rebut the economist's lost profit damages even though the economist conducted econometric analysis," as Defendants represent. Opp. at 3. Instead, the plaintiff in *Engineered Products*

ORION'S REPLY IN SUPPORT OF MOTION TO PRECLUDE TESTIMONY OF JEFFREY REDMAN

engaged a C.P.A. to present his *own* damages analysis, and the defendant argued that the accountant was unqualified, in part because his damages model did *not* use econometrics. *Id.* at 1008. The court disagreed, holding that the C.P.A.'s methodology was valid for the damages at issue. *Id*. at 1011. *There was no suggestion that the C.P.A. would review or rebut an econometric analysis*, let alone a holding that he was qualified to do so. *Engineered Products* thus stands only for the proposition that a C.P.A. who uses a valid methodology to calculate damages can serve as an expert witness to offer an expert opinion on issues about which he or she is qualified to testify. It provides no support for allowing a witness, such as Mr. Redman, who is neither a C.P.A. nor an economist to rebut an economist's antitrust analysis.

The remainder of Defendants' cases are garden-variety *Daubert* decisions in which courts admitted qualified witnesses to present damages calculations in non-antitrust contexts. These cases might be relevant if Mr. Redman had conducted a damages analysis and this motion were about whether his methodology was valid. But none of these cases offers any support for allowing someone with his lack of credentials to critique antitrust analysis from an industrial economist.

In *Oracle America, Inc. v. Hewlett Packard Enterprise Co.*, No. 16-cv-01393-JST, 2018 WL 6511146 (N.D. Cal. Dec. 11, 2018) (Opp. at 2), an intellectual property case, the defendant proffered a C.P.A. to analyze the plaintiff's damages and assess its expert's report. The court found that the C.P.A. was qualified because he had 30 years of experience consulting on "matters involving IP rights," had "significant experience in IP valuation [and] damages assessment," and had assessed damages in IP cases "on numerous occasions." *Id*. *3. This case therefore stands for the unremarkable proposition that a C.P.A. who specializes in IP damages is qualified to assess IP damages. It provides no support for allowing a non-C.P.A., who has *no* experience calculating antitrust damages (Mot. at 9-11), to dispute Dr. Zona's antitrust damages calculations.

Similarly, in *Tuf Racing Prods., Inc. v. American Suzuki Motor Corp.*, 223 F.3d 585 (7th Cir. 2000) (Opp. at 3), a breach of contract case, the court affirmed the admission of a C.P.A.'s damages calculations over the defendant's objection that a C.P.A.is not qualified to calculate damages. *Id*. at 591 (finding that calculating the discounted present value of future lost earnings was "well within the competence of a C.P.A."); *see also SMD Software, Inc. v. EMove, Inc.*, 945 F.

ORION'S REPLY IN SUPPORT OF MOTION TO PRECLUDE TESTIMONY OF JEFFREY REDMAN

Supp. 2d 628, 640 (E.D.N.C. 2013) (Opp. at 3) (in Lanham Act case, marketing Ph.D. professor who had "specialized knowledge of econometrics" was qualified to offer expert opinion on damages caused by the defendant's product disparagement); *Thomas v. Deloitte Consulting LP*, No. 3-02-CV-343 M, 2004 WL 5499955, \*4 (N.D. Tex. Nov. 30, 2004) (Opp. at 3) (in employment discrimination case, forensic accounting C.P.A. was qualified to testify about whether plaintiff had received payment after her termination in the form of in-kind payment from a family business because the question "involves accounting and tax issues"); *Copeland v. Bieber*, No. 2:13cv246, 2016 WL 7042946 (E.D. Va. Sept. 8, 2016) (Opp. at 3) (in copyright infringement case, C.P.A. who was a valuation specialist was qualified to testify about defendants' revenue from infringing music where his quantitative analysis did not require specialized knowledge of the music industry).

In short, in all the cases Defendants cite, the courts found that the putative experts had the credentials and/or experience to opine on the specific issues before them. That is not the case here. Mr. Redman's total lack of experience calculating antitrust damages or interpreting econometric analysis as well as his lack of education in economics or accounting render him unqualified to rebut Dr. Zona's work. His opinions must be excluded. *See, e.g., Rothe Dev., Inc. v. Dep't of Defense*, 107 F. Supp. 3d 183, 202-03 (D.D.C. 2015) (Mot. at 8) (proffered expert with no education or training in statistical or econometric analysis and no experience working with regression models not qualified to refute regression analysis by doctor of economics).

Defendants also cite two cases in which courts allowed engineers to testify as rebuttal expert witnesses on damages. In both cases, the experts testified about *engineering fact issues* relevant to damages on which they were sufficiently qualified. In neither case did the expert engineer attempt to critique or deconstruct econometric analysis.

In *Companhia Energetica Potiguar v. Caterpillar Inc.*, No. 14-24277-CIV-Martinez/Goodman, 2017 WL 10775768 (S.D. Fla. Jun. 12, 2017) (Opp. at 3), a breach of warranty case involving power plant generators, the defendant's expert was a civil engineer and construction auditor. His testimony was on an engineering issue, *i.e.*, whether a portion of the damages should be attributed to the plaintiff for failing to properly maintain and operate the generators. *Id*. at \*36.

ORION'S REPLY IN SUPPORT OF MOTION TO PRECLUDE TESTIMONY OF JEFFREY REDMAN

The court noted the engineer's extensive experience in quantifying damages relating to power plant issues and found him qualified to testify regarding lost profit allocation. *Id*.

Similarly, in *TC Systems Inc. v. Town of Colonie, New York*, 213 F. Supp. 2d 171 (N.D.N.Y. 2002) (Opp. at 3), a telecommunications case, the court approved an engineer to testify about a factual issue. The plaintiff telecommunications providers challenged the town's policy of charging a percentage of their gross revenues to use the public rights-of-way. The plaintiffs' expert opined that the fee was not related to the town's cost, and that the town should instead calculate and charge its actual costs. *Id*. at 177-78. The town's expert engineer sought to rebut that by testifying about the complexity of tracking the actual costs of using the rights-of-way. The court found that because the engineer specialized in "public rights-of-way management" and had "vast experience" in that area, he was qualified to testify about that specific factual issue. *Id*. at 178.

In sum, far from supporting Defendants' argument, Defendants' authorities highlight the vast gulf between witnesses who are qualified to give the expert testimony they offer and Mr. Redman, who plainly is not. Ultimately, Defendants are unable to cite a single case in which a witness such as Mr. Redman has been permitted to rebut the antitrust damages testimony of an industrial economist. Allowing such testimony would violate the most basic principles of *Daubert* and Rule 702.

### C.    Defendants Have Nothing to Say about Mr. Redman's Dishonesty Regarding His Antitrust Experience

Admitting Mr. Redman's unqualified testimony is especially dangerous given that he exaggerated his qualifications and attempted to hide behind the incomplete version of his resume that he submitted with his expert report. As Orion explained in its opening brief, Mr. Redman purported to have experience in multiple antitrust cases, while deflecting questions via a supposed poor memory of the details. It took more than an hour of cross-examination, including through use of a version of his resume that he failed to produce, to force Mr. Redman to admit that he had never opined on liability or damages in an antitrust case – or, indeed, that he had never testified at trial in federal court. Mot. at 9-10. Defendants' opposition does not address this behavior.[1]

---

[1] Because Mr. Redman has never testified at trial in federal court, the fact that he has "never been excluded," Opp. at 2, is not a meaningful endorsement of his qualifications.

Permitting Mr. Redman to testify about antitrust damages as to which he is manifestly unqualified but as to which he seeks to hide his lack of qualifications would be highly improper. Mr. Redman should not be permitted to mislead the jury.

## II.   DEFENDANTS CANNOT MEET THEIR BURDEN TO ESTABLISH THAT MR. REDMAN'S OPINION IS RELIABLE AND RELEVANT

### A.   Defendants Do Not Deny That Mr. Redman's Report Is Contrary to Antitrust Law and Economic Principles and Relies on a Fundamental Misunderstanding of Dr. Zona's Work

In in its Opening Brief, Orion explained how the central thread of Mr. Redman's opinions runs afoul of "uncontroversial" and "widely accepted" economic principles regarding the impact of a "dominant firm" on prices.  Mot. at 12-13.  This error was essential to Mr. Redman's critique of Dr. Zona – he fell back on it over and over at his deposition when pressed to defend his criticisms of almost every aspect of Dr. Zona's overcharge analysis.  *Id.*  As Orion also explained, "inability to recognize the dominant firm theory" is disqualifying in an antitrust case.  *Virginia Vermiculite Ltd. v. W.R. Grace & Co. Conn.*, 98 F. Supp. 2d 729, 734 (W.D. Va. 2000) (cited in Mot. at 13). Equally disqualifying, Orion's Opening Brief explained how Mr. Redman was unable to understand Dr. Zona's regressions and calculations such that his opinions are simply wrong.  Mot. at 14-15.

In their Opposition, Defendants do not attempt to address any of these flaws or explain how they do not render Mr. Redman's opinions unreliable and inadmissible under *Daubert*.  Defendants do not dispute that Mr. Redman does not understand critical economic and antitrust concepts or how Dr. Zona calculated damages.  Instead, Defendants insist over and over – but without any specifics – that Mr. Redman is entitled to use his "accounting" expertise to critique unidentified aspects of Dr. Zona's calculations.  Their argument is limited to generalities and platitudes; Defendants never identify a single specific opinion or criticism that Dr. Zona is qualified to offer. As a result, Defendants have not met their burden to show that Mr. Redman's opinions are admissible.

ORION'S REPLY IN SUPPORT OF MOTION TO PRECLUDE TESTIMONY OF JEFFREY REDMAN

In any event, Mr. Redman's supposed accounting expertise[2] is not sufficient to allow him to critique econometric models that he does not understand. Defendants assert that Mr. Redman can critique Dr. Zona's "incorrect calculations" and "misapplications of accounting and financial principles" because "Mr. Redman does not need to 'understand the regression analysis' to critique Dr. Zona's underlying assumptions, calculations, and damages results." Opp. at 2, 5. This is incorrect. Mr. Redman cannot critique Dr. Zona's assumptions if he does not understand how they are to be used, and he cannot criticize calculations that he does not understand. As Orion observed in its Opening Brief, Mr. Redman admitted that he "cannot explain" Dr. Zona's core damages calculation and "has never seen" it "used in a damage calculation." Mot. at 15 (quoting Dkt. 258-1 ("Borden Decl." Ex. 2 (Redman Dep. at 241, 242))). Defendants simply ignore that critical point.

Across their entire brief, Defendants identify only one specific critique that they claim Mr. Redman is qualified to offer – but it is damning to Mr. Redman. According to Defendants, "Mr. Redman points out that Dr. Zona makes an accounting mistake because of Dr. Zona's lack of real-world accounting experience. Dkt. 257-4 (Redman Rep.) at ¶¶ 55-57 (explaining that using EBITDA as proxy for gross margin is incorrect from an accounting perspective)." Opp. at 6. In fact, this purported criticism simply demonstrates that Mr. Redman did not understand Dr. Zona's analysis – as Orion described in its Opening Brief. Mot. at 14-15. Dr. Zona did not use gross margin; he used incremental margin, calculated via a regression at paragraph 86 of his report. Mr. Redman simply failed to understand or address paragraph 86 or the critical calculation. Mot. at 15; Borden Decl. Ex. 2 (Redman Dep. at 194:13-199:3). After it was pointed out to Mr. Redman at his deposition that Dr. Zona had used incremental margin, Mr. Redman reversed course and insisted that it was no longer "important to [his] opinion that Dr. Zona does not arrive at gross margin." *Id*. at 199:4-7. In other words, Defendants' *one* supposed example of a criticism that Mr. Redman is qualified offer undermines the claim that Mr. Redman's supposed accounting expertise enables him to critique Dr. Zona's regression inputs.

---

[2] Defendants neglect to address the fact that Mr. Redman is not even a certified accountant.

Defendants also claim that Mr. Redman has shown that Dr. Zona's damages calculations are improper because they exceed Orion's actual profits by a large ratio. Opp. at 6-7.[3] But this too runs afoul of basic principles of economics. Neither Defendants nor Mr. Redman is able to cite an economic or legal rule establishing that antitrust damages cannot exceed profits by a high multiple – as one would expect to be the case if conspirators set prices so as to permit their counterparties to barely keep their heads above water and earn a small profit; indeed, antitrust damages will exceed profits by an *infinite* ratio if the plaintiff is pushed into the red. The opinion that antitrust damages must be similar in magnitude to a plaintiff's profits under conditions of conspiracy has no economic basis whatsoever.

Defendants' failure to identify any admissible opinions is dispositive under Rule 702. Mr. Redman cannot possibly testify as an "expert" where his opinions are based on error after error on the very topics on which he claims to have specialized knowledge. The Court must preclude his testimony.

**B.      That Defendants Offer Mr. Redman as a Rebuttal Witness Does Not Somehow Make His Testimony Reliable and Relevant**

Defendants insist that, because he is being offered as a rebuttal witness, Mr. Redman does not need to understand Dr. Zona's analysis for his testimony to be admissible. Opp. at 4. This gets it exactly backwards. It is precisely *because* Mr. Redman is being offered as a rebuttal witness that he must be able to understand and engage with Dr. Zona's work. As shown in Orion's Motion and above, Mr. Redman does not understand Dr. Zona's assumptions or calculations either. He cannot offer a valid criticism of Dr. Zona's overcharge input because his position is contrary to antitrust law. He cannot dispute Dr. Zona's assumptions regarding the refusal to deal damages because he admits that he does not actually know if his position is correct. He cannot take issue with Dr. Zona's margin calculation because he did not even understand whether Dr. Zona was using gross or incremental margin. And since he does not comprehend the assumptions or calculations that underlie Dr. Zona's damages analysis, he cannot offer an expert opinion on "damages results."

---

[3] Misunderstanding their own expert report, Defendants refer to Orion's "revenues;" as the parentheticals from Mr. Redman's report make clear, the opinion relates to earnings. Opp. at 6-7.

ORION'S REPLY IN SUPPORT OF MOTION TO PRECLUDE TESTIMONY OF JEFFREY REDMAN

Given Mr. Redman's utter lack of comprehension of Dr. Zona's standard econometric work, Defendants cannot show that Mr. Redman can offer any testimony, rebuttal or otherwise, that is reliable and relevant. Mr. Redman's repeated mistakes establish that he is simply not qualified to testify as an expert. In short, Mr. Redman's many errors demonstrate that his proffered testimony is not reliable and relevant. It is therefore not proper expert testimony under Rule 702.

### C.    Mr. Redman's Purported Opinions Are Superfluous

As explained in Orion's Motion at 15-16, any error-free testimony that Mr. Redman might be able to offer would simply repeat the opinion of Defendants' economic expert, Dr. Saravia. The Court should therefore exclude it as "needlessly … cumulative" under Rule 403. In response, Defendants argue that Mr. Redman's testimony is not cumulative because "he attacks assumptions and damages from a financial perspective, while Dr. Saravia critiques Dr. Zona from an economics and econometrics perspective." (Opp. at 8.) But Defendants do not explain what this distinction is supposed to mean, particularly in light of Mr. Redman's assertion that is qualified to respond to Dr. Zona because "there's a fine line between financial perspective, economic perspective, accounting perspective." Mot. at 11 (quoting Borden Decl. Ex. 2 (Redman Dep. at 263:1-14)). More importantly, Defendants are *unable to identify a single opinion* that Mr. Redman offers that is both admissible and non-duplicative of Dr. Saravia. Absent that, Mr. Redman's testimony is purely and unnecessarily cumulative. The Court should not permit Mr. Redman to echo Dr. Saravia, particularly when he lacks a reliable basis for his views, making any additional "perspective" unhelpful.

### III.    THE COURT SHOULD EXCLUDE ANY TESTIMONY ABOUT DR. SASIAN'S REPORT BECAUSE MR. REDMAN'S OPINION IS NOT REBUTTAL

Orion showed in its Motion that Mr. Redman's proposed testimony about Dr. Sasian's opinion must be excluded because it is not proper rebuttal. (Mot. at 17-20.) Orion explained that (1) Dr. Sasian's opinion was strictly limited to the technical aspects of "whether Sunny and Synta are *capable* of manufacturing similar consumer telescopes," and (2) as Mr. Redman recognized, Dr. Sasian did not offer *any* opinion as to whether it would be *financially feasible* for Sunny to do so. (*Id*. at 18-19 (emphasis added)). Accordingly, to be proper rebuttal, the proffered testimony must

ORION'S REPLY IN SUPPORT OF MOTION TO PRECLUDE TESTIMONY OF JEFFREY REDMAN

directly address Sunny's technical capability to manufacture telescopes similar to Synta's, and it cannot branch off into new topics relating to Sunny's financial situation.

Defendants admit that Mr. Redman's proposed testimony does not address Dr. Sasian's opinion: "Mr. Redman, of course, is not offering an opinion on the purely technical aspects of telescope making." (Opp. at 8.) That ends the inquiry. If Mr. Redman is not offering an opinion on what Dr. Sasian stated in his report, then it is not rebuttal.

Nonetheless, Defendants argue that Mr. Redman's opinion on Sunny's financial capabilities is rebuttal because it "assesses to what extent Dr. Sasian's conclusion could impact damages." Opp. at 8-9. This is absolute baloney. Dr. Sasian's opinion relates to liability, not damages, and Mr. Redman's supposed rebuttal does not so much as mention the word "damages," much less "assess" Dr. Sasian's impact on damages. Borden Decl. Ex. 1, Redman Report ¶¶ 151-55. Notably, Defendants do not cite a single sentence or paragraph on Redman's report to support this characterization.[4]

Nor will Mr. Redman's testimony "contradict or impeach" Dr. Sasian's testimony. (*See* Opp. at 9.) An opinion that would "contradict or impeach" Dr. Sasian's testimony would consist of testimony from a fellow telescope technology expert explaining why the equipment Sunny used to make its telescopes is not also capable of making the models that Sunny makes, contrary to the opinion Dr. Sasian gave. A discussion of Defendants' financial or business situation cannot possibly contradict or impeach anything that Dr. Sasian has said. Mr. Redman's opinions about Sunny's suppose lack of *business or financial* capability to produce the telescopes manufactured by Synta is not proper rebuttal because it is on a completely different subject matter than Dr. Sasian's opinions about technical capacity. It would be extraordinarily prejudicial to allow Defendants to spring testimony that Sunny and Synta do not have the financial capacity to manufacture the same telescopes on Orion at the rebuttal deadline when Orion has no opportunity to respond.

[4] Instead, Mr. Redman offers legal conclusions about market division that he is manifestly unqualified to offer. Borden Decl. Ex. 1, Redman Report ¶ 155 ("If Sunny and Synta had the market divided, and the price illegally agreed to, I would not expect to see both companies accepting orders from Orion for the same product, in the same month and at different prices.").

ORION'S REPLY IN SUPPORT OF MOTION TO PRECLUDE TESTIMONY OF JEFFREY REDMAN

It is "simply unfair" for a party to disclose its opinions in rebuttal expert reports so that "their work would not be subject to a direct response from any opposing expert." *People v. Kinder Morgan Energy Partners*, 159 F. Supp. 3d 1182, 1192 (S.D. Cal. 2016).  That sort of improper rebuttal is "subject to exclusion," id. at 1191, because Rule 37 bars the "use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Torres v. City of L.A.*, 548 F.3d 1197, 1212-13 (9th Cir. 2008).  "The sanction is automatic and mandatory." *Matthew Enter. v. Chrysler Grp.*, No. 13-CV-04236-BLF, 2016 WL 4272430, at *2 (N.D. Cal. Aug. 15, 2016) (quoting *R & O Const. Co. v. Rox Pro Int'l Grp.*, No. 2:09-CV-01749-LRH-LR, 2011 WL 2923703, at *2 (D. Nev. July 18, 2011)).

For this reason, in *Clear-View Technologies, Inc. v. Rasnick*, No. 13-cv-2744-BLF, 2015 WL 3509384 (N.D. Cal. Jun. 3, 2015), Judge Freeman rejected the exact argument Defendants make here.  In that case, the plaintiff's expert prepared a valuation report, and the defendant's "rebuttal" report attempted to show that the plaintiff's product was technically flawed.  The court found that the proffered report was not proper rebuttal because it was not "on the same subject matter" as the initial expert's report.  *Id*. at *4.  Specifically, the court noted that the initial report contained a sales projection, and the purported rebuttal was a technical analysis of the product.  Although the plaintiff's expert's valuation assumed that the product worked, the question of whether it actually did work and could be sold "was not raised by [his] expert report[.]"  *Id*.  This is exactly the situation here, but in reverse: Dr. Sasian's report contained only a technical evaluation, and Defendants' are attempting to submit as "rebuttal" an analysis that is strictly financial.

The court in *Clear-View* noted that "Permitting Defendants to backdoor such expert testimony under the guide of 'rebuttal' testimony would Render Rule 26's limits generally meaningless, and permit Defendants to engage in substantial gamesmanship – something Rule 26 was designed to combat, not foster."  *Id*.  It also noted that the defendants could have disclosed their technical expert as an initial expert to offer the same opinions he, which the plaintiff could then have rebutted.  The court therefore granted the motion to strike to avoid allowing the defendants to "sandbag" the plaintiff.  *Id*.

ORION'S REPLY IN SUPPORT OF MOTION TO PRECLUDE TESTIMONY OF JEFFREY REDMAN

The same is true here.  Orion respectfully submits that the Court should not permit Defendants to sandbag it with backdoor expert testimony, particularly after Defendants chose not to submit opening expert reports of their own and then successfully sold the Court on their preferred sequencing of reports, depositions, and rebuttal reports by representing that they would stay within the narrow bounds of true rebuttal testimony.  At the trial-setting conference, counsel for Defendants represented that:

> It's not true that we're going to do anything that is not properly within the scope of rebuttal testimony. Under the federal rules you're allowed to contradict or rebut evidence on the same subject matter identified by another party. That's exactly what we're going to do. We're going to produce traditional rebuttal reports, and they can depose our experts on the subject matter of the rebuttal testimony.

5/2/19 Hr'g Tr. at 9:22-10-4.  Defendants should be held to their word.

## CONCLUSION

For the foregoing reasons, Orion respectfully submits that the Court should preclude Defendant's purported expert Jeffrey Dean Redman from testifying at trial.


Dated:  August 15, 2019                    BRAUNHAGEY & BORDEN LLP


                                           By:   /s/ *J. Noah Hagey*
                                                    J. Noah Hagey

                                           Attorneys for Plaintiff OPTRONIC
                                           TECHNOLOGIES, INC. d/b/a Orion
                                           Telescopes & Binoculars

ORION'S REPLY IN SUPPORT OF MOTION TO PRECLUDE TESTIMONY OF JEFFREY REDMAN