UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., et al.,<br><br>Defendants. | Case No. 5:16-cv-06370-EJD<br><br>**ORDER RE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 251, 253, 255, 257, 259, 269, 271, 275, 283, 289 |

The parties have filed ten administrative motions to file under seal the briefing and supporting documentation for their motions for summary judgment and motions to strike expert testimony. Dkt. Nos. 251, 253, 255, 257, 259, 269, 271, 275, 283, 289. This omnibus order addresses in turn each motion to file under seal

U.S. courts recognize that the public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, 2019 WL 1590470, at *1 (S.D. Cal. Apr. 12, 2019) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). "When considering a sealing request, 'a strong presumption in favor of access is the starting point.'" *Space Data Corp. v. Alphabet Inc.*, 2019 WL 2305278, at *1 (N.D. Cal. May 30, 2019) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). This right is not absolute though. *Whitewater W. Indus.*, 2019 WL 1590470, at *1 (quoting *Nixon*, 434 U.S. at 598). In order to seal judicial records that are "more than tangentially related to the underlying cause of action," the moving party must show "compelling reasons" that outweigh the presumption in favor of disclosure. *Space Data*, 2019 WL 2305278, at *1 (citing *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016)).

Case No.: 5:16-cv-06370-EJD
ORDER RE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL
1

To make this showing, the moving party must provide "specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Opperman v. Path, Inc.*, 2017 WL 1036652, at *1 (N.D. Cal. Mar. 17, 2017). Courts applying the compelling reasons standard have upheld the sealing of trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *Opperman*, 2017 WL 1036652; *Lucas v. Breg, Inc.*, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016); *Rodman v. Safeway Inc.*, 2015 WL 13673842 (N.D. Cal. Aug. 4, 2015).

However, courts should exercise caution not allow these exceptions swallow the strong presumption in favor of disclosure. "There fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Lucas*, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016) (quoting *Kamakana*, 447 F.3d at 1179). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not carry the compelling standards burden. *Space Data*, 2019 WL 2305278, at *1 (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). Mere designation of a document as confidential under a protective order is not sufficient to establish that said document, or portions thereof, are sealable. Civil L.R. 79-5(d)(1)(A).

Motions to strike expert testimony that are connected to summary judgment motions may be more than tangentially related to the underlying cause of action so that the party seeking sealing of such materials must demonstrate a compelling reason for doing so. *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). The court will apply the compelling reasons standard to the pending motions to seal, whether they seek the sealing of summary judgment materials or *Daubert* materials. The court now considers each motion to file under seal.

Case No.: 5:16-cv-06370-EJD
ORDER RE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL
2

## I. Docket Entry 251 – Defendants' Administrative Motion to File Under Seal Portions of Its Motion to Strike Certain Testimony of Orion's Economic Expert Dr. Zona

The court has reviewed Defendants' motion, the supporting papers, and Plaintiff's declaration in support of the motion. Dkt. No. 265. Finding that Plaintiff has met the compelling reasons standard, the court grants the motion as to portions of Exhibit A that correspond to the highlighted sections of Docket Entry 255-4. The motion is otherwise denied.

## II. Docket Entry 253 – Defendants' Administrative Motion to File Under Seal Portions of Its Motion to Strike Certain Testimony of Orion's Telescope Technology Expert Dr. Sasian

The court has reviewed Defendants' motion, the supporting papers. Plaintiff, the designating party, did not file a declaration in support of this administrative motion. *See* Civil L.R. 79-5(e). Accordingly, this motion to seal is denied.

## III. Docket Entry 255 – Plaintiffs' Administrative Motion to File Under Seal in Support of Motion for Summary Judgment

The Court has reviewed the motion, the supporting papers, and Defendants' errata declaration of Junwen "James" Chiu, filed in support of this motion. Dkt. No. 267. The court grants in part and denies in part the motion as to the exhibits attached to the declaration of Ronald Fisher as follows:

Exhibit 1: Granted for limited sealing in ¶ 70 as indicated in Docket Entry 255-4; otherwise denied.

Exhibits 2-4: Denied; neither party has shown a compelling reason for sealing this material.

Exhibit 5: Granted as to deposition excerpt of James Chiu at pages 92:20-95:6; otherwise denied.

Exhibit 6: Granted as to deposition excerpt of Victor Aniceto at pages 330:14-332:13; otherwise denied.

Exhibit 7: Granted as to deposition excerpt of Joseph Lupica at pages 372:22-373:25; otherwise denied.

Exhibits 8-13: Denied; neither party has shown a compelling reason for sealing this material.

Case No.: 5:16-cv-06370-EJD
ORDER RE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL
3

Exhibit 14: Granted as to portions of Exhibit A to Exhibit 14, from NSE00001252-1258, that disclose the home addresses of various individuals; otherwise denied.

Exhibits 15-41: Denied; neither party has shown a compelling reason for sealing this material.

Exhibit 42: Granted.

Exhibits 43-49: Denied; neither party has shown a compelling reason for sealing this material.

Exhibit 50: Granted.

Exhibits 51-66: Denied; neither party has shown a compelling reason for sealing this material.

Exhibit 67: Granted as to pages 8:22-9:18 and 10:1-17; otherwise denied.

Exhibit 68: Granted as to ¶¶ 25 and 27; otherwise denied.

### IV. Docket Entry 257 – Plaintiff's Administrative Motion to File Under Seal in Support of Motion to Preclude Testimony of Jeffrey Dean Redman

The Court has reviewed the motion, the supporting papers, and Defendants' declaration of Junwen "James" Chiu filed in support of this motion Dkt. No. 263. This motion is granted in part and denied in part as the exhibits attached to the declaration of Ronald Fisher as follows:

Exhibit A: Granted as to page 22 ¶ 70, page 37 ¶ 117, and page 37 note 125; otherwise denied.

Exhibit B: Denied; neither party has shown a compelling reason for sealing this material.

Exhibit C: Granted as to page 23 ¶ 37 and note 60, page 24 ¶ 38 and notes 66 and 67, and pages 62-63 ¶ 116; otherwise denied.

Exhibit D: Denied; neither party has shown a compelling reason for sealing this material.

Exhibit E: Granted as to ¶ 70 as indicated in Docket Entry 255-4; otherwise denied.

Exhibit F: Denied; neither party has shown a compelling reason for sealing this material.

Exhibit G: Denied; neither party has shown a compelling reason for sealing this material.

## V. Docket Entry 259 – Plaintiff's Administrative Motion to File Under Seal in Support of Motion to Preclude Testimony by Celeste Saravia, Ph.D

The Court has reviewed the motion, the supporting papers, and Defendants' declaration of Junwen "James" Chiu filed in support of this motion. Dkt. No. 264. This motion is granted in part and denied in part as the exhibits attached to the declaration of Ronald Fisher as follows:

Exhibit A: Granted as to page 9:18-20; otherwise denied.

Exhibit C: Granted as to page 23 ¶ 37 and note 60, page 24 ¶ 38 and notes 66 and 67, and pages 62-63 ¶ 116; otherwise denied.

Exhibit D: Granted as to pages 60:22-61:7, 204:5-205:8, and 242:8-11; otherwise denied.

Exhibit E: Granted for limited sealing in ¶ 70 as indicated in Docket Entry 255-4; otherwise denied.

Exhibit F: Denied; neither party has shown a compelling reason for sealing this material.

## VI. Docket Entry 269 – Defendants' Administrative Motion to File Under Seal Portions of Defendants' Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment

The court has reviewed the motion and supporting papers. Neither Plaintiff nor non-party Dave Anderson filed a declaration in support of this administrative motion. *See* Civil L.R. 79-5(e). The court grants the motion as to ¶¶ 25 and 27 of Defendants' Response to Plaintiff's Separate Statement, Exhibit 48, and Exhibit 49. The motion is otherwise denied.

## VII. Docket Entry 271 – Defendants' Administrative Motion to File Under Seal Portions of Opposition to Plaintiff's Motion to Preclude Testimony by Saravia

The court has reviewed Defendants' motion and supporting papers. Plaintiff, the designating party, did not file a declaration in support of this motion. *See* Civil L.R. 79-5(e). Accordingly, the motion is denied.

## VIII. Docket Entry 275 – Plaintiffs' Administrative Motion to File Under Seal in Support of Opposition to Defendants' Motion to Strike Certain Testimony of Orion's Economic Expert Dr. Zona

The court has reviewed Plaintiff's motion and the supporting papers. The court grants the motion for limited sealing in ¶ 70 as indicated in Docket Entry 255-4.

### IX. Docket Entry 283 – Plaintiffs' Administrative Motion to File Under Seal Documents in Support of Reply in Support of Motion for Summary Judgment and Opposition to Cross-Motion for Summary Judgment

The court has reviewed Plaintiff's motion, the supporting papers, and Defendants' declaration of Joy O. Siu filed in support of the motion. The court grants the motion as follows:

Exhibit 14: Granted as to the highlighted portions in Docket Entry 283-30.

Exhibit 17: Granted as to Facts 25 and 27; otherwise denied.

The motion is otherwise denied.

### X. Docket Entry 289 – Defendants' Administrative Motion to File Under Seal Portions of Defendants' Reply in Support of Cross-Motion for Summary Judgment

The court has considered Defendants' motion and the supporting papers. Plaintiff did not file a declaration in support of sealing. *See* Civil L.R. 79-5(e). Because neither party has shown a compelling reason to seal documents subject to this motion, the motion is denied.

### XI. Conclusion

Where necessary, the parties shall comply with Civil Local Rule 79-5(f).

**IT IS SO ORDERED.**

Dated: September 10, 2019

_____
EDWARD J. DAVILA
United States District Judge