J. Noah Hagey, Esq. (SBN: 262331)
   hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
   borden@braunhagey.com
Jeffrey M. Theodore, Esq. (SBN: 324823)
   theodore@braunhagey.com
Ronald J. Fisher, Esq. (SBN: 298660)
   fisher@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

ATTORNEYS FOR PLAINTIFF
OPTRONIC TECHNOLOGIES, INC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC., d/b/a Orion Telescopes & Binoculars ®, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., MEADE INSTRUMENTS CORP., and DOES 1 - 25,<br><br>Defendants. | Case No: 5:16-cv-06370-EJD-VKD<br><br>**PLAINTIFF OPTRONIC TECHNOLOGIES, INC.'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO SHORTEN TIME [ECF NO. 345]**<br><br>**Compl. Filed:**          Nov. 1, 2016<br>**First Am. Compl.:**   Nov. 3, 2017<br>**Final Pretrial Conf.:** Oct. 10, 2019<br>**Trial Date:**              Oct. 15, 2019 |

Plaintiff Optronic Technologies, Inc. ("Orion") respectfully submits this Opposition to Defendants' Administrative Motion to Shorten Time.

### INTRODUCTION

Less than two weeks before trial, Defendants seek to shorten time on a motion they have sat on for a full week and which they have already briefed twice: once in a motion in limine, and a second time in the parties' Joint Final Pretrial Conference Statement. The motion should be denied.

Defendants' motion is part of a broader strategy to take advantage of their superior resources by burying Orion (and the Court) in motion upon motion in an attempt to prejudice Orion's ability to prepare for trial. For example, Defendants refused to meet and confer with Orion during the meet and confer conference required by the Court's Standing Order, then filed nine motions in limine (ECF Nos. 316-322, 324-25), including one on Orion's Rule 26(e) disclosures – the same subject as the motion for which Defendants seek to shorten time. (ECF No. 320.) Despite Orion's repeated requests, Defendants never met and conferred regarding their motions in limine, and only disclosed the titles of their already written motions on the day they were filed. (Declaration of Matthew Borden ("Borden Decl."), Exs. 1-3.)[1]

Similarly, Defendants were served with Dr. Zona's supplemental disclosure pursuant to Federal Rule of Civil Procedure 26(e)(2) and 26(a)(3) on Tuesday, September 24, 2019. (Borden Decl. Exs. 1.) But instead of immediately seeking relief via a motion to strike, Defendants waited a week to file this "emergency" motion and to seek an accelerated briefing schedule that would leave Orion only three days to respond to a brief they took a week to write, and the Court with only three days to review the parties' arguments in advance of hearing.

Defendants' latest filings seek the exact same relief that Defendants are already requesting in one of their motions in limine *and* in the Joint Final Pretrial Conference Statement. (Defendants' Motion in Limine No. 5 (ECF No. 320); Joint Final Pretrial Conference Statement at

---

[1] Defendants' motions in limine should be summarily denied because they were filed in violation of the Court's Standing Order's requirement to meet and confer in good faith.

6-9 (ECF No. 331).) Orion informed Defendants that it opposed the filing of Defendants' proposed motion to shorten time and the underlying motion to strike as duplicative and cumulative.

Defendants' motion to shorten time inaccurately states that Orion did not object to this motion. In fact, when Defendants asked Orion to consent to a compressed briefing schedule on Friday, September 27, Orion informed this Defendants that

> if you are determined to proceed [with filing this motion], we expect you will inform the Court that Orion does not consent to your proposed briefing schedule because the issue is already before the Court by way of your motion in limine and Defendants' extensive briefing of the issue in the Final Pretrial Conference Statement, and Orion views a third set of briefing as unnecessary, abusive, and a waste of the Court's and parties' resources as they prepare for trial.

(Borden Decl. Ex. 4.)[2] Orion does not know why Defendants' papers fail to advise the Court of Orion's position.

Whether Dr. Zona was entitled to supplement his report under the Federal Rules with Orion's updated transaction data through trial is not a complex issue that requires three concurrent sets of briefing for the Court to resolve. Neither is determining that the overcharge percentages utilized in Dr. Zona's supplement were disclosed to Defendants nearly ten months ago, and nearly five months before their expert reports were due. Both issues are fully briefed in the Joint Final Pretrial Conference Statement, as well as further in Defendants' motion in limine on the subject. (Joint Final Pretrial Conference Statement at 6-9 (ECF No. 335-1); Defendants' Motion in Limine No. 5 (ECF No. 320).)

The parties have a significant amount of work to do in the next week—including the important work of preparing, exchanging, and conferring regarding jury materials—and briefing this issue a third time is not a productive use of the parties' or Court's resources. For the foregoing reason, Orion respectfully requests that the administrative motion be denied as set forth in the accompanying proposed order.

Beyond burdening Orion with further unnecessary briefing, the purpose of Defendants' motion is to circumvent the Court's Standing Order's prohibition of replies on motions in limine.

---

[2] The fact that Defendants waited days after initially asking Orion to consent to an 'emergency' briefing schedule before filing this motion further belies Defendants' claims of exigency.

1   Thus, if the Court is inclined to grant additional briefing on this issue, Orion respectfully requests
2   that the Court grant Orion one week to brief its opposition to Defendants' motion to strike (the
3   same amount of time that Defendants spent preparing the motion) and require that it be filed by
4   October 7.  In that case, Orion would further respectfully request that the Court deny Defendants'
5   request for a reply on their *de facto* motion in limine in order to protect the limitations established
6   by the Court's Standing Order.

8   Dated: October 2, 2019                                  Respectfully Submitted,

9                                                           BRAUNHAGEY & BORDEN LLP

11                                                          By:    /s/ *Matthew Borden*
                                                                   Matthew Borden, Esq.

12                                                          Attorneys for Plaintiff OPTRONIC
                                                            TECHNOLOGIES, INC. d/b/a Orion
13                                                          Telescopes & Binoculars ®