J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
  borden@braunhagey.com
Jeffrey M. Theodore, Esq. (SBN: 324823)
  theodore@braunhagey.com
Ronald J. Fisher, Esq. (SBN: 324823)
  fisher@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

ATTORNEYS FOR PLAINTIFF
OPTRONIC TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC., d/b/a Orion Telescopes & Binoculars ®, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., MEADE INSTRUMENTS CORP., and DOES 1 - 25,<br><br>Defendant. | Case No: 5:16-cv-06370-EJD-VKD<br><br>**PLAINTIFF OPTRONIC TECHNOLOGIES, INC.'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2**<br><br>Date:   October 10, 2019<br>Time:   11:00 a.m.<br>Judge:  Hon. Edward J. Davila<br>Ctrm:   4, 5th Floor<br><br>**Compl. Filed:        Nov. 1, 2016**<br>**First Am. Compl.:   Nov. 3, 2017**<br>**Final Pretrial Conf.: Oct. 10, 2019**<br>**Trial Date:          Oct. 15, 2019** |

Plaintiff Optronic Technologies, Inc. d/b/a Orion Telescopes & Binoculars ("Orion") respectfully submits this Opposition to Defendants' Motion in Limine No. 2.

**INTRODUCTION**

Defendants' motion seeks to preclude Orion from calling Defendants pejorative names, such as "price-fixer" or "criminal," which is something Orion has never done. Orion has always referred to all witnesses and parties in depositions, in its filings with the Court, and at hearings by their names and titles (e.g., "Mr. Ni" or "Dr. Saravia") and intends to do so at trial. It is unclear why Defendants have asked the Court for an order precluding Orion from doing something it has never done, nor intends to do.[1]

The main thrust of Defendants' motion is that it seeks a ruling that Synta Technologies is somehow legally distinct from the other Synta entities controlled by David Shen by limiting how Orion can refer to them at trial. This argument is a thinly-veiled attempt to revisit the Court's ruling on summary judgment that a fact question exists as to whether Synta entities conspired with Defendants. It is also designed to inject confusion into the trial because witnesses, parties, and co-conspirators alike, including David Shen and Joyce Huang (of Synta Technology), use the terms "Synta," "Synta Technology" and "Suzhou" interchangeably. Moreover, the parties agreed at depositions to use the term "Synta" to mean both Suzhou Synta and Synta Technology. Forcing Orion to use formal names that do not appear in the documents and deposition testimony the jury will be shown will obviously generate confusion. As in every trial, at the close of evidence, the jury will be instructed as to what must be shown to establish liability for each of the Defendants. Defendants' unprecedented and cumbersome rule requiring all parties to be referred to at all times by their formal corporate name should be rejected.

**I.   DEFENDANTS HAVE NOT PROVEN ANY NEED OR BASIS FOR AN ORDER PROHIBITING "INFLAMMATORY RHETORIC" AT TRIAL**

In violation of the Court's order to meet and confer about evidentiary disputes, Defendants ask the Court to prohibit Orion from using "inflammatory rhetoric" at trial, such as referring to Defendants or their co-conspirators "as 'criminals' or 'price-fixers.'" (Mot. at 2.) But they cannot

---

[1] Despite multiple good faith requests by Orion, Defendants refused to meet and confer about this motion. (Borden Decl. ¶¶ 2-7, Exs. 1-3.) On that basis alone, this motion should be denied.

cite any instance of Orion referring to anyone in this case in such a manner.  That is because Orion has not done so.  Defendants note that Judge Illston granted a similar motion in the *Flat Panel* litigation.  In that case, however, plaintiffs' lawyers had repeatedly referred to the defendants as "confessed felons" and "self-confessed, convicted felon[s]" throughout the pretrial proceedings. (*Id.* (citing Def. Mot. in Limine No. 3 at 2, *In re TFT-LCD (Flat Panel)Antitr. Litig.*, No. 07-md-1827, MDL ECF No. 5101 (N.D. Cal. Mar. 1, 2012).)  Defendants here do not assert that Orion has ever referred to them as "criminals," "price-fixers," or any term other than their given names. Defendants therefore have not established any need for such an order.

The law "neither does nor requires idle acts."  *BladeRoom Group Ltd. v. Emerson Elec. Co.*, No. 5:15-cv-1370-EJD, 2018 WL 6169347 at *2 (N.D. Cal. Nov. 26, 2018) (Davila, J.)  Because Defendants failed to prove any basis for the order they seek, their motion should be denied.

## II.   DEFENDANTS' UNPRECEDENTED PROPOSAL IS UNWARRANTED AND WOULD CONFUSE THE JURY

Defendants also request that the Court require Orion to only refer to each defendant and co-conspirator by various cumbersome formal corporate names.  According to Defendants, allowing Orion to use the same shorthand that the parties, the documents, the witnesses, and the Court have used throughout the case (*e.g.*, "Ningbo Sunny" and "Synta") would confuse the jury.  (Mot. at 2.) The Court should deny this request for at least four reasons.

**First**, the documents show that various witnesses, including the owners of the entities at issue, refer to themselves in varying manners.  For example, in discussing the loans that Synta was providing to Defendants through Celestron,[2] David Shen, who controls Suzhou Synta Optical Technology Co. Ltd., Synta Technology Corporation, Nantong Schmidt Opto-Electrical Technology Co., Ltd., Good Advance Industries Ltd., and Celestron, uses the terms "Synta" and "Sunny" in writing to Ningbo Sunny's Chairman Peter Ni and Vice President James Chiu:

> The payment of Sunny's products should be made early - within 25 days after the shipment. The payment to Synta may be postponed accordingly.

(Borden Decl. Ex. 11 (Chiu Dep., Ex. 181).)

---

[2] Celestron's "real" name is Celestron Acquisition LLC.

In setting the price Orion was going to pay for telescopes with Joyce Huang of Synta Technology, Ningbo Sunny's Vice President James Chiu wrote:

> Price USD88.00 offered by the customer is too low.  To keep the customer, if it is possible that Synta only increases by USD2, then the price to the customer is USD90/PC so that we take the project.

(Borden Decl. Ex. 12 (Ni Dep., Ex. 215).)   Similarly, when he was working with Ms. Huang and Mr. Shen to jointly cut off Orion's credit in retaliation for Orion attempting to purchase the URL telescopes.com, Mr. Chiu wrote:  "Can you kindly ask Synta whether the payment of the following invoices has been made?"  (Borden Decl. Ex.13 (Chiu Dep., Ex. 191).)  He later wrote:  "Can you write a letter on my behalf and attach the invoice amount sent by Synta in Taiwan to Orion."  (*Id*.)  Ms. Huang responded, "just copy the contents from Suzhou."  (*Id*.)

As seen above, Mr. Shen, Mr. Chiu and Ms. Huang use the term "Synta" to refer to Suzhou Synta and Synta Technology.  They also sometimes use the word "Synta in Taiwan" and "Suzhou."  They use the terms interchangeably because all these entities are controlled by David Shen.

Many other documents the jury will see similarly refer to "Synta" without distinguishing which Synta entity.  For example, Sheppard Mullin's engagement letter with Ningbo Sunny states that Ningbo Sunny "instructed us to take direction from and communicate directly with … David Shen (head of Synta)."  (Borden Decl. Ex. 4.)[3]

Under these circumstances, it is disingenuous for Defendants to claim that using the term "Synta" is confusing.  (Mot. at 1-2, 4.)  What would really confuse the jury would be to refer to various entities by formal names that differ from the ones actually used by the parties on the documents the jury will be seeing.

It is also worth noting that Defendants' nomenclature has not, itself, been consistent.  For example, Defendants have used the term "Ningbo" and "Ningbo Sunny" to describe Ningbo Sunny Electronics Co., Ltd. – sometimes in the same document.  (*Compare* Dkt. No. 234 (Defendants'

---

[3] Defendants concede that there is no distinction between some of the Synta entities.  For example, their Answer indicates that "Synta Technology" and "Good Advance" are the same entity.  (*E.g*., Dkt. No. 234 ¶¶ 5 ["Ningbo Sunny sold telescope products to certain 'Settling Coconspirators' as that term is used by Plaintiff -- Good Advance Industries Limited/Synta Technology Corp. (collectively, 'Good Advance') -- which in turn sold some of those telescope products to Orion."], 10b, 61 ["Joyce Huang worked for Good Advance"].)

Answer) ¶ 61 [referring to Defendant Ningbo Sunny Electronics as "Ningbo Sunny"] *with* ¶ 62 [referring to Defendant Ningbo Sunny Electronics as "Ningbo"].)  As seen above, Mr. Shen (and many other witnesses) simply use the term "Sunny."

**Second**, using the formal names of each entity would contradict the deposition testimony that has been given.  For example, during the deposition of Ningbo Sunny's 30(b)(6) designee, the parties agreed to refer to the multiple entities that Mr. Shen owns as "Synta."  (Borden Decl. Ex. 14 (Chiu 30(b)(6) Tr. at 32:3-33:7).)

Separately, a great deal of the deposition testimony consists of witnesses using the terms "Sunny" and "Synta" to refer to Defendants and the co-conspirators because that is how the companies are referred to by people in the industry.  For example, Dave Anderson, who will not appear at trial, used the term "Synta" repeatedly in his deposition.  (Borden Decl., Ex. 15 (Anderson Tr. at 17:14-16 ███████████████████████████████████████████████████████████████████████████████████████████████████████ (Borden Decl. Ex. 16 (Aniceto Tr. at 26:22-27:6 ████████████████████████████████████████████████████████████ 72:6-24; 95:5-11)).); (Borden Decl. Ex. 17 (Lupica Tr. at 21:1-3; 21:22-22:5; 82:13-14; and 198:3-6).)  When witnesses wish (or have been told by their lawyers) to differentiate between the entities, they have done so. (*E.g.*, Borden Decl. Ex. 16 (Aniceto Tr. at 109:6-11 (stating that "Sunny" referred to "Ningbo Sunny" in that instance)).)  Prohibiting Orion from using the agreed-upon terminology would make it exceedingly difficult to use these transcripts.

**Third**, Defendants fail to show that using the same names the parties have used throughout the litigation would cause confusion.  Defendants do not cite any case in which a court granted a similar request.  Instead, Defendants cite a number of cases for the proposition that Orion must meet its burden of proof as to each defendant for that defendant to be liable (which no party

ORION'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2

disputes).[4]  Defendants also claim that if Orion refers to entities as Sunny or Synta, the jury could mistakenly "apply a 'guilt by name association' standard," which "would effectively eliminate Plaintiff's burden as to each Defendant."  (Mot. at 3.)  Again, Defendants offer no authority in support of this theory, because there is none.[5]  This is especially true given that the jury will be instructed on what Orion must prove as to each Defendant.

There is likewise no merit to Defendants' conjecture that using the names Ningbo Sunny and Synta creates a risk of "conflating" the parties.  (Mot. at 4 (arguing that conversations between Ningbo Sunny and Synta Tech could be "mischaracterized" as improper discussions between Ningbo Sunny and Suzhou Synta).)  There is no legal distinction between discussions with Suzhou Synta or any other Synta entity.  To the extent Defendants believe otherwise, they can make these arguments to the jury.

**Fourth**, using each entity's full corporate name would be both unduly cumbersome and unnecessary.  For example, the Synta entities include Synta Technology Corp., Suzhou Synta Optical Technology Co. Ltd., Nantong Schmidt Opto-Electrical Technology Co., Ltd., Good Advance Industries Limited, Celestron Acquisition LLC, Atlas E-Commerce LLC, and SW Technology Corporation.  Requiring Orion and its witnesses to recite each lengthy corporate name in full would likely prove difficult, and it would likely confuse jurors.

//
//
//
//
//
//

---

[4] Defendants also take a lengthy detour into vicarious and alter ego liability (Mot. at 4-5), neither of which is relevant to their motion.

[5] *United States v. Coward*, 630 F.2d 229, 231 (4th Cir. 1980) (cited in Mot. at 5), is inapposite. The court in that criminal case noted that the trial was confusing for the jury, in particular because the prosecutor attributed an act to the wrong defendant in closing argument. *Id.* at 231.  The case provides no support for ordering Orion to refer to Defendants only by their full corporate names.

ORION'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2

<u>**CONCLUSION**</u>

For all the foregoing reasons, Defendants' motion should be denied.

Dated:  October 3, 2019

BRAUNHAGEY & BORDEN LLP


By:   _/s/ Matthew Borden_
       Matthew Borden

Attorneys for Plaintiff OPTRONIC
TECHNOLOGIES, INC. d/b/a Orion
Telescopes & Binoculars