J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
  borden@braunhagey.com
Jeffrey M. Theodore, Esq. (SBN: 324823)
  theodore@braunhagey.com
Ronald J. Fisher, Esq. (SBN: 298660)
  fisher@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

ATTORNEYS FOR PLAINTIFF
OPTRONIC TECHNOLOGIES, INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC. d/b/a Orion Telescopes & Binoculars, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., MEADE INSTRUMENTS CORP., and DOES 1-25,<br><br>Defendants. | Case No. 5:16-cv-06370-EJD-VKD<br>*Assigned To:  Honorable Edward J. Davila*<br><br>**PLAINTIFF'S ERRATA RE JOINT [PROPOSED] JURY INSTRUCTIONS (ECF NO. 371)**<br><br>**Compl. Filed:**        Nov. 1, 2016<br>**First Am. Compl.:**  Nov. 3, 2017<br>**Final Pretrial Conf.:** Oct. 10, 2019<br>**Trial Date:**            Oct. 15, 2019 |

On October 4, 2019, the parties filed their Joint Proposed Jury Instructions, ECF No. 331. Upon subsequent review, Plaintiff Optronic Technologies, Inc. ("Orion") noticed that Orion's proposed instruction with respect to five of the filed instructions inadvertently were not the proposed instructions Orion intended to file.  The affected instructions are Proposed Joint Instruction No. 4; Orion's Proposed Price-Fixing Instruction Nos. 10, 12, & 13; and Orion's Proposed Clayton Act Instruction No. 3.

On October 6, 2019, Orion sent Defendants Orion's corrected proposals as to these instructions, and asked Defendants to state whether Defendants consented to the instructions. Defendants did not consent or join the instructions, and objected to the filing.

Orion therefore respectfully submits its corrected proposals for Proposed Joint Instruction No. 4; Orion's Proposed Price-Fixing Instruction Nos. 10, 12, & 13; and Orion's Proposed Clayton Act Instruction No. 3.


Dated:  October 9, 2019                    BRAUNHAGEY & BORDEN LLP


                                           By:      */s/ J. Noah Hagey*
                                                     J. Noah Hagey

                                           Attorneys for Plaintiff
                                           Optronic Technologies, Inc., d/b/a Orion
                                           Telescopes and Binoculars®

**ATTESTATION PURSUANT TO THE COURT'S SEPTEMBER 30, 2019 ORDER**

I, J. Noah Hagey, attest that pursuant to this Court's September 30, 2019 Order re Errata and Responses (ECF No. 341), lead counsel for Plaintiff and Defendants met and conferred in good faith to seek to resolve the issues underlying this stipulation.  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 9th day of October, 2019, at San Francisco, California.

BRAUNHAGEY & BORDEN LLP


By:    */s/ J. Noah Hagey*
            J. Noah Hagey

Attorneys for Plaintiff
Optronic Technologies, Inc., d/b/a Orion
Telescopes and Binoculars®

# TABLE OF CONTENTS

| TITLE | SOURCE AND AUTHORITIES | PAGE |
|---|---|---|
| Claims and Defenses | 9th Cir. 1.5 | 1-2 |
| Orion's Price-Fixing Instruction No. 1<br><br>Price-Fixing: Withdrawal from the Conspiracy | Leonard B. Sand, et al., 4 Modern Federal Jury Instructions–Civil ¶ 79.02, Instr. 79-10 (Restraint of Trade) (Matthew Bender, 2015). | 3-5 |
| Orion's Price-Fixing Instruction No. 2<br><br>Price-Fixing: The Prohibition of Legal Means to an Illegal End | Leonard B. Sand, et al., 4 Modern Federal Jury Instructions–Civil ¶ 79.02, Instr. 79-12 (Restraint of Trade) (Matthew Bender, 2015). | 6-8 |
| Orion's Price-Fixing Instruction No. 3<br><br>Price-Fixing: Co-Conspirators Not Named as Defendants | Leonard B. Sand, et al., 4 Modern Federal Jury Instructions–Civil ¶ 79.02, Instr. 79-13 (Restraint of Trade) (Matthew Bender, 2015). | 9-11 |
| Orion's Clayton Act Instruction No. 1<br><br>Clayton Act: Elements of the Offense | 3A Fed. Jury Prac. & Instr. § 150:131 (6th ed.). | 12-13 |

1   **PLAINTIFF'S PROPOSED INSTRUCTION NO. 4**

2   **CLAIMS AND DEFENSES**

3       To help you follow the evidence, I will give you a brief summary of the positions of the

4   parties:

5       The Plaintiff in this case is Optronic Technologies, Inc., also known as Orion.  Orion sells

6   and distributes Orion-branded telescopes, which are manufactured by third parties.

7       The Defendants in this case are a telescope manufacturer, Ningbo Sunny Electronic Co.,

8   Ltd., and its wholly-owned subsidiaries Sunny Optics, Inc. and Meade Instruments, Inc.

9       Orion asserts that Defendants violated four antitrust laws.  Orion claims that Defendants:

10  1) Fixed prices and credit terms for telescopes and unreasonably restrained trade in violation of

11  Section 1 of the Sherman Act; 2) Attempted to monopolize and conspired to monopolize the

12  market for telescope manufacturing services in violation of Section 2 of the Sherman Act; 3)

13  Acquired Meade Instruments in 2013 which substantially lessened competition and tended to

14  create a monopoly in violation of Section 7 of the Clayton Act; and 4) Fixed prices and credit

15  terms for telescopes and unreasonably restrained trade in violation of California's Cartwright Act.

16  Orion claims that Defendants' violations of these laws caused it to suffer injury to its business and

17  trade.  Orion has the burden of proving these claims.

18      Defendants deny that they committed any of these violations.  They deny that there was a

19  conspiracy to fix the prices of telescopes.  They deny that there was a conspiracy to allocate

20  product markets for telescopes.  And they deny that there was a conspiracy to prevent the plaintiff

21  from acquiring the Hayneedle Assets.  They also argue that there was no injury to the plaintiff's

22  business, and that the plaintiff is not entitled to any damages.

23

24  **Redline:**

25

26      To help you follow the evidence, I will give you a brief summary of the positions of the

27  parties:

28

-1-                    Case No. 5:16-cv-06370-EJD-VKD

1    ~~The plaintiff asserts that [plaintiff's claims]. The plaintiff has the burden of proving these~~

2    ~~claims.~~ The Plaintiff in this case is Optronic Technologies, Inc., also known as Orion.  Orion sells

3    and distributes Orion-branded telescopes, which are manufactured by third parties.

4         The Defendants in this case are a telescope manufacturer, Ningbo Sunny Electronic Co.,

5    Ltd., and its wholly-owned subsidiaries Sunny Optics, Inc. and Meade Instruments, Inc.

6         Orion asserts that Defendants violated four antitrust laws.  Orion claims that Defendants:

7    1) Fixed prices and credit terms for telescopes and unreasonably restrained trade in violation of

8    Section 1 of the Sherman Act; 2) Attempted to monopolize and conspired to monopolize the

9    market for telescope manufacturing services in violation of Section 2 of the Sherman Act; 3)

10   Acquired Meade Instruments in 2013 which substantially lessened competition and tended to

11   create a monopoly in violation of Section 7 of the Clayton Act; and 4) Fixed prices and credit

12   terms for telescopes and unreasonably restrained trade in violation of California's Cartwright Act.

13   Orion claims that Defendants' violations of these laws caused it to suffer injury to its business and

14   trade.  Orion has the burden of proving these claims.

15        ~~The defendant denies those claims [and also contends that [defendant's counterclaims~~

16   ~~and/or affirmative defenses]]. [The defendant has the burden of proof on these [counterclaims~~

17   ~~and/or affirmative defenses.]]~~ Defendants deny that they committed any of these violations.  They

18   deny that there was a conspiracy to fix the prices of telescopes.  They deny that there was a

19   conspiracy to allocate product markets for telescopes.  And they deny that there was a conspiracy

20   to prevent the plaintiff from acquiring the Hayneedle Assets.  They also argue that there was no

21   injury to the plaintiff's business, and that the plaintiff is not entitled to any damages.

22        ~~[The plaintiff denies [defendant's counterclaims and/or affirmative defenses].]~~

23

24   **AUTHORITY: 9th Cir. 1.5**

25

26

27

28

**ORION'S PRICE-FIXING INSTRUCTION NO. 10**

**<u>PRICE-FIXING: WITHDRAWAL FROM THE CONSPIRACY</u>**

If you find that a defendant joined the alleged conspiracy, then you should presume that the defendant remained a member of the conspiracy and therefore responsible for all actions in furtherance of the conspiracy until the conspiracy was abandoned or the defendant withdrew from it.

The Defendants have introduced evidence that they withdrew from the alleged conspiracy. The Defendants have the burden of convincing you, by the greater weight of the evidence, that they so withdrew. In order for you to find that the Defendants withdrew from the conspiracy, the evidence must show that the Defendants did some affirmative act inconsistent with the object of the conspiracy, and that the Defendants communicated that they were withdrawing in a manner reasonably designed to reach their co-conspirators.

Even if a defendant withdraws from a conspiracy, it remains liable for any illegal acts it or any other member of the conspiracy committed while the defendant was a member of the conspiracy, up until the time of its withdrawal.

**Redline:**

If you find that a defendant joined the alleged conspiracy, then you should presume that the defendant remained a member of the conspiracy and therefore responsible for all actions in furtherance of the conspiracy until the conspiracy was abandoned or the defendant withdrew from it.

The dDefendants [name of the defendant] hasve introduced evidence that it they withdrew from the alleged conspiracy. The dDefendants haves the burden of convincing you, by the greater weight of the evidence, that it they so withdrew. In order for you to find that the dDefendants withdrew from the conspiracy, the evidence must show that the dDefendants did some affirmative act inconsistent with the object of the conspiracy, and that the dDefendants communicated that it they was were withdrawing in a manner reasonably designed to reach its their co-conspirators.

1       Even if a defendant withdraws from a conspiracy, it remains liable for any illegal acts it or

2   any other member of the conspiracy committed while the defendant was a member of the

3   conspiracy, up until the time of its withdrawal. ~~However, if you find that the defendant withdrew~~

4   ~~from the conspiracy before [insert date four years before the filing of the complaint] and also find~~

5   ~~that the defendant did not laterre-enter the conspiracy, then you must find in favor of that~~

6   ~~defendant.~~

7       **Source and Authorities:** Leonard B. Sand, et al., 4 Modern Federal Jury Instructions–

8   Civil ¶ 79.02, Instr. 79-10 (Restraint of Trade) (Matthew Bender, 2015).

9

10      **Defendants' Objection:**  This proposed instruction has been substantially modified from

11  the model instruction to contain argument, including the identification of supposed "co-

12  conspirators" whom Orion has never alleged to be co-conspirators.  Orion has deleted an entire

13  paragraph explaining the effect of a withdrawal argument on liability.  The instruction also

14  misstates Defendants' arguments.  Defendants proposed instruction regarding withdrawal is the

15  unmodified ABA model and contains no argument.

16      Further, it does not make sense to mix and match between two different sets of model

17  instructions, because model instructions are designed to be used together.  Defendants have

18  proposed the ABA Section of Antitrust model instructions on this issue—which is the first set of

19  model instructions recommended by the Ninth Circuit for use in antitrust cases and recognized as

20  the authoritative source for this purpose among antitrust practitioners—with no substantive

21  modifications or argument.  Defendants submit that the ABA instructions are both more complete

22  statements of the law, and presented more efficiently in fewer instructions, than the "Modern

23  Federal Jury Instructions" used as the starting point for Orion's proposed instructions.  Moreover,

24  the model instructions used by Orion include certain instructions that are demonstrably improper

25  as a matter of law, as explained in several of Defendants' other objections.

26      **Orion's Response**:

27      Contrary to Defendants' assertion, the only deleted material from the withdrawal paragraph

28  relates to circumstances where a defendant claims it withdrew from a conspiracy at a time before

1    the statute of limitations period begins.  Defendants have never asserted such an argument and

2    there are no facts to support instructing the jury on that theory.

3        Defendants' conclusory assertion that the ABA model instructions are "the authoritative

4    source" of jury instructions—advanced without any citation supporting the claim—is not true.

5    The Modern Federal Jury Instructions treatise Orion has used in preparing is specifically approved

6    by the Ninth Circuit in Chapter 14 of the Model Ninth Circuit Jury Instructions, and the fact that

7    the ABA model instruction appears first—in a list organized by alphabetical order—is immaterial.

8    Indeed, instructions from the Modern Federal Jury Instructions source have been used in

9    significant antitrust cases in this District.  *See* Jury Instructions, *In Re: TFT-LCD (Flat Panel)*

10   *Antitrust Litig.*, No. 3:07-md-01827 (N.D. Cal. June 28, 2012), pp. 6-8, ("Bias of Witnesses",

11   "Conflicting Expert Testimony", and "Inferences") (Illston, J.); Final Jury Instructions, *Smithkline*

12   *Beecham Corp. v. Abbott Labs.*, No. 4:07-cv-05702 (N.D. Cal. March 24, 2011), pp. 2-3

13   "Summary of Dispute and the Parties' Claims and Defenses" (ECF No. 485) (Wilken, J.).

14       The model instructions provided by the Modern Federal Jury Instructions treatise are

15   superior because they communicate the law to the jury in far simpler and more efficient manner

16   than the ABA model instructions.  The jury is going to be presented a significant number of

17   instructions, which counsels in favor of brevity and simplicity.

18       Defendants' failure to modify the ABA instructions to fit the facts of this case where the

19   ABA model instructions themselves direct that such modification should be made does not

20   counsel in favor of selecting Defendants' proposed instructions.

21       Finally, Defendant's assertion that "it does not make sense to mix and match between two

22   different sets of model instructions" is belied by the fact that Defendants' own proposed

23   instructions use multiple model instruction sources.  The fact is that none of the sources approved

24   by the Ninth Circuit Model Instructions provides model instructions for all of the claims that

25   Orion is asserting.

26

27

28

### ORION'S PRICE-FIXING INSTRUCTION NO. 12

### <u>PRICE-FIXING: THE PROHIBITION OF LEGAL MEANS TO AN ILLEGAL END</u>

The Sherman Act condemns every means to accomplish the objectives of a conspiracy to (fix prices or unreasonably restrain trade). It is not necessary that the acts committed to carry out this unlawful end be illegal themselves. Legal acts cannot be used to achieve an illegal end.

An act, harmless when done by one, may become a wrong when done together by two or more. A series of acts, each of which may be innocent in itself, may be wrongful if the direct result of them is to carry into effect an agreement whereby (prices or credit terms are fixed or the free flow of commerce is unreasonably obstructed). So a conspiracy to (fix prices or credit terms or restrain trade) is not lawful simply because it is carried into effect by a series of acts, each one of which is not objectionable.

**Redline:**

The Sherman Act condemns every means to accomplish the objectives of a conspiracy to (fix prices or unreasonably restrain trade). It is not necessary that the acts committed to carry out this unlawful end be illegal themselves. Legal acts cannot be used to achieve an illegal end.

An act, harmless when done by one, may become a wrong when done together by two or more. A series of acts, each of which may be innocent in itself, may be wrongful if the direct result of them is to carry into effect an agreement whereby (prices or credit terms are fixed or the free flow of commerce is unreasonably obstructed). So a conspiracy to (fix prices or credit terms or restrain trade) is not lawful simply because it is carried into effect by a series of acts, each one of which is not objectionable.

**Source and Authorities:** Leonard B. Sand, et al., 4 Modern Federal Jury Instructions–Civil ¶ 79.02, Instr. 79-12 (Restraint of Trade) (Matthew Bender, 2015).

**Defendants' Objection:**  Orion has substantively modified the model instruction to refer to "credit terms."  As noted Defendants have proposed a single model instruction explaining that

1  credit terms can sometimes be a species of price-fixing.  See Defendants' Proposed Instruction

2  (PRICE-FIXING—GENERAL ELEMENTS).  Orion will be free to make that argument to the

3  jury.  Constant modification of model instructions to reflect the idiosyncrasies of Orion's theories

4  is unnecessary and inappropriate.

5       Further, it does not make sense to mix and match between two different sets of model

6  instructions, because model instructions are designed to be used together.  Defendants have

7  proposed the ABA Section of Antitrust model instructions on this issue—which is the first set of

8  model instructions recommended by the Ninth Circuit for use in antitrust cases and recognized as

9  the authoritative source for this purpose among antitrust practitioners—with no substantive

10  modifications or argument.  Defendants submit that the ABA instructions are both more complete

11  statements of the law, and presented more efficiently in fewer instructions, than the "Modern

12  Federal Jury Instructions" used as the starting point for Orion's proposed instructions.  Moreover,

13  the model instructions used by Orion include certain instructions that are demonstrably improper

14  as a matter of law, as explained in several of Defendants' other objections.

15       **Orion's Response:** Defendants do not dispute that modifying this instruction to make

16  clear that it applies to credit-term fixing as well as price-fixing is legally correct.  It is not clear to

17  a layperson that credit-term fixing and price fixing are identical under the law, and the modest

18  modification to the instruction is an appropriate clarification.

19       Defendants' conclusory assertion that the ABA model instructions are "the authoritative

20  source" of jury instructions—advanced without any citation supporting the claim—is not true.

21  The Modern Federal Jury Instructions treatise Orion has used in preparing is specifically approved

22  by the Ninth Circuit in Chapter 14 of the Model Ninth Circuit Jury Instructions, and the fact that

23  the ABA model instruction appears first—in a list organized by alphabetical order—is immaterial.

24  Indeed, instructions from the Modern Federal Jury Instructions source have been used in

25  significant antitrust cases in this District.  *See* Jury Instructions, *In Re: TFT-LCD (Flat Panel)*

26  *Antitrust Litig.*, No. 3:07-md-01827 (N.D. Cal. June 28, 2012), pp. 6-8, ("Bias of Witnesses",

27  "Conflicting Expert Testimony", and "Inferences") (Illston, J.); Final Jury Instructions, *Smithkline*

28

1   *Beecham Corp. v. Abbott Labs.*, No. 4:07-cv-05702 (N.D. Cal. March 24, 2011), pp. 2-3

2   "Summary of Dispute and the Parties' Claims and Defenses" (ECF No. 485) (Wilken, J.).

3        The model instructions provided by the Modern Federal Jury Instructions treatise are

4   superior because they communicate the law to the jury in far simpler and more efficient manner

5   than the ABA model instructions.  The jury is going to be presented a significant number of

6   instructions, which counsels in favor of brevity and simplicity.

7        Defendants' failure to modify the ABA instructions to fit the facts of this case where the

8   ABA model instructions themselves direct that such modification should be made does not

9   counsel in favor of selecting Defendants' proposed instructions.

10       Finally, Defendant's assertion that "it does not make sense to mix and match between two

11  different sets of model instructions" is belied by the fact that Defendants' own proposed

12  instructions use multiple model instruction sources.  The fact is that none of the sources approved

13  by the Ninth Circuit Model Instructions provides model instructions for all of the claims that

14  Orion is asserting.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

### ORION'S PRICE-FIXING INSTRUCTION NO. 13

### PRICE-FIXING: CO-CONSPIRATORS NOT NAMED AS DEFENDANTS

3    It is not necessary for a plaintiff to name as a defendant every person whom he claims

4 participated in the unlawful agreement or conspiracy. A plaintiff injured by such an agreement

5 may recover against one or all who participated. He may enforce his right of recovery against one,

6 or some or all. However, in order to recover against any particular member of the conspiracy, the

7 plaintiff must name that member as a defendant.

8    It does not matter that Orion did not join as a defendant someone who may have

9 participated in causing the injury Orion claims. This is true even if it appears that the role of the

10 unnamed participant may have been greater than that of those Orion did name as defendants.

11

12    **Redline:**

13

14    It is not necessary for a plaintiff to name as a defendant every person whom he claims

15 participated in the unlawful agreement or conspiracy. A plaintiff injured by such an agreement

16 may recover against one or all who participated. He may enforce his right of recovery against one,

17 or some or all. However, in order to recover against any particular member of the conspiracy, the

18 plaintiff must name that member as a defendant.

19    It does not matter that ~~the plaintiff~~ Orion did not join as a defendant someone who may

20 have participated in causing the injury ~~the plaintiff~~ Orion claims. This is true even if it appears that

21 the role of the unnamed participant may have been greater than that of those ~~the plaintiff~~ Orion did

22 name as defendants.

23    Source and Authorities: Leonard B. Sand, et al., 4 Modern Federal Jury Instructions–Civil

24 ¶ 79.02, Instr. 79-13 (Restraint of Trade) (Matthew Bender, 2015).

25    **Defendants' Objection:**  It does not make sense to mix and match between two different

26 sets of model instructions, because model instructions are designed to be used

27 together.  Defendants have proposed the ABA Section of Antitrust model instructions on this

28 issue—which is the first set of model instructions recommended by the Ninth Circuit for use in

1   antitrust cases and recognized as the authoritative source for this purpose among antitrust

2   practitioners—with no substantive modifications or argument.  Defendants submit that the ABA

3   instructions are both more complete statements of the law, and presented more efficiently in fewer

4   instructions, than the "Modern Federal Jury Instructions" used as the starting point for Orion's

5   proposed instructions.  Moreover, the model instructions used by Orion include certain

6   instructions that are demonstrably improper as a matter of law, as explained in several of

7   Defendants' other objections.

8        **Orion's Response:** Defendants' conclusory assertion that the ABA model instructions are

9   "the authoritative source" of jury instructions—advanced without any citation supporting the

10  claim—is not true.  The Modern Federal Jury Instructions treatise Orion has used in preparing is

11  specifically approved by the Ninth Circuit in Chapter 14 of the Model Ninth Circuit Jury

12  Instructions, and the fact that the ABA model instruction appears first—in a list organized by

13  alphabetical order—is immaterial.  Indeed, instructions from the Modern Federal Jury Instructions

14  source have been used in significant antitrust cases in this District.  *See* Jury Instructions, *In Re:*

15  *TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-md-01827 (N.D. Cal. June 28, 2012), pp. 6-8,

16  ("Bias of Witnesses", "Conflicting Expert Testimony", and "Inferences") (Illston, J.); Final Jury

17  Instructions, *Smithkline Beecham Corp. v. Abbott Labs.*, No. 4:07-cv-05702 (N.D. Cal. March 24,

18  2011), pp. 2-3 "Summary of Dispute and the Parties' Claims and Defenses" (ECF No. 485)

19  (Wilken, J.).

20       The model instructions provided by the Modern Federal Jury Instructions treatise are

21  superior because they communicate the law to the jury in far simpler and more efficient manner

22  than the ABA model instructions.  The jury is going to be presented a significant number of

23  instructions, which counsels in favor of brevity and simplicity.

24       Defendants' failure to modify the ABA instructions to fit the facts of this case where the

25  ABA model instructions themselves direct that such modification should be made does not

26  counsel in favor of selecting Defendants' proposed instructions.

27       Finally, Defendant's assertion that "it does not make sense to mix and match between two

28  different sets of model instructions" is belied by the fact that Defendants' own proposed

1  instructions use multiple model instruction sources.  The fact is that none of the sources approved

2  by the Ninth Circuit Model Instructions provides model instructions for all of the claims that

3  Orion is asserting.

1

2

3 **ORION'S CLAYTON ACT INSTRUCTION NO. 3**

4 **CLAYTON ACT: ELEMENTS OF THE OFFENSE**

5   Orion seeks recovery of money damages for Defendants' alleged violation of the Clayton

6 Act. In order to recover such damages, Orion must prove four elements by a preponderance of the

7 evidence:

8   First: Defendants violated Section 7 of the Clayton Act;

9   Second: Orion has been injured in its business or property;

10   Third: the antitrust violation was the direct and proximate cause of the injury to Orion's

11 business or property; and

12   Fourth: Orion has been damaged in an amount that is reasonably ascertainable in dollars

13 and cents.

14   I will explain each of these elements to you.  Because Orion must show injury for all of its

15 claims, I will explain injury and damages to you at the end of these instructions.

16

17   **Redline:**

18

19   ~~This is a civil action for the~~Orion seeks recovery of money damages for ~~an~~ Defendants'

20 alleged violation of the Clayton Act. In order to recover such damages ~~on the acquisition phase of~~

21 ~~the case~~, ~~plaintiff~~ Orion must ~~, under the applicable law,~~ prove four elements by a preponderance

22 of the evidence:

23   First: ~~d~~Defendant~~s~~ violated Section 7 of the Clayton Act;

24   Second: ~~plaintiff~~ Orion has been injured in ~~plaintiff 's~~its business or property;

25   Third: the antitrust violation was the direct and proximate cause of the injury to ~~plaintiff~~

26 ~~'s~~Orion's business or property; and

27   Fourth: ~~plaintiff~~ Orion has been damaged in an amount that is reasonably ascertainable in

28 dollars and cents.

1    I will explain each of these elements to you.  Because Orion must show injury for all of its

2    claims, I will explain injury and damages to you at the end of these instructions.

3    I will now explain each of these elements.

4    **Source and Authorities**: 3A Fed. Jury Prac. & Instr. § 150:130 (6th ed.) (modified).

5    **Defendants' Objection:** Orion does not seek any damages with respect to its Section 7

6    claim.  *See* Zona Report ("Summary and Conclusions").  Because Orion seeks only equitable

7    relief, this claim should be decided by the Court.  Accordingly, Defendants object to including

8    instructions with respect to this claim, because such instructions could only serve to confuse the

9    jury into awarding damages for a claim as to which no damages are sought.

10   **Orion's Response:**  Defendants again attempt to subvert the jury instruction process into

11   an additional bite at the summary judgment apple.

12   Defendants mischaracterize Dr. Zona's report.  As the Court recognized in its summary

13   judgment order, Dr. Zona calculated damages arising from the concentration of the telescope

14   manufacturing services caused by the Meade acquisition, the subject of Orion's Clayton Act

15   claim:

16
17   > Orion's motion does not state that its failure to acquire Meade is the
>    only harm caused by the alleged conspiracy. Rather, Orion claims
>    that the conspiracy to enact the merger harmed it by increasing
18   > market concentration. Pl.'s Mot. at 11; Pl.'s Reply at n.5. Here,
>    Orion's motion relies on Dr. Zona's calculation of the Herfindahl–
19   > Hirschman Index ("HHI") for the proposed relevant market.

20   Order Denying Motion for Summary Judgment 5:19-24 (ECF No. 338). Moreover, Dr.

21   Zona calculated his damages by utilizing the Cournot Nash equilibrium to determine equations for

22   what Orion's per unit profit would be if the telescope manufacturing services market were not

23   concentrated by the Meade acquisition, and thereby derived Orion's damages.

24

25

26

27

28