SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
LEO D. CASERIA, Cal. Bar No. 240323
THOMAS DILLICKRATH, (*pro hac vice*)
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
Telephone:    202.747.1900
Facsimile:    202.747.1901
E-mail:       lcaseria@sheppardmullin.com
              tdillickrath@sheppardmullin.com

MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
DYLAN I. BALLARD, Cal. Bar No. 253929
HELEN C. ECKERT, Cal. Bar No. 240531
JOY O. SIU, Cal. Bar No. 307610
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:    415.434.9100
Facsimile:    415.434.3947
E-mail:       mscarborough@sheppardmullin.com
              dballard@sheppardmullin.com
              heckert@sheppardmullin.com
              jsiu@sheppardmullin.com

Attorneys for Defendants NINGBO SUNNY
ELECTRONIC CO., LTD., SUNNY OPTICS,
INC., and MEADE INSTRUMENTS CORP.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC. d/b/a Orion Telescopes & Binoculars, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., MEADE INSTRUMENTS CORP., and DOES 1-25,<br><br>Defendants. | Case No. 5:16-cv-06370-EJD-VKD<br>*Assigned To:  Honorable Edward J. Davila*<br><br>**DEFENDANTS' RESPONSE AND REQUEST TO STRIKE PLAINTIFF'S "ERRATAS" RE JOINT PROPOSED JURY INSTRUCTIONS AND JOINT SUBMISSION OF COMPETING PROPOSED VERDICT FORMS (ECF NOS. 371, 357)**<br><br>**Re:  ECF Nos. 389, 390**<br><br>Compl. Filed:          Nov. 1, 2016<br>First Am. Compl.:    Nov. 3, 2017<br>Final Pretrial Conf.: Oct. 10, 2019<br>Trial Date:               Oct. 15, 2019 |

Defendants Ningbo Sunny Electronic Co. Ltd. ("Ningbo Sunny"), Sunny Optics Inc. ("Sunny Optics"), and Meade Instruments Corp. ("Meade") (collectively, "Defendants") object to Plaintiff's "erratas" to the parties' joint proposed jury instructions and joint submission of competing proposed verdict forms. ECF Nos. 389, 390.

Plaintiff's filings are not actual "errata"—*i.e.*, filings designed to identify and correct minor or typographical errors. Instead, Plaintiff purports to make untimely, *substantive* revisions to *joint* submissions that were due and filed last week as required under the Court's Standing Order. *See* ECF Nos. 371 (joint submission of proposed jury instructions), 357 (joint submission of proposed verdict forms). For instance, many of Plaintiff's purported revisions to the proposed jury instructions concern the parties' Agreed Instruction No. 4—an instruction that was submitted to the Court as an agreed instruction. The effect of Plaintiff's purported changes to that agreed instruction also effectively seek to relitigate the Neutral Case Statement that was submitted to the Court last week—again, as a joint, agreed proposal. ECF No. 359. Similarly, Plaintiff's second errata seeks to add an entire line item to the verdict form seeking a new form of relief.

Indeed, Plaintiff's latest "errata" purports to make changes that go beyond even the alterations in their previous "errata," which the Court struck two days ago. Plaintiff's current filing now attempts to make changes to the parties' Agreed Jury Instruction No. 4 without even reflecting them as changes.

The parties met and conferred exhaustively on their joint jury instructions, neutral case statement, and verdict form submissions and exchanged multiple drafts before filing. There is no basis for reopening that burdensome process now.

During Plaintiff's belated attempt to meet and confer regarding its proposed "errata," Plaintiff's counsel took the position that there was "no meeting of the minds" between the parties regarding the joint proposed instructions and verdict forms Plaintiff filed last week on behalf of all parties. Defendants do not understand how Plaintiff can plausibly maintain that position in light of the exhaustive drafting and meet and confer process that preceded those joint filings, which Plaintiff expressly filed as "joint" and "agreed" submissions.

Based on these deficiencies, Defendants respectfully request that the Court strike Plaintiff's erratas.

Dated:  October 9, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By       */s/ Dylan I. Ballard*
                DYLAN I. BALLARD

Attorneys for Defendants
NINGBO SUNNY ELECTRONIC CO., LTD.,
SUNNY OPTICS, INC., and
MEADE INSTRUMENTS CORP.

**<u>ATTESTATION PURSUANT TO THE COURT'S SEPTEMBER 30, 2019 ORDER</u>**

I, Dylan I. Ballard, attest that pursuant to this Court's September 30, 2019 Order re Errata and Responses (ECF No. 341), lead counsel for Plaintiff and Defendants met and conferred in good faith to seek to resolve the issues underlying this motion.  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 9th day of October, 2019, at San Francisco, California.

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By       */s/ Dylan I. Ballard*
                DYLAN I. BALLARD

Attorneys for Defendants NINGBO SUNNY
ELECTRONIC CO., LTD., SUNNY OPTICS, INC.,
and MEADE INSTRUMENTS CORP.