SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
LEO D. CASERIA, Cal. Bar No. 240323
THOMAS J. DILLICKRATH (admitted *pro hac vice*)
2099 Pennsylvania Ave., NW, Ste. 100
Washington, DC 20006, 201-747-1900
Telephone:  202.747.1900
Facsimile:  202.747.1901
E-mail:  lcaseria@sheppardmullin.com
         tdillickrath@sheppardmullin.com

MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
DYLAN I. BALLARD, Cal. Bar No. 253929
HELEN C. ECKERT, Cal. Bar No. 240531
JOY O. SIU, Cal. Bar No. 307610
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:  415.434.9100
Facsimile:  415.434.3947
E-mail:  mscarborough@sheppardmullin.com
         dballard@sheppardmullin.com
         heckert@sheppardmullin.com
         jsiu@sheppardmullin.com

Attorneys for Defendants NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., and MEADE INSTRUMENTS CORP.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC. d/b/a Orion Telescopes & Binoculars, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., MEADE INSTRUMENTS CORP., and DOES 1-25,<br><br>Defendants. | Case No. 5:16-cv-06370-EJD-VKD<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S CORRECTED EXHIBIT LIST [ECF NO. 342]**<br><br>Complaint Filed:   Nov. 1, 2016<br>First Am. Compl.:  Nov. 3, 2017<br>Trial Date:        Oct. 15, 2019 |

Pursuant to Federal Rule of Civil Procedure 26(a)(3)(B) and Section IV.D.4 of Judge Davila's Standing Order for Civil Cases ("Standing Order"), Defendants Ningbo Sunny Electronic, Co., Ltd., Sunny Optics, Inc., and Meade Instruments Corp. ("Defendants") hereby respectfully submit as **Exhibit A** Defendants' Objections to Plaintiff Optronic Technologies, Inc.'s ("Orion") Corrected Exhibit List (ECF No. 342), along with a corresponding Objection Key Code Chart as **Exhibit B**.

To date, Orion has filed four different trial exhibit lists.  The first (ECF No. 332, filed September 26), was the only one to be filed within the deadline of 14 days before the Final Pretrial Conference set forth in subsection IV.D.4 of the Standing Order.  Orion then filed a Notice of Errata and Corrected Trial Exhibits List (ECF No. 333) the following day.  Pursuant to the Court's September 27 Order Striking Plaintiff's Exhibit List for noncompliance (ECF No. 334), Orion filed its Corrected Exhibit List on September 30.  (ECF No. 342).  This is the operative exhibit list that Defendants have been reviewing diligently since September 30 in order to complete objections to each of Orion's **914 exhibits** by the October 10 deadline set forth in Rule 26(a)(3)(B).

However, on October 8, 2019 – **12 days after the Court's deadline** – and without providing any notice or meeting and conferring with Defendants, Orion filed an "Amended Trial Exhibit List" (ECF No. 384).  Orion's "Amended Trial Exhibit List" makes no mention of why Orion was filing an "amended" exhibit list, the differences between the prior and amended lists, and why Orion's untimely amendment should nevertheless be allowed.[1]  Indeed, Orion makes no attempt  to satisfy the Court's Order that "no party shall be permitted to offer any exhibit, without

---

[1] This is of course not the only time Orion has attempted to redo its pretrial submissions after the deadline has already passed.  *E.g.,* ECF Nos. 357, 371.

Orion did not provide a redline identifying the changes made between the "Corrected Exhibit List" and the new "Amended Exhibit List," but it appears that Orion has added approximately 11 new exhibits, and added additional pages or documents to other exhibits.

1  leave of Court for good cause shown, if such exhibit is not disclosed on the Joint Exhibit List
2  unless the exhibit is offered solely for impeachment or rebuttal." Standing Order, Sec. VI.D.4.
3  Orion even boldly "reserves its right to supplement this list as appropriate." ECF No. 384, at 1.

4  Accordingly, Defendants respectfully request that the Court strike Orion's October 8
5  "Amended Trial Exhibit List" (ECF No. 384). Defendants also make clear that their objections
6  track Orion's September 30 "Corrected Exhibit List" (ECF No. 342). To the extent the Court
7  allows Orion's subsequent amended list to stand, Defendants respectfully request an opportunity
8  to submit objections as to those "amended" exhibits.

9  Defendants also respectfully bring to the Court's attention the following additional issues
10  with Orion's trial exhibit list:

11  *First,* Orion's trial exhibit (TX) 1439, bates stamped ORIONSCAN000001 through
12  ORIONSCAN041417, consists of **41,417 pages** and combines together 6,807 separately-produced
13  documents. While Orion describes TX 1439 simply as "Orion Purchase Orders," it appears to be
14  scans of all order and shipment-related documents from Orion's purchasing and/or accounting
15  department associated with every single foreign supplier Orion purchased from. Orion's TX 1439
16  violates the Court's order for the parties to identify exhibits "to be used at trial," and Defendants
17  respectfully request that the Court require Orion to identify only those "purchase orders" it
18  actually intends to offer at trial.

19  *Second*, for every document allegedly received or sent by *one* individual affiliated with a
20  Defendant or alleged co-conspirator, Orion automatically identified as the "sponsoring witness"
21  *every* (non-expert) defense witness it intends to call at trial. For example, TX 1225 is a March
22  2015 email from James Chiu to Joyce Huang of Good Advance. Orion automatically lists as the
23  "sponsoring witness" not just James Chiu, but also Victor Aniceto, Joseph Lupica and Peter Ni.
24  There are approximately 631 such exhibits on Orion's list which identifies every defense witness
25  as the supposed sponsoring witness, without distinction.[2] Defendants respectfully request that the

---

[2] There are also approximately 73 exhibits where the "sponsoring witness" is identified as "any witness" or "all witnesses."

1  Court require Orion to re-identify the sponsoring witness for such exhibits in good faith.  In the
2  alternative, Defendants respectfully request a standing objection under Federal Rule of Evidence
3  602 (lack of personal knowledge) as to those defense witnesses with no knowledge of or
4  connection to a particular exhibit.

5      *Third,* Orion informed Defendants for the first time on October 8 that Orion had "a few
6  translation issues with several exhibits" and promised to send "corrected and recertified versions
7  shortly."  On the morning of the date of this filing, Orion provided 18 such "corrected"
8  translations, and have yet to provide corrected translations for a remaining two exhibits.
9  Defendants respectfully request that Orion be barred from offering at trial these "corrected" and
10 "recertified" translations as untimely.  Defendants alternatively reserve the right to object to these
11 translations.

14 Dated:  October 10, 2019

15           SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

17           By    *Leo D. Caseria*
18                LEO D. CASERIA
19           Attorneys for Defendants NINGBO SUNNY
          ELECTRONIC CO., LTD., SUNNY OPTICS, INC.,
20           and MEADE INSTRUMENTS CORP.