J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
  borden@braunhagey.com
Jeffrey M. Theodore, Esq. (SBN: 324823)
  theodore@braunhagey.com
Ronald J. Fisher, Esq. (SBN: 298660)
  fisher@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

ATTORNEYS FOR PLAINTIFF
OPTRONIC TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC., d/b/a Orion Telescopes & Binoculars ®, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., MEADE INSTRUMENTS CORP., and DOES 1 - 25,<br><br>Defendants. | Case No: 5:16-cv-06370-EJD-VKD<br><br>**PLAINTIFF OPTRONIC TECHNOLOGIES, INC.'S PROFFER OF EVIDENCE OF CONSPIRACY PURSUANT TO FED. R. EVID. 801(d)(2)(E)**<br><br>**Date:** October 23, 2019<br>**Time:** 8:00 a.m.<br>**Judge:** Hon. Edward J. Davila<br>**Ctrm:** 4, 5th Floor<br><br>**Compl. Filed:** Nov. 1, 2016<br>**First Am. Compl.:** Nov. 3, 2017<br>**Final Pretrial Conf.:** October 10, 2019<br>**Trial Date:** October 15, 2019 |

1  Pursuant to the Court's direction during trial on October 22, 2019, Orion hereby identifies
2  statements that Orion intends to offer as non-hearsay co-conspirator statements during the morning
3  session of October 23, 2019.  Orion reserves the right to offer additional co-conspirator statements
4  as evidence as trial develops.

5  **Trial Exhibit 1181:**

6  Mr. Ni testified that "James Chiu would sometimes ask customers to pay in advance for
7  their order."  Trial Trans. 414:7-10.  Trial Exhibit 1378 shows that Sunny and Synta had an
8  agreement whereby "[t]o prevent JOC to Buy Meade, we decided to purchase MEADE by sunny
9  after discussion.  But the premise of this case is CELESTRON/SYNTA should be provided the
10 financial support to SUNNY."

11 This document shows David Shen furthering that conspiracy by directing Celestron CEO
12 Dave Anderson to make early payments to Sunny, while delaying payments from Celestron to
13 Synta.

14 **Trial Exhibit 1304:**

15 Mr. Ni testified that Laurence Huen was engaged as a consultant on the Meade transaction.
16 Trial Trans. 436:21-437:8.  Trial Exhibit 1378 shows that Sunny and Synta had an agreement
17 whereby "[t]o prevent JOC to Buy Meade, we decided to purchase  MEADE by sunny after
18 discussion.  But the premise of this case is CELESTRON/SYNTA should be provided the financial
19 support to SUNNY."

20 This document shows Laurence Huen furthering the conspiracy by thanking Mr. Ni for
21 payment relating to his work on the transaction, and providing further information regarding
22 Celestron's funding of the acquisition.

23 **Trial Exhibit 1305:**

24 Mr. Ni testified that Laurence Huen and Joe Lupica were engaged as consultants on the
25 Meade transaction.  Trial Trans. 436:21-437:8.  Trial Exhibit 1378 shows that Sunny and Synta had
26 an agreement whereby "[t]o prevent JOC to Buy Meade, we decided to purchase  MEADE by
27 sunny after discussion.  But the premise of this case is CELESTRON/SYNTA should be provided
28 the financial support to SUNNY."

This document shows Laurence Huen furthering the conspiracy by translating Joe Lupica's summary regarding the status of Meade for Peter Ni.

**Trial Exhibit 1785:**

Mr. Ni testified that Laurence Huen was engaged as a consultant on the Meade transaction who was authorized to communicate with Ningbo Sunny's counsel and translate for Mr. Ni. Trial Trans. 436:21-437:8. Trial Exhibit 1378 shows that Sunny and Synta had an agreement whereby "[t]o prevent JOC to Buy Meade, we decided to purchase MEADE by sunny after discussion. But the premise of this case is CELESTRON/SYNTA should be provided the financial support to SUNNY."

This document shows Laurence Huen furthering the conspiracy by relaying communications with Ningbo Sunny's counsel to Mr. Ni.

**Trial Exhibit 1787:**

Mr. Ni testified that Laurence Huen was engaged as a consultant on the Meade transaction who was authorized to communicate with Ningbo Sunny's counsel and translate for Mr. Ni. Trial Trans. 436:21-437:8. Trial Exhibit 1378 shows that Sunny and Synta had an agreement whereby "[t]o prevent JOC to Buy Meade, we decided to purchase MEADE by sunny after discussion. But the premise of this case is CELESTRON/SYNTA should be provided the financial support to SUNNY."

This document shows Laurence Huen furthering the conspiracy by relaying communications with Ningbo Sunny's counsel to Mr. Ni.

**Trial Exhibit 1428:**

Trial Exhibit 1378 shows that Sunny and Synta had an agreement whereby "[t]o prevent JOC to Buy Meade, we decided to purchase MEADE by sunny after discussion. But the premise of this case is CELESTRON/SYNTA should be provided the financial support to SUNNY."

The document shows Celestron personnel executing the financial support necessary to complete the transaction.

**Trial Exhibit 1627:**

Mr. Ni testified that Laurence Huen was engaged as a consultant on the Meade transaction. Trial Trans. 436:21-437:8. Trial Exhibit 1378 shows that Sunny and Synta had an agreement whereby "[t]o prevent JOC to Buy Meade, we decided to purchase MEADE by sunny after discussion. But the premise of this case is CELESTRON/SYNTA should be provided the financial support to SUNNY."

This document shows Laurence Huen furthering the conspiracy by relaying communications with Ningbo Sunny's counsel to Mr. Ni and David Shen, and David Shen further the conspiracy by directing strategy relating to the acquisition.

**Trial Exhibit 1611:**

Trial Exhibit 1378 shows that Sunny and Synta had an agreement whereby "[t]o prevent JOC to Buy Meade, we decided to purchase MEADE by sunny after discussion. But the premise of this case is CELESTRON/SYNTA should be provided the financial support to SUNNY."

This document shows Laurence Huen furthering the conspiracy by relaying communications relating to the acquisition to Peter Ni.

**Trial Exhibit 1194:**

Trial Exhibit 1378 shows that Sunny and Synta had an agreement whereby "[t]o prevent JOC to Buy Meade, we decided to purchase MEADE by sunny after discussion. But the premise of this case is CELESTRON/SYNTA should be provided the financial support to SUNNY."

This document shows David Shen furthering the conspiracy after the acquisition by discussing pricing strategy with Peter Ni, and suggesting that "we do not need to wage a price war with Orion head-on. Suspension of supply does not need any price wars."

**Trial Exhibit 1193:**

Trial Exhibit 1378 shows that Sunny and Synta had an agreement whereby "[t]o prevent JOC to Buy Meade, we decided to purchase MEADE by sunny after discussion. But the premise of this case is CELESTRON/SYNTA should be provided the financial support to SUNNY."

This document shows David Shen furthering the conspiracy after the acquisition by discussing pricing strategy with Peter Ni, and suggesting that "we do not need to wage a price war with Orion head-on.  Suspension of supply does not need any price wars."

**Trial Exhibit 1765:**

Trial Exhibit 1378 shows that Sunny and Synta had an agreement whereby "[t]o prevent JOC to Buy Meade, we decided to purchase MEADE by sunny after discussion.  But the premise of this case is CELESTRON/SYNTA should be provided the financial support to SUNNY."  Peter Ni testified that Joyce Huang was an employee of David Shen's. Trial Trans. 433:19-23.

This document shows David Shen's employee Joyce Huang furthering the conspiracy after the acquisition by discussing pricing strategy with Peter Ni, and suggesting that "we do not need to wage a price war with Orion head-on.  Suspension of supply does not need any price wars."

**Trial Exhibit 1769:**

Trial Exhibit 1378 shows that Sunny and Synta had an agreement whereby "[t]o prevent JOC to Buy Meade, we decided to purchase MEADE by sunny after discussion.  But the premise of this case is CELESTRON/SYNTA should be provided the financial support to SUNNY."

This document shows David Shen furthering the conspiracy by negotiating the terms of that financial support:  "I believe that [Dave Anderson] understands that Director Ni will not be a competitor and is trustworthy when it comes to business . . . .  I think Director Ni should meet with Dave to reach a more tacit understanding."

**Trial Exhibit 1004:**

Trial Exhibit 1378 shows that Sunny and Synta had an agreement whereby "[t]o prevent JOC to Buy Meade, we decided to purchase MEADE by sunny after discussion.  But the premise of this case is CELESTRON/SYNTA should be provided the financial support to SUNNY."

This document shows Celestron CEO Dave Anderson furthering the conspiracy after the acquisition by suggesting that horizontal competitors Celestron and Meade should collaborate and share technical information.

**Trial Exhibit 1773:**

Trial Exhibit 1378 shows that Sunny and Synta had an agreement whereby "[t]o prevent JOC to Buy Meade, we decided to purchase MEADE by sunny after discussion.  But the premise of this case is CELESTRON/SYNTA should be provided the financial support to SUNNY."  Peter Ni testified that Joyce Huang was an employee of David Shen's. Trial Trans. 433:19-23.

This document shows David Shen and his employee Joyce Huang furthering the conspiracy by directing Ningbo Sunny to withdraw credit from Orion.

**Trial Exhibit 1763:**

Trial Exhibit 1378 shows that Sunny and Synta had an agreement whereby "[t]o prevent JOC to Buy Meade, we decided to purchase MEADE by sunny after discussion.  But the premise of this case is CELESTRON/SYNTA should be provided the financial support to SUNNY."

This document shows Celestron Executive Corey Lee furthering the conspiracy after the acquisition by requesting Orion's confidential order information from Sunny.

*         *         *

Orion reserves the right to offer additional co-conspirator statements as evidence as trial develops.

Dated:  October 23, 2019

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: _____*/s/ J. Noah Hagey*_____
　　　　　　J. Noah Hagey

Attorneys for Plaintiff OPTRONIC TECHNOLOGIES, INC. d/b/a Orion Telescopes & Binoculars