1  J. Noah Hagey, Esq. (SBN: 262331)
       hagey@braunhagey.com
2  Matthew Borden, Esq. (SBN: 214323)
       borden@braunhagey.com
3  Jeffrey M. Theodore, Esq. (SBN: 324823)
       theodore@braunhagey.com
4  Ronald J. Fisher, Esq. (SBN: 298660)
       fisher@braunhagey.com
5  BRAUNHAGEY & BORDEN LLP
   351 California Street, Tenth Floor
6  San Francisco, CA 94104
   Telephone:  (415) 599-0210
7  Facsimile:  (415) 276-1808

8  ATTORNEYS FOR PLAINTIFF
   OPTRONIC TECHNOLOGIES, INC.
9

10                   **UNITED STATES DISTRICT COURT**

11                **NORTHERN DISTRICT OF CALIFORNIA**

12

13
   OPTRONIC TECHNOLOGIES, INC., d/b/a          Case No: 5:16-cv-06370-EJD-VKD
14 Orion Telescopes & Binoculars ®, a California
   corporation,                                **PLAINTIFF OPTRONIC**
15                                             **TECHNOLOGIES, INC.'S MOTION TO**
                Plaintiff,                      **EXCLUDE EXPERT TESTIMONY**
16                                             **FROM LAY WITNESSES**
         v.
17
   NINGBO SUNNY ELECTRONIC CO., LTD.,          **Compl. Filed:**        Nov. 1, 2016
18 SUNNY OPTICS, INC., MEADE                   **First Am. Compl.:**     Nov. 3, 2017
   INSTRUMENTS CORP., and DOES 1 - 25,         **Final Pretrial Conf.:** October 10, 2019
19                                             **Trial Date:**           October 15, 2019
                Defendants.
20

21

22

23

24

25

26

27

28

Plaintiff Optronic Technologies, Inc. d/b/a Orion Telescopes & Binoculars ("Orion") submits this Motion to Exclude Lay-Expert Witness Testimony pursuant to Fed. Rule of Civ. Proc. 26(a)(2)(A), this Court's May 2, 2019 Scheduling Order (ECF No. 239) and Fed. R. Evid. 701(c) (lay witness may not offer opinion testimony that is "based on scientific, technical, or other specialized knowledge within the scope of Rule 702").

On the morning of October 23, 2019, Defendants disclosed for the first time during the Court's morning conference that they intend to elicit previously undisclosed lay expert testimony through Joseph Lupica and possibly other witnesses.  According to defense counsel, the purported testimony concerns the technical specifications of telescopes, their manufacture, and the types of machines and capabilities required to make them, *e.g.*:

- **"Mr. Lupica is someone who has been in the industry for dozens and dozens of years. He's knowledgeable about these telescopes, about how they're made, what makes them different. This particular first one is a Schmidt-Cassegrain telescope. We do intend to have Mr. Lupica explain what a Schmidt-Cassegrain is because he was responsible at two different companies." (Trial Trans. 474:16-24.)

- **"The lx85. So he can explain what that is and why that is different, and so I don't understand how talking about the specifications of a telescope is in anyway an improper threat to Mr. Sasian. He would be welcome to talk about these slides as well.  We would have no objection to that." (Tr. 475:1-6.)

- "He's going to talk about the telescopes themselves. ***He's, frankly, far more knowledgeable about telescopes than Mr. Sasian***.  (Tr. 476:1-25.)

- "What I think he'll be able to speak about is he'll be able to speak about ***this type of telescope is a special thing, it requires this special equipment in the factory to make, things of that nature***."  (Tr. 477:10-13.)

- "***And this company has the ability to do that. This company does not. That's well within his knowledge.***" (Tr. 478:20-22.)

Such undisclosed expert opinion, masquerading as percipient lay testimony is flatly contrary to Rule 701.  As the Court rightly observed, "If he's going to testify as an expert, that's not permitted unless he previously disclosed him.  *** If he gets into this expertise, then I think we have some additional problems." (Tr. 476:22-23, 477:7-8.)  Defendants could have designated their own affirmative expert to discuss these matters by the expert disclosure deadline of January 3, 2019.  Alternatively, they could have designated a qualified expert to rebut Plaintiff's designated

optical and manufacturing expert, Professor Jose Sasian.  Instead, Defendants waited until four days into trial to smuggle expert opinion before the jury.

Thus, no matter how qualified Mr. Lupica may be on the subject, Federal Rule of Evidence 701(c) and Federal Rule of Civil Procedure 26(a)(2)(A) both expressly reject this type of gamesmanship.  And so does the Court's admonition in its May 2, 2019 Scheduling Order (ECF No. 239) which precluded any further attempt to introduce expert testimony after the deadline.[1]  For these reasons and those which follow, the Court should adopt the appended [Proposed] Order.

### A.   FRE 701(c) Prohibits Lay Witnesses From Providing Opinions Based On Scientific, Technical, Or Other Specialized Knowledge

Federal Rule of Evidence 701(c) provides that lay witnesses may not offer opinion testimony "based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  As the advisory committee notes to Rule 701 make clear, Rule 701 eliminates the risk that "the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing."  The committee goes on to explain that the Rule

> ensures that a party will not evade the expert witness disclosure requirements set forth in Fed.R.Civ.P. 26 and Fed.R.Crim.P. 16 by simply calling an expert witness in the guise of a layperson. *See* Joseph, Emerging Expert Issues Under the 1993 Disclosure Amendments to the Federal Rules of Civil Procedure, 164 F.R.D. 97, 108 (1996) (noting that "there is no good reason to allow what is essentially surprise expert testimony." and that "the Court should be vigilant to preclude manipulative conduct designed to thwart the expert disclosure and discovery process").

Advisory Comm. Notes to Fed. R. Evid. 701.

Courts routinely prohibit similar attempts to circumvent expert disclosure and discovery in far less egregious circumstances than those found here.  *See Gyrodata Inc. v. Atl. Inertial Sys. Inc.*, No. CV087897GHKFMOX, 2011 WL 13116732, at *3 (C.D. Cal. Oct. 11, 2011) (rejecting designation of witnesses' testimony as falling under Rule 701 and not Rule 702, where "any opinion by the Employee Experts regarding the performance and reliability of the MXY gyroscope, or any other model, as compared to the contemplated T-70 gyroscope would necessarily rely on the witness's scientific, technical, and specialized engineering knowledge.");  *Musser v. Gentiva Health*

---

[1]  The Court applied these principles at *Defendants'* urging in limiting the scope of testimony of Plaintiff's *disclosed* economist, Dr. Douglas Zona.  *See* ECF No. 403 at 2.

1   *Servs.*, 356 F.3d 751, 757 (7th Cir. 2004) (affirming district court decision to exclude proffered

2   expert witness testimony and noting that "[d]isclosing a person as a witness and disclosing a person

3   as an expert witness are two distinct acts. Thus, the witnesses could still testify as fact witnesses,

4   but they could not testify as experts.").

5       In *Gyrodata*, the Court barred introduction of lay-expert testimony even though the

6   witnesses previously had been deposed as to some of those expert opinions.  The Court found that

7   because the proffering party had "failed to satisfy the expert disclosure requirement of Rule 26,"

8   the testimony "did not sufficiently put [the opposing party] on notice that the so-called 'lay expert'

9   witnesses would provide Rule 702 testimony."  *Gyrodata*, 2011 WL 13116732 at *2.

10      Here, Defendants admit they plan to use Mr. Lupica and potentially other lay witnesses as

11  *de facto* experts who will testify regarding specialized equipment or manufacturing issues.  (Trial

12  Trans. 476:6-7 (defense counsel contending that Defendants' lay witness Joe Lupica is "frankly, far

13  more knowledgeable about telescopes than Mr. [sic] Sasian.")  Such testimony is ten months tardy

14  and contrary to the Rules of Evidence.

15      **B.      The Proffered Testimony Also Is Barred Under Rule 26**

16      Rule 26(a)(2)(A) and Rule 37(c)(1) preclude the tactic Defendants are attempting at the

`17  eleventh hour.  It provides "that a party must disclose to the other parties the identity of any witness

18  it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  The

19  deadline to do so under the Court's scheduling order was January 3, 2019.

20      As Defendants' recent Rule 37 motion explained,

21          Where a party's disclosure violates Rule 26, Rule 37(c)(1)
            automatically prohibits use of that information for any purpose,
22          including at trial. Fed. R. Civ. P. 37(c)(1). This sanction is "self-
            executing" and "automatic" to provide "strong inducement for
23          [proper] disclosure." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
            259 F.3d 1101, 1106 (9th Cir. 2001) (quoting Fed. R. Civ. P. 37(c)
24          advisory committee's notes to 1993 amendment). See also *Hoffman*,
            541 F.3d at 1180 (no finding of bad faith or willfulness necessary to
25          strike untimely disclosures).

26  Defendants' Motion to Strike "Supplemental" Expert Disclosure 9:15-20 (ECF No. 344).

27      Rule 26's expert disclosure requirements are essential to avoid prejudice and to give the

28  court time to perform its gatekeeping function in vetting any anticipated expert testimony before it

1   is offered to the jury.  As the court in *Gyrodata* explained, "The formal disclosure of experts under

2   the Federal Rules of Evidence is not pointless. Knowing the identity of the opponent's expert

3   witnesses allows a party to properly prepare for trial." 2011 WL 13116732, at *2 (citing to *Musser*

4   *v. Gentiva Health Servs.*, 356 F.3d 751, 757 (7th Cir. 2004) (internal quotations omitted)).

5   Similarly, in *Musser*, the Seventh Circuit held that the exclusion of expert testimony was proper

6   when a party failed to comply with the disclosure requirements of Rule 26, as the opposing party

7   "should not be made to assume that each witness disclosed by the [offering party] could be an

8   expert witness at trial." *Musser*, 356 F.3d at 757.

9       Here, Orion "should not be made to assume" that Defendants' lay witnesses would

10  transform into an expert witness in this case after trial had already begun.  Defendants could have

11  offered, or disclosed to Orion and the Court, an expert witness who would testify as an industry or

12  technical expert regarding manufacturing, but either could not or elected not to do so.  Defendants

13  may not now circumvent the notice obligations imposed by the Federal Rules.

14      Mr. Lupica accordingly should be precluded from offering any opinion whatsoever related

15  to telescope specifications or manufacturing, including as to the following subjects:

16          1.      Whether Sunny or Synta were or are capable of making the same types of

`17  telescopes.

18          2.      What kinds of machines or equipment are required to make differing types of

19  telescopes.

20          3.      Whether the telescope products identified in Defendants' "demonstratives"

21  could have been made by Sunny, Synta or any other manufacturer.

22          4.      Sunny's ability to produce "high end" telescopes that would compete with

23  Synta, Celestron or Meade.

24          5.      The relevant market for consumer telescope manufacturing services.

25                          **<u>CONCLUSION</u>**

26      For the foregoing reasons, Orion respectfully requests entry of the appended [Proposed]

27  Order.

28

1    Dated:  October 24, 2019

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

`17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP


By:   _/s/ J. Noah Hagey_
              J.  Noah Hagey

Attorneys for Plaintiff OPTRONIC
TECHNOLOGIES, INC. d/b/a Orion
Telescopes & Binoculars ®

ORION'S MOTION TO EXCLUDE EXPERT TESTIMONY FROM LAY WITNESSES