1

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
LEO D. CASERIA, Cal. Bar No. 240323
THOMAS DILLICKRATH, (*pro hac vice*)
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
Telephone:    202.747.1900
Facsimile:    202.747.1901
E-mail:        lcaseria@sheppardmullin.com
               tdillickrath@sheppardmullin.com

MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
DYLAN I. BALLARD, Cal. Bar No. 253929
HELEN C. ECKERT, Cal. Bar No. 240531
JOY O. SIU, Cal. Bar No. 307610
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:    415.434.9100
Facsimile:    415.434.3947
E-mail:        mscarborough@sheppardmullin.com
               dballard@sheppardmullin.com
               heckert@sheppardmullin.com
               jsiu@sheppardmullin.com

Attorneys for Defendants NINGBO SUNNY
ELECTRONIC CO., LTD., SUNNY OPTICS,
INC., and MEADE INSTRUMENTS CORP.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC. d/b/a Orion Telescopes & Binoculars, a California corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., MEADE INSTRUMENTS CORP., and DOES 1-25,<br><br>          Defendants. | Case No. 5:16-cv-06370-EJD-VKD<br>*Assigned To:  Honorable Edward J. Davila*<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY FROM LAY WITNESSES**<br><br>Complaint Filed: November 1, 2016<br>First Amended Complaint Filed: November 3, 2017<br>Trial Date: October 22, 2019 |

Case No. 5:16-cv-06370-EJD-VKD

DEFENDANTS' OPP TO MTN TO STRIKE EXPERT TESTIMONY FROM LAY WITNESSES

# I.   INTRODUCTION

Joseph Lupica will not be testifying as an expert at trial.  The Court stated on October 23rd that the type of testimony Defendants seek to elicit from Mr. Lupica is permissible so long as proper foundation is laid.  Defendants confirmed that they would lay such foundation at trial.  Nevertheless, Plaintiff filed a motion to preclude purported "expert testimony" from Mr. Lupica and, potentially, other witnesses, arguing that it had heard for the "first time" that Defendants intend to ask Mr. Lupica about "telescopes, their manufacture, and the types of machines and capabilities required to make them."  Pl.'s Mot. to Exclude Expert Testimony from Lay Witnesses, ECF No. 429 at 2.  Not so.  Defendants disclosed a month ago that they intended to examine Mr. Lupica on the "differences in manufacturing capabilities of telescope manufacturers."  Orion made no objection.  Joint Witness List, ECF No. 327 at 4 (Sept. 26, 2019).

In any event, Plaintiff's motion is both ill-founded and premature.  It is ill-founded in that it improperly characterizes information within the direct knowledge of Mr. Lupica as "expert" testimony under Rule 702, and premature in that any objections to discrete testimony are best handled at trial.  As explained below,  Mr. Lupica's testimony is admissible under the rules, and Plaintiff's attempt to prevent the jury from hearing evidence from this fact witness should be denied.

# II.   ARGUMENT

## A.   Joseph Lupica is a Lay Witness Who Will Testify Only to Matters of Personal Knowledge

As the former CFO and CEO of alleged co-conspirator Celestron from 1987-2013 and the CEO of defendant Meade from 2013-2014 (with nearly 30 years of experience as an executive in the telescope industry), Mr. Lupica is a lay witness with first-hand knowledge and experience with many of the issues in this case.  He will testify to factual matters based on his personal knowledge as head of two of the companies Plaintiff accuses of wrongdoing in this case (Celestron and Meade), which were also the U.S. subsidiaries of the other two alleged conspirators, Suzhou Synta and Ningbo Sunny, respectively.  Contrary to Plaintiff's premature concerns, Mr. Lupica will not be testifying as an expert with specialized knowledge, nor offering opinions based on scientific,

technical or other specialized knowledge within the scope of Rule 702.  Rather, his testimony will be based on first-hand knowledge he acquired during his almost 30 years in the telescope industry.

### B.    Defendants Will First Lay the Proper Foundation to Establish Personal Knowledge as to All Matters Mr. Lupica Will Testify to at Trial

Peter Ni already testified that Mr. Lupica was the person in charge of the Meade acquisition in 2013.  10/22/2019 Trial Tr. at 425:20.  Mr. Lupica did all the due diligence for the acquisition, including evaluating Meade's factory and manufacturing capabilities.  10/23/19 Trial Tr. at 509:8-13.  After the acquisition closed, Mr. Lupica became CEO of Meade and was tasked with fixing all of Meade's problems, including with its parts, suppliers, and many other issues at Meade's factory.  *Id.* at 644:9-16 and TX 1305.

At trial, Defendants will lay further foundation for Mr. Lupica's personal knowledge as to the matters about which he will testify.  As COO and CEO of Celestron for over 25 years, Mr. Lupica oversaw Celestron's telescope product development, design, manufacturing, and supply.  Mr. Lupica also had personal knowledge of Celestron's suppliers and their businesses, including personally traveling to China at least twice a year with Celestron's engineers to evaluate each of Celestron's suppliers, including the manufacturer's products, production lines, and new products in development.  Mr. Lupica's trips to China included visiting Ningbo Sunny and Suzhou Synta who were among Celestron's largest suppliers.

Once Suzhou Synta acquired Celestron in 2005 (during the time that Mr. Lupica was CEO of Celestron), Mr. Lupica gained additional, in-depth insight into Suzhou Synta, its products, its production lines and manufacturing capabilities.  And, once Mr. Lupica became the CEO of Meade after it was acquired by Ningbo Sunny in 2013, Mr. Lupica similarly gained additional, in-depth firsthand knowledge of Ningbo Sunny's products, production lines and manufacturing capabilities.  Post-acquisition, Meade also turned to Ningbo Sunny as much as possible to supply the lower-end telescopes that Meade had been procuring from other Chinese manufacturers before the acquisition.

Based on this personal knowledge and experience, Mr. Lupica will testify about telescopes that Ningbo Sunny supplied to Celestron and/or Meade, examples of telescopes that Suzhou Synta

1   supplied to Celestron, and his personal knowledge of the two manufacturers.  Mr. Lupica will also

2   testify about his experiences with Meade's "parent" company, Ningbo Sunny, as well as his first-

3   hand knowledge, obtained while CEO of Celestron, of interactions between Celestron engineers

4   and Suzhou Synta after Shouzou Synta acquired Celestron in 2005.  Indeed, the parties' Joint

5   Witness List identified this very topic as among those Mr. Lupica would testify to: "differences in

6   manufacturing capabilities of telescope manufacturers" to which Plaintiff raised no previous

7   objections.  ECF No. 327 at 3.

8        As the Court explained yesterday during discussion of Mr. Lupica's testimony, once the

9   proper foundation for personal knowledge has been established, Mr. Lupica "could testify about

10  his experience in manufacturing.  He could say that the LX85 is a far more complicated telescope

11  than the 209001 which is an entry level and it's different because the optics are different.  It can

12  see Saturn.  The other one can see the moon."  10/23/2019 Trial Tr. at 478:12-16.  This is

13  precisely the type of testimony Defendants expect to elicit from Mr. Lupica.  The issue of whether

14  a proper foundation has been laid can be determined during the course of his testimony.

15        **C.      Testimony as to Facts Based on Personal Knowledge and Experience is Not "Expert" Testimony Within the Scope of Rule 702**

16

17        Courts routinely allow lay witnesses to testify as to facts based on the witness's personal

     knowledge and professional experience.  Just because that testimony may touch on technical or

18   specialized issues does not transform it into "expert" testimony within the scope of Rule 702.  *In*

19   *re Google AdWords Litig.*, No. 5:08-CV-3369 EJD, 2012 WL 28068, at *5 (N.D. Cal. Jan. 5,

20   2012) (Davila, J.), *rev'd and remanded sub nom. on other grounds*, *Pulaski & Middleman, LLC v.*

21   *Google, Inc.*, 802 F.3d 979 (9th Cir. 2015).  Mr. Lupica's testimony is squarely within the purview

22   of permissible testimony under Rule 701.  And, even if his testimony were to straddle the line

23   between "fact" and "opinion", his testimony would still be permissible under Rule 701.

24        In *Hilsley v. Ocean Spray Cranberries, Inc.*, No. 17-CV-2335 GPC, 2019 WL 2579793

25   (S.D. Cal. Jun 24, 2019), the district court denied plaintiff's motion to exclude testimony from

26   defendant Ocean Spray's Senior Manager of Global Product Development, Food and Beverages.

27   *Id.* at *3.  Although plaintiff argued that the witness was not qualified as an expert to testify

28

regarding artificial flavoring ingredients in a false advertising case regarding claims of "no artificial flavors," the court held that the witness's testimony was based on her personal knowledge while working at Ocean Spray, and therefore, she was a lay witness not subject to Rule 702 even though her testimony and opinions were technical in nature.  *Id.* at *5.  The court explained, "Under Rule 701, a lay witness with first-hand knowledge can offer an opinion akin to expert testimony in most cases, so long as the trial judge determines that the witness possesses sufficient and relevant specialized knowledge or experience to offer the opinion . . . ."  *Id.* at *6 (collecting cases; ellipses in original).  *See also In re Google AdWords Litig.*, 2012 WL 28068, at *5 (denying plaintiffs' request to strike declaration of Google's chief economist:  "[The witness] may offer lay witness opinions regarding Google's business, so long as those opinions are *based on his own personal, particularized knowledge and expe*rience relating to his employment at Google.");  *Lidle v. Cirrus Design Corp.*, 278 F.R.D. 325, 330-31 (S.D.N.Y. 2011), *aff'd*, 505 Fed. Appx 72 (2d Cir. 2012) (testimony of aircraft manufacturer's COO regarding aircraft design process was proper, non-expert testimony where COO's testimony was based on direct knowledge from his personal involvement);  *N. Face Apparel Corp. v. Dahan*, No. 13-04821 MMM (MANX), 2014 WL 12558010, at *4 n.55 (C.D. Cal. Oct. 6, 2014) ("Courts routinely permit witnesses to offer lay opinion testimony concerning matters as to which they have gained knowledge and experience due to their employment.").

The two cases Plaintiff cites do not support its motion.  In *Gyrodata Inc. v. Atl. Inertial Sys. Inc.*, No. CV087897GHKFMOX, 2011 WL 13116732, at *1 (C.D. Cal. Oct. 11, 2011), defendants moved to exclude the testimony of six employees who plaintiff affirmatively disclosed as "lay experts" after plaintiff failed to provide a written report for these witnesses or designate them as rebuttal witnesses, and repeatedly ignored defense counsel's requests for plaintiff to clarify its position on whether these witnesses would provide testimony under Rule 701 or 702.  *Id.* at *2-3.  And *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756 n.2 (7th Cir. 2004) has been expressly rejected by the Ninth Circuit.  *Hoffman v. Lee*, 474 Fed. Appx 503, 505 (9th Cir. 2012) (rejecting *Musser* and holding that trial court correctly admitted physician's testimony

because although "Dr. Milanesa was not disclosed as an expert witness . . . as a lay witness he could testify to matters rationally based on his perception.").[1]

## III.   CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court deny Plaintiff's motion and that Mr. Lupica and other lay witnesses be allowed to testify as lay witnesses based on their personal knowledge.  Any objections Plaintiff may have with the testimony of Mr. Lupica or any other witness can more appropriately be addressed at trial.

Dated:  October 24, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  _____
*/s/ Leo D. Caseria*
LEO D. CASERIA

Attorneys for Defendants
NINGBO SUNNY ELECTRONIC CO., LTD.,
SUNNY OPTICS, INC., and
MEADE INSTRUMENTS CORP.

---

[1] Even assuming *Musser* had not been rejected by this Circuit, it does not assist Plaintiff.  There, the Court held that nurses and physicians who worked at defendant's hospital could not provide expert testimony regarding whether defendant had breached any duty of care in a medical malpractice case where the witnesses had not been disclosed as experts. *Musser*, 356 F.3d at 757.  Because Indiana law required a plaintiff to establish the applicable standard of care with expert testimony, plaintiff's failure to disclose witnesses as experts was fatal to plaintiff's claim. *Id.* at 760.

Lastly, as Mr. Lupica is not an expert within the scope of Rule 702, Plaintiff's remaining argument based on failure to disclose Mr. Lupica as such under Rule 26 is inapplicable.