J. Noah Hagey, Esq. (SBN: 262331)
hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
borden@braunhagey.com
Jeffrey M. Theodore, Esq. (SBN: 324823)
theodore@braunhagey.com
Ronald J. Fisher, Esq. (SBN: 298660)
fisher@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

ATTORNEYS FOR PLAINTIFF
OPTRONIC TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

OPTRONIC TECHNOLOGIES, INC., d/b/a Orion Telescopes & Binoculars ®, a California corporation,

Plaintiff,

v.

NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., MEADE INSTRUMENTS CORP., and DOES 1 - 25,

Defendants.

Case No: 5:16-cv-06370-EJD-VKD

**MOTION FOR ADDITIONAL OR RE-ALLOCATED TRIAL TIME**

**Compl. Filed:** Nov. 1, 2016
**First Am. Compl.:** Nov. 3, 2017
**Final Pretrial Conf.:** October 10, 2019
**Trial Date:** October 15, 2019

Plaintiff Optronic Technologies, Inc. ("Orion"), respectfully requests an Order granting Orion ten (10) additional or re-allocated trial hours in order to complete the necessary presentation of its case. As indicated below, after removing time presently accounted to the parties, there are 23.5 hours remaining—sufficient time for the Court to grant Orion's request and still instruct the jury during the week of November 18.

As the Court is aware, Orion has worked for four years to bring this case to trial, expending thousands of hours to sift through nearly six and a half million pages of documents (much in Mandarin Chinese) and dozens of depositions, including re-depositions ordered by the Court. Orion's survival as a going concern depends on the outcome of the case. And, if Orion's theory of the case is correct, so does the future of the U.S. telescope industry. Such issues of public interest warrant some leniency toward Orion's presentation of evidence so that the jury's verdict may be reached upon a complete record. Set forth below is a concise explanation of the time Orion intends to expend with each of the remaining witnesses in this case, together with an explanation of the grounds therefore.

**The Parties' Discussions Regarding Trial Time.** Orion recently raised the issue of trial time with the Court on November 5, 2019, based on the Court's updated trial calendar. (Decl. of J. Noah Hagey Ex. 1 (email to Court's Deputy and attached request for allocation of unallocated trial time).) Defendants opposed Orion's request, arguing that 50 total hours was sufficient to try two other complex antitrust cases in this District: *In re Korean Ramen Antitrust Litigation*, 3:13-cv-04115-WHO, and *FTC v. Qualcomm, Inc.*, 5:17-cv-00220-LHK. (Trial Tran. 865:15-866:4.) In actuality, however, Judge Orrick awarded ***50 hours per side*** in *Korean Ramen*, or about fifteen hours more than the total time requested to be allocated here. (Hagey Decl., Ex. 2 (trial time order).) In *Qualcomm*, Judge Koh presided over a ***bench trial***, making it inapposite for a number of reasons. (*Id*., Ex. 3.)

In the run-up to trial, Orion hoped that 25 hours of trial time would be sufficient to present its case, subject to several caveats discussed in the Final Pretrial Conference Statement and during

the hearing itself.[1] Unfortunately, the development of evidence and the speed of cross-examining the Mandarin-speaking witness at the center of this case, Defendants' CEO Peter Ni, consumed far more time than Orion anticipated or ever hoped. While no doubt Orion could have moved quicker, there was much work to be done. At the end, almost an entire day of trial, or at third of Mr. Ni's 15 hours of testimony, was expended on the interpretation and translation of documents. At least two other hours have been spent overcoming evidentiary objections that Orion hoped to have resolved during the pre-trial process.[2]

**Orion's Proposal**. At this point, Orion has 2.5 hours of trial time remaining[3] with five highly significant witnesses remaining. Those witnesses include Orion's CEO, Defendants remaining key Mandarin-speaking witness, direct examinations for Orion's two experts, and cross-examination of Defendants' remaining expert. Orion reasonably estimates the time for each of the remaining witnesses, in the order of presentation, as follows (total time includes Orion's 2.5 hours of existing time remaining):

| Witness | Allocated Time | Relevance |
|---|---|---|
| Jason Espinosa | 0.25 Hours | Re-direct |
| James Chiu | 2.5 Hours | Defendants' 30(b)(6) witness and key percipient witness |
| Peter Moreo | 2.75 Hours | Plaintiff's CEO |
| Dr. Jose Sasian, Ph.D | 1 Hours | Plaintiff's industry expert |
| Dr. Douglas Zona, Ph.D | 3 Hours | Plaintiff's damages expert |
| Dr. Celeste Saravia | 1 Hours | Cross-examination |
| **Total Remaining Time** | **~10.5 Hours** | |
| Closing Argument | Under 2 Hours | |

[1] In discussing the time allotments with the Court, Orion explained its estimation was based on trial running smoothly, stating: "If we have to spend a lot of court time in front of our dear jury dealing with translation objections and dealing with evidentiary objections that we believe are not a good use of the Court's nor the jury's resource, we think respectfully we're going to need to get a little more time on that back end. But if we can resolve some of those efficiency issues, it seems to us that we're probably not so far off from my friend across the aisle here, you know, somewhere between nine, eight to ten days depending on how the testimony goes and depending on how lengthy the interpretation takes with some of these foreign witnesses." (Trial Trans. 7:20-8:20.)

[2] This does not include the time consumed by Mr. Ni's repeated non-responsive answers.

[3] Orion recognizes that the Court has stated that it is inclined to provide some additional time, but has not made a final determination.

This schedule will permit Orion to reasonably present the necessary testimony and evidence for the jury to have sufficient context to decide this case. It also will avoid any kind of "forced verdict before the holiday" about which the Court expressed concern. There are 40.5 hours remaining of already-scheduled trial time, excluding the days that the Court has already set aside for deliberation. After removing the time presently accounted to the parties, there are 23.5 hours remaining—sufficient time for the Court to grant Orion's request and still instruct the jury during the week of November 18.

**Orion's Good Faith Efforts to Address Jury Timing Issues**. No case presentation is ever as efficient as counsel might intend. Certainly Orion recognizes that fact here. Orion has, however, made workman like effort to comply with the 25-hour per-side time limits, to expedite the admission of evidence to conserve jury time, and to flag some of the issues that have consumed a large portion of Orion's time.

Orion also explained in its Final Pretrial Conference Statement that nine to ten trial days would potentially be insufficient time in the event evidentiary and translation issues were not resolved, and if interpretation time was not equally allocated. *See* JFPCS at 20:19-20:3 (Dkt. No. 335-1). Orion likewise sought to address the "low hanging evidentiary fruit" to allow certain obvious business records and party admissions without the need for additional foundation. As the party with the burden of proof in this case, evidentiary objections to business records and party admissions – nearly all of which Orion has overcome – have disproportionately affected Orion. Orion proposed:

- Business Records Used In Deposition. Orion proposes that all business records produced by a party and used in a deposition, including emails sent to or received by a party, shall be deemed pre-admitted into evidence, i.e., without the need of a sponsoring witness. However, only such evidence actually used at trial and requested to be admitted shall be available for consideration by the jury or the Court.

- Party Emails, Transaction Data and Financial Records. Orion proposes that all emails, transactional data and financial records produced by a party shall presumptively be deemed a business record and admitted when shown to a witness during trial, i.e., without the need to lay a separate foundation. A party may object to admission upon grounds other than for lack of foundation or that the document fails to qualify as a business record.

*See* JFPCS at 13:5-14 (Dkt. No. 335-1). Orion further made its position clear that time spent objecting to documents such as these should be charged against Defendants. *Id*. 19:26-27 ("[I]f Defendants insist upon using jury time on objecting to the admissibility of their own business records, such time should be charged to Defendants.").) Orion also requested that "[i]nterpreter time should be split evenly between the parties." (*Id*. 20:3.)

After the Pretrial Conference, including in the dark week before opening statements, Orion made several attempts to stipulate to pre-admission of various noncontroversial documents, such as exhibits on Defendants' own exhibit list. (Hagey Decl. ¶¶ 3-6 and exhibits cited therein.) But those efforts were unfruitful. On November 6, 2019, after spending considerable amounts of its time on evidentiary issues, Orion again offered to enter into such a stipulation to facilitate Defendants' examinations in exchange for trial time, to which Defendants have failed to respond. (Hagey Decl., Ex. 7.)

Orion has calculated that objections to admission of evidence that the Court ultimately overruled have consumed over 2 hours of its trial time. (Hagey Decl., Ex. 8.) Similarly, the burden of interpretation also has fallen disproportionately upon Orion as the only party who must cross-examine witnesses through an interpreter. Conservatively estimating that interpretation accounted for 30% of Mr. Ni's testimony, interpretation alone has cost Orion at least 5 hours of trial time.[4] Even if the Court believes that Orion was inefficient, it has not been inefficient to the tune of the 12.5 hours it needs to fairly present this case, or three hours as Defendants suggested.

**Conclusion**. In sum, the complexity and idiosyncrasies this case warrant the reasonable extension of trial time sought in this motion. Although district courts have discretion to place reasonable limits on the presentation of evidence, rigid hour limits on trials that infringe upon a party's right to reasonably develop a case are disfavored. *See Monotype Corp. PLC v. Int'l Typeface Corp.*, 43 F.3d 443, 450 (9th Cir. 1994) (citing *Flaminio v. Honda Motor Co.*, 733 F.2d 463, 473 (7th Cir. 1984)). Orion notes that since the Court expressed its concern regarding the speed of trial the pace of trial has significantly increased. For its part, Orion anticipates that trial

[4] This does not include the time consumed by Mr. Ni's non-responsive answers.

will continue at a similar pace until its conclusion. Orion does not anticipate calling any witnesses on its witness list or any rebuttal witnesses not identified above, and the examination periods set forth above would not prevent the jury from receiving this case in the latter part of the week of November 18, as the Court has indicated it prefers. (Trial Trans. 1127:15-16.)

For the foregoing reasons, Orion therefore respectfully requests ten additional or re-allocated hours of trial time to be used as described above. This reasonable request will provide Orion with the time necessary to reasonably develop its case for the jury.

Dated: November 7, 2019

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: *_/s/ J. Noah Hagey_*
J. Noah Hagey

Attorneys for Plaintiff
Optronic Technologies, Inc., d/b/a Orion Telescopes and Binoculars®