SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
LEO D. CASERIA, Cal. Bar No. 240323
THOMAS DILLICKRATH, (admitted *pro hac vice*)
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
Telephone:    202.747.1900
Facsimile:    202.747.1901
E-mail:       lcaseria@sheppardmullin.com
              tdillickrath@sheppardmullin.com

MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
DYLAN I. BALLARD, Cal. Bar No. 253929
HELEN C. ECKERT, Cal. Bar No. 240531
JOY O. SIU, Cal. Bar No. 307610
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:    415.434.9100
Facsimile:    415.434.3947
E-mail:       mscarborough@sheppardmullin.com
              dballard@sheppardmullin.com
              heckert@sheppardmullin.com
              jsiu@sheppardmullin.com

Attorneys for Defendants NINGBO SUNNY
ELECTRONIC CO., LTD., SUNNY OPTICS,
INC., and MEADE INSTRUMENTS CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC. d/b/a Orion Telescopes & Binoculars, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., MEADE INSTRUMENTS CORP., and DOES 1-25,<br><br>Defendants. | Case No. 5:16-cv-06370-EJD-VKD<br>*Assigned To:  Honorable Edward J. Davila*<br><br>**NOTICE OF DEFENDANTS' OBJECTIONS TO PLAINTIFF'S DEMONSTRATIVE EVIDENCE**<br><br>Compl.:              November 1, 2016<br>First Am. Compl:   November 3, 2017<br>Trial Date:          October 22, 2019 |

On the morning of November 13, 2019, the Court invited Defendants to file their objections and request to exclude Plaintiff's 98-page demonstrative for use with Peter Moreo, which Defendants had previously lodged with the Court. For the record, Defendants hereby submit the following objections to Plaintiff's demonstrative pursuant to the Court's request.

*First*, Peter Moreo, Orion's CEO, has no firsthand knowledge of any prices charged by Ningbo Sunny to Celestron, which is half the data covered by the pricing comparison analysis included in the slides. No foundation can possibly be laid with Mr. Moreo to address this pricing under FRE 602. Moreover, Mr. Moreo lacks personal knowledge as to all of the slides purporting to be printouts of products from Celestron's website. Any testimony regarding these products and web materials should have come from Celestron witnesses.

*Second*, the Court will remember that Orion strenuously objected to Defendants' intended use of just a handful of slides with pictures of telescopes from websites with Joe Lupica, objecting to all of the pricing information and product specification data in those few slides, and claiming that any testimony by Mr. Lupica based on those slides would constitute improper lay opinion testimony under FRE 701 (see ECF No. 429). Orion would now purport to do exactly the same thing it objected to, but now with over 90 slides.

*Third*, the apparent featured slides at the beginning, titled "Orion v. Celestron Pricing Comparison", are an improper, undisclosed expert pricing analysis that cannot possibly be supported with foundation from a lay witness such as Mr. Moreo. At best these are closing argument slides, assuming they properly characterize and rely on data admitted in evidence in trial (which they do not; see next point).

*Fourth*, the seven page "Orion v. Celestron Pricing Comparison" analysis slides are not even accurate. As established at trial through the testimony of numerous witnesses as well as the underlying transactional documents, with respect to Orion, Ningbo Sunny sold its telescopes to Good Advance, which in turn resold them to Orion. Thus, the last column for "Cost from Sunny" is a mischaracterization in that it purports to show prices from Ningbo Sunny, but in fact shows prices Orion received from Good Advance. Furthermore, Mr. Moreo does not have personal knowledge to testify about Ningbo Sunny's prices to Good Advance.

1  As to the purported prices to Celestron, to the extent Orion is arguing that the Celestron prices listed in its seven page "Orion v. Celestron Pricing Comparison" analysis are the actual prices Celestron paid to Ningbo Sunny for these products, the cited source for this claim, TX 1771, does not support this argument.  TX 1771 is an annual vendor agreement price list which specifically reserves the right to adjust actual pricing and purchases during the term of the vendor agreement (see paragraph 2 re "Pricing" at page 1771.003).  TX 1771 does not show actual prices paid by Celestron to Ningbo Sunny, which is data that can only be shown by transactional data from Ningbo Sunny or Celestron, or specific invoices and purchase orders.  Orion has presented and relies on none of this data.

*Finally*, and perhaps most egregiously, Orion's intended use of these 98 Slides with Mr. Moreo would be an abuse of the Court's remaining trial time.  Orion has already completely consumed its originally allotted 25 hours of trial time, and is a partial hour into whatever additional trial time the Court may ultimately allocate to it.  At the conclusion of the day on November 8, the Court directed Orion to "look and see what you can do about efficiencies, getting efficiencies on your side" and to revisit with a goal of reduction Orion's request for an additional ten hours of trial time as reflected in ECF No. 443.  Any use at all of Orion's proposed demonstratives would frustrate a streamlined presentation of Mr. Moreo's direct testimony and further unfairly prejudice defendants in the allocation of trial time in the few remaining days set aside for trial.

Dated:  November 14, 2019

        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

        */s/ Leo D. Caseria*
        LEO D. CASERIA

        Attorneys for Defendants
        NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., and MEADE INSTRUMENTS CORP.