1  J. Noah Hagey, Esq. (SBN: 262331)
      hagey@braunhagey.com
2  Matthew Borden, Esq. (SBN: 214323)
      borden@braunhagey.com
3  Jeffrey M. Theodore, Esq. (SBN: 324823)
      theodore@braunhagey.com
4  Ronald J. Fisher, Esq. (SBN: 324823)
      fisher@braunhagey.com
5  BRAUNHAGEY & BORDEN LLP
   351 California Street, 10th Floor
6  San Francisco, CA 94104
   Telephone: (415) 599-0210
7  Facsimile: (415) 276-1808

8  ATTORNEYS FOR PLAINTIFF
   OPTRONIC TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC., d/b/a Orion Telescopes & Binoculars ®, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., MEADE INSTRUMENTS CORP., and DOES 1 - 25,<br><br>Defendant. | Case No: 5:16-cv-06370-EJD-VKD<br><br>**PLAINTIFF OPTRONIC TECHNOLOGIES, INC.'S OBJECTION TO PROPOSED DEMONSTRATIVE RE DEFENDANTS' REBUTTAL EXPERT CELESTE SARAVIA, PH.D.**<br><br>**Compl. Filed:** Nov. 1, 2016<br>**First Am. Compl.:** Nov. 3, 2017<br>**Final Pretrial Conf.:** Oct. 10, 2019<br>**Trial Date:** Oct. 15, 2019 |

Plaintiff Optronic Technologies, Inc. d/b/a Orion Telescopes & Binoculars ("Orion") respectfully submits this Objection pursuant to Federal Rules of Civil Procedure 26 and 37 to the demonstrative Defendants intend to use with their rebuttal expert, Celeste Saravia, Ph. D.

Dr. Saravia is a rebuttal expert who declined to issue affirmative opinions on numerous topics, including Orion's damages. Defendants' proposed demonstrative,[1] however, contains slides that seek to introduce affirmative theories that Dr. Saravia never disclosed. Orion objects to such slides and testimony and asks that Dr. Saravia be precluded from presenting them to the jury.

**A.  Slides 2, 3 and 10:  Dr. Saravia's New and Undisclosed Alternative Damages Calculations**

Slides 2, 3 and 10 all contend that "making reasonable adjustments dramatically lowers Dr. Zona's damages." In doing so, Defendants apparently seek to offer alternative calculations of Orion's damages. Dr. Saravia should not be allowed to present such calculations because at her deposition, Dr. Saravia disclaimed having any such opinion:

> Q. Do you have any opinion of your own as to the amount of damages attributable to the conduct at issue in this case?
>
> A. **No**, I have **not** put forward or been asked to put forward an affirmative damages analysis.
>
> Q. So you haven't attempted to calculate damages in this case?
>
> A. I have **not**.

(Saravia Dep. at 14:18-25.)  Dr. Saravia further testified:

> Q. Okay. Have you calculated what the overcharge is as a result of the conspiracy in this case?
>
> THE WITNESS: I have **not** offered an affirmative damages analysis **nor have I calculated** an affirmative analysis of any alleged overcharge that may have occurred.
>
> Q. Okay. Do you have any opinion as to what the overcharge is in this case?
>
> THE WITNESS: Given that I have **not** calculated -- **I haven't done the analysis**, I'm offering **no opinion** about what the overcharge is in this case.

(Saravia Dep. at 61:12-62:2 (emphasis added).)

---

[1] Defendants' proposed demonstrative is attached as Exhibit 1 to the Declaration to Matthew Borden ("Borden Decl."). Relevant portions of her deposition are attached as Exhibit 2.

In their Opposition to Orion's motion to preclude Dr. Saravia's testimony (Dkt. No. 302), Defendants represented that a chart similar to Slide 10 was merely a "sensitivity test." (*Id*. at 2 ["Dr. Saravia's informed decision to use 100 percent for the sensitivity test falls squarely into the purview of rebuttal testimony …"]; 3 ["Dr. Saravia is doing precisely what a rebuttal expert is supposed to do – test assumptions by running sensitivity and robustness tests in order to demonstrate how sensitive damages are to Dr. Zona's unsupported assumptions"].) In allowing Dr. Saravia to testify, the Court relied on Defendants' representation that her analysis was a "sensitivity test" *as opposed to an alternative damages calculation*. (Dkt. No. 314 at 11 ["It is appropriate for Dr. Saravia to use such a sensitivity test on Dr. Zona's own model."] (emphasis added).)

Defendants' new damages numbers also contravene their successful motion to preclude Plaintiff's expert from updating or presenting supplemental damages figures, or even showing those calculations to the jury. (ECF No. 344.) Dr. Saravia should be limited to her critique of Dr. Zona's methodology, which she contends is "sensitive" to input changes. Slides 2, 3, and 10 should either be eliminated or substantially modified to remove any reference to a resulting damages number and to ensure that the jury understands Dr. Saravia is not presenting any theory or alternative figures regarding the amount of damages Orion has incurred.

### B. Slide 10: Dr. Saravia's New and Undisclosed Pass-Through Calculation

Slide 10 also presents a never-before-disclosed pass-through rate as part of her new damages calculation. In opposing Orion's motion to exclude Dr. Saravia's testimony, however, Defendants represented that "**Dr. Saravia does not put forward an affirmative pass-through rate**." (Dkt. No. 302 at 2 (emphasis added).) Dr. Saravia also testified that she had not calculated a pass-through rate. (Saravia Dep. at 72:24-73:5 ["**I have not done an affirmative pass-through analysis so I am not saying what the correct pass-through rate is**. …"] (emphasis added).)

Accordingly, as with her new damages figures, this pass-through rate also cannot be presented to the jury.

### C. Slide 10: Dr. Saravia's New and Undisclosed Post-2016 Damages Analysis

Slide 10 also seeks to offer new damages numbers calculated through August 2019. Doing separate calculations for different years is not part of a sensitivity analysis. These figures also were

not disclosed in accordance with Rule 26 nor supplemented as part of Dr. Saravia's updating of her rebuttal report.

Moreover, at her deposition, Dr. Saravia disclaimed having any opinion about post-2016 damages:

> Q. Okay. Is there anywhere in your report in which you've offered a damages number that's based on circumstances in which the Sunny-Synta conspiracy or the effects thereof continue to the present?
>
> A. **No.**

(Saravia Dep. at 172:7-12.)

For this separate reason, the column on Slide 10 entitled "Damages through Aug 2019" should not be presented to the jury. Additionally, just as the Court held on Defendants' motion to exclude Plaintiff's supplemental damages table, Dr. Saravia should not be allowed to testify orally to such damages amounts.

### D. Slide 4: The Brand New Candy Bar Hypothetical

Slide 4 appears to contain an analysis of a hypothetical candy bar cartel. Dr. Saravia did not do such an analysis in her report (or offer such a chart). Change in all things may be sweet, but under Rules 26 and 37, undisclosed opinions are not permitted to be offered at trial.

Dated:  November 15, 2019

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By:  */s/ Matthew Borden*
Matthew Borden

Attorneys for Plaintiff OPTRONIC TECHNOLOGIES, INC. d/b/a Orion Telescopes & Binoculars