1   J. Noah Hagey, Esq. (SBN: 262331)
        hagey@braunhagey.com
2   Matthew Borden, Esq. (SBN: 214323)
        borden@braunhagey.com
3   Jeffrey M. Theodore, Esq. (SBN: 324823)
        theodore@braunhagey.com
4   Ronald J. Fisher, Esq. (SBN: 324823)
        fisher@braunhagey.com
5   BRAUNHAGEY & BORDEN LLP
    351 California Street, 10th Floor
6   San Francisco, CA 94104
    Telephone: (415) 599-0210
7   Facsimile: (415) 276-1808

8   ATTORNEYS FOR PLAINTIFF
    OPTRONIC TECHNOLOGIES, INC.
9

10

11                          **UNITED STATES DISTRICT COURT**

12                        **NORTHERN DISTRICT OF CALIFORNIA**

13

14  | | |
    |---|---|
    | OPTRONIC TECHNOLOGIES, INC., d/b/a Orion Telescopes & Binoculars ®, a California corporation, | Case No: 5:16-cv-06370-EJD-VKD |
    | | **PLAINTIFF OPTRONIC TECHNOLOGIES, INC.'S BRIEF RE: VERDICT FORM** |
    | Plaintiff, | |
    | v. | Date:     October 10, 2019 |
    | | Time:     11:00 a.m. |
    | NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., MEADE INSTRUMENTS CORP., and DOES 1 - 25, | Judge:   Hon. Edward J. Davila |
    | | Ctrm:     4, 5th Floor |
    | Defendant. | **Compl. Filed:         Nov. 1, 2016** |
    | | **First Am. Compl.:   Nov. 3, 2017** |
    | | **Final Pretrial Conf.: Oct. 10, 2019** |
    | | **Trial Date:            Oct. 15, 2019** |

Plaintiff Optronic Technologies, Inc. d/b/a Orion Telescopes & Binoculars ("Orion") respectfully submits this Brief Re Verdict Form.

Defendants' latest verdict form (Dkt. No. 467) adds multiple new and unnecessary interrogatories and fails to fix any of the issues raised by Orion.  It also underscores that they intend to use the verdict form to try to generate legal error and confuse the jury.  For the reasons below, the Court should use Orion's verdict form, which is the simplest and least confusing, and which is designed to capture the jury's verdict without trying to generate appellate issues.

The damages Orion claims result from Defendants' unlawful overcharges.  Any, and all, of the asserted claims resulted in those overcharges.  Where the possibility of overlapping damages exists, Courts have handled this in two different ways.

First, some Courts have done what Orion is proposing, viz., the jury is asked to render a verdict as to each cause of action, the verdict form provides one line for damages, and the verdict form makes clear that plaintiff can only recover once on each cause of action.  This was done, for example, in *Stewart Stevenson Services Inc. v. Pickard*, 749 F.2d 635, 644-45 (11th Cir. 1984).  There, the jury found for plaintiff on fraud, negligence and gross negligence theories.  On appeal, the fraud verdict was reversed, but the judgment was nonetheless upheld because the other two claims provided for the recovery awarded by the jury.

Second, some Courts have instructed the jury to award how much it thinks the plaintiff is entitled to for each claim, with an explicit instruction to double count, with notice that the Court will sort it all out later.  For example, in *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 451 n.3 (1993), the jury was instructed:  "If you find that any of the defendants are liable on any of the claims, you may award damages to the plaintiffs against those defendants. Should you decide to award damages, please assess damages for each defendant and each claim separately and without regard to whether you have already awarded the same damages on another claim or against another defendant. The court will insure that there is no double recovery. The verdict will not be totaled."

The form proposed by Defendants for claims with duplicative damages theories enjoys no such support.  In *Britton v. Maloney*, 196 F.3d 24, 32 (1st Cir. 1999), the court of appeals found clear error (even though the issue was not preserved below) based on a verdict form similar to the

1    one Defendants are proposing.  In *Britton*, plaintiff brought § 1983 and malicious prosecution

2    claims.  After being cautioned against double counting, the jury awarded damages on the § 1983

3    claim and none on the malicious prosecution claim.  Because the appellate court reversed the §

4    1983 claim, it was forced to remand the action for retrial.

5            In *Zhang v. American Gem Seafoods, Inc*., 339 F.3d 1020, 1031 (9th Cir. 2003), the Ninth

6    Circuit explained that the competing verdict form at issue here are general verdict forms with

7    interrogatories under Rule 49(b).  Under this Rule, "[a]lthough some general verdicts are more

8    general than others, encompassing multiple claims, the key is not the number of questions on the

9    verdict form, but whether the jury announces the ultimate legal result of each claim." *Id*.  The

10   Court has wide discretion to decide what those questions are.  *Id*.  Those questions obviously

11   should not be used to generate potential errors or means to challenge the jury's verdict.

12           The added questions Defendants seek do not aid in appellate review. In reviewing a general

13   verdict with special interrogatories, the court of appeals will look at whether the record supports

14   sustaining the verdict on any ground.  *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 95

15   F.3d 1422, 1426 (9th Cir. 1996) ("The district court instructed the jury that if it found the City

16   liable for any constitutional violation, it should award Del Monte damages 'in an amount that will

17   compensate [Del Monte] for the delay [proximately] caused by the City's action.'  We therefore

18   can affirm the judgment and verdict if we determine that substantial evidence supports either the

19   inverse condemnation or equal protection claims.").  This would be true, moreover, even with a

20   pure general verdict.  *Knapp v. Ernst & Whinney*, 90 F.3d 1341, 1439 (9th Cir. 1996) ("Where

21   more than one theory of recovery has been submitted to the jury in a civil case, and where on

22   appeal it is claimed that as to one of the theories there was a lack of evidential support or an error

23   of law in submitting the theory to the jury, the reviewing court has discretion to construe a general

24   verdict as attributable to another theory if it was supported by substantial evidence and was

25   submitted to the jury free from error.").

26

27

28

1 | Dated:  November 19, 2019

BRAUNHAGEY & BORDEN LLP

By:   /s/ Matthew Borden
          Matthew Borden

Attorneys for Plaintiff OPTRONIC
TECHNOLOGIES, INC. d/b/a Orion
Telescopes & Binoculars

Case No. 5:16-cv-06370-EJD-VKD

ORION'S BRIEF RE VERDICT FORM