SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
LEO D. CASERIA, Cal. Bar No. 240323
THOMAS DILLICKRATH, (admitted *pro hac vice*)
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
Telephone:    202.747.1900
Facsimile:    202.747.1901
E-mail:       lcaseria@sheppardmullin.com
              tdillickrath@sheppardmullin.com

MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
DYLAN I. BALLARD, Cal. Bar No. 253929
HELEN C. ECKERT, Cal. Bar No. 240531
JOY O. SIU, Cal. Bar No. 307610
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:    415.434.9100
Facsimile:    415.434.3947
E-mail:       mscarborough@sheppardmullin.com
              dballard@sheppardmullin.com
              heckert@sheppardmullin.com
              jsiu@sheppardmullin.com

Attorneys for Defendants NINGBO SUNNY
ELECTRONIC CO., LTD., SUNNY OPTICS,
INC., and MEADE INSTRUMENTS CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC. d/b/a Orion Telescopes & Binoculars, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., MEADE INSTRUMENTS CORP., and DOES 1-25,<br><br>Defendants. | Case No. 5:16-cv-06370-EJD-VKD<br>*Assigned To:  Honorable Edward J. Davila*<br><br>**DEFENDANTS' SUBMISSION IN SUPPORT OF DEFENDANTS' PROPOSED VERDICT FORM**<br><br>Compl.:           November 1, 2016<br>First Am. Compl:  November 3, 2017<br>Trial Date:       October 22, 2019 |

Defendants Ningbo Sunny Electronic, Co., Ltd., Sunny Optics, Inc., and Meade Instruments Corp. ("Defendants") hereby respectfully submit Defendants' Submission In Support Of Defendants' Proposed Verdict Form (ECF No. 467).

Defendants have proposed a verdict form that requires the jury to make specific findings as to damages amounts tied to each of Plaintiff's claims. Plaintiff has proposed a verdict form that aggregates damages and requires the jury only to identify a single total damages award, without tying any portion of the potential award to any particular claim. The Court heard oral argument from the parties this morning on this issue. Defendants have submitted a revised verdict form that still requires the jury to make damages findings as to each claim, but includes certain modifications designed to address Plaintiff's concerns, specifically, item 22 on the verdict form. *See* ECF No. 467. Defendants respectfully request a verdict form that requires the jury to determine damages for each of Plaintiff's claim.

During oral argument, counsel for Defendants explained that one reason disaggregation is required is because a finding in Orion's favor on one or more of Plaintiff's claims might be overturned on appeal, and without specific damages findings by claim, there would be no way to determine whether and to what extent a damages award might be based on an overturned claim (i.e., conduct that is <u>not</u> unlawful or not a proper basis for awarding damages) as opposed to a different claim. This would require a new trial on the damages associated with Plaintiff's remaining claims, because it would not be possible to determine what damages were tied to those claims (i.e., conduct that is unlawful or can be a proper basis for awarding damages). This discussion arose in the context of Plaintiff's Clayton Act Section 7 claim, which Defendants argued should not be submitted to the jury.

The Eighth Circuit in *Concord Boat Corp. v. Brunswick Corp.* came to the same conclusion on substantially similar facts. Plaintiffs there, like Orion here, alleged that defendant violated Sherman Act Sections 1 and 2, as well as Clayton Act Section 7. *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1043-44 (8th Cir.), *cert. denied*, 531 U.S. 979 (2000). All three claims were tried to a jury for 10 weeks, and the jury awarded $44.3 million in single damages. *Id.* On appeal, the Eighth Circuit held that the Section 7 claim should not have been submitted to

1  the jury and held that defendants were entitled to judgment as a matter of law on that claim. *Id.* at

2  1053.  Because the verdict form that was used did not require the jury to make claim by claim

3  findings regarding damages, the Eighth Circuit held that defendant was entitled to a new damages

4  trial on the Sherman Act claims. *Id.*  A copy of the verdict form that was used in that case is

5  included in the Eighth Circuit's decision, which is attached hereto as **Exhibit A**.  *See id.* at

6  Appendix.  It is similar to the version proposed by Orion.

7        Specifically, the Eighth Circuit held:

> Brunswick believes it is entitled to a new trial on any remaining claims because the jury was not asked to specify the damages attributable to the individual theories of liability. It cites several Supreme Court and appellate decisions in support. In Spectrum Sports, Inc. v. McQuillan, 506 U.S. 447, 459-60, 122 L. Ed. 2d 247, 113 S. Ct. 884 (1993), the Supreme Court overturned a Section 2 antitrust judgment because there was no way to know whether the jury had relied on an erroneously submitted claim in setting damages. Similarly in Sunkist Growers, Inc. v. Winckler & Smith Citrus Prods. Co., 370 U.S. 19, 29-30, 8 L. Ed. 2d 305, 82 S. Ct. 1130 (1962), the Court set aside an antitrust judgment where one theory of liability should not have been submitted to the jury. Many other cases have reached similar results if a jury might have relied on erroneously submitted claims. See, e. g., Robertson v. Norton Co., 148 F.3d 905, 908 (8th Cir. 1998); [**36]  Dakota Indus., Inc., v. Ever Best Ltd., 28 F.3d 910, 912 (8th Cir. 1994); Dudley v. Dittmer, 795 F.2d 669, 673 (8th Cir. 1986); Northeastern Tel. Co. v. American Tel. & Tel. Co., 651 F.2d 76, 94-95 (2d Cir. 1981), cert. denied, 455 U.S. 943, 71 L. Ed. 2d 654, 102 S. Ct. 1438 (1982); see also Barber v. Whirlpool Corp., 34 F.3d 1268, 1278 (4th Cir. 1994).

          *   *   *

> The jury could have assigned millions of dollars in damages to a claim that should not have been submitted in the first instance because of the statute of limitations. Had the verdict form included a damage question for each of the three statutory claims, it would have been possible to deduct from the total damage figure the amount awarded for the Section 7 claim. See Mueller v. Hubbard Milling Co., 573 F.2d 1029, 1038 n. 13 (8th Cir.), cert. denied, 439 U.S. 865, 58 L. Ed. 2d 174, 99 S. Ct. 189 (1978) (special verdicts especially suited to multiple theories of liability). Because there is no way to know what damages the jury assigned to the Section 7 claims based on the verdict form that was used, Brunswick would be entitled at the very least to a new damages trial on the boat builders' Sherman Act claims.

      This is precisely the reason why Defendants have proposed a verdict form that requires the jury to disaggregates its damages findings by claim.

In contrast to the verdict form used in the *Concord Boat* case, which did not require claim by claim damages findings, and required a new trial after appeal, more recent antitrust trials, including in the Ninth Circuit, have used verdict forms that require claim by claim damages findings.  *See, e.g.,* **Exhibit B** (Feb. 15, 2018 Verdict Form used in *Steves and Sons, Inc. v. Jeld-Wen, Inc.*, Case No. 3:16-cv-545, Dkt. 1022, E.D. Va.) (requiring separate damages findings for Clayton Act Section 7 and breach of contract claims); **Exhibit C** (March 30, 2016 Verdict Form used in *Trendsettah USA, Inc. v. Swisher International, Inc.*, Case No. 8:14-cv-1664, Dkt. 5922, C.D. Cal.) (requiring separate damages findings for Sherman Act Section 2 and breach of contract claims); **Exhibit D** (October 30, 2003 Verdict Form used in *McKenzie-Williamette Hospital v. Peacehealth*, Case No. 02-6032, Dkt. 231, D. Or.) (requiring separate damages findings for a variety of antitrust and tort claims).

The Court should use Defendants' proposed verdict form (ECF No. 467).  Additional language that Defendants have inserted at item 22 of the proposed verdict form adequately addresses any potential duplicative recovery issues.

Dated:  November 19, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

*/s/ Leo D. Caseria*
LEO D. CASERIA

Attorneys for Defendants
NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., and MEADE INSTRUMENTS CORP.