# EXHIBIT 1

# VERDICT FORM

*Optronic Technologies, Inc., v. Ningbo Sunny Electronic Co., Ltd. et al,*
*Case No.* 5:16-cv-06370-EJD

WE, THE JURY, unanimously find as follows.

## I.    CLAIMS

*Please determine Defendants' liability and damages owed, if any, for each of Plaintiff's claims.  Please assess damages for each claim separately and without regard to whether you have already awarded the same or similar damages on another claim, and do not increase or decrease such damages based on what you may have awarded on a different claim.*

### A.    CLAIM ONE:  Sherman Act § 1 – Price or Credit Term Fixing

1(a).    Did Orion prove by a preponderance of the evidence that Defendants agreed with a competitor to fix the price or credit terms for telescopes and accessories?

Yes _____        No _____

1(b).    Did Orion prove by a preponderance of the evidence that Defendants agreed with a third party, other than a competitor, to fix the price or credit terms for telescopes and accessories in a manner that unreasonably restrained trade such that the anticompetitive effects outweighed any procompetitive effects?

Yes _____        No _____

*If you answered 'Yes" to either or both 1(a) or 1(b), please proceed to Question 2.  If you answered "No" to both 1(a) and 1(b), you have found no liability on this claim and should proceed to the next claim.*

2.    Did Orion prove by a preponderance of the evidence that this conduct caused injury to Orion's business or property?

Yes _____        No _____

*If you answered "Yes", Defendants are liable and you should answer Question 3.*

3.    What are Plaintiff Orion's damages for this claim, if any?

$_____.

*[Proceed to Next Claim]*

1

### B. **CLAIM TWO:  Sherman Act § 1 – Market Allocation**

1(a).   Did Orion prove by a preponderance of the evidence that Defendants agreed with a competitor or potential competitor *either* (a) not to compete with each other in the manufacture or sale of telescopes and accessories, *or* (b) to divide customers or potential customers between them?

Yes _____          No _____

1(b).   Did Orion prove by a preponderance of the evidence that Defendants agreed with a third party, other than a competitor or potential competitor, to fix the price or credit terms for telescopes and accessories in a manner that unreasonably restrained trade such that the anticompetitive effects outweighed any procompetitive effects?

Yes _____          No _____

*If you answered 'Yes" to either or both 1(a) or 1(b), please proceed to Question 2.  If you answered "No" to both 1(a) and 1(b), you have found no liability on this claim and should proceed to the next claim.*

2.   Did Orion prove by a preponderance of the evidence that this conduct caused injury to Orion's business or property?

Yes _____          No _____

*If you answered "Yes", Defendants are liable and you should answer Question 3.*

3.   What are Plaintiff Orion's damages for this claim, if any?

$_____.

*[Proceed to Next Claim]*

2

  **C.**  <u>**CLAIM THREE:  Sherman Act § 2 – Attempted Monopolization**</u>

  1.  Did Orion prove by a preponderance of the evidence that Defendants engaged in anticompetitive conduct?

    Yes _____  No _____

  2.  Did Orion prove by a preponderance of the evidence that Defendants had a specific intent to achieve monopoly power in the telescope manufacturing market?

    Yes _____  No _____

  3.  Did Orion prove by a preponderance of the evidence that there is or was a dangerous probability that Defendants could achieve monopoly power?

    Yes _____  No _____

  4.  Did Orion prove by a preponderance of the evidence that this conduct caused injury to Orion's business or property?

    Yes _____  No _____

*If you answered "Yes" to each question, Defendants are liable and you should answer Question 5.*

  5.  What are Plaintiff Orion's damages for this claim, if any?

    $_____.

*[Proceed to Next Claim]*

**D.     CLAIM FOUR:  Sherman Act § 2 – Conspiracy to Monopolize**

1. Did Orion prove by a preponderance of the evidence that Defendants knowingly entered into an agreement with another person or entity to obtain or maintain monopoly power in the telescope manufacturing market?

    Yes _____          No _____

2. Did Orion prove by a preponderance of the evidence that Defendants specifically intended that one of the parties to the agreement would obtain or maintain monopoly power in the telescope manufacturing market?

    Yes _____          No _____

3. Did Orion prove by a preponderance of the evidence that Defendants committed an overt act in furtherance of the conspiracy?

    Yes _____          No _____

4. Did Orion prove by a preponderance of the evidence that this conduct caused injury to Orion's business or property?

    Yes _____          No _____

*If you answered "Yes" to each question, Defendants are liable and you should answer Question 5.*

5. What are Plaintiff Orion's damages for this claim, if any?

    $_____.

*[Proceed to Next Claim]*

### E. CLAIM FIVE: Clayton Act § 7

1. Did Orion prove by a preponderance of the evidence that Defendants Ningbo Sunny's and Sunny Optic's acquisition of Defendant Meade created a reasonable likelihood of substantially lessening competition or creating a monopoly in the telescope manufacturing market?

    Yes _____  No _____

2. Did Orion prove by a preponderance of the evidence that this conduct caused injury to Orion of the type the antitrust laws were designed to prevent?

    Yes _____  No _____

*If you answered "Yes" to each question, Defendants are liable and you should answer Question 3.*

3. What are Plaintiff Orion's damages for this claim, if any?

  $_____.

*[Proceed to Part II (Total Damages)]*


## II. TOTAL DAMAGES

*Please compute the total damages to be awarded to Orion based on the damages awarded, if any, for each claim above. Orion is only entitled to recover for a loss once, even if that loss is awardable as damages under one or more of Orion's claims. Accordingly, in totaling Orion's damages, do not count the same type of loss more than once (do not double-count).*

 Plaintiff Orion's total damages are as follows: $_____.


**WHEN THE JURY HAS REACHED A VERDICT, THE PRESIDING JUROR MUST SIGN THIS VERDICT FORM AND SIGNAL THE BAILIFF THAT THE JURY IS READY TO RENDER A VERDICT.**

Date: _____ Presiding Juror: _____
               Signature