UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC, <br><br>Plaintiff, <br><br>v. <br><br>NINGBO SUNNY ELECTRONIC CO., LTD., et al., <br><br>Defendants. | Case No. 5:16-cv-06370-EJD <br><br>**ORDER GRANTING IN PART, DENYING IN PART MOTION FOR ASSIGNMENT AND TURNOVER; DENYING APPLICATION FOR IMMEDIATE RESTRAINING ORDER** <br><br>Re: Dkt. Nos. 536, 537 |

The Court now considers Plaintiff Orion's Motion for Assignment and Turnover (the "Motion") and Ex Parte Application for Immediate Retraining Order (the "TRO Application"). The facts and legal issues underlying this case are well known to the parties and the Court. The Court has considered the parties' papers and found that these issues are suitable for decision without oral argument. Civil L.R. 7-1(b). The Court grants the Motion in part and denies it without prejudice in part, and denies the TRO Application without prejudice.

1. Background

A jury found Defendant Ningbo Sunny and two of its subsidiaries liable for various antitrust claims. Dkt. No. 501. The subsidiaries entered bankruptcy proceedings. Dkt. Nos. 511, 512. On January 6, 2020, stay of enforcement under Federal Rule of Civil Procedure 62(a) lifted, and Orion filed the Motion and the TRO Application. Dkt. Nos. 536, 537. The next day the Court issued writs of execution against Ningbo Sunny. Dkt. Nos. 542, 543, 544. 545. The Court declined to rule ex parte on the TRO Application and set a briefing schedule. Dkt. No. 541. The parties stipulated to advance the Motion's consideration to the same briefing schedule and hearing date as the TRO Application. Dkt. Nos. 546, 547. Ningbo Sunny has neither posted a bond to

stay enforcement per Federal Rule of Civil Procedure 62(b), nor paid any of the judgment. Borden Decl. ¶ 7.

### 2. Assignment

The Court first considers Orion's request for assignment of Ningbo Sunny's right to payments under accounts receivable in the U.S. and any other payments due or owed to Ningbo Sunny. Under federal law, "procedure on execution [of a money judgment] . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). California law provides "the court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due." Cal. Civ. Proc. Code § 708.510(a). "An assignment order provides an optional method for reaching forms of assignable property that would be subject to levy, such as 'accounts receivable, general intangibles, judgments, and instruments.'" *SAS Inst. Inc. v. World Programming Ltd.*, 2018 WL 6843724, at *2 (C.D. Cal. Mar. 23, 2018) (quoting Legislative Committee Comments to Cal. Civ. Proc. Code § 708.510). "The Court has broad discretion in determining whether to order an assignment." *Id.* California's Code of Civil Procedure provides an illustrative list of relevant facts for a court to consider. *Id.* § 708.510(c)(1)-(4). But, "the sole constraints placed on the Court are that the right to payment be assigned only to the extent necessary to satisfy the creditor's money judgment and that, where part of the payments [is] exempt, the amount of payments assigned should not exceed the difference between the gross amount of the payments and the exempt amount." *UMG Recordings, Inc. v. BCD Music Grp., Inc.*, 2009 WL 2213678, at *2 (C.D. Cal. July 9, 2009) (quoting *Sleepy Hollow Inv. Co. No. 2 v. Prototek, Inc*., 2006 WL 279349, at *2 (N.D. Cal. Feb. 3, 2006)); *see also SAS Inst.*, 2018 WL 6843724, at *2.

District Courts have interpreted the California law as requiring a low evidentiary threshold before ordering assignment. "[W]here a judgment creditor can identify a person or entity which is obligated to make payment to the judgment debtor, and where that 'right to payment' is assignable, the right to payment can be assigned from a third-party obligor to the judgment creditor." *UMG Recordings*, 2009 WL 2213678, at *2 (quoting *Garden City Boxing Club, Inc. v.*

Case No.: 5:16-cv-06370-EJD
ORDER GRANTING IN PART, DENYING IN PART MOTION FOR ASSIGNMENT AND TURNOVER; DENYING APPLICATION FOR IMMEDIATE RESTRAINING ORDER
2

*Briano*, 2007 WL 4463264, at *1 (E.D. Cal. Dec. 17, 2007)). "[T]he judgment creditor must provide 'some evidentiary support'; 'some degree of concreteness to the expected payment is required.'" *SAS Inst.*, 2018 WL 6843724, at *2 (quoting *Legal Additions LLC v. Kowalski*, 2011 WL 3156724, at *2 (N.D. Cal. July 26, 2011)). The judgment creditor must describe source of the right to payment with "sufficient detail so that defendants can file a claim of exemption or other opposition." *Icho v. PacketSwitch.com, Inc.*, 2012 WL 4343834, at *1 (N.D. Cal. Sept. 21, 2012) (quoting *Blue Grass Mfg. Co. of Lexington, Inc. v. Beyond A Blade, Inc* ., 2011 U.S. Dist. LEXIS 70556, at *7 (N.D.Cal. May 5, 2011)). This threshold reflects practical considerations and the California law does not require "detailed evidentiary support that a judgment debtor holds a right to payment from a third party." *SAS Inst.*, 2018 WL 6843724, at *2 (citing *Legal Additions*, 2011 WL 3156724, at *2).

Orion asks the Court to assign the accounts receivable and/or any other payments owed by 58 entities to Ningbo Sunny. Borden Decl. ¶ 8; Borden Decl. Ex. A. Orion identified these 58 entities, based on publicly available U.S. Customs information, as entities that have imported goods from Ningbo Sunny to the United States. Borden Decl. ¶ 8. Ningbo Sunny contends that Orion has not met its evidentiary burden, in part, because Ningbo Sunny only has a current sales relationship with nine of the 58 entities, and only has accounts receivable in the United States with five of those. Ni Decl. ¶ 4. Given this refutation of the circumstantial evidence presented by Orion, the Court finds that Orion has not carried its burden as to the 53 entities without current U.S. accounts receivable. *See SAS Inst.*, 2018 WL 6843724, at *4. However, the Court grants the Motion for assignment as to the five entities with current U.S. accounts receivable: Bushnell Holdings, Celestron, Hawke Sport Optics LLC, Meade Instruments Corp., and Olivon Mfg. Group Ltd. The Motion is otherwise denied without prejudice as to the request for assignment. As Orion identifies additional entities with U.S. accounts receivable owed to Ningbo Sunny, it may seek assignment of those accounts receivable.

Ningbo Sunny makes other arguments that Orion has not satisfied its evidentiary burden, but these arguments are not persuasive. It argues (a) that the entities imported goods from Ningbo

Case No.: 5:16-cv-06370-EJD
ORDER GRANTING IN PART, DENYING IN PART MOTION FOR ASSIGNMENT AND TURNOVER; DENYING APPLICATION FOR IMMEDIATE RESTRAINING ORDER

3

Sunny does not indicate that they owe money to Ningbo Sunny, (b) that Orion is not entitled to a generalized assignment, (c) that some of the entities do not appear to be based in the U.S., and (d) that some of the entities did not purchase telescopes but other goods from Ningbo Sunny. That Mr. Ni identified U.S. accounts receivable for five entities negates the first two arguments. As to the third argument, Ningbo Sunny does not put forth any evidence that the five entities identified by Mr. Ni are not U.S. companies. And the fourth argument is irrelevant; Ningbo Sunny's cabined reading of one sentence of the Motion as limiting the sought-after accounts receivable only to funds related to telescopes conflicts with the Motion as a whole. *See, e.g.*, Mot. at 1:7-8.

### 3. Turnover

Next, the Court considers whether to issue a turnover order. California law provides that "[i]f a writ of execution is issued, the judgment creditor may apply to the court . . . for an order directing the judgment debtor to transfer to the levying officer either or both . . . [p]ossession of the property sought to be levied . . . [or] [p]ossession of documentary evidence of title to property of or a debt owed to the judgment debtor." Cal. Civ. Proc. Code § 699.040(a). Such an order requires "a showing of need." *Id.* § 699.040(b). Orion seeks an order compelling Ningbo Sunny to turnover to the U.S. Marshall documents identifying the rights to payment subject to the assignment. Orion seeks this remedy "in lieu" of discovery because it "may take months" for Ningbo Sunny to identify its assets. Reply at 8:15-16; Mot. at 4:21-24. Orion misunderstands section 699.040. The statute is not "a discovery provision." *Icho*, 2012 WL 4343834, at *2. That Orion seeks to have the documents turned over to the U.S. Marshall instead of itself is not material and Orion offers no cases that support that argument. Orion has also not shown any need. Orion has served discovery on Ningbo Sunny, but the responses are not yet due. Borden Decl. ¶ 5. Orion's speculation that it may take months to obtain necessary information is insufficient. The Court also denies Orion's request that the Court compel Ningbo Sunny to file with the court every right to payment currently due and within the United States.

### 4. The TRO Application

Orion has already brought one application for a restraining order to restrict Ningbo Sunny

Case No.: 5:16-cv-06370-EJD
ORDER GRANTING IN PART, DENYING IN PART MOTION FOR ASSIGNMENT AND TURNOVER; DENYING APPLICATION FOR IMMEDIATE RESTRAINING ORDER
4

from removing assets, including accounts receivable, from the United States. Dkt. No. 509. The Court denied it because Orion presented no evidence that Ningbo Sunny was planning to do so. Dkt. Nos. 520, 524. Now, Orion brings the TRO Application seeking to prevent Ningbo Sunny from removing the accounts receivable subject to the Motion's request for assignment. California Code of Civil Procedure section 708.510(a) provides that where an application for assignment has been made, "the judgment creditor may apply to the court for an order restraining the judgment debtor from assigning or otherwise disposing of the right to payment that is sought to be assigned." The movant must show "need." *Id.* § 708.520(b). "Courts have generally taken a fairly lenient view of the circumstances in which a restraining order is appropriate." *Revenue Enhancement Consultants, Inc. v. Mantra Films, Inc*., 2010 WL 11463905, at *1 (C.D. Cal. July 7, 2010). But, the "need" must be more than "speculative." *SAS Inst*., 2018 WL 6843724, at *5.

The facts presented by Orion in the TRO Application are substantially the same as the facts it raised in the previous application. *Compare* TRO Application at 3-5 *with* Dkt. No. 509 at 4-5. But here, Orion points to a letter from Celestron, one of Ningbo Sunny's nonparty co-conspirators, to Orion that threatened legal action if Orion attempts to enforce the judgment against Celestron. Borden Decl. Ex. B. The letter does not indicate that Ningbo Sunny is likely to transfer its U.S. accounts receivable to another country. The other evidence presented by Orion concerns the facts supporting the jury's verdict against Ningbo Sunny. It does not show that Orion needs a TRO now.

Orion has a right to collect its money judgment. But it has not shown that its need is more than speculative. Ningbo Sunny has not yet responded to discovery, nor has it otherwise resisted complying with the judgment. If Ningbo Sunny takes actions that meet the low threshold for "need," then Orion may renew its application. But for now, the TRO Application is denied without prejudice.

### 5. Conclusion and Order

For the reasons discussed above, the Motion is granted in part and denied without prejudice part, and the TRO Application is denied without prejudice.

Case No.: 5:16-cv-06370-EJD
ORDER GRANTING IN PART, DENYING IN PART MOTION FOR ASSIGNMENT AND TURNOVER; DENYING APPLICATION FOR IMMEDIATE RESTRAINING ORDER
5

The Court orders that all accounts, account receivable, rights of payment of money, contingent rights, contract rights, deposits and deposit accounts, claims against third parties, monies due from third parties, due and in favor of and for the benefit of defendant to Defendant/Judgment Debtor Ningbo Sunny Electronic Co., Ltd. ("Judgment Debtor") from Bushnell Holdings, Celestron, Hawke Sport Optics LLC, Meade Instruments Corp., and Olivon Mfg. Group Ltd. are hereby assigned to Plaintiff/Judgment Creditor Optronic Technologies, Inc. ("Orion") up to the amount of the partial judgment entered in this action in favor of Orion and against Judgment Debtor on December 5, 2019 (Docket No. 518).

**IT IS SO ORDERED.**

Dated: January 17, 2020

EDWARD J. DAVILA
United States District Judge