UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., et al.,<br><br>Defendants. | Case No. 16-cv-06370-EJD (VKD)<br><br>**ORDER GRANTING NINGBO SUNNY'S MOTION TO QUASH ORDER TO APPEAR FOR JUDGMENT DEBTOR EXAMINATION**<br><br>Re: Dkt. No. 554 |

Ningbo Sunny Electronic Co. ("Ningbo Sunny") moves to quash an order to appear for a judgment debtor examination sought by Optronic Technologies, Inc. ("Orion"). At Ningbo Sunny's request, this Court set a shortened briefing and hearing schedule on that motion, and held in abeyance the order setting the examination, pending resolution of the motion to quash. Dkt. No. 560. Upon consideration of the moving and responding papers, this Court finds the matter suitable for determination without oral argument, and the January 28, 2020 hearing is vacated. Civ. L.R. 7-1(b). For the reasons discussed below, the Court grants Ningbo Sunny's motion to quash.

Orion previously sought a January 28, 2020 judgment debtor examination of Ningbo Sunny, with the examination to occur at this courthouse, and specifically requesting that Mr. Wenjun "Peter" Ni appear and testify on Ningbo Sunny's behalf. The application was brought "[p]ursuant to California Code of Civil Procedure Section 708.110, made applicable to this action by Federal Rule of Civil Procedure 69(a)(2)" (Dkt. No. 551), and stated that "[t]he person to be examined resides or has a place of business in this county or within 150 miles of the place of examination" (Dkt. No. 551-1).

After this Court granted Orion's application (Dkt. No. 552), Ningbo Sunny filed the present motion to quash, challenging the location and date of the debtor exam. First, Ningbo Sunny argues that Orion failed to comply with California Code of Civil Procedure sections 708.110 and 708.160 because Mr. Ni and Ningbo Sunny reside in China and have no place of business within the same county as this Court or within 150 miles of this courthouse. Additionally, Ningbo Sunny requests that the examination be re-set for a date after February 4, 2020 due to Mr. Ni's unavailability from January 25 through February 1, 2020 for the Chinese New Year holiday. Dkt. No. 554-1 ¶ 2. Here, Ningbo Sunny says that it does not seek to avoid a judgment debtor exam, but it would like the exam to take place on a mutually agreeable date that does not fall during the Chinese New Year. Dkt. No. 563 at ECF 2.

With respect to the venue of the requested debtor exam, California Code of Civil Procedure section 708.160(b) provides:

> A person sought to be examined may not be required to attend an examination before a court located outside the county in which the person resides or has a place of business unless the distance from the person's place of residence or place of business to the place of examination is less than 150 miles.

Cal. C.C.P. § 708.160(b). As demonstrated by the parties' briefing, the point of contention is whether section 708.160(b) applies to Ningbo Sunny at all.

On this issue, although the parties have accurately described the particular cases they cite, neither side has provided this Court with a complete statement of the applicable law. Here, Ningbo Sunny's opening brief relies primarily on *Langer v. Gorial*, No. 14-cv-2304-BAS (MDD), 2015 WL 4873074 (S.D. Cal. Aug. 13, 2015), in which the district court concluded that an application for a judgment debtor examination could not be granted where the applicant failed to say where the judgment debtor resided, among other required information. *Langer*, however, provides little, if any, guidance on the question whether section 708.160(b) applies to Ningbo Sunny, which indisputably is based in China. Citing to several district court decisions, Orion contends that section 708.160(b) does not apply to foreign-based defendants, such as Ningbo Sunny. *See, e.g., Vedatech, Inc. v. St. Paul Fire & Marine Ins. Co.*, Nos. C04-1249 VRW, C04-1403 VRW, C04-1818 VRW, 2008 WL 2790200, at *2 (N.D. Cal. July 17, 2008); *Kremen v.*

2

1  *Cohen*, No. C98-20718 JW, 2008 WL 11455081, at *2 (N.D. Cal. Mar. 28, 2008); *United States v.*

2  *Feldman*, 324 F. Supp. 2d 1112, 1117-18 (C.D. Cal. 2004). These decisions, however, provide

3  little or no analytical support for the conclusion that section 708.160(b) exempts foreign-based

4  defendants. In its reply, Ningbo Sunny counters that, for purposes of section 708.160(b), Ningbo

5  Sunny is not a foreign defendant because its wholly-owned subsidiary, Meade Instruments Corp.,

6  is located in Irvine, California. Ningbo Sunny contends that its judgment debtor examination

7  therefore should proceed in Orange County, California. Here, Ningbo Sunny relies on the plain

8  language of section 708.160(b) and cites no authority on point.

9  In a decision not cited by either side, a district court confronted with this issue rejected the

10 proposition that section 708.160(b) absolutely exempts foreign defendants from its application.

11 *Pabban Dev., Inc. v. Kyphon Sarl*, No. CV 10-00533 BRO (RNBx), 2015 WL 12731928 (C.D.

12 Cal. Mar. 10, 2015) (concluding that the magistrate judge did not err in granting a motion to quash

13 on the ground that there is no exception for "foreign-based" judgment debtors in section 708.160).

14 Noting that courts have interpreted Rule 69(a)(1) as relating to the judgment execution *procedures*

15 available to judgment creditors and Rule 69(a)(2) as relating to post-judgment *discovery* in aid of

16 execution, *Pabban* concluded:

> Section 708.160 does not result in a substantive abridgment of the Court's jurisdiction, remove the Court's ability to enforce its judgments, or limit a judgment debtor's ability to conduct alternative discovery under the Federal Rules. Rather, section 708.160 merely requires that, when a judgment creditor elects to utilize a debtor's examination under California law, the district court exercise "the same authority to aid judgment creditors as that provided to state courts under local law." *Duchek*, 646 F.2d at 417. As a result, the Court is not convinced by the reasoning of either *Bates*, *Feldman*, or *Vedatech* that section 708.160 flatly does not apply to foreign defendants. This is particularly true given that there is no basis for this conclusion in the text of the statute itself. Section 708.160 states that a court may not require attendance at an examination located outside the county in which a person resides if the distance is greater than 150 miles. Cal. Civ. Proc. Code § 708.160. There is nothing in the text of the statue, or even its legislative history, which suggests an exception for foreign defendants.

26 2015 WL 12731928 at *4. Here, as in *Pabban*, Orion's application for a judgment debtor exam

27 demonstrated that Orion elected to proceed with judgment execution procedures available under

28 California law.

3

1       This Court agrees with *Pabban* that section 708.160(b) does not clearly provide an exception for foreign-based judgment debtors. *Id.* at *5. Accordingly, Ningbo Sunny's motion to quash is granted insofar as the Court's prior order required Mr. Ni/Ningbo Sunny to appear for a judgment debtor examination at this courthouse.

      Nevertheless, Rule 69 does not foreclose Orion's ability to depose Ningbo Sunny under the Federal Rules, and section 708.160 does not limit Orion's ability to conduct alternative discovery under the Federal Rules. *See id.* at *4-*5; *see also Legal Additions, LLC v. Kowalski*, No. C08-2754 EMC, 2011 WL 3156724, at *4 (N.D. Cal. July 26, 2011) (stating the "under [Rule] 69(a)(2), a judgment creditor may obtain discovery as provided *either* by the procedure of the state where the court is located or by the Federal Rules of Civil Procedure."). And "[u]nder the Federal Rules the Court has substantial discretion to designate the site of a deposition." *Legal Additions*, 2011 WL 3156724, at *4 (internal quotations and citation omitted). Accordingly, to the extent Orion chooses to proceed with an examination under the Federal Rules, it shall take the necessary steps to do so. Unless the parties agree to another date or location, this Court expects that any such examination will occur in San Jose, California during the week of February 3, 2020 in order to accommodate Mr. Ni's unavailability during the Chinese New Year celebrations.

      As for Orion's request that this Court issue an order to "preserv[e] the status quo and prevent[] Ningbo Sunny from accepting payments prior to the examination in its overseas accounts" (Dkt. No. 561 at ECF 6), this Court has no authority to order such relief. Orion's request therefore is denied, without prejudice to Orion's option to raise the matter with the presiding judge.

**IT IS SO ORDERED.**

Dated: January 27, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

4