SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
LEO D. CASERIA, Cal. Bar No. 240323
THOMAS DILLICKRATH, (*admitted pro hac vice*)
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
Telephone:  202.747.1900
Facsimile:  202.747.1901
E-mail:  lcaseria@sheppardmullin.com
  tdillickrath@sheppardmullin.com

MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
DYLAN I. BALLARD, Cal. Bar No. 253929
HELEN C. ECKERT, Cal. Bar No. 240531
JOY O. SIU, Cal. Bar No. 307610
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:  415.434.9100
Facsimile:  415.434.3947
E-mail:  mscarborough@sheppardmullin.com
  dballard@sheppardmullin.com
  heckert@sheppardmullin.com
  jsiu@sheppardmullin.com

Attorneys for Defendant
NINGBO SUNNY ELECTRONIC CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC. d/b/a Orion Telescopes & Binoculars, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., MEADE INSTRUMENTS CORP., and DOES 1-25,<br><br>Defendants. | Case No. 5:16-cv-06370-EJD-VKD<br>*Assigned to: Honorable Edward J. Davila*<br><br>**NOTICE OF MOTION AND MOTION BY SHEPPARD MULLIN TO WITHDRAW AS COUNSEL FOR DEFENDANT NINGBO SUNNY ELECTRONIC CO., LTD.**<br><br>Date:  April 2, 2020<br>Time:  9:00 a.m.<br>Ctrm:  4, 5th Floor<br><br>Compl. Filed:  November 1, 2016<br>Trial Date:  October 22, 2019<br>Partial Judgment Entered: December 5, 2019 |

SMRH:4828-4262-3643                                                              MOTION TO WITHDRAW

1 **NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL**

2 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3     **PLEASE TAKE NOTICE** that on 9:00 a.m. on April 2, 2020 or as soon thereafter as the

4 matter may be heard, in Courtroom 4 of the above-captioned court, located at 280 South First

5 Street, San Jose, California 95113, Sheppard Mullin Richter & Hampton LLP ("Sheppard

6 Mullin") will and hereby does move this Court pursuant to Civil L.R. 11-5 to be withdrawn as

7 counsel for Defendant Ningbo Sunny Electronic Co., Ltd. ("Ningbo Sunny").

8     Sheppard Mullin's Motion is based on this Notice, the accompanying Memorandum of

9 Points and Authorities, the Declaration of Leo D. Caseria ("Caseria Decl.") submitted

10 concurrently herewith, all pleadings, papers and other documentary materials in the Court's file

11 for this action, those matters of which this Court may or must take judicial notice, and such other

12 matters as this Court may consider.

14 Dated: February 27, 2020

15                                           SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

17                             By     */s/ Leo D. Caseria*
18                                           LEO D. CASERIA

19                                Attorneys for defendant NINGBO SUNNY
                                    ELECTRONIC CO., LTD.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Sheppard Mullin Richter & Hampton LLP ("Sheppard Mullin") respectfully seeks the Court's permission pursuant to Civil Local Rule 11-5(a) to withdraw from its representation of defendant Ningbo Sunny Electronic Co., Ltd., ("Ningbo Sunny") in this case.

## II.   RELEVANT FACTUAL BACKGROUND

Sheppard Mullin is and has been the only counsel of record for Ningbo Sunny throughout this lawsuit.  Caseria Decl., ¶ 1. On November 1, 2016, Plaintiff Optronic Technologies, Inc. ("Plaintiff" or "Orion") filed a Complaint against Ningbo Sunny and its wholly owned subsidiaries, Sunny Optics, Inc. ("Sunny") and Meade Instruments Corp. ("Meade") (collectively, with Ningbo Sunny, "Defendants").  ECF 1.  Defendants filed a motion to dismiss, which was granted with leave to amend on September 28, 2017.  ECF 38.

Orion filed a First Amended Complaint on November 3, 2017.  ECF 41.  On January 11, 2018, Defendants filed a motion to dismiss Plaintiff's First Amended Complaint which remained pending while the parties engaged in discovery.  ECF 44.  After the completion of discovery, on March 29, 2019, the Court denied Defendants' motion to dismiss. ECF 230.

Plaintiff and Defendants subsequently filed motions for summary judgment, and on September 29, 2019, the Court denied Plaintiff's motion for summary judgment, and partially granted Defendants' motion for summary judgment.  ECF 313.

A jury trial commenced on October 22, 2019 as to the remaining claims in the case.  On November 26, 2019, the jury reached a verdict, finding Defendants liable for certain antitrust violations and awarding $16.8 million in single damages.  ECF 501.  On December 4, 2019, Sunny and Meade filed a voluntary petition under chapter 11 of Title 11 of the United States Code.  *See In re Meade Instruments Corp.*, Case No. 8:19-bk-14714-CB (Bankr. C.D. Cal.).  On December 5, 2019, this Court entered a partial judgment, only as to Ningbo Sunny, in the amount of $50,400,000.  ECF 518.

After judgment was entered against Ningbo Sunny on December 5, 2019, Orion made efforts to collect and pursue post-judgment discovery against Ningbo Sunny. On December 31, 2019, Orion propounded 31 document requests and 18 interrogatories on Ningbo Sunny. *See* ECF

1  585-587 and Exhibits.  Ningbo Sunny provided written responses and objections, and produced
2  documents, on January 30, 2020.  *Id.*  On January 6, 2020, Orion filed a motion for assignment
3  and turnover, and application for temporary restraining order.  ECF 536 and 537. On January 17,
4  2020, Orion's application for temporary restraining order was denied, and its motion for
5  assignment and turnover was partially granted and partially denied, resulting in the assignment of
6  certain accounts receivable to Orion.  ECF 559.  Orion also sought a debtor examination of
7  Ningbo Sunny, and Ningbo Sunny filed a motion to quash on January 16, 2020, which the Court
8  granted on January 27, 2020.  *See* ECF 554 and 565.  On January 27, 2020, Orion noticed a
9  deposition of Peter Ni, which has not yet been scheduled due to coronavirus-related travel
10 restrictions.  Caseria Decl., ¶ 3.

11      Four post-trial motions have been filed, three by Ningbo Sunny, and one by Orion.  Those
12 motions have been fully briefed, and the hearing is set for March 5, 2020 at 9:00 a.m.  ECF 577.
13 On February 13, 2020, Orion filed a motion for an order to show cause.  ECF 578.  The motion
14 has been fully briefed, and the hearing is set for March 5, 2020 at 9:00 a.m.

15      On February 24, 2020, three joint letter briefs were submitted regarding post-judgment
16 discovery disputes.  ECF 585-587.  Those remain pending.

17      On February 21, 2020, Orion filed a motion for equitable relief.  ECF 583.  Ningbo
18 Sunny's opposition is due on March 5, 2020. ECF 525. The hearing for that motion is set for April
19 2, 2020 at 9:00 a.m.  *Id.*

20      As of at least January 14, 2020, circumstances of Sheppard Mullin's engagement to
21 represent Ningbo Sunny have changed such that good cause exists for Sheppard Mullin to
22 withdraw as counsel pursuant to Rule of Professional Conduct ("RPC") 1.16(b).  The specific
23 facts which give rise to this Motion are required to be kept confidential under applicable law as
24 detailed below.  Ningbo Sunny is aware of the circumstances that have caused Sheppard Mullin to
25 file this Motion.  Caseria Decl., ¶ 4. On February 13, 2020 and again on February 25, 2020,
26 Sheppard Mullin asked Ningbo Sunny whether or not it would oppose this motion.  Caseria Decl.,
27 ¶ 8. On February 26, 2020, Ningbo Sunny responded through its Chinese outside counsel James
28 Zou of Guantao Law Firm (zoujun@guantao.com) that Ningbo Sunny opposes Sheppard Mullin's
motion on the grounds that while Ningbo Sunny is "looking for other firms," Ningbo Sunny does

not yet have new counsel that is prepared to substitute in for Sheppard Mullin. *Id.* Two days earlier, on Monday, February 24, 2020, Sheppard Mullin was informed that Ningbo Sunny had reached out to at least one law firm about potentially representing it in this action, and that law firm was actively considering whether to represent Ningbo Sunny. Caseria Decl., ¶ 10. Sheppard Mullin has had one phone call with that firm regarding this matter. *Id.*

Sheppard Mullin has provided Ningbo Sunny with the following advanced, written notices of its intent to withdraw:

- On January 13, 2020, Sheppard Mullin provided written notice to Ningbo Sunny that if certain circumstances continued without resolution, then Sheppard Mullin would likely have to withdraw from the case. Caseria Decl., ¶ 5.

- On February 6, 2020, Sheppard Mullin informed Ningbo Sunny in writing of Sheppard Mullin's need to withdraw, and Ningbo Sunny's need to find new counsel, if circumstances remained unchanged. Caseria Decl., ¶ 6.

- On February 10, 2020, Sheppard Mullin informed Ningbo Sunny in writing that Sheppard Mullin would not be able to assist Ningbo Sunny with an appeal in this matter if circumstances remained unchanged. Caseria Decl., ¶ 7.

- On February 13, 2020, and again on February 25, 2020, Sheppard Mullin provided written notice to Ningbo Sunny that (1) due to unchanged circumstances, Sheppard Mullin intended to file this Motion to Withdraw by February 27, 2020; (2) as a corporate entity, Ningbo Sunny would need to find substitute counsel and would not be able to proceed in the case without an attorney[1]; and (3) that Sheppard Mullin would request the earliest hearing date. Caseria Decl., ¶ 8.

### III.     LEGAL STANDARD

Civil Local Rule 11-5(a) provides that counsel may withdraw from an action upon leave of Court. Until the client obtains new counsel, motions to withdraw may be granted on the condition

---

[1] Previously, on June 26, 2019, Sheppard Mullin also explicitly informed Ningbo Sunny in writing that as a corporation, it could not appear or participate in the case without an attorney. Caseria Decl., ¶ 9.

1  that current counsel continue to serve on the client all papers filed in the action.  Civil L-R 11-
2  5(b).  Sheppard Mullin is prepared to do that. Caseria Decl., ¶ 11.
3        Grounds for withdrawal are governed by California's RPC.  Civil L-R 11-4(a)(1); *United*
4  *Genetics Seeds Co. v. Zhang Xinze Agric. Dev. Co.*, Case No. 5:15-cv-02096-EJD at *1 (N.D. Cal.
5  June 24, 2016) (Davila, J.).  RPC 1.16(b) sets forth the various circumstances under which counsel
6  may seek leave of the court to withdraw.  When seeking leave to withdraw, counsel must comply
7  with their obligations of confidentiality to their clients as required under California Business and
8  Professions Code section 6068(e) and RPC 1.6.
9        Courts generally consider the following factors when considering a motion to withdraw:
10 "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause
11 to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4)
12 the extent to which withdrawal will delay resolution of the case."  *United Genetics Seeds Co. v.*
13 *Zhangye Xinze Agric. Dev. Co.,* 2016 U.S. Dist. LEXIS 82620 at *2 (N.D. Cal. June 24, 2016)
14 (Davila, J.) (*quoting Atkins v. Bank of Am., N.A.,* 2015 U.S. Dist. LEXIS 89360, at *3 (N.D. Cal.
15 July 9, 2015)).  Counsel must also take reasonable steps to avoid reasonably foreseeable prejudice
16 to the client, including providing the client sufficient notice to permit retaining substitute counsel.
17 RPC 1.16(d).  These prerequisites have all been met.

18 **IV.    ARGUMENT**

19       Sheppard Mullin respectfully requests that the Court grant its Motion because: (a) there is
20 good cause for withdrawal; (b) there will be no prejudice to Ningbo Sunny or Orion, no harm to
21 the administration of justice, and no delay, because all pending motions will be fully briefed by
22 Ningbo Sunny and Ningbo Sunny will have adequate time to find new counsel; and (c) Sheppard
23 Mullin has taken reasonable steps to avoid prejudice to Ningbo Sunny, including providing
24 advance written notice to Ningbo Sunny so that it has sufficient time to retain new counsel.

25       **A.    Good Cause Exists for Withdrawal**

26       Good cause for withdrawal exists under one or more of the subsections enumerated in
27 California RPC 1.16(b) governing permissive withdrawals.  Caseria Decl., ¶ 12. Pursuant to
28 California law, the RPC, and a California State Bar Ethics Opinion, counsel are obligated to keep
    client information confidential and exercise discretion in disclosing client communications in

withdrawal motions.  *E.g.,* Cal. Bus. & Prof. Code § 6068(e); RPC 1.6; California State Bar Standing Committee on Professional Responsibility and Conduct Opinion 2015-192.  Although applicable law and rules of professional conduct limit the representations Sheppard Mullin may make to this Court, Sheppard Mullin represents that good cause exists to permit Sheppard Mullin to withdraw in accordance with RPC 1.16(b).  Caseria Decl., ¶ 12.  *See Manfredi Levine v. Superior Court,* 66 Cal.App.4th 1128, 1133 (1998) (where confidentiality issues preclude counsel from further disclosure and the court accepts counsel's representations in good faith, the court should permit withdrawal) (collecting cases).

### B. Permitting Withdrawal Will Not Cause Prejudice or Undue Delay or Harm to the Administration of Justice

Permitting Sheppard Mullin to withdraw will not cause prejudice to Plaintiff, harm the administration of justice or delay resolution of the case.  Caseria Decl., ¶ 13. As set forth above, the trial is complete and post-trial motions are fully briefed and set for hearing on March 5, 2020 (with the exception of Orion's motion for equitable relief, which is set for hearing on April 2, 2020).  *Id.*  By March 5, Ningbo Sunny will not have any briefs due in response to any pending motions filed by Orion, and will not have any pending deadlines to file motions.  *Id.*  Granting withdrawal at this juncture will therefore cause no prejudice, delay, or harm to justice, and will give Ningbo Sunny adequate time to retain new counsel and have that counsel get up to speed, a search which is already underway, as described above.  *Id.*  *Stewart v. Boeing Co.*, 2013 U.S. Dist. LEXIS 87064, *5 (C.D. Cal. Jun. 19, 2013) (allowing counsel to withdraw when there was no substitute counsel because there was "sufficient time for new counsel to be hired and familiarized with the case without unduly delaying the proceedings or prejudicing the Parties").  In contrast to the current phase of the case, where there is no prejudice to Ningbo Sunny from withdrawal, courts have permitted withdrawals even under difficult circumstances for clients, for example, where trial is imminent.  *See, e.g., Young v. Chapman,* 2018 U.S. Dist. LEXIS 17799 (N.D. Cal. Feb. 1, 2018) (granting motion to withdraw after two years of representation and 11 days before trial).

### C. Sheppard Mullin has Taken Reasonable Steps to Avoid Prejudice to Ningbo Sunny

Sheppard Mullin has taken reasonable steps, as required by RPC 1.16(d), to avoid reasonably foreseeable prejudice to Ningbo Sunny, including providing sufficient notice to allow Ningbo Sunny to retain substitute counsel, as set forth above. *See supra* at 4 (describing written notices from Sheppard Mullin to Ningbo Sunny dated 1/14/20, 2/6/20, 2/10/20, 2/13/20, 2/25/20, and 6/26/19); Caseria Decl., ¶ 14.  The circumstances giving rise to Sheppard Mullin's request for withdrawal remain unchanged, and Sheppard Mullin has recently been informed that Ningbo Sunny is actively "looking for other firms," which Ningbo Sunny has adequate time to do. Caseria Decl., ¶¶ 8, 14.  *See Harris v. JT Hospitality, Inc.,* 2018 U.S. Dist. LEXIS 82010, *1-2 (N.D. Cal. May 15, 2018) (granting motion to withdraw and noting that plaintiffs had "stated their intent to retain new counsel."); *Soles v. United Airlines, Inc.,* 2017 U.S. Dist. LEXIS 225769 at *4 and *9 (C.D. Cal. Apr. 11, 2017) (granting motion to withdraw, explaining that counsel provided notice of its intent to withdraw five days before it filed its motion, and finding that "there are no indications of prejudice."); *Stewart v. Boeing Co.*, 2013 U.S. Dist. LEXIS 87064, *5 (C.D. Cal. Jun. 19, 2013) (allowing counsel to withdraw when there was no substitute counsel because there was "sufficient time for new counsel to be hired and familiarized with the case without unduly delaying the proceedings or prejudicing the Parties").

This motion and all papers filed by Sheppard Mullin today in this action will be served today by email on Peter Ni, president of Ningbo Sunny, at his email address peter.ni@meade.com, which is the method by which Sheppard Mullin regularly (1) communicates with Peter Ni and Ningbo Sunny and (2) provides notices and documents to Peter Ni and Ningbo Sunny.  Caseria Decl. ¶ 16.

### V. CONCLUSION

For the foregoing reasons, Sheppard Mullin respectfully requests that the Court grant this motion to withdraw as counsel of record for Ningbo Sunny.

1  Dated: February 27, 2020

2            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

4         By    */s/ Leo D. Caseria*
5              LEO D. CASERIA

6          Attorneys for defendant NINGBO SUNNY
           ELECTRONIC CO., LTD.

SMRH:4828-4262-3643    -7-    MOTION TO WITHDRAW