1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
2  LEO D. CASERIA, Cal. Bar No. 240323
3  THOMAS DILLICKRATH, (*pro hac vice*)
   2099 Pennsylvania Avenue, NW, Suite 100
4  Washington, D.C. 20006-6801
   Telephone:   202.747.1900
5  Facsimile:    202.747.1901
   E-mail:      lcaseria@sheppardmullin.com
6                   tdillickrath@sheppardmullin.com

7  MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
   DYLAN I. BALLARD, Cal. Bar No. 253929
8  HELEN C. ECKERT, Cal. Bar No. 240531
   JOY O. SIU, Cal. Bar No. 307610
9  Four Embarcadero Center, 17th Floor
   San Francisco, CA 94111
10 Telephone:   415.434.9100
   Facsimile:    415.434.3947
11 E-mail:      mscarborough@sheppardmullin.com
                 dballard@sheppardmullin.com
12                  heckert@sheppardmullin.com
                 jsiu@sheppardmullin.com

Attorneys for Defendant NINGBO SUNNY ELECTRONIC CO., LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC. d/b/a Orion Telescopes & Binoculars, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., MEADE INSTRUMENTS CORP., and DOES 1-25,<br><br>Defendants. | Case No. 5:16-cv-06370-EJD-VKD<br>*Assigned To: Honorable Edward J. Davila*<br><br>**DECLARATION OF LEO D. CASERIA**<br><br>Date:    April 2, 2020<br>Time:   9:00 a.m.<br>Ctrm:   4, 5th Floor<br><br>Compl. Filed: November 1, 2016<br>Trial Date: October 22, 2019<br>Partial Judgment Entered: December 5, 2019 |

## DECLARATION OF LEO D. CASERIA

I, Leo D. Caseria, declare as follows:

1. I am a partner with the law firm Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin"), counsel of record in this action for Defendant Ningbo Sunny Electronic Co., Ltd. ("Ningbo Sunny"). I have sufficient personal knowledge of the facts set forth herein that, if called as a witness, I could and would testify competently thereto.

2. Sheppard Mullin is and has been the only counsel of record for Ningbo Sunny throughout this lawsuit.

3. After judgment was entered against Ningbo Sunny on December 5, 2019, plaintiff Optronic Technologies, Inc. d/b/a Orion Telescopes & Binoculars ("Orion" or "Plaintiff") made efforts to collect and pursue post-judgment discovery against Ningbo Sunny. On December 31, 2019, Orion propounded 31 document requests and 18 interrogatories on Ningbo Sunny. See ECF 585-587 and Exhibits. Ningbo Sunny provided written responses and objections, and produced documents, on January 30, 2020. *Id.* On January 6, 2020, Orion filed a motion for assignment and turnover, and application for temporary restraining order. ECF 536 and 537. On January 17, 2020, Orion's application for temporary restraining order was denied, and its motion for assignment and turnover was partially granted and partially denied, resulting in the assignment of certain accounts receivable to Orion. ECF 559. Orion also sought a debtor examination of Ningbo Sunny, and Ningbo Sunny filed a motion to quash on January 16, 2020, which the Court granted on January 27, 2020. See ECF 554 and 565. On January 27, 2020, Orion noticed a deposition of Peter Ni, which has not yet been scheduled due to coronavirus-related travel restrictions.

4. As of at least January 14, 2020, circumstances of Sheppard Mullin's engagement to represent Ningbo Sunny have changed such that good cause exists for Sheppard Mullin to withdraw as counsel pursuant to Rule of Professional Conduct ("RPC") 1.16(b). The specific facts which give rise to this Motion are required to be kept confidential under applicable law. Ningbo Sunny is aware of the circumstances that have caused Sheppard Mullin to file this Motion.

5. On January 13, 2020, Sheppard Mullin provided written notice to Ningbo Sunny that if certain circumstances continued without resolution, then Sheppard Mullin would likely have to

withdraw from the case.

6. On February 6, 2020, Sheppard Mullin informed Ningbo Sunny in writing of Sheppard Mullin's need to withdraw, and Ningbo Sunny's need to find new counsel, if circumstances remained unchanged.

7. On February 10, 2020, Sheppard Mullin informed Ningbo Sunny in writing that Sheppard Mullin would not be able to assist Ningbo Sunny with an appeal in this matter if circumstances remained unchanged.

8. On February 13, 2020, and again on February 25, 2020, Sheppard Mullin provided written notice to Ningbo Sunny that (1) due to unchanged circumstances, Sheppard Mullin intended to file this Motion to Withdraw by February 27, 2020; (2) as a corporate entity, Ningbo Sunny would need to find substitute counsel and would not be able to proceed in the case without an attorney ; and (3) that Sheppard Mullin would request the earliest hearing date.  On February 13, 2020 and again on February 25, 2020, Sheppard Mullin asked Ningbo Sunny whether or not it would oppose this motion.  On February 26, 2020, Ningbo Sunny responded through its Chinese outside counsel James Zou of Guantao Law Firm (zoujun@guantao.com) that Ningbo Sunny opposes Sheppard Mullin's motion on the grounds that while Ningbo Sunny is "looking for other firms," Ningbo Sunny does not yet have new counsel that is prepared to substitute in for Sheppard Mullin.

9. Previously, on June 26, 2019, Sheppard Mullin also explicitly informed Ningbo Sunny in writing that as a corporation, it could not appear or participate in the case without an attorney.

10. On Monday, February 24, 2020, Sheppard Mullin was informed that Ningbo Sunny had reached out to at least one law firm about potentially representing it in this action, and that law firm was actively considering whether to represent Ningbo Sunny.  Sheppard Mullin has had one phone call with that firm regarding this matter.

11. Civil Local Rule 11-5(a) provides that counsel may withdraw from an action upon leave of Court.  Until the client obtains new counsel, motions to withdraw may be granted on the condition that current counsel continue to serve on the client all papers filed in the action.  Civil L-

1  R 11-5(b).  Sheppard Mullin is prepared to do that.

2  12. Good cause for withdrawal exists under one or more of the subsections enumerated
3  in California Rule of Professional Conduct 1.16(b) governing permissive withdrawals.  Although
4  applicable law and rules of professional conduct limit the representations Sheppard Mullin may
5  make to this Court, Sheppard Mullin represents that good cause exists to permit Sheppard Mullin to
6  withdraw in accordance with RPC 1.16(b).

7  13. Permitting Sheppard Mullin to withdraw will not cause prejudice to Plaintiff, harm
8  the administration of justice or delay resolution of the case.  The trial is complete and post-trial
9  motions are fully briefed and set for hearing on March 5, 2020.  By March 5, Ningbo Sunny will
10 not have any briefs due in response to any pending motions filed by Orion, and will not have any
11 pending deadlines to file motions.  Permitting Sheppard Mullin to withdraw at this juncture will
12 therefore cause no prejudice, delay or harm to justice, and will give Ningbo Sunny adequate time to
13 retain new counsel and have that counsel get up to speed, a search which is already underway, as
14 described above.

15 14. Sheppard Mullin has taken reasonable steps, as required by RPC 1.16(d) to avoid
16 reasonably foreseeable prejudice to Ningbo Sunny, including providing sufficient notice to allow
17 Ningbo Sunny to retain substitute counsel, as set forth above.  The circumstances giving rise to
18 Sheppard Mullin's request for withdrawal remain unchanged, and Sheppard Mullin has recently
19 been informed that Ningbo Sunny is actively "looking for other firms."

20 15. For all the same reasons described above, there is good cause to advance the hearing
21 date on Sheppard Mullin's concurrently filed motion to withdraw from April 2, 2020 to March 5,
22 2020. Advancing the hearing to March 5 will cause no prejudice, delay or harm to justice.  Forcing
23 Sheppard Mullin to remain in the case for an additional month until the currently scheduled hearing
24 of April 2, 2020 will cause harm to Sheppard Mullin due to the unchanging circumstances that give
25 rise to Sheppard Mullin's motion to withdraw under California Rule of Professional Conduct
26 1.16(b) and that continue to exist despite written notices from Sheppard Mullin to Ningbo Sunny.
27 On February 25, 2020, Sheppard Mullin asked Ningbo Sunny whether it would oppose Sheppard
28 Mullin's request to advance the hearing date on its motion to withdraw to March 5, 2020.  On

1  February 26, 2020, Ningbo Sunny responded through its Chinese outside counsel James Zou of
2  Guantao Law Firm (zoujun@guantao.com) that Ningbo Sunny opposes Sheppard Mullin's motion
3  on the grounds that while Ningbo Sunny is "looking for other firms," Ningbo Sunny does not yet
4  have new counsel that is prepared to substitute in for Sheppard Mullin.

      16.    I will cause Sheppard Mullin's motion to withdraw and all papers filed by Sheppard Mullin today in this action to be served today by email on Peter Ni, president of Ningbo Sunny, at his email address peter.ni@meade.com, which is the method by which Sheppard Mullin regularly (1) communicates with Peter Ni and Ningbo Sunny and (2) provides notices and documents to Peter Ni and Ningbo Sunny.

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

      Executed on this 27th day of February, 2020, in Washington D.C.

                  */s/ Leo D. Caseria*
                  Leo D. Caseria