UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., et al.,<br><br>Defendants. | Case No. 16-cv-06370-EJD (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE DEFENDANT'S PRODUCTION OF DOCUMENTS**<br><br>Re: Dkt. No. 587 |

The parties dispute whether defendant Ningbo Sunny Electronic Co. ("Ningbo Sunny") has made a complete production of documents responsive to plaintiff Optronic Technologies, Inc.'s ("Orion") post-judgment document requests, and whether Ningbo Sunny's production complies with the Court's order regarding the production of electronically stored information (Dkt. No. 74). Dkt. No. 587. The Court has reviewed the parties' joint submission and concludes this matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b).

The parties' submission addresses four issues regarding Ningbo Sunny's response to Orion's post-judgment document requests. The Courts considers each issue separately.

**Peter Ni's Documents**

Orion argues that Ningbo Sunny's document production should have included documents to or from Mr. Ni, its CEO, because Ningbo Sunny identifies Mr. Ni as the person most knowledgeable about Ningbo Sunny's discovery responses. Dkt. No. 587 at 1-2. Orion suspects that Ningbo Sunny is withholding responsive documents in Mr. Ni's possession. *Id.* Ningbo Sunny responds that Mr. Ni was among the custodians whose documents were searched for responsive documents, but that this search uncovered no non-privileged documents that had not

already been produced. *Id.* at 5.

Orion does not identify any particular document request that it believes calls for documents sent or received by Mr. Ni. The Court has reviewed the 31 document requests attached to the parties' joint submission as Exhibit A. With the possible exception of Requests Nos. 23, 24, 29, and 31, which seek "communications" concerning various topics, all of Orion's document requests seek company-level financial and transactional documents and do not appear to call for the kinds of documents that would be addressed to or from an individual. In any event, the Court is not persuaded that Mr. Ni's designation as the person most knowledgeable about Ningbo Sunny's discovery responses or his role as CEO of the company compels the conclusion that he must have sent or received responsive documents that Ningbo Sunny has withheld.

**Completeness of Ningbo Sunny's Production**

Orion argues that third-party discovery shows that Ningbo Sunny has deliberately withheld responsive documents from its production. *Id.* at 2. As an example, Orion says that Ningbo Sunny failed to produce correspondence with Celestron in January 2020 reflecting Ningbo Sunny's efforts to remove millions of dollars in accounts receivable from the United States, contrary to Mr. Ni's declaration that Ningbo Sunny would not transfer assets outside the United States outside the ordinary course of business.[1] Ningbo Sunny responds that because Orion's document requests were served on December 31, 2019, and covered the period of time from "November 1, 2016 to the present," the requests did not encompass documents from January 2020. *Id.* at 5.

The parties should have resolved this aspect of their dispute without seeking the Court's assistance. Orion apparently did not intend "the present" to mean the date the requests were served but it does not specify an alternate cutoff date for Ningbo Sunny's collection of documents. Accordingly, the parties must confer promptly regarding a reasonable cutoff date for Ningbo Sunny's collection and production of responsive documents. The cutoff date should be late enough to include documents that reflect Ningbo Sunny's post-judgment activities that reasonably

---

[1] Orion's motion for sanctions against Ningbo Sunny and Mr. Ni for this alleged misconduct are pending before the presiding judge. Dkt. No. 578.

2

may impact Orion's ability to collect on the judgment. The parties shall advise the Court in writing no later than **March 9, 2020** of the cutoff date to which they have agreed.

**Form of Ningbo Sunny's Production**

Orion argues that Ningbo Sunny's document production omitted metadata, even though Orion's document requests specifically required its production (*see* Dkt. No. 587-1 at 2-3) and the Court had entered as an order the parties' stipulation regarding the production of electronically stored information ("ESI") (Dkt. No. 74). Dkt. No. 587 at 4. Ningbo Sunny responds that it produced all responsive documents in native format, and that in any event, Orion failed to confer sufficiently with Ningbo Sunny about this aspect of the parties' dispute. *Id.* at 5-6.

As permitted by Rule 34(b)(2)(E), the parties stipulated to a protocol for the production of ESI, and the Court entered the stipulation as an order (the "ESI Order"). Dkt. No. 74. The ESI Order provides that all ESI will be produced as single-page TIFF image files with data load files containing specific associated metadata. *See id.*, §§ I.B, III.B and App'x 2. The ESI Order excepts from this requirement the following types of documents, which *must* be produced in native format: "spreadsheet-application files (e.g., MS Excel), personal databases (e.g., MS Access), and multimedia audio/visual files such as voice and video recordings (e.g., .waf, .mpeg, and .avi)." *Id.*, § III.C.i. A party producing a document in native format must also provide a load file with "NativeFileLink" information. *Id.* A party may not produce other types of documents in native format without first conferring with the opposing party. *Id.*

It is not clear from the parties' joint submission whether Ningbo Sunny's production of documents in native format complied with the requirements of the ESI Order set out above, as neither party has addressed this issue. If Ningbo Sunny has produced documents in native format that the ESI Order requires be produced as single-page TIFF image files with data load files containing specific associated metadata, Ningbo Sunny must correct its document production. Any documents produced in native format must comply fully with the requirements of § III.C.i of the ESI Order. Ningbo Sunny's amended document production is due no later than **March 11, 2020.**

**Counsel's Obligations for Collection and Production of Documents**

Orion argues, without citation to any authority, that the Court should order Ningbo Sunny's U.S. counsel to "direct and control" Ningbo Sunny's responsive document production. Dkt. No. 587 at 5. Ningbo Sunny responds that its counsel discussed the requirements for responding to Orion's requests for production in detail with Ningbo Sunny and provided guidance to Ningbo Sunny for the collection of responsive documents. *Id.* at 6. Thereafter, Ningbo Sunny collected the documents with the assistance of its Chinese counsel. *Id.*

Counsel have significant responsibility to ensure that a client complies with its discovery obligations. *See, e.g.,* Fed. R. Civ. P. 26(g) (counsel must attest that discovery response complies with federal rules "to the best of [counsel's] knowledge, information, and belief formed after a reasonable inquiry"); *Rodman v. Safeway, Inc.*, No. 11-cv-03003-JST, 2016 WL 5791210 at *2-4 (N.D. Cal. Oct. 6, 2016) (finding defense counsel had unreasonably relied on search of ESI performed by client without sufficient guidance, oversight, or technical assistance); *Abadia-Peixoto v. U.S. Dep't of Homeland Sec.*, No. 11-cv-04001 RS (KAW), 2013 WL 4511925, at *2 (N.D. Cal. Aug. 23, 2013) (observing that "[d]efense counsel could not articulate how the searches were conducted, and instead repeatedly deferred to [agency counsel], which suggests that he could not certify that a search had been conducted that would fully satisfy Defendants' discovery obligation"); *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 435 (S.D.N.Y. 2004) ("While, of course, it is true that counsel need not supervise every step of the document production process and may rely on their clients in some respects, counsel is responsible for coordinating her client's discovery efforts.") (internal quotes omitted). Precisely what is required in a given case depends on the particular circumstances.

While Ningbo Sunny may be correct that the manner in which it conducted document collection and production is not "absolutely barred," such an assertion hardly answers Orion's challenge. At the same time, the Court has considered Orion's complaints about Mr. Ni's documents and correspondence with Celestron and is not persuaded that these complaints compel a conclusion that counsel failed to take appropriate measures to ensure Ningbo Sunny's compliance with its discovery obligations. The Court cannot resolve this dispute without more

4

information about how Ningbo Sunny searched for documents.  Accordingly, the Court requires Ningbo Sunny to submit a declaration from a person with knowledge describing with specificity how Ningbo Sunny conducted a search for documents responsive to Orion's post-judgment document requests.  This declaration must be filed no later than **March 11, 2020**.

**IT IS SO ORDERED.**

Dated:  March 4, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge