SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
LEO D. CASERIA, Cal. Bar No. 240323
THOMAS DILLICKRATH, (*admitted pro hac vice*)
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
Telephone:   202.747.1900
Facsimile:    202.747.1901
E-mail:         lcaseria@sheppardmullin.com
                   tdillickrath@sheppardmullin.com

MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
DYLAN I. BALLARD, Cal. Bar No. 253929
HELEN C. ECKERT, Cal. Bar No. 240531
JOY O. SIU, Cal. Bar No. 307610
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:   415.434.9100
Facsimile:    415.434.3947
E-mail:         mscarborough@sheppardmullin.com
                   dballard@sheppardmullin.com
                   heckert@sheppardmullin.com
                   jsiu@sheppardmullin.com

Attorneys for Defendant
NINGBO SUNNY ELECTRONIC CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC. d/b/a Orion Telescopes & Binoculars, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., MEADE INSTRUMENTS CORP., and DOES 1-25,,<br><br>Defendant. | Case No. 5:16-cv-06370-EJD-VKD<br>*Assigned to: Honorable Edward J. Davila*<br><br>**DEFENDANT NINGBO SUNNY ELECTRONIC CO., LTD.'S OPPOSITION TO PLAINTIFF'S MOTION FOR EQUITABLE RELIEF AND JUDGMENT ON UCL CLAIM**<br><br>Compl. Filed:  November 1, 2016<br>Trial Date:  October 22, 2019<br>Partial Judgment Entered: December 5, 2019<br>Hearing Date:   April 2, 2020 |

## I.     <u>INTRODUCTION</u>

Orion brought this action seeking injunctive relief "prohibiting" specific "illegal practices" alleged in its Complaint—practices that Orion alleged amounted to antitrust violations of price-fixing, market allocation, and efforts to monopolize the telescope market. *See* ECF No. 41 (Orion First Amended Complaint) at 29. Orion sought this injunctive relief under Section 16 of the Clayton Act, which expressly authorizes this Court to enjoin only violations of the "antitrust laws." 15 U.S.C. § 26; *id.* at § 12 (defining "antitrust laws").

Now that it has obtained a judgment on those allegations, however, Orion seeks an injunction that is not tailored in any way to the "illegal practices" underlying that judgment. Instead, Orion seeks an expansive injunction prohibiting—and affirmatively *mandating*—broad categories of conduct that have never been found unlawful by any trier of fact, that would require this Court to sit as supervisor and arbiter of detailed, daily business conduct across an entire global industry, and that would effectively put Ningbo Sunny out of business by categorically barring it from engaging in such commonplace behavior as discussing prices with its most important customer. Orion's requested injunction is unlawful, untethered to the jury's findings in this litigation, and practically impossible to implement. It must be rejected.

*First*, Orion's various demands that Ningbo Sunny "supply" Meade and Orion at "non-discriminatory (i.e., most-favored-customer) terms for five years," and refrain from communicating with "Synta" about virtually anything, are not designed to prohibit any legal violation found by the jury, or any other violation of the antitrust laws. Instead, these terms would have this Court dictate and monitor with whom Ningbo Sunny must (and must not) do business, and the specific terms on which it must do so. That is a straightforward violation of the core antitrust right "of [a] trader or manufacturer engaged in an entirely private business . . . ***to exercise his own independent discretion as to parties with whom he will deal***." *Verizon Communications*

*Inc. v. Law Offices of Curtis V. Trinko, LLP,* 540 U.S. 398, 408 (2004) (citation omitted; emphasis added).  An injunction purporting to require a company to do business "on terms to which they did not agree" is therefore anticompetitive and impermissible.  *Authenticom, Inc. v. CDK Global, LLC*, 874 F.3d 1019, 1026 (7th Cir. 2017).

*Second*, Plaintiff's requested injunction is impossibly vague, overbroad, and unworkable.  Orion would have this Court oversee each price—and indeed, each contractual term and condition—that Ningbo Sunny provides to each customer, for the purpose of ensuring that the terms it offers to Meade and Orion are sufficiently "non-discriminatory."  Orion could bring a motion to this Court demanding that it re-set prices that were competitively bargained for in the marketplace.  In the event of a disruption of supply to either of these entities—for whatever reason—the Court would need to step in and force Ningbo Sunny to resume supply, regardless of market dynamics or business considerations.  Notably in this regard, Orion's injunction makes no effort to explain what "supply" means—supply of what, in what volumes, and on what terms?  In short, Orion would "require the Court to assume the day-to-day controls characteristic of a regulatory agency" and "act as [a] central planner[], identifying the proper price, quantity, and other terms of dealing—a role for which [courts] are ill-suited."  *Trinko*, 540 U.S. at 408, 415 (2004).

Similarly, Orion would have this Court prohibit Ningbo Sunny from communicating with "Synta" or David Shen about virtually anything, a prohibition that presumably includes Mr. Shen's company Celestron, which happens to be Ningbo Sunny's largest and most important customer.  How does Ningbo Sunny continue selling to Celestron if it is not allowed to discuss "prices" or "customers" or "products," or from having "meetings"?  Such an injunction would put Ningbo Sunny out of business.

*Third*, Orion makes clear that its expansive injunction is based on various accusations that Ningbo Sunny has engaged in *post-judgment* conduct. Ningbo Sunny declines to waste the Court's time responding to those accusations, because they have nothing at all to do with the injunctive relief to which Orion is entitled under Section 16 of the Clayton Act, the allegations of its own Complaint, and the findings of the jury. This Court is empowered to impose injunctive relief prohibiting antitrust violations found by a trier of fact. Orion's accusations of post-judgment conduct are entirely irrelevant to the resolution of this motion.

## II.     RELEVANT LEGAL STANDARDS

A permanent "injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010); *see also Weinberger v Romero-Barcelo*, 456 U.S. 305, 311-12 (1982) ("It goes without saying that an injunction is an equitable remedy [that] . . . 'is not a remedy which issues as of course.'") (citation omitted). Mandatory injunctions, which seek to affirmatively force a defendant's conduct, are "cautiously viewed and sparingly issued." *LAJIM, LLC v. GE*, No. 13 CV 50348, 2017 U.S. Dist. LEXIS 144704, at *7 (N.D. Ill. Sept. 7, 2017).

In stressing this "standard for granting a permanent injunction[,]" the Supreme Court has emphasized that the lower courts may not "grant[] equitable relief based solely on success on the merits," *Davilla v. Enable Midstream Partners L.P.*, 913 F.3d 959, 973 (10th Cir. 2019) (citing *Weinberger*, 456 U.S. at 311-12), and instead injunctions "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008); *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (explaining plaintiff's "difficult task in proving that they are entitled to this 'extraordinary remedy'").

## III. ARGUMENT

### A. This Court May Not Impose An Injunction Forcing Ningbo Sunny To Do Business, or Refrain From Doing Business, With Any Entity, or Dictating the Terms of Any Business Transaction.

It is well-settled that the Sherman Act "does not restrict the long recognized right of [a] trader or manufacturer engaged in an entirely private business . . . to exercise his own independent discretion as to parties with whom he will deal." *Trinko,* 540 U.S. at 408 (2004). As such, "forcing" a company to do business with a competitor—and especially "on terms to which they did not agree"—is not only inconsistent with the Sherman Act's purpose but also contrary to well settled case law. *See Authenticom, Inc. v. CDK Global, LLC*, 874 F.3d 1019, 1026 (7th Cir. 2017).

The only exception to *Trinko*'s clearly defined rule applies only in narrow situations involving an *actual* monopolist's refusal to provide a product to a competitor that it previously sold to others—a claim that does not exist in this litigation and was not submitted to or found by the jury. *See Trinko*, 540 U.S. at 409 (explaining that this exception must be "very cautious[ly]" applied, considering it is "at or near the outer boundary of § 2 liability."); accord *MetroNet Servs. Corp. v. Qwest Corp.*, 383 F.3d 1124, 1130 (9th Cir. 2004). Indeed, this Court granted summary judgment in favor of Defendants regarding Orion's only "refusal to deal" claim in this litigation. *See* ECF No. 338 at 14-15.

Nevertheless, Orion purports to justify its injunction with case law that *did* involve actual monopolies and refusals to deal. For example, Orion characterizes *Image Tech. Servs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195 (9th Cir. 1997) as involving jury findings "that Kodak had monopolized the market for servicing its photocopiers and micrographic equipment by ***refusing to sell*** repair parts to independent service organizations ('ISOs')." ECF No. 583 at 17:1-3 (emphasis added). No such finding exists here. Orion had no refusal to deal claim at trial, and did not ask the jury to declare Ningbo Sunny an actual monopolist—which it clearly is not. *Kodak* has nothing to do with this case. Moreover, in *Trabert & Hoeffer, Inc. v. Piaget Watch Corp.*, 633

F.2d 477, 485-86 (7th Cir. 1980), the court rejected exactly the type of injunction sought here, holding that it would be impermissible to issue an injunction that would result in the Plaintiff obtaining "preferred status," 633 F.2d at 486, like the "most-favored-customer" status Orion asks this Court to impose.

### B. Plaintiff's Requested Injunction is Overbroad and Unworkable On its Face.

Every injunction must "state its terms specifically" and "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. Proc. 65(d)(1)(B), (C); *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1132 (9th Cir. 2006). In doing so, the injunction must not forbid lawful conduct unrelated to the underlying offense. *See E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1298 (9th Cir. 1992) (permanent injunction can't burden future non-misleading business practices); *U-Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1042-43 (9th Cir. 1986) ("*U-Haul II*") (permanent injunction can't burden future truthful advertising). Accordingly, "[a]n overbroad injunction is an abuse of discretion." *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991); *see also Gates v. Shinn*, 98 F.3d 463, 468 (9th Cir. 1996) ("If an injunction does not clearly describe prohibited or required conduct, it is not enforceable by contempt."); *American Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1412 (11th Cir. 1998) ("In sum, the district court has crafted an injunction that leaves Palm Beach without reasonable notice of what the court means to prohibit…. Palm Beach should not have to risk citation for contempt in order to determine the true scope of activity barred by the district court's order. Therefore, we hold that the preliminary injunction is impermissibly vague under Rule 65(d), and we vacate the district court's order.").

Here, Plaintiff seeks an injunction forcing Defendant to completely re-alter its business operations based on a handful of thinly explained sentences. This without question includes

lawful activity, such as negotiating prices or sending invoices. The problems with Plaintiff's injunction request are many, but below are a few of the more egregious issues:

- Defendant **must** sell its products at "non-discriminatory" prices, but Plaintiff has provided no explanation as to what that means. Does this require prices consistent with the market or prices charged to Defendant's current customers? If the latter, what happens to the analysis if Defendant begins a new business relationship with a customer on price terms different from those given to Plaintiff?

- Defendant must **never** communicate with the Synta entities about the prices of telescope and accessories, which if read literally would effectively mean Defendant can never again conduct business with Celestron.

- Defendant must **never** communicate with the Synta entities, including Celestron, about which products either party will manufacture, again putting Defendant in a position where continuing business with Celestron would be nearly impossible.

- Defendant must **never** attend an internal (not sure what this means) meeting where a competitor or David Shen is present. This clearly encompasses meetings which would not implicate the antitrust laws.

ECF No. 583 at 10:2-18.

In effect, Plaintiff's injunction, as detailed in its motion, will impermissibly result in Defendant risking contempt when conducting the everyday functions of its business. *See American Red Cross*, 143 F.3d at 1412. As such, Plaintiff's proposed injunction is both impossibly vague and overbroad, making it unworkable and violative of Rule 65(d).

**C.   Plaintiff Cannot Justify Issuance of an Injunction By Simply Restating Its Pending Post-Judgment Grievances.**

Mere speculation of irreparable harm is insufficient in this Circuit to justify injunctive relief. *See In re Excel Innovations, Inc.*, 502 F.3d 1086, 1098 (9th Cir. 2007) ("Speculative injury


cannot be the basis for a finding of irreparable harm.") (citation omitted); *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.") (citation omitted); *Kane v. Chobani, Inc.*, No. 12-CV-02425-LHK, 2013 U.S. Dist. LEXIS 99359, at *35 (N.D. Cal. July 15, 2013) ("Furthermore, the Court finds Plaintiffs' allegations regarding the negative effects on market competition vague, entirely speculative, and not warranting an injunction.").

Here, the majority of Plaintiff's arguments are based on speculation or unsupported allegations that Defendant has evaded paying the judgment entered in this case. But the propriety of Defendant's post-judgment actions has already been briefed, and Plaintiff's repetition of prior arguments does nothing to turn its allegations into facts. Plaintiff's burden here was to provide argument based both in reality and upon the conduct the judgment addressed. Plaintiff failed to do so and its request should be denied.

Plaintiff's cited to case law does nothing to save its argument. ECF No. 583 at 12:27-13:10. Each of these cases address the issuance of a preliminary injunction to ensure funds remain available to satisfy a potential judgment. *See Lakeview Tech., Inc. v. Robinson*, 446 F.3d 655, 657 (7th Cir. 2006) (Easterbrook, J.); *In re Estate of Ferdinand Marcos, Human Rights Litig.*, 25 F.3d 1467, 1480 (9th Cir. 1994; *Palmer v. City of Chicago*, 806 F.2d 1316, 1319 (7th Cir. 1986); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1219-20 (C.D. Cal. 2007). Yet, Plaintiff's requested injunction here seeks not to a freeze Defendant's assets, but instead asks the Court to ***force Defendant to undergo certain conduct for a five year period***. ECF No. 583 at 10:2-18. These two types of injunctions could not be more dissimilar.

Moreover, Plaintiff, in its November 29th Motion for a TRO, has already argued the exact concern that these cases address: that Defendant is attempting to evade satisfying the judgment.

ECF No. 509 at 3:16-5:28.  But as Plaintiff knows, the Court chose not to issue an injunction based on those arguments.  ECF No. 524.  Plaintiff should not be afforded another bite at the apple.

Stripped away of these post-judgment allegations, Plaintiff's remaining claims of irreparable harm and insufficiency of monetary damages are without merit.  In fact, Plaintiff provides the Court with only two sentences on these issues, arguing that Plaintiff's business and property were injured and that Plaintiff might "los[e] its business." *See* ECF No. 583 at 12:14-15.

To the extent this damage includes financial lose, such "purely monetary injury is compensable, and thus not irreparable." *Colorado River Indian Tribes v. Town of Parker*, 776 F.2d 846, 850-51 (9th Cir. 1985).  Likewise, a conclusory claim of threatened business closure is insufficient to show irreparable harm.  *See Ramtin Massoudi MD Inc. v. Azar*, 2:18-cv-1087-CAS(JPRx), 2018 U.S. Dist. LEXIS 69020, at *17- 18 (C.D. Cal. Apr. 23, 2018) (must offer support for an argument that the threat of business closure is real); *see also eBay Inc.*, 547 U.S. at 397 (it is Plaintiff's burden to demonstrate irreparable harm).  Instead, Plaintiff must "provide argument or evidence demonstrating why its alleged irreparable harm is not compensable through money damages." *Id.* at 18.  Plaintiff's perfunctory assertion that it faces closure is insufficient to satisfy this standard.

These deficiencies are fatal to Plaintiff's claims and are dispositive of whether the Court should enter a permanent mandatory injunction forcing Defendant to all but cease its operations.

## IV.     CONCLUSION

For each of the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's motion for equitable relief.

| | | |
|---|---|---|
| Dated: March 5, 2020 | | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| | By | _/s/ Leo D. Caseria_ |
| | | LEO D. CASERIA |
| | | Attorneys for Defendant |
| | | NINGBO SUNNY ELECTRONIC CO., LTD. |