SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
LEO D. CASERIA, Cal. Bar No. 240323
THOMAS DILLICKRATH, (*pro hac vice*)
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
Telephone:    202.747.1900
Facsimile:    202.747.1901
E-mail:       lcaseria@sheppardmullin.com
              tdillickrath@sheppardmullin.com

MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
DYLAN I. BALLARD, Cal. Bar No. 253929
HELEN C. ECKERT, Cal. Bar No. 240531
JOY O. SIU, Cal. Bar No. 307610
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:    415.434.9100
Facsimile:    415.434.3947
E-mail:       mscarborough@sheppardmullin.com
              dballard@sheppardmullin.com
              heckert@sheppardmullin.com
              jsiu@sheppardmullin.com

Attorneys for Defendant NINGBO SUNNY ELECTRONIC CO., LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC. d/b/a Orion Telescopes & Binoculars, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., MEADE INSTRUMENTS CORP., and DOES 1-25,<br><br>Defendants. | Case No. 5:16-cv-06370-EJD-VKD<br>*Assigned To: Honorable Edward J. Davila*<br><br>**DECLARATION OF LEO D. CASERIA IN SUPPORT OF:**<br><br>**(1) SHEPPARD MULLIN'S REPLY ISO MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT, AND**<br><br>**(2) SHEPPARD MULLIN'S RENEWED ADMINISTRATIVE MOTION UNDER L.R. 6-3 TO ADVANCE THE HEARING DATE**<br><br>Date:  May 8, 2020<br>Time:  10:00 a.m.<br>Ctrm:  4, 5th Floor<br><br>Compl. Filed: November 1, 2016<br>Trial Date: October 22, 2019<br>Partial Judgment Entered: December 5, 2019 |

# DECLARATION OF LEO D. CASERIA

I, Leo D. Caseria, declare as follows:

1. I am a partner with the law firm Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin"), counsel of record in this action for Defendant Ningbo Sunny Electronic Co., Ltd. ("Ningbo Sunny"). I have sufficient personal knowledge of the facts set forth herein that, if called as a witness, I could and would testify competently thereto.

2. Sheppard Mullin has represented Ningbo Sunny for over three years, since the inception of plaintiff Optronic Technologies, Inc.'s ("Orion") above-captioned antitrust litigation in November 2016, through a jury trial and all post-trial motions.

3. Sheppard Mullin would prefer not to withdraw, and has done everything possible to continue to represent Ningbo Sunny, but it simply cannot continue to represent Ningbo Sunny for reasons set forth in California Rule of Professional Conduct ("RPC") 1.16(a) and 1.16(b).

4. Sheppard Mullin is owed at least $2.7 million for its work on this case.

5. Attached as **Exhibit A** is a true and correct copy of relevant excerpts of Schedule D, filed in *In re Meade Instruments Corp.*, Case No. 8:19-bk-14714-CB (C.D. Cal. Bankr. Jan. 6, 2020) ("*In re Meade*") (Dkt. 86) identifying debt to Sheppard Mullin in the amount of $2,720,926.50.

6. Attached as **Exhibit B** is a true and correct copy of relevant excerpts of Motion for Order Pursuant to 11 U.S.C. § 363(b)(1) Authorizing Debtor to Post Collateral for Increased Bond with Customs and Border Protection, filed in *In re Meade* (Jan. 31, 2020) (Dkt. 104) describing "debt in the amount of $2.7 million for [Sheppard Mullin] attorney's fees incurred in the court of the Orion Lawsuit."

7. Without disclosing confidential specific amounts now due, details regarding agreements, or discussions between Ningbo Sunny and Sheppard Mullin, Sheppard Mullin represents that RPC 1.16(b)(5) and the publicly available information described above render it unreasonable to ask Sheppard Mullin to continue to provide the substantial service and resources required in this matter and that there are grounds for permissive withdrawal from representation of Ningbo Sunny.

8. Good cause for permissive withdrawal also exists under RPC 1.16(b)(4), which provides that a lawyer may withdraw if "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Sheppard Mullin represents to the Court that a variety of circumstances have rendered Sheppard Mullin's representation of Ningbo Sunny unreasonably difficult. Non-confidential illustrations of that unreasonable difficulty occurred on March 11 and March 16. Judge DeMarchi ordered Ningbo Sunny to provide certain supplemental discovery to Orion, and Judge Davila ordered Ningbo Sunny to provide certain things to Orion as a sanction for certain conduct that Judge Davila found to be in "bad faith." *See* Dkt. 593, 594, 595, 598. Ningbo Sunny has not fully complied with those orders, and Sheppard Mullin was informed of the client's decisions indirectly through Ningbo Sunny's new outside Chinese counsel James Zou at Guantao Law Firm. *See* Dkt. 603, 611. Under these circumstances, it has become "unreasonably difficult" for Sheppard Mullin to continue to effectively represent Ningbo Sunny. Since the entry of judgment, Ningbo Sunny has been increasingly disregarding Sheppard Mullin's advice and failing to communicate directly with Sheppard Mullin, and instead relying on and communicating through its new Chinese counsel, James Zhou.

9. Since filing its motion to withdraw as counsel, additional events have occurred causing Sheppard Mullin to conclude that it is required under the Rules of Professional Conduct to withdraw. Specifically, Sheppard Mullin has determined that continued representation of Ningbo Sunny will result in a violation of RPC 1.7(b).

10. Many of the facts and communications causing Sheppard Mullin to conclude that it is conflicted under this rule are confidential, privileged and potentially prejudicial to its client and, as such, Sheppard Mullin will not provide detail.

11. Attached as **Exhibit C** is a true and correct copy of relevant excerpts from the transcript of the March 6, 2020 hearing in this case.

12. Plaintiff has put at issue Sheppard Mullin's conduct in a manner that begs a factual and detailed response, which may or may not be a course of action in Ningbo Sunny's best interest. Sheppard Mullin cannot provide objective, unconflicted advice to its client because Sheppard Mullin now has a direct interest in the deliberation as a result of Orion's accusations against

1  Sheppard Mullin.  As a result, a material conflict now exists for Sheppard Mullin that prevents it
2  from continuing with its representation of Ningbo Sunny. Sheppard Mullin is hamstrung in its
3  ability to defend itself to the extent that Sheppard Mullin's defense of itself would be contrary to
4  Ningbo Sunny's interests or would require Sheppard Mullin to disclose client confidences.  Orion's
5  attacks have become a material distraction for Sheppard Mullin, which must consider its own
6  interests.

7  13. There would be no prejudice to Orion from Sheppard Mullin's withdrawal.  Orion's
8  motion for equitable relief (Dkt. 583) is already fully briefed and has been taken under submission
9  by the Court and will be decided without oral argument. Accordingly, there will be zero impact to
10 Orion in connection with this motion.  There will also be no impact to Orion in connection with
11 Celestron's motion for clarification (Dkt. 564).  Sheppard Mullin's understanding is that Ningbo
12 Sunny does not intend to take a position on that motion.  If that changes, Sheppard Mullin will
13 advise the Court.

14 14. There has been a breakdown in communication between Ningbo Sunny and
15 Sheppard Mullin.

16 15. Sheppard Mullin provided contact information for Ningbo Sunny's new Chinese
17 counsel, James Zou at Guantao Law Firm.  Most of Sheppard Mullin's communication with Ningbo
18 Sunny now occurs indirectly through Mr. Zou.

19 16. Sheppard Mullin advised Ningbo Sunny on January 13, 2020 that it would need to
20 find new counsel.

21 17. For all the same reasons described above, there is good cause to advance the hearing
22 date on Sheppard Mullin's concurrently filed motion to withdraw from May 8, 2020 to any day the
23 Court is available during the week of March 23-27 for a telephonic or videoconference hearing; or,
24 alternatively, for a ruling on the papers without oral argument.   Forcing Sheppard Mullin to remain
25 in the case for an additional seven weeks until the currently scheduled hearing of May 8, 2020 (or
26 even longer if the hearing is further delayed due to circumstances surrounding COVID-19) will
27 cause harm to Sheppard Mullin due to the unchanging and increasingly problematic circumstances
28 that give rise to Sheppard Mullin's motion to withdraw and the material conflict of interest that now

1  exists for Sheppard Mullin that prevents it from continuing with its representation of Ningbo
2  Sunny.
3       18.    I will cause Sheppard Mullin's reply in support of its motion to withdraw and all
4  papers filed by Sheppard Mullin today in this action to be served today by email on Peter Ni,
5  president of Ningbo Sunny, at his email address peter.ni@meade.com, and Ningbo Sunny's new
6  Chinese counsel James Zhou at his email address zoujun@guantao.com, which is the method by
7  which Sheppard Mullin regularly (1) communicates with Peter Ni and Ningbo Sunny and (2)
8  provides notices and documents to Peter Ni and Ningbo Sunny.
9       19.    Although not relevant to any motion, Orion's suggestion that defendants incurred or
10 paid $11 million in attorneys fees this case is false. No support is provided for the $11 million
11 figure provided by Orion. In actuality, Sheppard Mullin has been paid $4,399,486.84 for attorneys
12 fees incurred in connection with this case.
13      20.    Today at 6:50 a.m. pacific time, I informed Peter Ni and James Zhou that Sheppard
14 Mullin would file an administrative motion seeking to advance the hearing date on Sheppard
15 Mullin's motion to withdraw to the week of March 23 or requesting a ruling on the papers. I asked
16 them whether they would oppose or had a position on it. As of the time of this filing, I have
17 received no response.
18      21.    Attached as **Exhibit D** is a true and correct copy of the ABA Formal Opinion 94-
19 384, dated July 5, 1994.
20      I declare under penalty of perjury under the laws of the United States that the foregoing is
21 true and correct.
22      Executed on this 19th day of March, 2020, in Washington D.C.

                          */s/ Leo D. Caseria*
                          Leo D. Caseria