UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., et al.,<br><br>Defendants. | Case No. 5:16-cv-06370-EJD<br><br>**ORDER GRANTING CELESTRON'S MOTION FOR CLARIFICATION**<br><br>Re: Dkt. No. 564 |

Pursuant to Federal Rule of Civil Procedure 60(a), third-party Celestron Acquisition LLC ("Celestron Acquisition"), moves this Court for clarification regarding the Court's January 17, 2020 order granting in part and denying in part Optronic Technologies, Inc.'s ("Orion") motion for assignment and turnover (Dkt. No. 559, "Assignment Order"). The Court takes the matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons below, Celestron Acquisition's motion is **GRANTED**.

I. **Background**

On January 13, 2020, Orion served Celestron Acquisition with a Notice of Levy under Writ of Execution (the "Levy"), which executed upon accounts receivable owed by Celestron Acquisition to Defendant Ningbo Sunny Electronic Co., Ltd. ("Ningbo Sunny") and directed Celestron Acquisition to remit those payments to Orion. Borden Decl., Dkt. No. 634-1, Ex. 1. On January 17, 2020, the Court separately issued the Assignment Order pursuant to the Court's authority under Cal. Code Civ. Proc. § 708.510(a), which directly assigned all accounts receivable due and in favor of Defendant from "Celestron" to Orion. Dkt. No. 559 (The Court orders that all . . . account receivable . . . due and in favor of and for the benefit of defendant to [Ningbo Sunny]

CASE NO.: 5:16-CV-06370-EJD
ORDER GRANTING CELESTRON'S MOTION FOR CLARIFICATION
1

from . . . Celestron . . . are hereby assigned to [Orion]").

On January 24, 2020, Celestron Acquisition filed this Motion For Clarification of the Assignment Order (Dkt. No. 564, "Motion") seeking to clarify whether the accounts receivable owed by Celestron Acquisition's wholly owned subsidiary—Celestron Global—are covered by the Assignment Order's reference to "Celestron." According to the Motion, Celestron Global is a limited private company organized under the laws of the United Kingdom that is wholly owned by Celestron Acquisition. Motion, p. 3.

On April 7, 2020, Orion filed an Opposition to the Motion (Dkt. No. 634, "Opposition"), arguing that clarification is unnecessary because the Assignment Order and the Levy already obligate Celestron Acquisition to turn over the accounts receivable at Celestron Global to Orion. Orion argues that instead, the proper remedy is an order directing Celestron Acquisition and its subsidiaries, including Celestron Global, to pay Orion pursuant to Cal. Civ. Proc. Code § 701.020. Opp., p. 4.

In its Motion and Reply, Celestron Acquisition makes clear that it "does not contest Orion's entitlement to the $728,779 of accounts receivable balances" and "does not object to turning over the Accounts Receivables to Orion." Reply, Dkt. No. 642, p. 2, 4. Similarly, Defendant Ningbo Sunny did not file any objection to this Motion, and its counsel has represented to the Court that it does not intend to take a position on the Motion. Dkt. No. 618 ("Sheppard Mullin's understanding is that [Defendant] does not intend to take a position on [Celestron's] motion.").

## II. Discussion

### A. Clarification

"A court may clarify its order for any reason." *Wahl v. Am. Sec. Ins. Co.*, No. 08-0555-RS, 2010 WL 2867130, at *3 (N.D. Cal. July 20, 2010); *see also* Fed. R. Civ. P. 60(a) ("The court may correct a . . . mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."). This type of request "invite[s] interpretation, which trial courts are often asked to supply, for the guidance of the parties." *Bordallo v. Reyes*, 763 F.2d

1098, 1102 (9th Cir. 1985).  "[T]he clarification process presumes some legitimate need supporting relief, such as the existence of ambiguity or confusion that can be corrected with further explanation."  *Padgett v. Loventhal*, No. 5:04-cv-03946-EJD, 2015 WL 13753300, at *1 (N.D. Cal. May 13, 2015).

The Court agrees with Celestron Acquisition that it is unclear whether the term "Celestron" as used in the Assignment Order refers to both Celestron Acquisition and Celestron Global, particularly in light of the fact that Celestron Global is a foreign entity.  Thus, the Court finds that this ambiguity warrants clarification of the Assignment Order.

### B.  Assignment

Federal Rule of Civil Procedure 69(a) authorizes a district court to enforce a judgment by attaching property in accordance with the law of the state in which the district court sits.  Under California law, "the court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due."  Cal. Civ. Proc. Code § 708.510(a).

The Court has authority under § 708.510(a) to order a party over which it has personal jurisdiction to assign assets to a judgment creditor, regardless of where those assets are located. *UMG Recordings, Inc. v. BCD Music Grp., Inc.*, No. 07-cv-05808, 2009 WL 2213678, at *4 (C.D. Cal. July 9, 2009) (when court has personal jurisdiction over defendant, it also has jurisdiction over defendant's property and may properly order defendant to assign defendant's rights to payment from third parties to a judgment creditor), *amended in part*, No. 07-cv-05808, 2011 WL 798901 (C.D. Cal. Feb. 25, 2011), *aff'd*, 509 F. App'x 661 (9th Cir. 2013); *see also East Jordan Plastics, Inc. v. Suzhou Xincheng Gardening Material Co.*, No. 17-cv-5638, 2018 WL 1806699 *2 (C.D. Cal. Feb. 13, 2018) ("A court may require a judgment debtor subject to its personal jurisdiction to assign its rights to payment to a judgment creditor, even if the assignable property is located outside of California.") (citing *Innovation Ventures, LLC v. N2G Distributing, Inc.*, No. 12-cv-717, 2014 WL 10384606, *4 (C.D. Cal. May 1, 2014)); *Glob. Money Mgmt. v. McDonnold*, No. 06-cv-34, 2009 WL 3352574, at *3 (S.D. Cal. Oct. 15, 2009) ("the Court is not deprived of jurisdiction because the property to which Plaintiff seeks Defendant's rights through assignment is

1 located outside of California.").

2 There is no dispute that the Court has personal jurisdiction over Defendant Ningbo Sunny.
3 Therefore, "the Court may properly order [Ningbo Sunny] to assign its rights to payment from
4 out-of-state third parties." *UMG Recordings, Inc.*, 2009 WL 2213678, at *4.

5 While "the Court may order Defendant, over whom it has personal jurisdiction, to assign
6 his rights to payments from nonresident third parties . . . it may not compel acts by third parties
7 over whom it does not have personal jurisdiction." *Glob. Money Mgmt.*, 2009 WL 3352574, at *4.
8 Indeed, "courts agree that third parties 'may be ordered to deliver or pay over [ ] property directly
9 to the judgment creditor . . . or to assign rights to payment to the judgment creditor . . . <u>only if</u> [the
10 nonresident third parties] . . . [are] subject to the California court's personal jurisdiction."
11 *Cadence Design Sys., Inc. v. Pounce Consulting, Inc.*, No. 17-cv-04732, 2019 WL 3413476, at *3
12 (N.D. Cal. July 29, 2019) (citing Rutter Group Cal. Prac. Guid. Enf. J. & Debt Ch. 6G-5, ¶ 6:1435
13 (2019)) (emphasis in original); *see also Revenue Enhancement Consultants, Inc. v. Mantra Films,*
14 *Inc.*, No. 10-cv-02726 ABC, 2010 WL 11463906, at *1 (C.D. Cal. July 21, 2010) ("The Court
15 may only compel acts by third parties over whom it has personal jurisdiction.").

16 The record is not clear as to whether the Court has personal jurisdiction over Celestron
17 Global. Celestron Acquisition asserts that Celestron Global is an international entity, based in the
18 United Kingdom. Motion, p. 3. It claims that orders are made out of the United Kingdom, that
19 product is shipped to the United Kingdom and that the money used for those transactions is wired
20 out of and into foreign bank accounts. *Ibid.* Orion argues that Celestron Global is wholly owned
21 by Celestron Acquisition, that its only officers also serve as Celestron Acquisition's CEO and
22 CFO, that it shares a single accounting system with Celestron Acquisition, and that Celestron
23 Acquisition controls its orders and payments. Opp. p. 7.

24 The Court finds that the evidence provided is not sufficient for the Court to determine that
25 it has personal jurisdiction over Celestron Global. "The exercise of personal jurisdiction over a
26 nonresident [ ] requires two findings: 1) the forum state's laws provide a basis for exercising
27 personal jurisdiction, and 2) the assertion of personal jurisdiction comports with due

process." *Cadence Design Sys., Inc.*, 2019 WL 3413476, at *3 (N.D. Cal. July 29, 2019). In order to establish general personal jurisdiction, a party's contacts be "so substantial and of such a nature as to justify suit against [the party] on causes of action arising from dealings entirely distinct from those activities." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks omitted). "With respect to a corporation, the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction." *Id.* at 137 (internal quotation marks omitted; alterations in original). Here, both the place of incorporation and the principal place of business of Celestron Global appear to be the United Kingdom. Absent additional information regarding Celestron Global's contacts in this district, the Court cannot find that it has personal jurisdiction over Celestron Global.

Because the Court does not find that it has personal jurisdiction over Celestron Global, the Court may not compel Celestron Global to pay Orion. Instead, and consistent with the parties' agreement that the accounts receivable are, in fact, owed to Orion, the Court orders Ningbo Sunny to assign its rights to payment from Celestron Global to Orion.

### III. Conclusion and Order

For the foregoing reasons, the Motion for Clarification is **GRANTED**.

The Court clarifies that pursuant to the Assignment Order and consistent with the discussion herein, Defendant Ningbo Sunny is HEREBY ORDERED to assign to Orion all of its accounts, account receivable, rights of payment of money, contingent rights, contract rights, deposits and deposit accounts, claims against third parties, monies due from third parties, Bushnell Holdings, Celestron Acquisition, Celestron Global, Hawke Sport Optics LLC, Meade Instruments Corp., and Olivon Mfg. Group Ltd. up to the amount of the partial judgment entered in this action in favor of Orion and against Judgment Debtor on December 5, 2019 (Dkt. No. 518).

**IT IS SO ORDERED.**

Dated: April 20, 2020

EDWARD J. DAVILA
United States District Judge

CASE NO.: 5:16-CV-06370-EJD
ORDER GRANTING CELESTRON'S MOTION FOR CLARIFICATION
5