SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
LEO D. CASERIA, Cal. Bar No. 240323
THOMAS DILLICKRATH, (*pro hac vice*)
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
Telephone:    202.747.1900
Facsimile:    202.747.1901
E-mail:       lcaseria@sheppardmullin.com
              tdillickrath@sheppardmullin.com

MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
DYLAN I. BALLARD, Cal. Bar No. 253929
HELEN C. ECKERT, Cal. Bar No. 240531
JOY O. SIU, Cal. Bar No. 307610
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:    415.434.9100
Facsimile:    415.434.3947
E-mail:       mscarborough@sheppardmullin.com
              dballard@sheppardmullin.com
              heckert@sheppardmullin.com
              jsiu@sheppardmullin.com

Attorneys for Defendant NINGBO SUNNY
ELECTRONIC CO., LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC. d/b/a Orion Telescopes & Binoculars, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., MEADE INSTRUMENTS CORP., and DOES 1-25,<br><br>Defendants. | Case No. 5:16-cv-06370-EJD-VKD<br>*Assigned To: Honorable Edward J. Davila*<br><br>**DECLARATION OF LEO D. CASERIA**<br><br>Compl. Filed: November 1, 2016<br>Trial Date: October 22, 2019<br>Final Judgment Entered: April 9, 2020 |

**DECLARATION OF LEO D. CASERIA**

I, Leo D. Caseria, declare as follows:

1. I am a partner with the law firm Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin"), counsel of record in this action for Defendant Ningbo Sunny Electronic Co., Ltd. ("Ningbo Sunny").  I have sufficient personal knowledge of the facts set forth herein that, if called as a witness, I could and would testify competently thereto.

2. There is good cause for enlarging the time to submit an opposition to the motion for contempt filed by plaintiff Optronic Technologies, Inc. ("Orion") from May 7, 2020 to May 21, 2020.

3. On April 24, 2020, undersigned counsel informed Ningbo Sunny that Orion had filed a motion for civil contempt (Dkt. 645), and provided a copy of the motion to Peter Ni and its outside Chinese counsel James Zou.

4. On April 28, 2020, undersigned counsel informed Ningbo Sunny that Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin") would not be submitting any opposition to Orion's motion for contempt on behalf of any of the three directors or for Ningbo Sunny itself for several reasons, including:  (1) Sheppard Mullin is not counsel to the individuals targeted by Orion's motion; (2) given the quasi-criminal nature of a motion for contempt,[1] it is beyond the scope of Sheppard Mullin's engagement by Ningbo Sunny; and (3) as Ningbo Sunny and the Court have previously been informed, Sheppard Mullin has a material conflict of interest with Ningbo Sunny.

5. On Monday, May 4, 2020, and Wednesday, May 6, 2020, undersigned counsel reminded Ningbo Sunny that Sheppard Mullin would not be submitting anything in response to Orion's motion for contempt, and reminded Ningbo Sunny that the company itself is not the target of the motion.

6. According to Ningbo Sunny's outside Chinese counsel James Zou, the three

---

[1] *See, e.g., Jones v. McGill (In re Baca)*, 2009 U.S. Dist. LEXIS 47428, *4 (E.D. Cal. May 22, 2009) ("A contempt hearing is quasi-criminal in nature.").

1  individuals targeted by Orion's motion for contempt have been searching for new counsel to
2  represent them in connection with Orion's contempt motion.

3      7.    From Friday, May 1, through yesterday, May 6, a US law firm has been
4  communicating with undersigned counsel in connection with a potential representation of all or
5  some of the individuals targeted by Orion's contempt motion, but that law firm made a final
6  decision yesterday not to take on any representation.

7      8.    Mr. Zou has informed undersigned counsel that at least one other US law firm is
8  now considering representing some or all of the individuals, but there is not enough time for a new
9  firm to evaluate the case, agree to represent some or all of the individuals, get up to speed, and file
10 something by tomorrow.

11     9.    According to Mr. Zou, the individuals targeted by Orion's contempt motion remain
12 unrepresented.

13     10.    The requested extension will not cause any prejudice, delay, or harm to justice,
14 because the hearing on Orion's contempt motion will remain set for June 11, 2020.  Any resolution
15 of the motion will not be delayed by the requested extension.  Conversely, keeping the existing
16 deadlines in place will prejudice Ningbo Sunny and the three individuals named in the motion give
17 the quasi-criminal nature of the motion and the significant potential liability.

18     11.    I asked counsel for Orion to stipulate to the requested extension today, but Orion
19 refused.  Attached as **Exhibit A** is a true and correct copy of the emails I exchanged today with
20 counsel for Orion.

21     12.    Earlier today, Greenberg Traurig LLP appeared for Ningbo Sunny in the Ninth
22 Circuit Court of Appeals in connection with Ningbo Sunny's appeal.

23     I declare under penalty of perjury under the laws of the United States that the foregoing is
24 true and correct.

25     Executed on this 6th day of May, 2020, in Middleburg, Virginia

26
27                      */s/ Leo D. Caseria*
                        Leo D. Caseria
28