1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

OPTRONIC TECHNOLOGIES, INC,

Plaintiff,

v.

NINGBO SUNNY ELECTRONIC CO., LTD., et al.,

Defendants.

Case No.  5:16-cv-06370-EJD

**ORDER DENYING MOTION FOR FURTHER CLARIFICATION**

Re: Dkt. No. 644

On April 22, 2020, Plaintiff Optronic Technologies, Inc. ("Orion") filed a Motion for Further Clarification or, in the Alternative, for Order Declaring an Assignment of Assets to Orion (the "Motion"). Dkt. No. 644.  On April 27, 2020, non-party Celestron Acquisition LLC ("Celestron Acquisition") filed a response opposing the motion ("Opposition").  Dkt. No. 647. Having considered the parties' briefs, the Motion is DENIED.

On January 17, 2020, this Court issued an Order granting in part and denying in part Orion's motion for assignment and turnover.  Dkt. No. 559 (the "Assignment Order").  On January 24, 2020, Celestron Acquisition filed a motion for clarification of that order, seeking to clarify whether the accounts receivable owed by Celestron Acquisition's wholly-owned foreign subsidiary—Celestron Global—are covered by the Assignment Order.  Dkt. No. 564.  On April 20, 2020, this Court granted Celestron Acquisition's motion for clarification ("Order").  Dkt. No. 643.  The Order stated:

> Because the Court does not find that it has personal jurisdiction over
>
> Celestron Global, the Court may not compel Celestron Global to pay Orion.
>
> Instead, and consistent with the parties' agreement that the accounts

CASE NO.: 5:16-CV-06370-EJD
ORDER DENYING MOTION FOR FURTHER CLARIFICATION

1

1    receivable are, in fact, owed to Orion, the Court orders Ningbo Sunny to

2    assign its rights to payment from Celestron Global to Orion.

3    . . .

4    The Court clarifies that pursuant to the Assignment Order and consistent

5    with the discussion herein, Defendant Ningbo Sunny is HEREBY

6    ORDERED to assign to Orion all of its accounts, account receivable, rights

7    of payment of money, contingent rights, contract rights, deposits and

8    deposit accounts, claims against third parties, monies due from third parties,

9    Bushnell Holdings, Celestron Acquisition, Celestron Global, Hawke Sport

10   Optics LLC, Meade Instruments Corp., and Olivon Mfg. Group Ltd. up to

11   the amount of the partial judgment entered in this action in favor of Orion

12   and against Judgment Debtor on December 5, 2019 (Dkt. No. 518).

13   Order, p. 5.

14        Orion now requests that the Court "clarify that the [Order] assigned the $728,779 and any

15   other property described in the [Order] to Orion, or alternatively issue an Order declaring that all

16   such property is 'directly assigned' to Orion."  Motion, p. 2.

17        Although "[a] court may clarify its order for any reason," *Wahl v. Am. Sec. Ins. Co.*, No.

18   08-0555-RS, 2010 WL 2867130, at *3 (N.D. Cal. July 20, 2010), "the clarification process

19   presumes some legitimate need supporting relief, such as the existence of ambiguity or confusion

20   that can be corrected with further explanation."  *Padgett v. Loventhal*, No. 5:04-cv-03946-EJD,

21   2015 WL 13753300, at *1 (N.D. Cal. May 13, 2015).  No such ambiguity or confusion exists here.

22        The Order makes clear that the Court has no authority to directly assign the assets held by

23   third-party Celestron Global to Orion or to order Clestron Global to turn assets over to Orion, as

24   Orion requests.  While the Court has authority under § 708.510(a) to order *a party over which it*

25   *has personal jurisdiction* to assign assets to a judgment creditor, the Court does not have the

26   authority to "compel acts by third parties over whom it does not have personal jurisdiction."

27   *Glob. Money Mgmt. v. McDonnold*, No. 06-cv-34, 2009 WL 3352574, at *4 (S.D. Cal. Oct. 15,

28   CASE NO.: 5:16-CV-06370-EJD
     ORDER DENYING MOTION FOR FURTHER CLARIFICATION
     2

United States District Court
Northern District of California

1    2009); *see also Hardy v. Hardy,* 164 Cal.App.2d 77, 79 (1958) (while the court of one state cannot

2    "*directly affect title*" to property in another state, it can, through its coercive powers, compel a

3    party before it to act in relation to property not within its territorial jurisdiction) (emphasis

4    added); *Cadence Design Sys., Inc. v. Pounce Consulting, Inc.*, No. 17-cv-04732, 2019 WL

5    3413476, at *3 (N.D. Cal. July 29, 2019) ("courts agree that third parties 'may be ordered to

6    deliver or pay over [ ] property directly to the judgment creditor . . . or to assign rights to payment

7    to the judgment creditor . . . only if [the nonresident third parties] . . . [are] subject to the

8    California court's personal jurisdiction.") (citing Rutter Group Cal. Prac. Guid. Enf. J. & Debt Ch.

9    6G-5, ¶ 6:1435 (2019)); *Revenue Enhancement Consultants, Inc. v. Mantra Films, Inc.*, No. 10-cv-

10    02726 ABC, 2010 WL 11463906, at *1 (C.D. Cal. July 21, 2010) ("The Court may only compel

11    acts by third parties over whom it has personal jurisdiction.").

12         Orion does not attempt to argue that this Court has personal jurisdiction over Celestron

13    Global.  Rather, Orion broadly argues that any assignment order under Cal. Civ. Proc. Code §

14    708.510 "assigns the subject property to the judgment creditor by operation of law."  Motion, p. 2.

15    It cites *In re Advanced Biomedical, Inc.*, No. AP 14-01275-MW, 2016 WL 7188651, at *4 (B.A.P.

16    9th Cir. Dec. 2, 2016) for this proposition.  In that case, the court upheld the validity of a state

17    court order that directly assigned "rights to payment of money due or to become due" to the

18    judgment-creditor.  *Ibid.*  The Court did not address whether a court could directly assign assets

19    held by third parties outside of the court's jurisdiction, or whether the court could compel those

20    third parties to pay the judgment-creditor.  In fact, the court clarified that "[n]othing in the

21    Assignment Order purports to impact the rights of any person or entity obligated to pay."  *Ibid.*

22         There is no question that the funds Celestron Global is holding are owed to Orion.

23    Celestron Acquisition has repeatedly professed its willingness to pay the funds to Orion.  To the

24    extent Celestron Acquisition argues that the Order "does not permit Celestron Acquisition to

25    deliver the funds to Orion absent Ningbo Sunny's Assignment," this is a mischaracterization of the

26    Order.   Opposition, p.5.  This Court was not presented with the question of whether Celestron

27    Global was at liberty to transfer the funds absent a court order and did not opine on that question

28    in the Order.  The Order merely stated that this Court could not compel Celestron Global to do so

CASE NO.: 5:16-CV-06370-EJD
ORDER DENYING MOTION FOR FURTHER CLARIFICATION
3

United States District Court
Northern District of California

1    if it otherwise refuses.  *See Glob. Money Mgmt.*, 2009 WL 3352574, at *4 ("The Court can only

2    order [defendant] to assign his rights in and to the property or payments. If the third parties do not

3    make payment to [plaintiff], Plaintiff will have to bring an action against them in a court that has

4    personal jurisdiction over them.").

5          The Court acknowledges that Ningbo Sunny has failed to comply with this Court's orders

6    in the past.  However, the Order itself is not ambiguous in directing to Ningbo Sunny to do so.  If

7    Ningbo Sunny fails to comply with the Order by assigning its accounts receivable and other assets

8    covered by the Order to Orion, Orion may bring an appropriate motion for contempt.

9          **IT IS SO ORDERED.**

Dated: May 8, 2020

10

11                                                     _____
                                                       EDWARD J. DAVILA
12                                                     United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   CASE NO.: 5:16-CV-06370-EJD
     ORDER DENYING MOTION FOR FURTHER CLARIFICATION
     4

United States District Court
Northern District of California