1

2

3

4                     UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6                          SAN JOSE DIVISION

7

8   OPTRONIC TECHNOLOGIES, INC,            Case No.  16-cv-06370-EJD (VKD)

9                     Plaintiff,
                                           **ORDER GRANTING IN PART AND**
10         v.                              **DENYING IN PART MOTION FOR**
                                           **SANCTIONS**
11  NINGBO SUNNY ELECTRONIC CO.,
    LTD., et al.,                          Re: Dkt. No. 624
12
                      Defendants.
13

14         Plaintiff Optronic Technologies, Inc. ("Orion") seeks sanctions pursuant to Rule 26(g) of

15  the Federal Rules of Civil Procedure against defendant Ningbo Sunny Electronic Co., Ltd.

16  ("Ningbo Sunny") and its counsel Sheppard, Mullin, Richter & Hampton LLP ("Sheppard

17  Mullin").  For the reasons explained below, the Court grants Orion's motion for sanctions with

18  respect to Ningbo Sunny's responses to Orion's document requests but denies the motion with

19  respect to Ningbo Sunny's responses to Orion's interrogatory.

20  **I.      BACKGROUND**

21         The conduct for which Orion seeks sanctions concerns Ningbo Sunny's written responses

22  to Orion's post-judgment document requests and one post-judgment interrogatory.  After the

23  presiding judge entered judgment in Orion's favor on its antitrust claims, Orion served document

24  requests and interrogatories on Ningbo Sunny seeking discovery directed to enforcement of the

25  judgment.

26         This discovery first came to the Court's attention on February 24, 2020, when the parties

27  filed three joint discovery dispute letters seeking the Court's assistance.  Dkt. Nos. 585-587.  As

28  relevant to the pending sanctions motion, the parties disputed the sufficiency of Ningbo Sunny's

response to Orion's Interrogatory No. 4 (Dkt. No. 585) and the sufficiency of Ningbo Sunny's collection, review, and production of documents responsive to Orion's document requests (Dkt. No. 587).  A brief summary of each dispute and the Court's resolution of it follows.

### A.    Ningbo Sunny's response to Interrogatory No. 4

Orion's Interrogatory No. 4 asked Ningbo Sunny: "Have you or your agents had any non-written communications with the Synta Entities, or their agents, related to this litigation within the last six (6) months?  If so, please describe who the participants were and what was discussed." Dkt. No. 585-2 at 4.  Ningbo Sunny responded as follows: "Ningbo Sunny employees and management have not had any non-written communications with the Synta Entities regarding this litigation in the past six months.  Ningbo Sunny's attorneys have occasionally communicated with attorneys for Synta Entities to provide information or a status update regarding proceedings in this case."  *Id.*  Orion argued that Ningbo Sunny should be required to identify the date, participants, and substance of each responsive communication.  Dkt. No. 585 at 2.  Ningbo Sunny objected that it had made a reasonable effort to respond, and that requiring it to provide further detail would be unduly burdensome.  *Id.* at 3.

On March 4, 2020, the Court granted the relief Orion sought and ordered Ningbo Sunny to amend its response to Interrogatory No. 4:

> While the additional information Orion seeks is likely to be of marginal relevance, in view of Ningbo Sunny's current response to Interrogatory No. 4, the Court concludes that providing additional responsive information would not be unduly burdensome for Ningbo Sunny or its counsel.  The interrogatory covers a limited period of time during which responsive communications occurred only "occasionally."  The Court anticipates that the approximate dates, participants, and subject matter of those occasional communications are likely reflected in counsel's billing records, notes, or calendar entries, and that these materials are reasonably available to counsel.

Dkt. No. 593 at 2.

In its supplemental response to Interrogatory No. 4 on March 17, 2020, Ningbo Sunny provided this answer: "Ningbo Sunny employees and management have not had any non-written communications with the Synta Entities regarding this litigation in the past six months.  Ningbo Sunny's outside counsel have occasionally conferred with outside counsel for certain Synta

United States District Court
Northern District of California

2

Entities since July 1, 2019 as follows (to the best of the recollection of Ningbo Sunny's outside attorneys who are working on the above captioned matter)[.]"  Dkt. No. 624-3 at ECF 5.  Ningbo Sunny's supplemental response includes a list of 18 communications with various subject matters indicated, including "introduction," "exchange of pleasantries," "trial preparation and potential cooperation," "status of post-trial briefing, discovery and judgment enforcement," "Orion settlement discussions," "threatened class action litigation and potential settlement," and "continuity of" and "potential disruptions to" Ningbo Sunny's supply of telescopes to Celestron. *Id.* at ECF 5-7.

### B.    Ningbo Sunny's document production

Orion also served post-judgment document requests on Ningbo Sunny seeking responsive documents for the period from "November 1, 2016 to the present."  Dkt. No. 587-1 at ECF 7. Ningbo Sunny provided written responses to these document requests on January 30, 2020 and produced approximately 9200 documents.  Dkt. No. 587 at 5.  Orion raised several issues with Ningbo Sunny's document production, but its principal contention was that Ningbo Sunny's production was incomplete.  *Id.* at 4-5.  In addition, Orion argued that Ningbo Sunny's counsel had not taken a sufficiently active role in supervising Ningbo Sunny's collection and production of documents and demanded that counsel be ordered to direct and control Ningbo Sunny's collection, review, and production of documents.  *Id.* at 5.  Ningbo Sunny responded that its document production was complete, although it disagreed with Orion about the time period covered by Orion's requests.  *Id.* at 5.  Ningbo Sunny acknowledged that its counsel had not personally collected the documents but had instead provided guidance to Ningbo Sunny and Ningbo Sunny's Chinese counsel about what to collect for production.  *Id.* at 6.

On March 4, 2020, the Court granted some, but not all, of the relief Orion sought.  Dkt. No. 595.  With respect to the parties' dispute about the time period covered by the requests, the Court ordered the parties to "confer promptly regarding a reasonable cutoff date for Ningbo Sunny's collection and production of responsive documents," such that the cutoff date is "late enough to include documents that reflect Ningbo Sunny's post-judgment activities that reasonably may impact Orion's ability to collect on the judgment."  *Id.* at 2-3.  With respect to counsel's role

1   in collection, review, and production of responsive documents, the Court first observed that

2   "[c]ounsel have significant responsibility to ensure that a client complies with its discovery

3   obligations," but that "[p]recisely what is required in a given case depends on the particular

4   circumstances." *Id.* at 4.  The Court concluded that it did not have enough information about

5   Ningbo Sunny's document search and collection efforts to resolve the parties' dispute.

6   Accordingly, the Court ordered Ningbo Sunny to "submit a declaration from a person with

7   knowledge describing with specificity how Ningbo Sunny conducted a search for documents

8   responsive to Orion's post-judgment document requests." *Id.* at 5.

9          The parties subsequently advised that they had agreed to specific cutoff dates for

10  responsive documents.  Dkt. No. 600.  However, Ningbo Sunny did not comply with the Court's

11  order to provide more information about how it searched for responsive documents.  Instead,

12  Ningbo Sunny filed a noticed that stated: "According to Ningbo Sunny's Chinese counsel James

13  Zou, Ningbo Sunny has been unable to locate any individual competent to sign a declaration

14  describing with specificity how Ningbo Sunny conducted a search for documents responsive to

15  Orion's post-judgment document requests."  Dkt. No. 603 at 1.

16  **II.     LEGAL STANDARD**

17         The Federal Rules of Civil Procedure require a party's attorney of record to sign the

18  party's written discovery responses.  Fed. R. Civ. P. 26(g).  Counsel's signature operates as a

19  certification "to the best of [counsel's] knowledge, information, and belief formed after a

20  reasonable inquiry" that the discovery response is:

21              (i) consistent with these rules and warranted by existing law or by a
                nonfrivolous argument for extending, modifying, or reversing
22              existing law, or for establishing new law;

23              (ii) not interposed for any improper purpose, such as to harass, cause
                unnecessary delay, or needlessly increase the cost of litigation; and
24
                (iii) neither unreasonable nor unduly burdensome or expensive,
25              considering the needs of the case, prior discovery in the case, the
                amount in controversy, and the importance of the issues at stake in
26              the action.

27  Fed. R. Civ. P. 26(g)(1)(B)(i)-(iii).  The Advisory Committee Notes accompanying Rule 26(g)

28  reflect that the "reasonable inquiry" standard is satisfied "if the investigation undertaken by the

United States District Court
Northern District of California

4

1   attorney and the conclusions drawn therefrom are reasonable under the circumstances." Fed. R.

2   Civ. P. 26 advisory committee's note, 1983 amdt., subdivision (g).  The reasonableness of

3   counsel's inquiry is measured by an objective standard and does not require a showing of bad

4   faith.  *National Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 555 (N.D. Cal. 1987).

5        "If a certification violates this rule without substantial justification, the court . . . must

6   impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or

7   both." Fed. R. Civ. P. 26(g)(3).

## III.    DISCUSSION

9        Orion moves for sanctions based on alleged violations of the attorney certification

10   requirements of Rule 26(g).  It does not seek sanctions under Rule 37 or the Court's inherent

11   authority.

### A.    Rule 26(g)(1)(A)

13       Orion argues that by signing Ningbo Sunny's responses to Orion's interrogatories and

14   document requests, Sheppard Mullin falsely certified that those responses were complete and

15   correct at the time they were made.  *See* Dkt. No. 624 at 1.  With respect to Ningbo Sunny's

16   response to Interrogatory No. 4, Orion argues that counsel's certification of the original response

17   to the interrogatory was "intentionally false" because the supplemental response includes

18   "repeated substantive communications between [Ningbo Sunny's] lawyers and lawyers for the

19   Synta Entities" that are not merely information or status updates about the case. *Id.* at 9-10.  With

20   respect to Ningbo Sunny's responses to document requests, Orion argues that counsel improperly

21   certified as "truthful and accurate" Ningbo Sunny's representations that it would produce all

22   responsive documents. *Id.* at 7.

23       The problem with these arguments is that Orion relies on subsection (1)(A) of Rule 26(g),

24   which applies only to initial disclosures under Rule 26(a)(1) and pretrial disclosures under Rule

25   26(a)(3).  Rule 26(g)(1)(A) requires counsel to certify "with respect to a *disclosure*" that the

26   disclosure is "complete and correct as of the time it is made." Fed. R. Civ. P. 26(g)(1)(A)

27   (emphasis added).  This subsection does not apply to discovery responses, which are governed by

28   subsection (1)(B).

United States District Court
Northern District of California

5

United States District Court
Northern District of California

1    Accordingly, the Court denies Orion's motion for an award of sanctions for alleged

2    violation of the certification of completeness and correctness required for disclosures under Rule

3    26(g)(1)(A).

4    **B.    Rule 26(g)(1)(B)**

5    Orion does not address the certification requirements of Rule 26(g)(1)(B) or identify which

6    requirements it believes Ningbo Sunny's counsel violated.  Rather, Orion argues generally that

7    Ningbo Sunny's counsel failed to take steps to ensure that Ningbo Sunny complied with Orion's

8    discovery requests.  The Court will analyze that argument using the framework of subsection

9    (1)(B), and consider whether Sheppard Mullin undertook a reasonable inquiry regarding whether

10   Ningbo Sunny's discovery responses were (i) consistent with the Federal Rules of Civil Procedure

11   and warranted by existing law, (ii) not interposed for an improper purpose, and (iii) neither

12   unreasonable nor unduly burdensome or expensive.  *See* Fed. R. Civ. P. 26(g)(1)(B).

13   **1.    Responses to document requests**

14   The Court first considers Ningbo Sunny's responses to Orion's post-judgment document

15   requests and Sheppard Mullin's certification of those responses.

16   The presiding judge has already found that Ningbo Sunny deliberately withheld from

17   production two documents that showed Ningbo Sunny acted in a manner inconsistent with prior

18   representations to the Court.  *See* Dkt. No. 598 at 5 ("Ningbo Sunny's failure to produce both the

19   Qiu Email and the Remittance in discovery is evidence of consciousness of guilt—that Ningbo

20   Sunny understood that the documents would show [its] conduct contradicted the Ni Declaration.").

21   Such conduct is not consistent with the requirements of Rule 34(b)(2) which, among other things,

22   requires a party to produce the documents it says it will produce.[1]  *See* Fed. R. Civ. P. 34(b)(2)(B).

23   Likewise, a discovery response that indicates responsive documents will be produced is both

24   "interposed for an improper purpose" and "unreasonable" if the responding party then deliberately

25

26   [1] For example, Orion's Request No. 4 asks Ningbo Sunny to produce "[d]ocuments [c]oncerning
     all payments made to each Defendant by or on behalf of its respective customers or distributors

27   located in the United States."  Ningbo Sunny responded in relevant part that it "will produce
     relevant, non-privileged documents responsive to this request, to the extent such documents are

28   located in the course of a reasonable search."  Dkt. No. 624-2 at 6.

6

1    withholds some responsive documents.  Ningbo Sunny's continued refusal to explain to the Court

2    how it conducted a search for responsive documents and otherwise complied with its discovery

3    obligations only serves to reinforce the Court's impression that Ningbo Sunny did *not* comply

4    with its discovery obligations and did not search for and produce the responsive documents it said

5    it would produce.

6          The question, then, is whether Sheppard Mullin failed to make the reasonable inquiry

7    required by Rule 26(g) when signing Ningbo Sunny's document request responses representing

8    that all responsive documents would be produced.  "Rule 26(g) does not require the signing

9    attorney to certify the truthfulness of the client's factual responses to a discovery request.  Rather

10   the signature certifies that the lawyer has made a reasonable effort to assure that the client has

11   provided all the information and documents available to him that are responsive to the discovery

12   demand."  Fed. R. Civ. P. 26 advisory committee's note, 1983 amdt., subdivision (g).

13         Sheppard Mullin argues that it made the necessary reasonable inquiry, which it describes

14   as follows:

15           Shortly after receiving Orion's post-judgment document requests on
     December 31, 2019, Sheppard Mullin held a lengthy
16           videoconference with Ningbo Sunny and its new outside Chinese
     counsel, James Zou, to discuss each of Orion's requests in detail
17           and issues relating to the search and collection process, the details
     of which are privileged and protected.  That videoconference
18           included discussions about specific custodians with potentially
     responsive documents and noncustodial company files and archives
19           where potentially responsive documents may reside.  Following that
     videoconference, Sheppard Mullin was available to answer any
20           questions and provide further guidance as Ningbo Sunny collected
     responsive documents, and Sheppard Mullin did in fact provide
21           additional guidance.  While detailed discussions relating to the
     document collection and production are privileged and confidential,
22           Sheppard Mullin can represent that Ningbo Sunny made certain
     decisions about how to proceed and no ediscovery vendor was
23           involved in the initial collection and production.  After receiving
     documents from Mr. Zou on behalf of Ningbo Sunny, Sheppard
24           Mullin followed up with Ningbo Sunny and Mr. Zou in an effort to
     make sure that all documents had been collected.  Subsequently,
25           additional documents were provided to Sheppard Mullin by Mr.
     Zou.  Sheppard Mullin's understanding was that Ningbo Sunny had
26           searched for responsive documents from six custodians and from
     Ningbo Sunny archives and noncustodial files.  Sheppard Mullin
27           received 21,856 documents totaling 57,468 pages from Ningbo
     Sunny and produced all of it to Orion.  Following the Court's order
28           granting Orion's motion to compel, Sheppard Mullin reproduced all

United States District Court
Northern District of California

United States District Court<br>Northern District of California

of these documents after processing by e-discovery vendor FTI
Consulting, Inc.

Dkt. No. 632 at 5 (internal citations omitted).  Sheppard Mullin insists that it did not know that
Ningbo Sunny had withheld certain responsive documents from production.  Dkt. Nos. 633, 648.

Orion argues that Sheppard Mullin cannot fulfill its obligations under Rule 26(g) if it does
not know, and does not inquire into, what Ningbo Sunny did to search for responsive documents
or whether Ningbo Sunny followed its advice.  The Court agrees.  The Court finds no fault in
Sheppard Mullin's description of the direction and guidance it gave to Ningbo Sunny.  However,
Sheppard Mullin has candidly acknowledged that it does not know what decisions Ningbo Sunny
made about how to proceed with document collection or how it conducted the search for
responsive documents.  Dkt. No. 623 (transcript of March 17, 2020 hearing) at 12:24-13:5; *see
also* Dkt. No. 633 ¶10 ("While detailed discussions relating to the document collection and
production are privileged and confidential, Ningbo Sunny made certain decisions about how to
proceed and no ediscovery vendor was involved in the initial collection and production.").  It is
not enough for counsel to provide advice and guidance to a client about how to search for
responsive documents, and then not inquire further about whether that advice and guidance were
followed.  This is particularly true here, where Ningbo Sunny and its counsel knew that both
Orion and the Court were concerned about steps Ningbo Sunny might take to frustrate
enforcement of the judgment against it.  *See* Dkt. No. 598 at 2-3 (discussing prior proceedings
regarding enforcement of the judgment and location of Ningbo Sunny's assets).  Most of Orion's
post-judgment discovery requests were directed to obtaining information and documents necessary
to enforce the judgment, including confirming that Ningbo Sunny had not transferred assets
outside of the United States.  Dkt. No. 624-2.  Sheppard Mullin says that it followed up with
Ningbo Sunny "in an effort to make sure that all documents had been collected," but if that follow
up did not include inquiring about what the client did (and by Sheppard Mullin's own account it
did not) then the follow up was not reasonable in these circumstances.

The Court does not conclude that counsel must always personally conduct or directly
supervise a client's collection, review, and production of responsive documents.  *See* Dkt. No. 595

8

at 4 (discussing relevant authority).  However, in the circumstances presented here, the Court finds that Sheppard Mullin did not make a reasonable effort to ensure that Ningbo Sunny produced all the documents responsive to Orion's requests and thus violated its obligations under Rule 26(g)(1)(B).

The Court considers below whether sanctions should be imposed, and if so, what sanctions are appropriate.

### 2.       Response to Interrogatory No. 4

With respect to Ningbo Sunny's response to Interrogatory No. 4, the Court is not persuaded that Ningbo Sunny's original response to the interrogatory is inconsistent with the federal rules, made for an improper purpose, or otherwise unreasonable.  The parties disputed whether Ningbo Sunny's original response was sufficiently responsive, and Orion successfully moved to compel a supplemental response.  Dkt. No. 593.  Ningbo Sunny complied and provided a supplemental response.  Dkt. No. 624-3.  The Court does not agree that the supplemental response, which purports to include every non-written communication between Ningbo Sunny's attorneys and attorneys for the Synta Entities during the past six months, demonstrates that the original response, which characterized the communications collectively and at a high level, was "false".  The supplemental response is more detailed and more complete, which is exactly the relief Orion sought in its motion compel.

As the Court finds no violation of Rule 26(g)(1)(B), the Court denies Orion's motion for sanctions with respect to counsel's certification of Ningbo Sunny's response to Interrogatory No. 4.

### C.       Orion's Request for Sanctions Under Rule 26(g)(3)

Orion argues that Sheppard Mullin's violation of the certification requirement for Ningbo Sunny's discovery responses warrants the imposition of sanctions under Rule 26(g)(3).  Orion asks for two forms of sanctions:  (1) that the Court order Sheppard Mullin to "direct and control" Ningbo Sunny's production of documents responsive to Orion's post-judgment document requests and certify that it has done so in compliance with Rule 26(g), and (2) that the Court order Ningbo Sunny and Sheppard Mullin to pay the attorneys' fees and expenses Orion incurred in moving to

9

1    compel Ningbo Sunny's collection, review, and production of responsive documents and in

2    making its motion for sanctions.  Dkt. No. 624 at 11; Dkt. No. 624-1; Dkt. No. 639-1.  Sheppard

3    Mullin argues that its conduct was substantially justified and that, in any event, the Court should

4    exercise discretion not to award monetary sanctions against it.  Dkt. No. 632.

5             Under Rule 26(g)(3), the Court *must* impose appropriate sanctions for violation of

6    counsel's certification obligations unless it finds "substantial justification" for the violation.  Fed.

7    R. Civ. P. 26(g)(3); *see Rojas v. Town of Cicero*, 775 F.3d 906, 909 (7th Cir. 2015).  Substantial

8    justification may be found, for example, where there is a genuine dispute about compliance with a

9    discovery request or a breakdown in the attorney-client relationship that prevents counsel from

10   fulfilling their obligations.  *See, e.g., Tolerico v. Home Depot,* 205 F.R.D. 169, 175-76 (M.D. Pa.

11   2002) (sanctions not warranted where compliance is genuinely disputed)*; ECIMOS LLC v. Nortek*

12   *Global HVAC LLC*, No. 2:14-cv-02703-SHM, 2017 WL 3468563 at *9-10 (W.D. Tenn. Aug. 11,

13   2017) (finding sanctions award unjust based on counsel's role in the case and a clear record of

14   "contumacious" conduct by the client).  According to the Advisory Committee Notes

15   accompanying Rule 26(g), "[t]he nature of the sanction is a matter of judicial discretion to be

16   exercised in light of the particular circumstances."  Fed. R. Civ. P. 26 advisory committee's note,

17   1983 amdt., subdivision (g).  The sanctions *may* include monetary sanctions, including an award

18   of attorneys' fees and expenses caused by the violation.  Fed. R. Civ. P. 26(g)(3).

19                        **1.      Substantial justification**

20           The Court first considers whether Sheppard Mullin has shown substantial justification for

21   the violation of its obligations under Rule 26(g)(1)(B) with respect to Ningbo Sunny's responses

22   to Orion's document requests.  Citing its then-pending motion to withdraw as counsel, Sheppard

23   Mullin argues that a material conflict with Ningbo Sunny prevents it from fully responding to

24   Orion's motion for sanctions because "many of the facts and communications relating to Sheppard

25   Mullin's oversight of those RFP responses are confidential, privileged, and potentially prejudicial

26   to [Ningbo Sunny]."  Dkt. No. 632 at 4.  However, in the very next section of its opposition,

27   Sheppard Mullin asserts that "non-confidential and non-privileged information" demonstrates

28   Sheppard Mullin's compliance with Rule 26(g).  *Id.*  Significantly, while Sheppard Mullin refers

10

United States District Court
Northern District of California

1    to circumstances that have rendered its continued representation of Ningbo Sunny "unreasonably

2    difficult," including a "breakdown in communication" between counsel and client (*id.* at 7),

3    Sheppard Mullin does *not* contend that it was prevented from complying with its duty of

4    reasonable inquiry with respect to the document production at issue because it was unable to

5    communicate effectively with Ningbo Sunny about the collection of responsive documents or to

6    supervise Ningbo Sunny's compliance.  *See generally* Dkt. Nos. 632, 633.  Such an assertion

7    would require no disclosure of privileged information and its omission is conspicuous.

8        The Court concludes that Sheppard Mullin has not offered a substantial justification for the

9    certification violation and that sanctions are warranted.

10                          **2.      Sanctions**

11       In considering the nature of the sanctions, the Court's principal concern is ensuring that

12   Ningbo Sunny fully complies with its obligations to produce documents responsive to Orion's

13   post-judgment document requests consistent with the representations it has made in response to

14   those requests.  *See* Dkt. No. 624-2; *see also* Dkt. No. 600.  While this motion for sanctions was

15   under submission, the presiding judge granted Sheppard Mullin's motion to withdraw as counsel

16   of record,[2] and new counsel have appeared for Ningbo Sunny in this case.  *See* Dkt. Nos. 655, 666.

17   Requiring Sheppard Mullin to actively supervise the collection, review, and production of Ningbo

18   Sunny's responsive documents, as Orion demands, would be inconsistent with the order of

19   withdrawal and ineffective, given the presiding judge's findings in support of Sheppard Mullin's

20   motion to withdraw.  For this reason, the Court orders Ningbo Sunny's new counsel of record to

21   undertake an independent effort to ensure that Ningbo Sunny fully complies with Orion's post-

22   judgment document requests.  Specifically, Ningbo Sunny must redo, with the direction and

23   supervision of counsel, its collection, review, and production of responsive documents.

24       Ningbo Sunny's document production shall be completed no later than **June 26, 2020** and

25   all responsive documents that have not yet been produced shall be produced to Orion by that date.

26   ───────────────

27   [2] On May 8, 2020, the presiding judge issued an order permitting Sheppard Mullin to withdraw as
     counsel for Ningbo Sunny "on the condition that Sheppard Mullin will continue to represent

28   Ningbo Sunny until such time as the sanctions motion pending before Judge DeMarchi is resolved,
     or 30 days from the date of this order, whichever is sooner."  Dkt. No. 655 at 2.

11

On or before **June 26, 2020**, Ningbo Sunny shall file with the Court a declaration of a person with knowledge describing with specificity what Ningbo Sunny did to search for and collect responsive documents.

In addition, the Court finds that monetary sanctions are appropriate to compensate Orion for the attorneys' fees and costs it incurred with respect to: (1) preparing the portion of the joint discovery dispute letter (Dkt. No. 587) directed to Ningbo Sunny's failure to comply with its obligations to produce responsive documents; (2) the portion of the March 17, 2020 hearing concerning Ningbo Sunny's document production and failure to comply with the Court's March 4, 2020 order (Dkt. Nos. 612, 613); and (3) the briefing and hearing on the portion of Orion's motion for sanctions that concerns Sheppard Mullin's failure to conduct a reasonable inquiry regarding Ningbo Sunny's compliance with its obligation to produce responsive documents (Dkt. No. 624). Although Orion has submitted declarations of its counsel concerning attorneys' fees and costs incurred (Dkt. Nos. 624-1, 639-1), these declarations do not separately account for fees and costs incurred with respect to Ningbo Sunny's document request responses, as to which the Court finds a violation, and Ningbo Sunny's interrogatory response, as to which the Court finds no violation.

No later than **June 12, 2020**, Orion shall submit an application for the fees and costs incurred with respect to matters the Court finds compensable, as indicated above. The application must include information sufficient for the Court to determine that the fees and costs claimed are reasonable. *See Vieste, LLC v. Hill Redwood Development*, No. C-09-04024 JSW (DMR), 2011 WL 588145 at *4 (N.D. Cal. Feb. 10, 2011) (describing requirements for assessing reasonable attorneys' fees and costs). Alternatively, the parties may stipulate to the amount of monetary sanctions and so advise the Court. As permitted by Rule 26(g)(3), the Court awards monetary sanctions jointly against Ningbo Sunny and Sheppard Mullin.

**IT IS SO ORDERED.**

Dated: June 1, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge