**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
*kevin@kjclawgroup.com*
6700 Fallbrook Ave, Suite 207
West Hills, CA 91307
Telephone: (818) 392-8995

*Attorneys for Defendant*
*Ningbo Sunny Electronic Co., Ltd.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC. d/b/a Orion Telescopes & Binoculars, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., SUNNY OPTICS, INC., MEADE INSTRUMENTS CORP., and DOES 1-25,<br><br>Defendants. | Case No. 5:16-cv-06370-EJD-VKD<br><br>**NINGBO SUNNY'S ADMINISTRATIVE MOTION UNDER L.R. 6-1(B) AND 6-3 TO ENLARGE TIME TO RESPOND TO THE COURT'S JUNE 1, 2020 DISCOVERY ORDER**<br><br>Complaint Filed: November 1, 2016<br>Trial Date: October 22, 2019<br>Final Judgment Entered: April 9, 2020<br><br>Filed Concurrently:<br><br>(1) Declaration of Kevin J. Cole; and<br>(2) [Proposed] Order |

-1-

On June 1, 2020, the Court ordered Defendant Ningbo Sunny Electronic Co., Ltd. ("Ningbo Sunny"), by June 26, 2020, to (i) "redo" its post-judgment discovery searches and production, and (ii) submit a declaration describing "with specificity" what it did to search for and collect responsive documents. *See* Dkt. No. 672 (the "Discovery Order"). Ningbo Sunny now moves the Court pursuant to Local Civil Rules 6-1(b) and 6-3 to (i) order that Plaintiff Optronic Technologies, Inc. d/b/a Orion Telescopes & Binoculars ("Orion") and Ningbo Sunny agree upon an e-discovery protocol no later than June 30, 2020, and (ii) enlarge Ningbo Sunny's deadline to comply with the Discovery Order by four weeks from the date the parties agree upon an e-discovery protocol. As an alternative, Ningbo Sunny requests an additional six weeks by which to comply with the Discovery Order.

There is good cause for granting this request. *First*, notwithstanding Ningbo Sunny's good faith efforts, it is nearly impossible for Ningbo Sunny to meet the June 26, 2020 deadline. Given the number of documents at issue—and especially because many of those documents may need to be translated from Mandarin Chinese[1] into English—Ningbo Sunny needs more time to redo its entire production. For context, Ningbo Sunny previously produced more than 20,000 documents in post-judgment discovery. Based on the undersigned counsel's experience reviewing and analyzing discovery, documents are reviewed at an average rate of 50-60 documents per hour. *See* Declaration of Kevin J. Cole ("Cole Decl.") at ¶ 4. Using this formula, it would take anywhere from 330-400 hours just to review and produce the responsive documents. And this does not even take into account the thousands (likely tens of thousands) of additional non-responsive documents that would still need to be translated and reviewed. Simply put, Ningbo

---

[1] Ningbo Sunny is based in China and many, if not most, of its executives speak only Mandarin Chinese.

Sunny needs more time to complete the massive discovery undertaking contemplated by the Discovery Order.

*Second*, since the undersigned counsel's recent engagement,[2] Ningbo Sunny has acted in good faith to resolve various outstanding orders, including and especially the Discovery Order. As just one example, the day after the Discovery Order was issued, the undersigned counsel had its first meet and confer phone call with Orion's counsel about Ningbo Sunny's discovery obligations. *Id.*, ¶ 10. Since that first phone call, Ningbo Sunny and its undersigned counsel have made significant efforts toward complying with the Discovery Order, including by sending a detailed, five-page discovery meet and confer email to Orion's counsel in the hope of clarifying some of its requests. *Id.*, ¶ 26 & Ex. 3. Ningbo Sunny is taking its discovery obligations seriously, and is acting in good faith to comply with the Discovery Order.

*Third*, as is true in every case, Ningbo Sunny needs at least *some* cooperation and guidance from Orion about the discovery it seeks—especially considering that Orion's counsel (i) has been litigating this case for the past four years, (ii) has received more than 600,000 documents in pre-trial discovery (plus 20,000 additional documents in post-trial discovery), and (iii) admittedly, has a much better handle on what is likely to be responsive to its requests than does Ningbo Sunny's counsel (who have been litigating this case for just over three weeks).

Unfortunately, Orion's counsel has so far been unwilling to engage with Ningbo Sunny's current counsel about the scope of discovery it seeks, specific search parameters, or even search terms that would help zero in on what it is really after (the location and extent of Ningbo Sunny's assets). *Id.*, ¶¶ 21-31. Ningbo Sunny believes **it is essential** that the parties agree to an e-discovery protocol before

---

[2] On May 21, 2020, the undersigned counsel filed a Notice of Complete Withdrawal of Counsel and Substitution of Counsel, *see* Dkt. No. 666, which the Court granted on June 10, 2020. *See* Dkt. No. 681.

additional discovery is conducted, in order to prevent any misunderstanding about what documents are being requested, what search methodology is being used, and how Ningbo Sunny is conducting its search. In other words, Ningbo Sunny's search for, and production of, documents responsive to Orion's requests cannot be accomplished successfully without Orion's input.

*Fourth* and finally, the requested extension will not cause any prejudice, delay, or harm to justice. Ningbo Sunny is making every effort to comply with its discovery obligations. It requests this extension so that it can provide Orion with the documents it needs for its post-judgment discovery efforts—and it cannot do that successfully without Orion's assistance (which so far, has not been provided). By contrast, Ningbo Sunny will be prejudiced if the current deadlines are kept. If Ningbo Sunny were forced to conduct discovery without an agreed upon e-discovery protocol, and without an understanding and agreement between counsel as to the specific parameters of discovery, there is a real risk Orion will challenge and question its production, bring litigation over it, and force the parties to endure more time and expense dealing with it. Instead, and to prevent that from happening, the parties should be ordered to agree upon an e-discovery protocol no later than June 30, 2020, and Ningbo Sunny's deadline to comply with the Discovery Order should start running from that date.

Alternatively, and if the Court is not willing to order the parties to agree upon an e-discovery protocol, Ningbo Sunny requests an additional six weeks by which to comply with the Discovery Order.

///
///
///
///

Pursuant to Local Civil Rule 7-11(a), prior to filing this motion, Ningbo Sunny's counsel requested Orion's counsel to consent to a stipulation. As of the filing of this motion, Orion's counsel has not responded to the request. *Id.*, ¶ 38.

DATED: June 17, 2020                    Respectfully submitted,

**KJC LAW GROUP, A.P.C.**
                                  By:   /s/ *Kevin J. Cole*
                                        Kevin J. Cole, Esq.
                                        *Attorneys for Defendant*
                                        *Ningbo Sunny Electronic Co., Ltd.*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed, or caused to be filed, the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on June 17, 2020.  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 17th day of June 2020.

By:  **KJC LAW GROUP, A.P.C.**
/s/ *Kevin J. Cole*
Kevin J. Cole, Esq.
*Attorneys for Defendant*
*Ningbo Sunny Electronic Co., Ltd.*