UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-06370-EJD (VKD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST FOR AN EXTENSION OF TIME**<br><br>Re: Dkt. No. 687 |

Defendant Ningbo Sunny Electronic Co., Ltd. ("Ningbo Sunny") requests an extension of time to comply with the Court's June 1, 2020 sanctions order, as that order relates to Ningbo Sunny's production of documents. Dkt. No. 687. Plaintiff Optronic Technologies, Inc. ("Orion") characterizes the request as an untimely objection to a non-dispositive order of a magistrate judge under Rule 72 and opposes the request. Dkt. No. 691. Judge Davila has referred Ningbo Sunny's request to the undersigned for decision. Dkt. No. 694.

Ningbo Sunny misapprehends what the June 1, 2020 order requires. That order states in relevant part:

> [T]the Court's principal concern is ensuring that Ningbo Sunny fully complies with its obligations to produce documents responsive to Orion's post-judgment document requests consistent with the representations it has made in response to those requests. *See* Dkt. No. 624-2; *see also* Dkt. No. 600. While this motion for sanctions was under submission, the presiding judge granted Sheppard Mullin's motion to withdraw as counsel of record, and new counsel have appeared for Ningbo Sunny in this case. *See* Dkt. Nos. 655, 666. Requiring Sheppard Mullin to actively supervise the collection, review, and production of Ningbo Sunny's responsive documents, as Orion demands, would be inconsistent with the order of withdrawal and ineffective, given the presiding judge's findings in support of Sheppard Mullin's motion to withdraw. For this reason, the Court orders Ningbo Sunny's new counsel of record to undertake an independent effort

> to ensure that Ningbo Sunny fully complies with Orion's post-judgment document requests. Specifically, Ningbo Sunny must redo, with the direction and supervision of counsel, its collection, review, and production of responsive documents.

Dkt. No. 672 at 11 (footnote omitted). The Court ordered Ningbo Sunny to produce all responsive documents that have not yet been produced, and to file a declaration describing specifically what Ningbo Sunny did to search for and collect responsive documents by June 26, 2020. *Id.* at 11-12.

The June 1, 2020 order does not require or invite Ningbo Sunny to re-negotiate the scope of its obligations to produce responsive documents. Rather, Ningbo Sunny has already made representations in its written responses to Orion's document requests about what it will produce in response to those requests. It had and has an obligation to comply with those representations. New counsel's task is to undertake an independent effort to ensure that Ningbo Sunny fully complies with its prior representations. The Court expects that Ningbo Sunny will *supplement i*ts existing production with any documents that were not previously produced but should have been. In addition, Ningbo Sunny must explain to the Court what it did to reasonably ensure that it produced the documents it said it would. The Court is not aware of any unresolved disputes between Orion and Ningbo Sunny about the scope of production or the protocol for review and production of electronic documents, and the June 1, 2020 order is not an opportunity for Ningbo Sunny to belatedly raise such disputes.[1]

Ningbo Sunny asserts that it requires additional time to comply with the Court's June 1, 2020, but that assertion is not well-supported. While counsel for Ningbo Sunny refers to the volume of documents that have already been produced and to the lack of cooperation from Orion's counsel, the supporting declaration contains virtually no information about what remains to be done to ensure Ningbo Sunny has fully complied with its discovery obligations and why counsel believes that requires an additional six weeks. *See generally* Dkt. No. 687-1. While the Court by no means discourages cooperation between opposing counsel, the June 1, 2020 places an obligation of compliance on Ningbo Sunny, not Orion.

In the interest of avoiding yet another failure of compliance by Ningbo Sunny due to new

---

[1] The Court notes that an ESI order is already in place. *See* Dkt. No. 74.

counsel's apparent misunderstanding of what the June 1, 2020 order requires, the Court extends Ningbo Sunny's deadlines by 14 days, as follows:

Ningbo Sunny's document production shall be completed no later than **July 10, 2020** and all responsive documents that have not yet been produced shall be produced to Orion by that date. On or before **July 10, 2020**, Ningbo Sunny shall file with the Court a declaration of a person with knowledge describing with specificity what Ningbo Sunny did to search for and collect responsive documents.

**IT IS SO ORDERED.**

Dated: June 19, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge