UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., et al.,<br><br>Defendants. | Case No. 5:16-cv-06370-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART CELESTRON ACQUISITION, LLC'S APPLICATION SEEKING CLARIFICATION OF THIS COURT'S JULY 2, 2020 TRO**<br><br>Re: Dkt. No. 704 |

Before the Court is Celestron Acquisition, LLC's ("Celestron") Application Seeking Clarification of This Court's July 2, 2020 TRO. Dkt. No. 704 ("Motion for Clarification"). For the reasons stated below, the Motion for Clarification is **GRANTED** in part and **DENIED** in part.

**I.  Background**

On July 2, 2020, Plaintiff Optronic Technologies, Inc. ("Orion") filed an *ex parte* application for a temporary restraining order and an order compelling Defendant Ningbo Sunny Electronic Co., LTD. ("Ningbo Sunny") and Celestron to produce evidence. Dkt. No 702. Later that day, the Court granted Orion's motion and entered a temporary restraining order. Dkt. No. 703 (the "TRO").

The TRO (1) enjoined Ningbo Sunny and Celestron from "selling, divesting, hypothecating, or transferring out of the United States any assets, product, or receivables in their possession associated with telescopes manufactured by Ningbo Sunny and imported into the United States through ViewWay Optics Enterprises Co., Ltd.;" and (2) ordered Ningbo Sunny and Celestron to produce "all invoices, bills of lading, communications, and other documents relating

to telescope sales to, telescope purchases from, or telescope imports by ViewWay created or sent between January 1, 2020 to the present." *Id.* The TRO further directed the parties to appear for a hearing on July 15, 2020 to determine whether the temporary relief should continue and/or whether other relief should issue.

On July 6, 2020, Celestron filed the present Motion for Clarification, requesting "clarification on some ambiguities in the TRO." Motion for Clarification at 1. Specifically, Celestron requests (1) that they be permitted to produce documents on an "Attorney's Eyes Only" basis, and (2) that they be permitted to resume sales of products manufactured by Ningbo Sunny in exchange for turning over to Orion all money not yet paid to ViewWay for such products, less ViewWay's "margin." *Id.*

The Court directed the parties to meet and confer and allowed Orion and Ningbo Sunny an opportunity to respond to the motion. Dkt. No. 705. On July 8, 2020, Orion filed a response to the Motion for Clarification, along with a motion to file under seal certain of the documents it attached as exhibits. Dkt. Nos. 706, 707. Celestron then filed a supplemental brief in support of its Motion for Clarification as well as a separate opposition to Orion's motion to seal. Dkt. Nos. 709, 710.

## II. Discussion

The Federal Rules of Civil Procedure permit a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. Proc. 60(a). "[T]he clarification process presumes some legitimate need supporting relief, such as the existence of ambiguity or confusion that can be corrected with further explanation." *Padgett v. Loventhal*, No. 5:04-cv-03946-EJD, 2015 WL 13753300, at *1 (N.D. Cal. May 13, 2015).

Neither of the requests that Celestron makes in its Motion for Clarification refers to a mistake, omission, or oversight in the TRO in need of correction. Rather, Celestron seeks to modify or dissolve the TRO by offering a solution that, in Celestron's opinion, "would obviate this entire issue and the entire basis for the requested preliminary injunctive relief, at least as it relates

Case No.: 5:16-cv-06370-EJD
ORDER GRANTING IN PART AND DENYING IN PART CELESTRON ACQUISITION, LLC'S APPLICATION SEEKING CLARIFICATION OF THIS COURT'S JULY 2, 2020 TRO

to Celestron." Dkt. No. 709 at 2. At the Court's instruction, the parties met and conferred regarding Celestron's proposal and were unable to come to a mutually agreeable resolution. While Celestron may continue to negotiate with Orion and may advocate for its proposal at the hearing set for July 15, 2020, the alternative arrangement it seeks may not be properly characterized as a "clarification" of the TRO.

Nevertheless, Celestron argues that the TRO should be modified to allow it to resume sales of the telescopes it received from ViewWay in order "to avoid substantial interim harm to Celestron and its relationship with its customers." Motion for Clarification at 1. Without identifying any customer or contract that requires immediate fulfillment, Celestron maintains that "even a two-week restriction on sales could create substantial issues between Celestron and its international customers." *Ibid*. Celestron does not provide, and the Court is not aware of, any authority indicating that a TRO may be modified in advance of its expiration due to the potential for harm to the restrained party. Indeed, Courts specifically consider the "balance of hardships" in evaluating a TRO. *See, e.g.*, *Perez v. Wolf*, No. 5:19-CV-05191-EJD, 2020 WL 1865303, at *11 (N.D. Cal. Apr. 14, 2020) ("A petitioner must establish that . . . that the balance of equities tips in his favor") (citing *Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008)). Some level of hardship to the impacted parties is therefore contemplated, though it is limited by the fact that a TRO is typically in force for a maximum of 14 days. *See* Fed. R. Civ. Proc. 65(b)(2). Celestron has not provided any information that fundamentally changes the Court's calculus on the balance of hardships imposed by the present TRO. Thus, the Court does not find it appropriate to modify the TRO in advance of its expiration.

Next, Celestron argues that the Court should require all of the documents it has been ordered to produce to be produced on an Attorneys' Eyes Only ("AEO") basis. Federal Rule of Civil Procedure 26(c) provides that upon a showing of "good cause" a court may enter a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *See San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999).

Case No.: 5:16-cv-06370-EJD
ORDER GRANTING IN PART AND DENYING IN PART CELESTRON ACQUISITION, LLC'S APPLICATION SEEKING CLARIFICATION OF THIS COURT'S JULY 2, 2020 TRO
3

Celestron contends that the documents contain "competitively-sensitive information," such as SKU numbers, volume and prices of Celestron's shipments from ViewWay. Celestron argues that there is no legitimate reason for this information to be made available to Orion's principals, rather than simply its attorneys. Orion agrees that pricing information is competitively sensitive and may be produced on an AEO basis; however, counsel argues that they need the input of Orion's CEO Peter Morea "to understand and digest other aspects of the discovery." Dkt. No. 707 at 3. Without more information about the nature of the documents being produced, the Court cannot decide whether an AEO designation is proper. The Court will hear arguments on the issue at the hearing on July 15, 2020. To preserve confidentiality in the interim, Celestron shall produce all competitively sensitive documents unredacted, except to preserve privilege, on an AEO basis and shall make redacted versions of all documents available to Orion.

### III. Conclusion

For the reasons stated above, Celestron's Motion for Clarification is GRANTED in part and DENIED in part. Celestron's request to resume sales is DENIED. The TRO shall remain in effect until the show cause hearing on July 15, 2020.

It is further ORDERED that Celestron shall produce all competitively sensitive documents, unredacted, except to preserve privilege, on an Attorneys' Eyes Only basis and must make redacted versions available to Orion.

**IT IS SO ORDERED.**

Dated: July 10, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-06370-EJD
ORDER GRANTING IN PART AND DENYING IN PART CELESTRON ACQUISITION, LLC'S APPLICATION SEEKING CLARIFICATION OF THIS COURT'S JULY 2, 2020 TRO
4