UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., et al.,<br><br>  Defendants. | Case No.  5:16-cv-06370-EJD<br><br>**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 749 |

On June 7, 2021, Plaintiff Optronic Technologies, Inc. ("Orion") filed an Ex Parte Motion for Temporary Restraining Order ("TRO Motion"), seeking an order from the Court that order that would (1) restrain third party Celestron Acquisition, LLC ("Celestron") from transferring out of the United States any funds associated with accounts payable to the companies listed in Orion's subpoena to Celestron until such time as Celestron fully complies with the subpoena and certifies that it has done so; and (2) require Celestron to show cause as to whether the temporary restraining order should continue in force.  Dkt. No. 749.  Celestron opposes the TRO Motion.  Dkt. No. 751.  Having considered the parties' moving papers, the Court GRANTS Orion's motion for a TRO.

**I.    BACKGROUND**

On April 3, 2020, the Court entered an amended partial judgment against Defendant Ningbo Sunny Electronic Co. Ltd. ("Ningbo Sunny") in the amount of $52,030,371.73 for damages under § 1 of the Sherman Act, § 2 of the Sherman Act, § 7 of the Clayton Act, and the California Cartwright Act, Cal. Bus. & Prof. Code § 16600, et seq.  Dkt. No. 630.  On May 3, 2021, the Court granted Orion's motion to re-open the case for the purposes of post-judgment

1    discovery.  Dkt. No. 743.  Pursuant to the Court's order, on May 4, 2021, Orion served a subpoena

2    under Federal Rule of Civil Procedure 45 on Celestron, requesting the following documents:

> 1. All Communications between You and Defendants, Ningbo Zhanjing, ViewWay, Jiangsu Stuttgart, Homeinside, Ningbo Heming, Nantong Schmidt Opto-Electrical Technology Co., Ltd., and Suzhou Synta Optical Technology Co., Ltd., Concerning any Telescope Products during the Relevant Time Period.
>
> 2. Documents sufficient to identify any purchase of sale of Telescope Products during the Relevant Time Period between You and the entities listed in (1) above, including the SKU, manufacturer, and quantity of each Telescope Product purchased or sold.

Dkt. No. 794-3; Dkt. No. 749-1 ¶ 3.  The subpoena listed the date and time of compliance as May 19, 2021 at 5:00 p.m.  Dkt. No. 794-3 at 1.  On May 19, 2021, Celestron served objections to the subpoena.  Dkt. No. 751-3; Dkt. No. 749-1 ¶ 4.  On May 21, 2021, Celestron made a partial production of transactional data and informed Orion that the production consisting of communications would follow "within the next week to 10 days."  Dkt. No. 749-12 at 1; *see also* Dkt. No. 749-1 ¶ 5; Dkt. No. 749-7.  On June 5, 2021, Celestron advised Orion that it continued to review "thousands of communications" and that it anticipated producing those documents by June 11, 2021.  Dkt. No. 749-13.  On June 8, 2021, Orion filed its TRO motion now before the Court.  Dkt. No. 749.

## II.     LEGAL STANDARD

The standard for a TRO is the same as for a preliminary injunction.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  A plaintiff seeking either remedy "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter*, 555 U.S. at 22.

To grant preliminary injunctive relief, a court must find that "a certain threshold showing

Case No.: 5:16-cv-06370-EJD
TEMPORARY RESTRAINING ORDER

2

1 [has been] made on each factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per

2 curiam). Assuming that this threshold has been met, "serious questions going to the merits and a

3 balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary

4 injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and

5 that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127,

6 1135 (9th Cir. 2011) (internal quotation marks omitted).

### III.  DISCUSSION

Having reviewed the parties' moving papers, the Court finds that Orion has satisfied all four *Winter* factors.

First, Orion has shown a likelihood of success on the merits concerning Celestron's compliance with the subpoena. Orion contends that Celestron has not complied with the subpoena in that it has not produced its communications with Ningbo Sunny, and that the transactional data production does not include documents from a Celestron subsidiary. Dkt. No. 749 at 2–3. In response, Celestron admits that it has not yet produced the communications but that it will do so by June 11, 2021. Dkt. No. 751 at 4. Celestron further argues that Orion's subpoena was overbroad in including its subsidiaries, *id.* at 4–5, but Celestron did not timely object to producing its subsidiary's communications and has therefore waived that objection. *Compare* Fed. R. Civ. P. 45(d)(2)(B) (requiring service of objections to a subpoena to produce documents "before the earlier of the time specified for compliance or 14 days after the subpoena is served") *with* Dkt. No. 751-3 (Celestron's objections dated May 19, 2021, 16 days after service of the subpoena). *See, e.g.*, *Leader Techs., Inc. v. Facebook, Inc.*, C1080028MISCJWHRL, 2010 WL 761296, at *2 (N.D. Cal. Mar. 2, 2010) ("The failure to serve written objections to a subpoena within the time specified by Rule 45(c)(2)(B) typically constitutes a waiver of such objections.") (internal quotation marks and citation omitted). Celestron does not dispute that it did not complete its production in response to the subpoena by the May 19, 2021 deadline, nor did Celestron seek relief from the Court modifying that deadline. Celestron suggests that its delay in production is the result of "voluminous" records, but it has been on notice that such production would be

Case No.: 5:16-cv-06370-EJD
TEMPORARY RESTRAINING ORDER
3

necessary as early as May 3, 2021, when the Court ordered this action re-opened for the purposes of this post-judgment discovery. Dkt. No. 743. The Court therefore finds that Celestron has not yet fully complied with the subpoena in that it has not produced the requested communications or the requested documents from its subsidiary.

The Court also finds that Orion will suffer irreparable harm without a TRO: the inability to collect on its judgment against Ningbo Sunny if, as Orion believes, Celestron is indeed covertly purchasing products from Ningbo Sunny to help Ningbo Sunny evade judgment. While Orion's TRO Motion is based in part on speculation unsupported by facts, the Court bears in mind the parties' past conduct in assessing the prospect of harm to Orion. Following the judgment against Ningbo Sunny, the Court found that Ningbo Sunny sought and received from Celestron a $4.2 million payment that was outside the ordinary course of business, and sanctioned Ningbo Sunny accordingly. Dkt. No. 598. The Court also found it appropriate to issue a TRO enjoining Celestron from selling, divesting, hypothecating, or transferring out of the United States any assets, product, or receivables in its possession associated with telescopes manufactured by Ningbo Sunny and imported into the United States through ViewWay Optics Enterprises Co., Ltd. Dkt. No. 703. Given this history, the Court finds that a TRO is necessary to prevent immediate and irreparable injury to Orion, and to preserve the status quo.

The Court further finds that the balance of equity and interests of justice support granting such relief. Celestron argues that the requested relief would "prevent it from obtaining further inventory and effectively put a halt on its business." Dkt. No. 751 at 6. But that slight burden could last for as few as two days, which is how much longer Celestron represents it will take to complete its production in compliance with the subpoena. In contrast to the irreparable harm to Orion described above, the balance of equity favors a TRO. The public interest favors enforcement of antitrust laws and in enforcing judgments. *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1024 (9th Cir. 2016) (antitrust laws preserve competition, which is "vital to the public interest"); *Transfirst Grp., Inc. v. Magliarditi*, No. 217CV00487APGVCF, 2017 WL 2294288, at *10 (D. Nev. May 25, 2017) ("The public has an interest in ensuring that judgments issued by

Case No.: 5:16-cv-06370-EJD
TEMPORARY RESTRAINING ORDER
4

courts and affirmed on appeal are enforced, and in preventing judgment debtors from unlawfully transferring and otherwise dissipating assets instead of paying their judgment creditors.").

Because all four *Winter* factors favor a TRO, the Court GRANTS Orion's motion.

## IV. CONCLUSION

Accordingly, the Court ORDERS as follows:

1. Until such time as the Court finds that Celestron has fully complied with Orion's subpoena and that Celestron has certified that it has done so, Celestron is enjoined from transferring out of the United States any funds associated with accounts payable to the following companies: Ningbo Zhanjing, ViewWay, Jiangsu Stuttgart, Homeinside, Ningbo Heming, Nantong Schmidt Opto-Electrical Technology Co., Ltd., and Suzhou Synta Optical Technology Co., Ltd.

2. Orion and Celestron are directed to appear before the Court on **June 17, 2021 at 11:30 a.m.** and show cause as to why the temporary relief issued in this Order should not continue as a preliminary injunction, and/or whether additional or other relief should issue.

3. Orion and Celestron may file responses to this order to show cause by **June 14, 2021 at noon**.

**IT IS SO ORDERED.**

Dated: June 9, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-06370-EJD
TEMPORARY RESTRAINING ORDER
5