UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> NINGBO SUNNY ELECTRONIC CO., LTD., et al., <br><br> Defendants. | Case No. 16-cv-06370-EJD (VKD) <br><br> **ORDER PROVISIONALLY GRANTING CELESTRON AND INDIRECT PURCHASER PLAINTIFFS' MOTION TO MODIFY PROTECTIVE ORDER** <br><br> Re: Dkt. No. 747 |

The present action for antitrust violations in the consumer telescope market was tried to a jury and resulted in a verdict for plaintiff and judgment creditor Optronic Technologies, Inc. ("Orion"). In collateral putative class actions,[1] the plaintiffs are direct and indirect purchasers of telescopes who sue defendant Celestron Acquisition LLC ("Celestron") and others, alleging that Celestron conspired with others to fix prices, divide the telescope market, and engage in other anti-competitive activities.

In discovery in the collateral litigation, Celestron and the Indirect Purchaser Plaintiffs ("IPPs") subpoenaed certain materials from Orion—namely, production of the trial record, all deposition transcripts and related exhibits, and other materials exchanged during discovery in the present action. Orion will produce responsive documents. However, many of the documents in question are designated "Confidential" or "Highly Confidential" under the stipulated protective order entered in the present action on June 9, 2017, and as subsequently modified by this Court on

---

[1] Case No. 5:20-cv-003639-EJD (VKD) *Hightower, et. al. v. Celestron Acquisition, LLC, et. al*. ("*Hightower Litigation*") and Case No. 5:20-cv-3642-EJD (VKD) *Spectrum Scientifics, et. al. v. Celestron Acquisition, LLC, et. al*. ("*Spectrum Scientifics Litigation*").

June 2, 2021 ("*Orion* protective order"). *See* Dkt. No. 34 (June 9, 2017 Stipulated Protective Order); Dkt. No. 746 (June 2, 2021 Modified Protective Order). The *Orion* protective order limits dissemination of designated materials to certain categories of persons under conditions described in the order, including that designated material may be used "only for prosecuting, defending, or attempting to settle" the present action and certain other related disputes. Dkt. No. 34 ¶ 7.1; Dkt. No. 746 ¶ 7.1.

Celestron and the IPPs now seek an order modifying the *Orion* protective order to permit the use of the requested discovery in the collateral litigation. The Court has received a response only from Orion, who states that it does not oppose the motion. The matter is deemed suitable for determination without oral argument. Civil L.R. 7-1(b). The Court provisionally grants the motion to modify the *Orion* protective order, subject to the conditions discussed below.[2]

Litigants in collateral litigation "may be entitled to modification of the original protective order permitting them access to the properly covered material, subject to the terms of that order." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003). The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *Id*. (citing *Beckman*, 966 F.2d at 475). Thus, "[w]here reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interests in privacy, a collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant material should generally be granted." *Id*. at 1132. To determine whether a modification of a protective order is warranted, the Court considers "the relevance of the protected discovery to the collateral proceedings and its general discoverability therein" and must also "weigh the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery." *Id*. at 1132-33.

---

[2] Insofar as the Court understands the present motion to also seek leave to intervene in this action under Rule 24(b) for the purpose of requesting modification of the protective order, the request to intervene is granted. In the Ninth Circuit, courts may approve "intervention motions without a pleading where the court [is] otherwise apprised of the grounds for the motion." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) (finding no abuse of discretion in the district court's decision to permit proposed intervenors to proceed in an action to modify the terms of a protective order to gain access to deposition transcripts following resolution of the underlying action).

The relevance inquiry requires "only a rough estimate of relevance" and "the court that entered the protective order [in the underlying litigation] should satisfy itself that the protected discovery is sufficiently relevant to the collateral litigation that a substantial amount of duplicative discovery will be avoided by modifying the protective order." *Id*. at 1132.[3] "Such relevance hinges on the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings." *Id*. (internal quotations omitted). As demonstrated by various pleadings and discovery orders in the collateral litigation, there is sufficient overlap between the present action and the collateral litigation for this Court to conclude that a substantial amount of duplicative discovery will be avoided by modifying the *Orion* protective order. *See, e.g., Hightower Litigation*, Dkt. No. 113; *Spectrum Scientifics Litigation*, Dkt. Nos. 54; 103, 113, 118, 129, 138, 144, 146.

As for the countervailing reliance interest of any parties opposing modification of the protective order, the Ninth Circuit has observed that "'[r]eliance will be less with a blanket [protective] order, because it is by nature overinclusive.'" *Foltz*, 331 F.3d at 1133 (quoting *Beckman Indus.*, 966 F.2d at 476). Any legitimate interests "in continued secrecy as against the public at large can be accommodated by placing [the collateral litigants] under the same restrictions on use and disclosure contained in the original protective order." *Id*. (internal quotations and citations omitted).

The *Orion* protective order sets out procedures for notice to be given where protected material produced by a party or non-party is subpoenaed or ordered produced in other litigation. *See* Dkt. No. 746, sections 8, 9. However, to avoid what it says will be an "astronomical" undertaking to conduct a "document-by-document review" of the materials "with an eye towards preventing disclosure of sensitive financial and commercial information that is not currently in

---

[3] This Court has presided over the bulk of the discovery matters in this case and also manages discovery proceedings in the collateral litigation. For present purposes, this Court determines only whether modifying the *Orion* protective order will eliminate the potential for duplicative discovery. The Court does not in this order resolve any existing or potential disputes over discoverability in the collateral litigation of specific materials covered by the *Orion* protective order. *See Foltz*, 331 F.3d at 1133.

1 Celestron's possession," Orion proposes that it be permitted to produce all materials as "Highly
2 Confidential" under the protective order(s) in the *collateral* litigation, with the representation that
3 Orion will confer in good faith about any requests to re-designate documents at a lower level
4 under the collateral litigation protective orders. Dkt. No. 766. For their part, Celestron and the
5 IPPs argue that countervailing reliance interests do not outweigh their interest in avoiding
6 duplicative discovery, stating that they agree to maintain the same confidentiality designation that
7 was used for the materials in the present action under the *Orion* protective order. Their proposed
8 modifications also include a provision that seems to permit any party to the present action, such as
9 Orion, to produce protected materials under the protective orders in the collateral action.

On the record presented, this Court is inclined to grant the motion to modify the *Orion* protective order to permit use of the subject discovery in the collateral litigation. At a minimum, the subject documents should be treated in accordance with the confidentiality designations with which they were produced under the *Orion* protective order.[4] Nevertheless, the Court remains concerned whether all non-parties[5] whose interests may be affected by the proposed modification to the *Orion* protective order have or will receive notice that materials they designated and produced in the present action may be disclosed to a broader group of persons beyond those specifically authorized by the *Orion* protective order.

Accordingly, the Court will provisionally grant the present motion for modification of the *Orion* protective order as proposed by Celestron and the IPPs. *See* Dkt. No. 747-5. However, this order will be stayed through **August 12, 2021**. By **July 12, 2021**, Orion shall provide notice to affected non-parties of the present order provisionally granting the motion to modify the *Orion* protective order and file a certificate of service with the Court. Any non-party that objects to the proposed modification must file a statement with the Court by **July 28, 2021**, advising of the nature of the objection(s) and the bases for them. If any such objections are filed, the stay of this

---

[4] The Court expresses no opinion whether the subpoenaed materials should or must be produced with the confidentiality designations under the protective orders in the collateral litigation.

[5] The certificate of service for the present motion indicates that one or more non-parties who may have an interest in at least some of the requested materials was given notice of the present motion to modify the *Orion* protective order. Dkt. No. 747-6.

order will remain in effect until the Court resolves the objection. If no such objections are received by the stated deadline, then the stay of this order will automatically be lifted and the Court will enter the proposed modified *Orion* protective order, Dkt. No. 747-5.

**IT IS SO ORDERED.**

Dated: June 28, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge