UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTRONIC TECHNOLOGIES, INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NINGBO SUNNY ELECTRONIC CO., LTD., et al.,<br><br>Defendants. | Case No.   5:16-cv-06370-EJD<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 792 |

Third-party movant Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin") moves to seal two documents submitted in connection with Plaintiff Optronic Technologies Inc.'s ("Orion") Administrative Motion for Further Post-Judgment Discovery.  Dkt. No. 786.

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation omitted). If the court record is "more than tangentially related to the merits of the case"—as is the case with the PSAC—then there is a "strong presumption in favor of access." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1102 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178. To overcome this presumption, the party who wishes to keep the record under seal must "articulate compelling reasons supported by specific factual findings" for doing so. *Kamakana*, 447 F.3d at 1178. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* at 1179. Courts applying the compelling reasons standard have upheld the sealing of trade secrets, marketing strategies, product

Case No.: 5:16-cv-06370-EJD
ORDER GRANTING ADMIN. MOT. TO FILE UNDER SEAL

1

development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *Opperman v. Path, Inc.*, No.13-cv-00453-JST, 2017 WL 1036652, at *1 (N.D. Cal. Mar. 17, 2017); *Lucas v. Breg, Inc.*, No. 15-cv-00258-BAS-NLS, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016); *Rodman v. Safeway Inc.*, No. 11-cv-03003-JST, 2015 WL 13673842 (N.D. Cal. Aug. 4, 2015).

Orion's motion concerns post-judgment discovery in an attempt to collect on Orion's judgment. The underlying motion does not address the merits of the parties' claims or defenses and thus the Court applies the "good cause" standard of Rule 26(c). Sheppard Mullin and Orion now dispute whether two of the exhibits attached to Orion's motion are protected from disclosure by the attorney-client privilege. Based on the representations made in Sheppard Mullin's motion and accompanying declarations, the Court finds good cause to maintain these two documents under seal. Accordingly, the Court GRANTS Sheppard Mullin's motion to file under seal. The following material shall be maintained under seal:

- Exhibit 1 to Orion's Motion for Further Post-Judgment Discovery (Dkt. No. 786-2); and
- Exhibit 3 to Orion's Motion for Further Post-Judgment Discovery (Dkt. No. 786-4).

As to Orion's request to grant it leave to file Exhibit A attached to the declaration of Ronald Fisher in support of its opposition to Sheppard Mullin's motion to seal, Dkt. No. 793 at 1, the Court grants that request. The Court does not rule on Orion's motion for further discovery at this time for the reasons stated on the record at the April 14, 2022 status conference.

**IT IS SO ORDERED.**

Dated: June 1, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-06370-EJD
ORDER GRANTING ADMIN. MOT. TO FILE UNDER SEAL
2